1  Ronald A. McIntire, State Bar No. 127407
   RMcIntire@perkinscoie.com
2  Chung H. Han, State Bar No. 191757
   CHan@perkinscoie.com
3  Richard S. Chon, State Bar No. 197541
   RChon@perkinscoie.com
4  PERKINS COIE LLP
   1620 26th Street, Sixth Floor, South Tower
5  Santa Monica, CA 90404-4013
   Tel: 310.788.9900 / Fax: 310.788.3399
6
7  Attorneys for Defendant
   The Boeing Company

8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10                        SAN FRANCISCO DIVISION

11 | DEBORAH GETZ, individually and as a surviving | Case No.
     heir of decedent KRISTOFER D.S. THOMAS;
12 | RODNEY THOMAS, individually and as a           | NOTICE OF REMOVAL OF CIVIL
     surviving heir of decedent, KRISTOFER D.S.      ACTION FROM SUPERIOR
13 | THOMAS; MARY DUFFMAN, individually and         | COURT OF CALIFORNIA,
     as a surviving heir of decedent, SCOTT E.       COUNTY OF SAN FRANCISCO
14 | DUFFMAN; SOPHIA DUFFMAN, a minor,
     individually and as a surviving heir of decedent
15   SCOTT E. DUFFMAN, by and through her
     Guardian ad Litem, MARY DUFFMAN;
16   CHRISTINE VAUGHN, individually and as a
     surviving heir of decedent, TRAVIS R.
17   VAUGHN; BRAD VAUGHN, individually and as
     a surviving heir of decedent, TRAVIS R.
18   VAUGHN; JILL GARBS, individually and as a
     surviving heir of decedent RYAN GARBS;
19   DOUG GARBS, individually and as a surviving
     heir of decedent, RYAN GARBS; JORDAN
20   LANHAM; JERRY GOLDSMITH; RYANNE
     NOSS, individually and as spouse of SCOT
21   NOSS; TIMOTHY BRAUCH; CHRIS TRISKO;
     MARK DANIEL HOUGHTON,
22                    Plaintiffs,
23        v.
24   THE BOEING COMPANY, a corporation;
     HONEYWELL INTERNATIONAL, INC., a
25   corporation; GOODRICH CORPORATION, a
     corporation; BF GOODRICH AEROSPACE;
26   CHANDLER EVANS CONTROL SYSTEMS;
     GENERAL ELECTRIC and DOES 1 through 200,
27   inclusive,
                      Defendants.
28

NOTICE OF REMOVAL FROM CIVIL ACTION

**DEFENDANTS MCDONNELL DOUGLAS HELICOPTER COMPANY'S AND THE BOEING COMPANY'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendant The Boeing Company ("Boeing") hereby removes this case from the Superior Court of California, County of San Francisco to the United States District Court for the Northern District of California, San Francisco Division, pursuant to 28 U.S.C. §§ 1442 and 1446. As set forth more fully below, this action is properly removable under the Federal Officer Removal statute, 28 U.S.C. § 1442(a)(1).

## I. INTRODUCTION

This case arises from the crash of a United States Army Special Operations Aviation Regiment MH-47E helicopter, serial number 92-00472 (the "Subject Helicopter"), on or about February 17, 2007, during a Special Operations mission in Afghanistan (the "Accident"). Plaintiffs filed their Complaint for Wrongful Death, Bodily Injuries, and Loss of Consortium ("Complaint") on October 5, 2007 in the Superior Court of California, County of San Francisco. The lawsuit is styled DEBORAH GETZ, individually and as a surviving heir of decedent KRISTOFER D.S. THOMAS; RODNEY THOMAS, individually and as a surviving heir of decedent, KRISTOFER D.S. THOMAS; MARY DUFFMAN, individually and as a surviving heir of decedent, SCOTT E. DUFFMAN; SOPHIA DUFFMAN, a minor, individually and as a surviving heir of decedent SCOTT E. DUFFMAN, by and through her Guardian ad Litem, MARY DUFFMAN; CHRISTINE VAUGHN, individually and as a surviving heir of decedent, TRAVIS R. VAUGHN; BRAD VAUGHN, individually and as a surviving heir of decedent, TRAVIS R. VAUGHN; JILL GARBS, individually and as a surviving heir of decedent RYAN GARBS; DOUG GARBS, individually and as a surviving heir of decedent, RYAN GARBS; JORDAN LANHAM; JERRY GOLDSMITH; RYANNE NOSS, individually and as spouse of SCOT NOSS; TIMOTHY BRAUCH; CHRIS TRISKO, MARK DANIEL HOUGHTON, Plaintiffs, v. THE BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH CORPORATION, a corporation; BF GOODRICH AEROSPACE; CHANDLER EVANS CONTROL SYSTEMS; GENERAL ELECTRIC and DOES 1 through 200, inclusive, Defendants, Case No. CGC07-467912. A true and correct copy

of Plaintiffs' Complaint is attached hereto as Exhibit A to the Declaration of Richard S. Chon In Support of Notice of Removal ("Chon Decl."). Defendants Boeing, Honeywell, and Goodrich Corporation were served on November 26, 2007. Defendant General Electric was served on November 28, 2007. Defendant BF Goodrich Aerospace was served December 4, 2007. Defendants Chandler Evans Control Systems and Chandler Evans, Inc. have not been served. This Notice of Removal, therefore, is timely under 28 U.S.C. § 1446(b). See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354-56 (1999); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253-54 (9th Cir. 2006).

Venue of this removed action is proper pursuant to 28 U.S.C. § 1442(a) because this Court is the United States District Court for the district and division embracing the place wherein the removed action was pending.

## II. THIS ACTION IS REMOVABLE UNDER THE FEDERAL OFFICER REMOVAL STATUTE

This action is removable under the Federal Officer Removal statute, 28 U.S.C. § 1442(a)(1), because at all relevant times Boeing was acting under an officer of the United States under color of such office. See Jefferson County v. Acker, 527 U.S. 423, 431 (1999). The Federal Officer Removal statute "provides a right of removal independent of 28 U.S.C. Section 1441 [and] is not keyed to the original jurisdiction of the federal district court." Ely Valley Mines Inc. v. Hartford Accident & Indem. Co., 644 F. 2d 1310, 1314 (9th Cir. 1981). The right to remove under this statute is "absolute" provided the following three elements are satisfied: (1) the removing defendant is a "person" within the meaning of the Federal Officer Removal Statute; (2) at all relevant times the removing defendant was acting under an officer of the United States under color of such office; and (3) the removing defendant asserts a colorable federal defense. Winters v. Diamond Shamrock Chem. Co., 149 F3d 387, 397 (5th Cir.); see also Jefferson County, 527 U.S. at 431; Mesa v. California, 489 U.S. 121, 124-25, 134-35 (1989); Durham, 445 F.3d at 1252-53; In re Nat'l Sec. Agency Telecomm. Records Litig., 483 F. Supp. 2d 934, 943-45 (N.D. Cal. 2007); Lopez v. Three Rivers Elec. Coop., 166 F.R.D. 411 (E.D. Mo. 1996); Jones v.

Three Rivers Elec. Coop., 166 F.R.D. 413, 414-15 (E.D. Mo. 1996). All three elements are clearly satisfied in this case.

Section 1442(a) authorizes such a defendant to unilaterally remove causes of action like those set forth in Plaintiffs' Complaint without the consent of any other defendant. See Durham, 445 F.3d at 1253 ("a federal officer or agency defendant can unilaterally remove a case under section 1442") (citing Ely Valley Mines, 644 F.2d at 1315).

### A.  Boeing is a "Person" Within the Meaning of the Federal Officer Removal Statute.

It is well-settled that a private corporation is a "person" entitled to invoke the Federal Officer Removal statute. See, e.g., Winters, 149 F.3d at 398.

### B.  Boeing was "Acting Under" an Officer of the United States.

The Subject Helicopter was produced for the United States Army in accordance with Army requirements. See Chon Decl., Ex. B, U.S. Army, Material Inspection and Receiving Report Form DD 250 ("DD 250"). Boeing delivered the Subject Helicopter to the Army on November 15, 1994. See id. In their Complaint, plaintiffs specifically allege that Boeing defectively designed, assembled, manufactured, inspected, tested, marketed, and sold the Subject Helicopter and its component parts, including but not limited to the engines, Full Authority Digital Engine Control ("FADEC"), Digital Electronic Control Unit ("DECU"), and the software and hardware related thereto, which allegedly failed during the subject flight. See, e.g., Chon Decl., Ex. A, Complaint ¶¶ 28, 29, 62-65. Plaintiffs also allege that the Subject Helicopter and its component parts were defective because of Boeing's failure to include adequate warnings. See, e.g., id., Complaint ¶ 67.

All of Boeing's activities with respect to the Subject Helicopter, including those with respect to the engines, FADEC, DECU, and technical manuals, were performed under close government supervision pursuant to comprehensive and detailed contract specifications provided by the United States Government and its officers. For example, Boeing manufactured the Subject Helicopter for the United States Government in strict accordance with Contract No. DAAJ09-89-C-A010. See Chon Decl., Ex. B, DD 250. This contract incorporates a multitude of detailed military specifications, federal standards, military standards, Department of Defense standards

and drawings, other government publications, and certain contractor documents, all of which, taken together, constitute the specifications for the Subject Helicopter. These specifications called out every design detail and controlled the design and manufacture of the Subject Helicopter from the largest components (such as rotor blades, engines, and transmissions) right down to the smallest (such as fasteners and seals). Similarly, spare parts and technical manuals for the Subject Helicopter were produced under contract with the United States Government and the specifications incorporated therein.

Consequently, Boeing was "acting under" an officer of the United States when it designed and manufactured the Subject Helicopter. Boeing's actions at each stage of the design and manufacture of the Subject Helicopter are inseparable from pervasive government specifications, regulation, and oversight, and a clear nexus exists between Boeing's alleged actions at the direction of the United States Government and plaintiffs' claims for relief.

### C.    Boeing Asserts Three Colorable Federal Defenses.

Boeing asserts three "colorable" federal defenses in its answer to the above claims. See Mesa, 489 U.S. at 133; Jefferson County, 527 U.S. at 431. First, Boeing invokes the "government contractor defense" because the Subject Helicopter and all of its components were designed and manufactured in conformity with specifications provided or approved by the United States Government. See Chon Decl., Ex. C, Answer of The Boeing Company ("Boeing Answer"), Nineteenth and Twentieth Affirmative Defenses; see also Boyle v. United Techs., Inc., 487 U.S. 500 (1988) and its progeny, including Butler v. Ingalls Shipbuilding, Inc., 89 F.3d 582 (9th Cir. 1996), Hudgens v. Bell Helicopter/Textron, 328 F.3d 1329 (11th Cir. 2003), Kerstetter v. Pac. Scientific Co., 210 F.3d 431 (5th Cir. 2000), Tate v. Boeing Helicopters, 140 F.3d 654 (6th Cir. 1998), Tate v. Boeing Helicopters, 55 F.3d 1150 (6th Cir. 1995), Harduvel v. Gen. Dynamics Corp., 878 F.2d 1311 (11th Cir. 1989), and Ramey v. Martin Baker Aircraft Co., 874 F.2d 946 (4th Cir. 1989).

Second, Boeing invokes the state secrets privilege. See Chon Decl., Ex. C, Boeing Answer, Twenty-First Affirmative Defense; see also United States v. Reynolds, 345 U.S. 1, 7-8 (1953); Kasza v. Browner, 133 F.3d 1159, 1165-66 (9th Cir. 1998); Bentzlin v. Hughes Aircraft

Co., 833 F. Supp. 1486, 1495 (C.D. Cal. 1993). The MH-47E helicopter is the Army's most advanced Special Operations transport helicopter, providing tactical and combat support for armed forces at wartime. Furthermore, the Accident occurred while members of the Army Special Operations Aviation Regiment were involved in a mission in the ongoing Afghanistan armed conflict. See Chon Decl., Ex. A, Complaint ¶ 21. Some information relevant to issues herein may, therefore, be state secrets about which the Government may assert privilege, thereby impairing Boeing's ability to defend itself herein.

Third, Boeing invokes the Political Question Doctrine. See Chon Decl., Ex. C, Boeing Answer, Twenty-Second Affirmative Defense; see also Baker v. Carr, 369 U.S. 186, 217-18 (1962); Corrie v. Caterpillar, Inc., No. 05-36210, 2007 WL 2694701, at *3-8 (9th Cir. Sept. 19, 2007); Bentzlin, 833 F. Supp. at 1497. Claims, like those asserted by plaintiffs here, involving the deaths and injuries to members of the armed forces participating in an armed conflict present a non-justiciable political question. See Bentzlin, 833 F. Supp. at 1497. Accordingly, this entire action is removable pursuant to 28 U.S.C. § 1442(a).

### III.   CONSENT OF OTHER DEFENDANTS

Although consent is not required by 28 U.S.C. § 1442(a) (Durham, 445 F.3d at 1243), all defendants served as of the date of filing this Notice of Removal have consented to removal of this action to the United States District Court for the Northern District of California. Each defendant's specific consent and joinder is evidenced in the attached Notices of Consent and Joinder. See Chon Decl., Ex. D. Defendants Chandler Evans Control Systems and Chandler Evans, Inc. have not been served.

### IV.   STATE COURT PAPERS

In accordance with 28 U.S.C. § 1446(a), a copy of the Summons and Complaint served on Boeing in the state court litigation is attached as Exhibit A to the Chon Declaration. Attached as Exhibit E to the Chon Declaration are copies of Defendant Goodrich's Answer and Plaintiffs' Amendment to Complaint. On information and belief, other than service of the summons and complaint on other defendants, no other pleadings or papers have been served upon defendants in this case. Boeing is filing its Answer to Plaintiffs' Complaint immediately after filing this Notice

- 6 -
NOTICE OF REMOVAL FROM CIVIL ACTION

of Removal, a copy of the answer that will be filed is attached hereto as Exhibit C to the Chon Declaration.

### V.  NOTICE HAS BEEN GIVEN

Pursuant to 28 U.S.C. § 1446(d), Boeing is today serving this notice of removal on the plaintiffs and all other defendants. Boeing is also filing a copy of this Notice with the Clerk of the Superior Court of California, County of San Francisco.

### VI.  CONCLUSION

WHEREFORE, Defendant The Boeing Company hereby removes this case from the Superior Court of California, County of San Francisco, to this federal district court.

DATED: December 18, 2007    **PERKINS COIE LLP**

By:    /s/
Chung H. Han
Attorney for Defendant
THE BOEING COMPANY

01038-5259/LEGAL13696129.7