1  Ronald A. McIntire, State Bar No. 127407
   RMcIntire@perkinscoie.com
2  Chung H. Han, State Bar No. 191757
   CHan@perkinscoie.com
3  Richard S. Chon, State Bar No. 197541
   RChon@perkinscoie.com
4  PERKINS COIE LLP
   1620 26th Street, Sixth Floor, South Tower
5  Santa Monica, CA 90404-4013
   Tel: 310.788.9900 / Fax: 310.788.3399
6

7  Attorneys for Defendant
   The Boeing Company
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12  DEBORAH GETZ, individually and as a surviving          Case No.
    heir of decedent KRISTOFER D.S. THOMAS;
13  RODNEY THOMAS, individually and as a                   DECLARATION OF RICHARD S.
    surviving heir of decedent, KRISTOFER D.S.             CHON IN SUPPORT OF DEFENDANT
14  THOMAS; MARY DUFFMAN, individually and as              THE BOEING COMPANY'S NOTICE
    a surviving heir of decedent, SCOTT E.                 OF REMOVAL
15  DUFFMAN; SOPHIA DUFFMAN, a minor,
    individually and as a surviving heir of decedent
16  SCOTT E. DUFFMAN, by and through her
    Guardian ad Litem, MARY DUFFMAN;
17  CHRISTINE VAUGHN, individually and as a
    surviving heir of decedent, TRAVIS R. VAUGHN;
18  BRAD VAUGHN, individually and as a surviving
    heir of decedent, TRAVIS R. VAUGHN; JILL
19  GARBS, individually and as a surviving heir of
    decedent RYAN GARBS; DOUG GARBS,
20  individually and as a surviving heir of decedent,
    RYAN GARBS; JORDAN LANHAM; JERRY
21  GOLDSMITH; RYANNE NOSS, individually and
    as spouse of SCOT NOSS; TIMOTHY BRAUCH;
22  CHRIS TRISKO, MARK DANIEL HOUGHTON,

23                     Plaintiffs,

24       v.

    THE BOEING COMPANY, a corporation;
25  HONEYWELL INTERNATIONAL, INC., a
    corporation; GOODRICH CORPORATION, a
26  corporation; BF GOODRICH AEROSPACE;
    CHANDLER EVANS CONTROL SYSTEMS;
27  GENERAL ELECTRIC and DOES 1 through 200,
    inclusive,
28                     Defendants.

DECLARATION OF RICHARD S. CHON IN SUPPORT OF NOTICE OF REMOVAL

I, Richard S. Chon, do hereby declare that:

1.     I am an attorney licensed to practice before all of the courts of the State of California and am an associate of the law firm of Perkins Coie, LLP, attorneys of record for The Boeing Company ("Boeing").

2.     I am one of the attorneys responsible for the handling of this file and, in this capacity, have personal knowledge of the facts set forth in this declaration.  If called as a witness, I would testify as set forth herein.

3.     This declaration is made in support of Boeing's Notice of Removal.

4.     Attached hereto as Exhibit A is a true and correct copy of the Summons and Complaint (Plaintiffs' Complaint; Bodily Injuries; and Loss of Consortium), which was filed in the case of *Deborah Getz, et al. v. The Boeing Company, a corporation, et al.*, Superior Court of the State of California, County of San Francisco, Case No. CGC07-467912, on October 5, 2007.

5.     Attached hereto as Exhibit B is a true and correct copy of the United States Army, Material Inspection and Receiving Report Form DD250.

6.     Attached hereto as Exhibit C is a true and correct copy of the proposed Answer of The Boeing Company to Plaintiffs' Complaint that it intends to file immediately after this case has been removed and assigned a case number.

7.     Attached collectively hereto as Exhibit D are the Notices of Consent and Joinder from Honeywell International Inc., Goodrich Corporation, BF Goodrich Aerospace, and General Electric.

8.     Attached collectively hereto as Exhibit E are Defendant Goodrich Corporation's Answer to Plaintiffs' Complaint and Plaintiffs' Amendment to Complaint, which were filed in the state court action.

/ / /

/ / /

/ / /

/ / /

/ / /

1    I declare under penalty of perjury under the laws of the State of California and the United

2    States of America that the foregoing is true and correct and that this declaration was executed on

3    this 18th day of December, 2007, in San Francisco, California.

4

5    _____/s/_____
     Richard S. Chon

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RICHARD S. CHON IN SUPPORT OF NOTICE OF REMOVAL

# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
THE BOEING COMPANY, a corporation, HONEYWELL INTERNATIONAL, INC., a corporation, GOODRICH CORPORATION, a corporation, BF GOODRICH AEROSPACE, CHANDLER EVANS CONTROL SYSTEMS, GENERAL ELECTRIC, and DOES 1 through 200, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
See 1 in Addendum

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es):
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
San Francisco, CA 94104

CASE NUMBER:
(Número del Caso): 07-467912

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
THOMAS J. BRANDI  (Bar # 53208)       Phone No. (415) 989-1800
THE BRANDI LAW FIRM                    Fax No. (415) 989-1801
44 Montgomery Street, #1050, San Francisco, CA 94104

DATE:
(Fecha) **NOV  8 2007**  **Gordon Park-Li**  Clerk, by  BERNADETTE THOMPSON  , Deputy
                                        (Secretario)                      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): *The Boeing Company, a corporation*

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*LexisNexis® Automated California Judicial Council Forms*

# Attachments

1.  DEBORAH GETZ, individually and as a surviving heir of decedent KRISTOFER D. S.
    THOMAS, RODNEY THOMAS, individually and as a surviving heir of decedent,
    KRISTOFER D. S THOMAS, MARY DUFFMAN, individually and as a surviving heir of
    decedent, SCOTT E. DUFFMAN, SOPHIA DUFFMAN, a minor, individually and as a
    surviving heir of decedent SCOTT E. DUFFMAN, by and through her Guardian ad Litem,
    MARY DUFFMAN, CHRISTINE VAUGHN, individually and as a surviving heir of
    decedent, TRAVIS R. VAUGHN, BRAD VAUGHN, individually and as a surviving heir
    of decedent, TRAVIS R. VAUGHN, JILL GARBS, individually and as a surviving heir of
    decedent RYAN GARBS, DOUG GARBS, individually and as a surviving heir of
    decedent, RYAN GARBS, JORDAN LANHAM, JERRY GOLDSMITH, RYANNE
    NOSS, individually and as spouse of SCOT NOSS, TIMOTHY BRAUCH, CHRIS
    TRISKO, MARK DANIEL HOUGHTON

1  THE BRANDI LAW FIRM
   THOMAS J. BRANDI #53208
2  DANIEL DELL'OSSO #118203
   CASEY A. KAUFMAN #232257
3  BRIAN J. MALLOY # 234882
   44 Montgomery Street, Suite 1050
4  San Francisco, CA 94104
5  Telephone: (415) 989-1800 Facsimile: (415) 989-1801
6  JAMES R. DONAHUE, #105106
   CAULFIED DAVIES & DONAHUE
7  80 Iron Point Circle, # 105
   Folsom, CA 95630
8  Telephone: (916) 817-2900 Facsimile: (916) 817-2644
9  Attorneys for Plaintiffs

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 5 - 2007

GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

MAR 7 - 2008  -9:00 AM

DEPARTMENT 212

10          COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

11                          COUNTY OF SAN FRANCISCO

12
13  DEBORAH GETZ, individually and as a      )  NO. CGC07- 467912
    surviving heir of decedent KRISTOFER D. S. )
14  THOMAS; RODNEY THOMAS, individually    )
    and as a surviving heir of decedent,       )  COMPLAINT FOR WRONGFUL
15  KRISTOFER D. S THOMAS; MARY           )  DEATH; BODILY INJURIES; AND
    DUFFMAN, individually and as a surviving    )  LOSS OF CONSORTIUM
16  heir of decedent, SCOTT E. DUFFMAN;      )    1. NEGLIGENCE - PRODUCT
    SOPHIA DUFFMAN, a minor, individually    )       LIABILITY
17  and as a surviving heir of decedent SCOTT E. )    2. STRICT PRODUCT LIABILITY
    DUFFMAN, by and through her Guardian ad   )    3. BREACH OF EXPRESS AND
18  Litem, MARY DUFFMAN; CHRISTINE        )       IMPLIED WARRANTY
    VAUGHN, individually and as a surviving     )
19  heir of decedent, TRAVIS R. VAUGHN;       )
    BRAD VAUGHN, individually and as a        )  DEMAND FOR JURY TRIAL
20  surviving heir of decedent, TRAVIS R.        )
    VAUGHN; JILL GARBS, individually and as    )
21  a surviving heir of decedent RYAN GARBS;    )
    DOUG GARBS, individually and as a          )
22  surviving heir of decedent, RYAN GARBS;     )
    JORDAN LANHAM; JERRY GOLDSMITH;       )
23  RYANNE NOSS, individually and as spouse    )
    of SCOT NOSS; TIMOTHY BRAUCH;         )
24  CHRIS TRISKO, MARK DANIEL           )
    HOUGHTON,                           )
25                                          )
26                                          )
27                    Plaintiffs,            )
                                            )
28          vs.                             )
                                            )

                                    1
COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1  THE BOEING COMPANY, a corporation;        )
2  HONEYWELL INTERNATIONAL, INC., a          )
   corporation; GOODRICH CORPORATION, a      )
3  corporation; BF GOODRICH AEROSPACE;       )
   CHANDLER EVANS CONTROL                     )
4  SYSTEMS; GENERAL ELECTRIC and             )
5  DOES 1 through 200, inclusive,            )
                                              )
6                Defendants.                  )
7  _____       )

8      COME NOW Plaintiffs DEBORAH GETZ, individually and as a surviving heir of

9  decedent KRISTOFER D. S.THOMAS; RODNEY THOMAS, individually and as a

10 surviving heir of decedent, KRISTOFER D. S. THOMAS; MARY DUFFMAN,

11 individually and as a surviving heir of decedent, SCOTT E. DUFFMAN; SOPHIA

12 DUFFMAN, a minor, individually and as a surviving heir of decedent SCOTT E.

13 DUFFMAN, by and through her Guardian ad Litem, MARY DUFFMAN; CHRISTINE

14

15 VAUGHN, individually and as a surviving heir of decedent, TRAVIS R. VAUGHN;

16 BRAD VAUGHN, individually and as a surviving heir of decedent, TRAVIS R.

17 VAUGHN; JILL GARBS, individually and as a surviving heir of decedent RYAN

18 GARBS; DOUG GARBS, individually and as a surviving heir of decedent, RYAN

19 GARBS, JORDAN LANHAM, individually; JERRY GOLDSMITH, individually; and

20

21 RYANNE NOSS, individually and as spouse of SCOT NOSS, TIMOTHY BRAUCH,

22 (hereinafter referred to collectively as "Plaintiffs"), and hereby complain of Defendants

23 and DOES 1 through 200, inclusive, and each of them, and allege as follows:

24

25                            **INTRODUCTION**

26      1.     On or about February 17/18, 2007, Plaintiffs and/or Plaintiffs' Decedents

27 were occupants and passengers on a Chinook MH47E helicopter bearing Tail #94-00472

28 (hereinafter referred to as the "Helicopter"), in the Shahjoi District of the Zabul Province,

---

2

in southeastern Afghanistan, and sustained severe and/or fatal injuries, when the defects contained in the subject Helicopter and its component parts, caused the Helicopter to suffer a sudden, unexpected loss of power, lose control, and crash to the ground.

## IDENTIFICATION OF PARTIES

2.      Plaintiffs DEBORAH GETZ and RODNEY THOMAS, are, and at all times mentioned herein, were residents of the State of California, and the natural parents and surviving heirs of decedent KRISTOFER D. S. THOMAS, a passenger in said Helicopter.

3.      Plaintiff, MARY DUFFMAN, is the spouse and a surviving heir of decedent, SCOTT E. DUFFMAN, a passenger in said Helicopter.

4.      Prior to and at the commencement of this action, Plaintiff MARY DUFFMAN was duly appointed as the Guardian ad Litem of the minor SOPHIA DUFFMAN for the purposes of bringing the instant action.

5.      Plaintiff, SOPHIA DUFFMAN, a Minor, by and through her Guardian ad Litem, MARY DUFFMAN, is, and was and the child and a surviving heir of decedent, SCOTT E. DUFFMAN, a passenger in said Helicopter.

6.      Plaintiffs, CHRISTINE VAUGHN and BRAD VAUGHN, are, and at all times mentioned herein, were the natural parents and surviving heirs of decedent TRAVIS R. VAUGHN, a passenger in said Helicopter.

7.      Plaintiffs, JILL GARBS and DOUG GARBS, are, and at all times mentioned herein, were natural parents and surviving heirs of decedent, RYAN GARBS, a passenger in said Helicopter;

8.      Plaintiff, JORDAN LANHAM, is and was a resident of the State of Georgia, a passenger in said Helicopter.  As a result of the subject crash, Plaintiff, JORDAN LANHAM, suffered certain serious and permanent injuries, and suffered serious

3

and permanent emotional and psychological injuries all to his detriment in an amount according to proof.

9.     Plaintiff, JERRY GOLDSMITH was a passenger in said Helicopter. As a result of the subject crash, Plaintiff, JERRY GOLDSMITH, suffered certain serious and permanent injuries, and suffered serious and permanent emotional and psychological injuries all to his detriment in an amount according to proof.

10.     Plaintiff, RYANNE NOSS, is the spouse of SCOT NOSS, a passenger in said Helicopter.  As a result of the subject crash, SCOT NOSS suffered serious and permanent physical and emotional and psychological injuries. As a result of the serious and permanent injuries suffered by her husband, Plaintiff, RYANNE NOSS, has sustained damages in the form of the loss of her relationship with her husband, including the loss of care, comfort, society, affection and support.  In addition, Plaintiff, RYANNE NOSS, has been required to abandon her own career and ambitions to devote full time nursing services to her husband.

11.     Plaintiff, TIMOTHY BRAUCH was a passenger in said Helicopter.  As a result of the subject crash, Plaintiff, TIMOTHY BRAUCH, suffered certain serious and permanent injuries, and suffered serious and permanent emotional and psychological injuries all to his detriment in an amount according to proof.

12.     Plaintiff, CHRIS TRISKO, was a passenger in said Helicopter. As a result of the subject crash, Plaintiff, CHRIS TRISKO, suffered certain serious and permanent injuries, and suffered serious and permanent emotional and psychological injuries all to his detriment in an amount according to proof.

13.     Plaintiff, MARK DANIEL HOUGHTON, was a passenger in said Helicopter. As a result of the subject crash, Plaintiff, MARK DANIEL HOUGHTON,

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

suffered certain serious and permanent injuries, and suffered serious and permanent

emotional and psychological injuries all to his detriment in an amount according to proof.

14.     Plaintiffs are informed and believe, and thereupon allege, that Defendant

THE BOEING COMPANY, is, and at all times herein relevant was, a corporation

authorized to do, has regularly done, and is continually and systematically doing business

in the State of California.

15.     Plaintiffs are informed and believe, and thereupon allege, that Defendant

HONEYWELL INTERNATIONAL, INC., is, and at all times herein relevant was, a

corporation authorized to do, has regularly done, and is continually and systematically

doing business in the State of California.

16.     Plaintiffs are informed and believe, and thereupon allege, that Defendants

GOODRICH CORPORATION and BF GOODRICH AEROSPACE are, and at all times

herein relevant were, a corporations authorized to do, have regularly done, and are

continually and systematically doing business in the State of California.

17.     Plaintiffs are informed and believe, and thereupon allege, that Defendant

CHANDLER EVANS CONTROL SYSTEMS is, and at all times herein relevant was, a

corporation authorized to do, having regularly done, and is continually and systematically

doing business in the State of California.

18.     Plaintiffs are informed and believe, and thereupon allege, that Defendant

GENERAL ELECTRIC is, and at all times herein relevant was, a corporation authorized to

do, having regularly done, and is continually and systematically doing business in the State

of California.

19.     The true names and capacities, whether individual, plural, corporate,

partnership, associate, or otherwise, of DOES 1 through 200, inclusive, are unknown to

Plaintiffs who therefore sue said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants is unknown to Plaintiffs. Plaintiffs are informed and believe, and thereupon allege, that each of the defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to,, and thereby negligently, or in some other actionable manner, legally and proximately caused the described injuries and damages to Plaintiffs. Plaintiffs will hereafter seek leave of the Court to amend this Complaint to show the defendants' true names and capacities after the same have been ascertained.

20.    Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, Defendants, and each of them, including DOES 3 through 100, inclusive, and each of them, were agents, servants, employees, successors in interest, franchisees and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, joint venture, and/or franchise and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor in interest, joint venturer, and/or franchisee.

## GENERAL ALLEGATIONS

21.    On or about February 17/18, 2007, in the Shahjoi district of Zabul Province, in the Country of Afghanistan, Plaintiffs and Plaintiffs' Decedents sustained severe and/or fatal injuries while flying as passengers in the subject Helicopter, while on a transportation mission in southeastern Afghanistan. While on said mission, one of the two engines of the MH47E Chinook Helicopter suffered a sudden loss of power, causing the Helicopter to become uncontrollable, and crash as a result of the defective nature of said Helicopter and its component parts.

6

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

22.    Plaintiffs and Plaintiffs' Decedents sustained serious, severe, permanent and fatal injuries as a direct result of being passengers in said helicopter at the time of the crash.

23.    Plaintiffs are informed and believe, and thereupon allege, that the subject Helicopter and its component parts was designed, assembled, manufactured, inspected, tested, marketed, and introduced into the stream of commerce by Defendants, THE BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH CORPORATION, a corporation; BF GOODRICH AEROSPACE; CHANDLER EVANS CONTROL SYSTEMS, GENERAL ELECTRIC and DOES 1-100.

24.    Plaintiffs are informed and believe, and thereupon allege, that the subject Helicopter was introduced into the stream of commerce in a defective condition by Defendants THE BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH CORPORATION, a corporation; BF GOODRICH AEROSPACE; CHANDLER EVANS CONTROL SYSTEMS, and DOE Defendants.  Such defects caused and/or contributed to the crash of the Helicopter, and the resulting serious and permanent injuries to Plaintiffs and the fatal injuries to Plaintiffs' Decedents.

25.    Plaintiffs are informed and believe, and thereupon allege, that the engines and Full Authority Digital Engine Control (FADEC), and the Digital Electronic Control Unit (DECU) including all computer software and hardware related thereto, of the subject Helicopter were designed, assembled, manufactured, inspected, tested, marketed, and introduced into the stream of commerce by Defendants, THE BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH

7

CORPORATION, a corporation; BF GOODRICH AEROSPACE; CHANDLER EVANS

CONTROL SYSTEMS, GENERAL ELECTRIC and the DOE Defendants.

26.    Plaintiffs are informed and believe, and thereupon allege, that the engines

on the Helicopter and their component parts, including but not limited to the FADEC, and

the DECU, and associated computer software and hardware related thereto were introduced

into the stream of commerce in a defective condition by Defendants, THE BOEING

COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a corporation;

GOODRICH CORPORATION, a corporation; BF GOODRICH AEROSPACE;

CHANDLER EVANS CONTROL SYSTEMS, GENERAL ELECTRIC and DOES 1-125.

Such defects caused and/or contributed to the crash of the Helicopter, resulting in the

serious, permanent and fatal injuries to Plaintiffs, and/or Plaintiffs' Decedents.

27.    Plaintiffs are informed and believe, and hereupon allege, that the subject

Helicopter was dangerous and defective as those terms are defined under California law, in

that the Subject Helicopter and its component parts were less safe that an ordinary

consumer would expect in that when used in a reasonable foreseeable and intended manner

the subject Helicopter and its component parts failed.

28.    Plaintiffs are informed and believe and based upon that information and

belief allege that the subject Helicopter was defective and dangerous for the following

additional reasons:

a..    Defective design, manufacture, testing, inspection, maintenance, assembly,

and fabrication of the engines and their components parts including but not limited to the

FADEC, and its associated computer hardware and software and other components thereof

b.    Defective design, manufacture, testing, inspection, maintenance, assembly,

and fabrication of the engines and their component parts including but not limited to the

8

DECU, and its associated computer hardware and software and other components thereof;

29.     Plaintiffs are informed and believe, and thereupon allege, that the defective conditions of the Helicopter and its component parts, including but not limited to, the engines and FADEC and DECU, and the software and hardware related thereto, were a direct, and legal cause of the Helicopter crash, and Plaintiffs' serious and permanent injuries and the fatal injuries to Plaintiffs' Decedents.

30.     Plaintiffs are informed and believe, and thereupon allege, that the aforementioned incident of February 17/18, 2007, was caused solely and exclusively by reason of defects in the design and manufacture of the subject Helicopter for which the Defendants and each of them jointly and severally are strictly liable to Plaintiffs herein.

31.     By reason of the premises, Plaintiff, JORDAN LANHAM sustained serious and permanent bodily injury.

32.     By reason of the premises, Plaintiff, JORDAN LANHAM, has incurred and will continue to incur costs for the care and treatment of his injuries in an amount that is presently unknown to the Plaintiff who prays leave to amend and insert the same when it is ascertained.

33.     By reason of the premises, Plaintiff, JORDAN LANHAM has been unable at times to pursue his regular employment, and his earning capacity has been diminished to his special damage in an unascertained sum as said loss has not yet been finally determined.  Plaintiff prays leave to amend this complaint in this respect when these elements of damages are finally determined.

34.     By reason of the premises, Plaintiff, JERRY GOLDSMITH sustained serious and permanent bodily injury.

35.     By reason of the premises, Plaintiff, JERRY GOLDSMITH,  has incurred

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

and will continue to incur costs for the care and treatment of his injuries in an amount that is presently unknown to the Plaintiff who prays leave to amend and insert the same when it is ascertained.

36.    By reason of the premises, Plaintiff, JERRY GOLDSMITH, has been unable at times to pursue his regular employment, and his earning capacity has been diminished to his special damage in an unascertained sum as said loss has not yet been finally determined.  Plaintiff prays leave to amend this complaint in this respect when these elements of damages are finally determined.

37.    By reason of the premises, Plaintiff, TIMOTHY BRAUCH, sustained serious and permanent bodily injury.

38.    By reason of the premises, Plaintiff, TIMOTHY BRAUCH,  has incurred and will continue to incur costs for the care and treatment of his injuries in an amount that is presently unknown to the Plaintiff who prays leave to amend and insert the same when it is ascertained.

39.    By reason of the premises, Plaintiff, TIMOTHY BRAUCH, has been unable at times to pursue his regular employment, and his earning capacity has been diminished to his special damage in an unascertained sum as said loss has not yet been finally determined.  Plaintiff prays leave to amend this complaint in this respect when these elements of damages are finally determined.

40.    By reason of the premises, Plaintiff, CHRIS TRISKO, sustained serious and permanent bodily injury.

41.    By reason of the premises, Plaintiff, CHRIS TRISKO, has incurred and will continue to incur costs for the care and treatment of his injuries in an amount that is presently unknown to the Plaintiff who prays leave to amend and insert the same when it is

10

1    ascertained.

2        42.    By reason of the premises, Plaintiff, CHRIS TRISKO, has been unable at

3    times to pursue his regular employment, and his earning capacity has been diminished to

4    his special damage in an unascertained sum as said loss has not yet been finally

5    determined. Plaintiff prays leave to amend this complaint in this respect when these

6
7    elements of damages are finally determined.

8        43.    By reason of the premises, Plaintiff, MARK DANIEL HOUGHTON,

9    sustained serious and permanent bodily injury.

10
11        44.    By reason of the premises, Plaintiff, MARK DANIEL HOUGHTON, has

12    incurred and will continue to incur costs for the care and treatment of his injuries in an

13    amount that is presently unknown to the Plaintiff who prays leave to amend and insert the

14    same when it is ascertained.

15
16        45.    By reason of the premises, Plaintiff, MARK DANIEL HOUGHTON, has

17    been unable at times to pursue his regular employment, and his earning capacity has been

18    diminished to his special damage in an unascertained sum as said loss has not yet been

19    finally determined. Plaintiff prays leave to amend this complaint in this respect when these

20    elements of damages are finally determined.

21
22        46.    Wherefore Plaintiffs pray judgment against defendants for injuries and

23    damages as hereinabove and hereinafter set forth.

24                    **FIRST CAUSE OF ACTION**
                          **(Wrongful Death)**
25
26            As and for a First Cause of Action, Plaintiffs complain of Defendants and

27    each of them and allege as follows:

28        47.    Plaintiffs hereby refer to, reallege and incorporate by this reference as

                                        11
COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1  though set forth in full, each and every allegation contained in paragraphs 1 through 46

2  above.

3     48.    Plaintiffs, DEBORAH GETZ and RODNEY THOMAS, are the surviving

4

5  parents and heirs of the decedent KRISTOFER D. S. THOMAS

6     49.    Plaintiffs, DEBORAH GETZ and RODNEY THOMAS , brings this action

7  on behalf of the survivors and heirs of the decedent under and by virtue of the California

8  Wrongful Death Statute, Cal. Civ. Proc. § 377.60.

9     50.    As a result of the wrongful death of KRISTOFER D. S. THOMAS, the

10

11  survivors have been deprived of the guidance, love, tutelage, companionship, support,

12  comfort, and consortium which they would have received from KRISTOFER D. S.

13  THOMAS for the remainder of his natural life.

14     51.    Plaintiffs, MARY DUFFMAN, as the spouse and parent of the decedent's

15  minor child SOPHIA DUFFMAN, and SOPHIA DUFFMAN are the survivors and heirs of

16

17  the decedent SCOTT E. DUFFMAN.

18     52.    Plaintiff, MARY DUFFMAN, individually, and as the parent and Guardian

19  Ad Litem of the minor child SOPHIA DUFFMAN, brings this action on behalf of the

20  survivors and heirs of the decedent under and by virtue of the California Wrongful Death

21  Statute, Cal. Civ. Proc. § 377.60.

22

23     53.    As a result of the wrongful death of SCOTT E. DUFFMAN, the survivors

24  have been deprived of the guidance, love, tutelage, companionship, support, comfort, and

25  consortium which they would have received from SCOTT E. DUFFMAN for the

26  remainder of his natural life.

27     54.    Plaintiffs, CHRISTINE VAUGHN and BRAD VAUGHN, are the surviving

28

parents and heirs of the decedent TRAVIS R. VAUGHN.

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

55.    Plaintiffs, CHRISTINE VAUGHN and BRAD VAUGHN, bring this action on behalf of the survivors and heirs of the decedent under and by virtue of the California Wrongful Death Statute, Cal. Civ. Proc. § 377.60.

56.    As a result of the wrongful death of TRAVIS R. VAUGHN, the survivors have been deprived of the guidance, love, tutelage, companionship, support, comfort, and consortium which they would have received from TRAVIS R. VAUGHN for the remainder of his natural life.

57.    Plaintiffs, JILL GARBS and DOUG GARBS, are the surviving parents and heirs of the decedent RYAN GARBS.

58.    Plaintiffs, JILL GARBS and DOUG GARBS , bring this action on behalf of the survivors and heirs of the decedent under and by virtue of the California Wrongful Death Statute, Cal. Civ. Proc. § 377.60.

59.    As a result of the wrongful death of RYAN GARBS, the survivors have been deprived of the guidance, love, tutelage, companionship, support, comfort, and consortium which they would have received from RYAN GARBS for the remainder of his natural life.

## SECOND CAUSE OF ACTION
### (Strict Product Liability)

COME NOW Plaintiffs, and for a First Cause of Action against all Defendants, and DOES 1 through 200, inclusive, and each of them, complains and alleges as follows:

60.    Plaintiffs reallege and incorporate paragraphs 1 through 59 above, and make them a part of this Plaintiffs Second Cause of Action as though fully set forth therein.

61.    At all times herein mentioned, the Defendants are and were in the business of designing, manufacturing, selling, marketing and/or distributing Helicopters, including

13

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

the subject Helicopter and its component parts, which are distributed and sold throughout the United States, as well as the state of California, to members of the general public and as such are liable to the Plaintiffs for damages under the theory of strict products liability.

62.    At all times herein mentioned the Helicopter and its components parts, including but not limited to, the engines and FADEC, the DECU, and the computer hardware and software related thereto, were defective and unreasonably dangerous as those terms are defined under California law by reason of defects in design and manufacture and failure of the Defendants to give adequate and proper warnings of the dangers existing therein, and adequate instructions regarding the avoidance of such dangers in the use and maintenance of the Helicopter and its component parts.

63.    At all times herein mentioned the defective and unreasonably dangerous conditions in the Helicopter and its component parts exposed Plaintiffs and/or Plaintiffs' Decedents to an unreasonable risk of harm and were a legal cause of Plaintiffs and/or Plaintiffs' Decedents serious and fatal injuries.

64.    At all times herein mentioned, the Helicopter and its component parts were sold, converted, marketed and/or placed into the stream of commerce by the Defendants for use by members of the general public, and such products were defective and unreasonably dangerous as that term is defined under California law and the unreasonably dangerous conditions were known by Defendants at the time the Helicopter and its component parts were sold, converted, marketed and/or placed into the stream of commerce, and these defective and unreasonably dangerous conditions were a legal cause of Plaintiffs and/or Plaintiffs' Decedents serious and fatal injuries.

65.    At all times herein mentioned,  Defendants THE BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH

14

CORPORATION, a corporation; BF GOODRICH AEROSPACE; CHANDLER EVANS
CONTROL SYSTEMS, GENERAL ELECTRIC and DOES 1-50 defectively
manufactured the Helicopter and the engines and the FADEC, and DECU including the
computer hardware and software related thereto, as well as the other component parts of
the Helicopter, rendering the product unreasonably dangerous to Plaintiffs and/or Plaintiffs'
Decedents. Said defective condition was a legal cause of the Helicopter crash and the fatal
injuries to Plaintiffs' Decedents, and serious and permanent injuries to Plaintiffs.

66.    Plaintiffs are informed and believe, and thereupon allege, that Defendants
THE BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a
corporation; GOODRICH CORPORATION, a corporation; BF GOODRICH
AEROSPACE; CHANDLE EVANS CONTROL SYSTEMS, GENERAL ELECTRIC and
DOES 1-50 placed the subject Helicopter into the stream of commerce in a defective
condition and such defects described above, rendered the Helicopter less safe than an
ordinary consumer would expect when used in a normal, intended and foreseeable manner.

67.    At all times herein mentioned, the Helicopter and its component parts, were
also defective by reason of Defendants' failure to include or place with it adequate and
proper warnings and instructions as to dangers associated with the design and foreseeable
use of the products, including but not limited to the engines and FADEC and DECU and its
component parts, and how to avoid such dangers, and further, failed to recall the products
to prevent incidents such as the one included herein. Such defects rendered the subject
Helicopter and its component parts unreasonably dangerous as that term is defined under
California law, and the dangerous and defective condition of the Helicopter was the legal
cause of the serious and permanent injuries to Plaintiffs and fatal injuries sustained by
Plaintiffs' Decedents.

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

68.    At all times herein mentioned Defendants are the manufacturers, designers, and/or distributors of the subject Helicopter and its component parts, who hold and have held themselves out to the public as having superior knowledge, skill and experience in the design, construction, assembly, manufacture, testing, and inspection of such aircraft and their component parts; and, in the course of business as aerospace manufacturers, Defendants designed, constructed, assembled, manufactured, inspected, serviced, converted, tested the Helicopter and its component parts; Defendants expressly and impliedly warranted were fit for intended use, being airworthy and free of unreasonably dangerous defects; and Defendants marketed, sold, distributed and caused the Helicopter and its component parts to be introduced into the stream of commerce.

69.    At all times herein mentioned, the crash of the Helicopter and the resulting serious and permanent injuries to Plaintiffs and fatal injuries to Plaintiffs' Decedents, were legally caused and/or substantially contributed to by latent and unreasonably dangerous defects in the manufacture of said aircraft and its component parts, and Defendants' failure to warn and/or provide adequate instructions for the use, and maintenance of the Helicopter and its component parts.

70.    Plaintiffs are informed and believe, and thereupon allege, that at the time the Helicopter and its component parts were sold, converted, marketed and/or placed into the stream of commerce by Defendants, such products were defective and unreasonably dangerous as that term is defined in law to persons who could reasonably be expected to use them, and these defective and unreasonably dangerous conditions were a producing cause of Plaintiffs serious and permanent injuries and Plaintiffs' Decedents' fatal injuries. The Helicopter and its component parts were also defective by reason of Defendants' failure to include or place with it adequate and proper warnings and instructions as to

16

1  dangers associated with the design and foreseeable use of the products and how to avoid

2  such dangers, and these defects rendered the subject aircraft unreasonably dangerous.

3      71.    Plaintiffs are informed and believe, and thereupon allege, by reason of the

4  foregoing, Defendants are strictly liable in tort to Plaintiff for the serious and permanent

5

6  injuries sustained by Plaintiffs and the fatal injuries sustained by Plaintiffs' Decedents as a

7  result of the crash of the subject Helicopter.

8      72.    Plaintiffs are informed and believe, and thereupon allege, that the conduct

9  of Defendants as alleged herein, was reckless, willful, oppressive, malicious and done with

10

11  reckless and wanton disregard for the rights and safety of the Plaintiffs and/or Plaintiffs'

12  Decedents with knowledge of the defects at issue, and in conscious disregard of the safety

13  hazards raised by those defects.

14
                            **THIRD CAUSE OF ACTION**
15                              **(Negligence)**

16      COME NOW Plaintiffs, and for a First Cause of Action against all Defendants, and

17  DOES 1 through 200, inclusive, and each of them, complain and allege as follows:

18
       73.    Plaintiffs reallege and incorporate paragraphs 1 through 72, inclusive of the
19
    Introduction, Identification of Parties, and General Allegations, above.
20
       74.    Plaintiffs are informed and believe, and thereupon allege, that the
21

22  Defendants, and each of them designed, tested, developed, manufactured, fabricated,

23  assembled, distributed, bought, sold, inspected, serviced, warranted, supplied, and/or

24  modified the subject Helicopter and its component parts, including but not limited to, the
25
    engines and FADEC, and DECU including the computer hardware and software related
26
27  thereto, and its component parts.

28      75.    Plaintiffs are informed and believe, and thereupon allege, that at all times

                                    17

mentioned herein, the subject Helicopter and its component parts, were defective when placed into the stream of commerce by Defendants, and each of them, and was of such a nature that the defect would not be discovered in normal inspection and operation by users thereof.

76.    Plaintiffs are informed and believe, and thereupon allege, that on or about February 17/18, 2007, the subject Helicopter and its component parts, were being operated and used in a reasonably foreseeable manner.

77.    Plaintiffs are informed and believe, and thereupon allege, that the Defendants, as manufacturers, distributors, suppliers, and sellers of the Helicopter and its component parts, owed a duty of care to Plaintiffs and Plaintiffs' Decedents, that the Helicopter and its components parts would not be placed into the stream of commerce in a defective condition.

78.    Plaintiffs are informed and believe, and thereupon allege, that the Defendants were negligent in the manufacture and marketing of the Helicopter and its component parts, including but not limited to, the engines and FADEC, and DECU, including the computer hardware and software related thereto, such that, Defendants knew or should have known in the exercise of ordinary care, that the Helicopter and its component parts were defective and unreasonably dangerous to those persons likely to use such products for the purpose and manner for which they were intended to be used, and for purposes reasonably foreseeable to Defendants. Defendants were negligent in the particulars set forth in this and the proceeding paragraphs, and said negligence was a direct, proximate, and producing cause of the subject crash, which is the basis of this action, and the resulting serious and fatal injuries sustained by Plaintiffs and/or Plaintiffs' Decedents.

18

79.    Plaintiffs are informed and believe, and thereupon allege, that Defendants knew, or in the exercise of ordinary care should have known, of the means of manufacturing the Helicopter and its component parts, such that the type of incident and resulting injuries as described herein would be prevented. The Defendants had actual knowledge that manufacturing such an aircraft and its component parts in a defective condition, as alleged herein, would be unreasonably dangerous and cause incidents such as the crash alleged herein.

80.    Plaintiffs are informed and believe, and thereupon allege, that the Defendants were additionally negligent in that they failed to provide proper warnings or instructions to ordinary users thereof, including Plaintiffs and Plaintiffs' Decedents, and failed to recall or timely recall the products or make appropriate post-marketing efforts to prevent incidents such as the one included herein.

81.    Plaintiffs are informed and believe, and thereupon allege, that Defendants were negligent in their failure to give adequate or proper warnings or instructions to the users thereof, including Plaintiffs and Plaintiffs' Decedents, for the reasonable and foreseeable use and maintenance of the Helicopter and its component parts, and failed to make appropriate efforts to prevent incidents such as the one included herein, and that Defendants knew or reasonably should have known that users thereof, including Plaintiffs and Plaintiffs' Decedents, would not realize such dangers to which Defendants had failed to warn users thereof.  One of the failures to warn included a failure to warn that anomalies existed in the FADEC computer software and/or hardware and component panes, and/or the DECU computer software and/or hardware and its component parts, which caused a sudden unintended and unexpected shutdown of fuel flow to an operating engine while in flight.  This fuel shutdown resulted in a sudden and catastrophic loss of power to one of the

19

Chinook engines while in flight, causing the Helicopter to lose control and crash to the ground.

82.    Plaintiffs are informed and believe and thereupon allege that reasonable manufacturers, distributors and sellers of the said Helicopter and its component parts under the same or similar circumstances would have provided such warnings and instructions for the use and maintenance of the Helicopter and its component parts.

83.    Plaintiffs are informed and believe, and thereupon allege, Defendants violated their duty and were negligent in those acts previously described, and further described herein.  Defendants' negligent acts, collectively and/or severally, were the direct and proximate cause or causes of the incident, which is the basis for this action, and the serious and fatal injuries sustained by Plaintiffs and/or Plaintiffs' Decedents.

84.    The defective condition of the Helicopter. and its component parts, and the resulting crash of the Helicopter, was caused by the negligence, recklessness, wrongdoing, tortuous conduct, careless acts and omissions of the Defendants in the manufacture, assembly, construction, testing and marketing of the Helicopter and its component parts, and in said Defendants' failure to warn of and to take appropriate remedial action with respect to the known dangerously defective conditions, and failure to provide proper instructions for the use and maintenance of the Helicopter and its component parts.

85.    Plaintiffs are informed and believe, and thereupon allege, that as a further direct and proximate result of the acts of the Defendants in defectively manufacturing said products and failing to provide adequate warnings and instructions, Plaintiffs suffered serious and permanent injuries and Plaintiffs' Decedents suffered fatal injuries for which Defendants are liable.  Plaintiff is informed and believes, and thereupon alleges, that the conduct of Defendants as described herein, was willful, oppressive, malicious and done

1   with reckless and wanton disregard for the rights and safety of Plaintiffs and Plaintiffs'

2   Decedents.

3

4   ## FOURTH CAUSE OF ACTION
    ### (Breach of Warranties)

5

6   COME NOW Plaintiffs and for a Fourth Cause of Action against all Defendants,

7   and DOES through 200, inclusive, and each of them complains and alleges as follows:

8       86.    Plaintiffs reallege and incorporate paragraphs 1 through 85, inclusive, of the

9   Introduction, Identification of Parties, General Allegations; First Cause of Action; and

10  Second Cause of Action, above.

11      87.    Plaintiffs are informed and believe, and thereupon allege, that Defendants,

12  by and through the sale and distribution of the products in question, expressly and

13

14  impliedly warranted to the public generally, and to Plaintiffs and Plaintiffs' Decedents

15  specifically, that the products in question were fit for the purposes for which they were

16  intended.

17      88.    Plaintiffs are informed and believe, and thereupon allege, that at the time

18  such products were marketed, sold and distributed, Defendants were in the business of

19

20  selling such products, and hold and have held themselves out to the public as having

21  superior knowledge, skill and experience in the design, construction, assembly,

22  manufacture, testing, and inspection of such aircraft and its component parts; and, in the

23  course of business as aerospace manufacturers, Defendants designed, constructed,

24

25  assembled, manufactured, inspected, serviced, converted, and tested the Helicopter and its

26  component parts; and Defendants expressly and impliedly warranted were fit for intended

27  use, being airworthy and free of unreasonably dangerous defects.

28      89.    Plaintiffs are informed and believe, and thereupon allege, that Plaintiffs'

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

Decedents made reasonable and foreseeable use of the products as alleged herein, and relied on the express and implied warranties made by Defendants.

90.    Plaintiffs are informed and believe, and thereupon allege, that contrary thereto, the products in question, the Helicopter and its component parts, were not fit for their intended and foreseeable uses, thereby rendering the products in question unreasonably dangerous.

91.    Plaintiffs are informed and believe, and thereupon allege, that Defendants breached the express and implied warranties because of the products' failure and defective components as alleged above, and because of improper marketing involved in Defendants' failure to warn of the products' inadequacies and/or defects and failure to instruct in the safe use, operation, and storage of such products.

92.    Plaintiffs are informed and believe, and thereupon allege, that Defendants' breach of warranties and the above-mentioned defects rendered the products unreasonably dangerous, and were a proximate and producing cause of the subject crash and the resulting serious and permanent injuries sustained by Plaintiffs and the fatal injuries sustained by Plaintiffs' Decedents.  Further, Defendants' conduct was undertaken knowingly and intentionally.

93.    Plaintiffs are informed and believe, and thereupon allege, that the crash of the Helicopter, and the resulting serious and permanent injuries to Plaintiffs and fatal injuries to Plaintiffs' Decedents, were proximately caused and/or substantially contributed to by Defendants' breach of express and implied warranties of the Helicopter and its components parts' fitness for use, and Defendants' breach of its representation that the Helicopter and its component parts were free of latent and unreasonably dangerous defects in manufacturer, marketing, and distribution.

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

94.    Plaintiffs are informed and believe, and thereupon allege, that Plaintiffs and Plaintiffs' Decedents relied to their detriment upon Defendants' representations.

95.    Plaintiffs are informed and believe, and thereupon allege, by reason of the foregoing, Defendants are liable to Plaintiffs in Breach of Warranty for the serious and permanent injuries sustained by Plaintiffs and fatal injuries sustained by Plaintiffs' Decedents.

96.    Plaintiffs are informed and believe, and thereupon allege, that the conduct of Defendants as alleged herein, was willful, oppressive, malicious and done with reckless and wanton disregard for the rights and safety of Plaintiffs and Plaintiffs' Decedents.

## FIFTH CAUSE OF ACTION
### (Loss of Consortium)

As and for a Fifth, separate and distinct cause of action, Plaintiffs complain of defendants, and each of them, and allege as follows:

97.    Plaintiffs hereby refer to, reallege and incorporate by this reference as though set forth in full, each and every allegation contained in paragraphs 1 through 96 above.

98.    At all relevant times herein, Plaintiff RYANNE NOSS is and was the legal wife of SCOT NOSS.

99.    As a direct and legal result of the matters stated herein, Plaintiff, RYANNE NOSS, has suffered the loss of her husband's support, service, love, companionship, affection, society, sexual relations and all other elements of consortium, all of her injury and damage in an amount in excess of the jurisdiction minimum of this Court.

WHEREFORE, Plaintiff prays judgment against defendants and each of them as hereinabove and hereinafter set forth.

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1   WHEREFORE, Plaintiffs pray for judgment as follows:

2       a.      For non-economic damages according to proof;

3       b.      For past and future hospital, medical, professional, and incidental expenses,
4   according to proof;

5       c.      For past and future loss of earnings, support, and loss of earning capacity,
6
7   according to proof;

8       d,      For damages to Plaintiffs' property, and economic damages related thereto,
9   according to proof;
10
11      e.      For punitive damages as permitted by law, according to proof;

12      f.      For costs of suit incurred herein;

13      g.      For prejudgment interest, according to proof,

14      h.      For Plaintiffs' attorneys' fees; and

15      i.      For such other and further relief as the Court deems just and proper.
16
17  Dated: October 5, 2007                         THE BRANDI LAW FIRM

18
19                                          By: _____
20                                                 DANIEL DELL'OSSO
                                                   Attorney for Plaintiffs
21

22

23

24

25

26

27

28

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

# Exhibit B

Form approved OMB No. 0704-0188

| MATERIAL INSPECTION AND RECEIVING REPORT | 1. PROC. INSTRUMENT IDEN. (CONTRACT) DAAJ09-89-C-A010 | | ORDER | INVOICE | 7. PAGE 1 | OF 4 |
|---|---|---|---|---|---|---|
| | | | | | 8. ACCEPTANCE POINT S | |

| 2. SHIPMENT NO. CAR1779 | 3. DATE SHIPPED 15NOV94 | 4. B/L TCN | | 5. DISCOUNT TERMS |
|---|---|---|---|---|

| 9. PRIME CONTRACTOR CODE 77272 | 10. ADMINISTERED BY CODE S3916A |
|---|---|
| The Boeing Company Defense & Space Group, Helicopters Div. P.O. Box 16858 Philadelphia, PA  19142-0858 | Defense Plant Representative Office Boeing Helicopters, M/S P23-50 P.O. Box 16859 Philadelphia, PA  19142-0859 |

| 11. SHIPPED FROM (If other than 9) CODE 77272   FOB: S | 12. PAYMENT WILL BE MADE BY CODE SC1014 |
|---|---|
| The Boeing Company Defense & Space Group, Helicopters Div. Industrial Highway Route 291 and Stewart Avenue Ridley Township, PA  19078 | DFAS-CO ALL AMERICAN P.O. Box 182137 Columbus, OH  43218-2137 |

| 13. SHIPPED TO CODE W58RGZ | 14. MARKED FOR CODE |
|---|---|
| U.S. Army Aviation and Troop Command 4300 Goodfellow Boulevard St. Louis, MO  63120-1798 Attn:  AMSAT-A-PBD | |

| 15. ITEM NO. | 16. STOCK/PART NO. DESCRIPTION (Indicate number of shipping containers - type of container - container number) | 17. QUANTITY SHIP/REC'D | 18. UNIT | 19. UNIT PRICE | 20. AMOUNT |
|---|---|---|---|---|---|
| 2101 AK | AGUSTA CH-47C A/C to MH-47E A/C Input  S/N 85-24734, TAB B734 Output S/N 92-0472, M3720 Output NSN 1520-01-282-3747 MILSTRIP No.  W58HOZ2154A189 Remanuf. IAW Contract Attachment 25, MH-47E Production 14 Aircraft Remanufacture Statement of Work | 1 | EA | $4,958,816 | $4,958,816.00 |
| | | Less Withhold amount associated with PLS GATP performance as described in the attached ASDR Addendum, Paragraph 6.3 | | $    50,000 | |
| | PRON: LH2PB638LH    ACRN:  KF AMS CD:  111237AA | (PLS GATP withhold amount SOA-JK-94-449 09/28/94) | | | IAW ATCOM Letter |

| 21. PROCUREMENT QUALITY ASSURANCE | | 22. RECEIVER'S USE |
|---|---|---|
| A. ORIGIN [X] POA [X] ACCEPTANCE of listed items has been made by me or under my supervision and they conform to contract, except as noted herein or on supporting documents. | B. DESTINATION [ ] POA [ ] ACCEPTANCE of listed items has been made by me or under my supervision and they conform to contract, except as noted herein or on supporting documents. | Quantities shown in column 17 were received in apparent good condition except as noted |
| 94 Nov 15 DATE   Paul S. Heim SIGNATURE OF AUTH GOVT REP | DATE   SIGNATURE OF AUTH GOVT REP | DATE RECEIVED   SIGNATURE OF AUTH GOVT REP TYPED NAME AND OFFICE |
| TYPED NAME AND OFFICE | TYPED NAME AND TITLE | * If quantity received by the Government is the same as quantity shipped, indicate by ( ✓ ) mark, if different, enter actual quantity received below quantity shipped and encircle. |

23. CONTRACTOR USE ONLY

P31-52 J. Donovan-DD250 Originator    (1)        ATCOM:  4300 Goodfellow Blvd.    (1)
P24-39 F. Scola                        (1)        St. Louis, MO  63120-1798
P31-52 J. Olfky                        (1)        ATTN:  AMSAT-D-TK,  Ms. Kay Hucke
P25-01 G. Fachet                       (1)
P23-50 DPRO-BH, DCMDN-REAC             (2)
File:  DAAJ09-89-C-A010, MH-47E A/C Delivery (1)

C-175504

DD250 M3720

DD FORM 250
1 NOV 64

REPLACES EDITION OF 1 AUG 67 WHICH MAY BE USED

## MATERIAL INSPECTION AND RECEIVING REPORT
### CONTINUATION SHEET

PAGE 2 OF 4

| SHIPMENT NO. | DATE SHIPPED | PROC. INSTRUMENT IDEN. | ORDER NO. | INVOICE NO. |
|---|---|---|---|---|
| CAR1779 | 15NOV94 | DAAJ09-89-C-A010 | | |

| ITEM NO. | | STOCK/PART NO. DESCRIPTION (Indicate number of shipping container - type of container - container number.) | QUANTITY SHIP'D/REC'D | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| 2101 | AA | HELICOPTER, MH-47E (M3712-M3725) PRODUCTION MH-47E LOT II (BILLING AT DEL. OF A/C M3720 @ 1/14TH, IAW CONTRACT ATTACHMENT 26, PO0150 EFFECTIVE 03/30/93) PRON: LH2PB607LH    ACRN: JR AMS CD: 111237AA | 0 | LO | $428,571.00 | $428,571.00 |
| 2101 | AV | FY90 LLTI FOR LOT II SOA M3717-M3725 FOLLOW ON PRODUCTION (BILLING AT DEL. OF A/C M3720 @ 1/9TH IAW CONTRACT ATTACHMENT 26, PO0150 EFFECTIVE 03/30/93) PRON: LHOPB027LH    ACRN: JJ AMS CD: 1210 | 0 | LO | $2,455,556.00 | $2,455,556.00 |
| 2102 | AA | MH-47E SYSTEM PROJECT MANAGEMENT PRODUCTION MH-47E LOT II (BILLING AT DEL. OF A/C M3720 @ 1/14TH, PO0150 EFFECTIVE 03/30/93) PRON: LH2PB604LH    ACRN: JR AMS CD: 111237AA | 0 | LO | $73,994.50 | $73,994.50 |
| 2103 | AA | MH-47E MANPRINT PRODUCTION MH-47E LOT II (BILLING AT DEL. OF A/C M3720 @ 1/14TH, PO0150 EFFECTIVE 03/30/93) PRON: LH2PB604LH    ACRN: JR AMS CD: 111237AA | 0 | LO | $6,773.00 | $6,773.00 |
| 2109 | AA | RECURRING EFFORT FOR ROBERTSON TANKS MH-47E ROBERTSON TANKS (BILLING AT DEL. OF A/C M3720 IAW SECT. B-1, PO0171 EFF. 03/25/94) PRON: LH2PB622LH    ACRN: JR AMS CD: 111237AA (29HPB6) | 0 | LO | $63,285.00 | $63,285.00 |
| 2109 | AB | LOT 2 RECURRING EFFORT FOR MINIGUNS GE MINIGUNS (LOT II) (BILLING AT DEL. OF A/C M3720 IAW SECT. B-5, PO0172 EFF. 03/29/94) PRON: LH2PB623LH    ACRN: JR AMS CD: 111237AA (29HPB6) | 0 | LO | $78,571.00 | $78,571.00 |
| 2501 | AA | INSTALLED CFE INU MOUNTING BASE MH-47E INU MOUNTS (BILLING AT DEL. OF A/C M3720 @ 1/25TH, IAW SECT. B-1, PO0163 EFF. 09/29/93) PRON: LH1PB411LH    ACRN: LB AMS CD: 111137AA | 0 | LO | $4,063.87 | $4,063.87 |
| | | | | | | C-175504 |

DD Form 250c

MATERIAL INSPECTION AND RECEIVING REPORT
CONTINUATION SHEET

| | | | | | Page 3 of 4 | |
|---|---|---|---|---|---|---|
| SHIPMENT NO. CAR1779 | DATE SHIPPED 15NOV94 | PROC. INSTRUMENT IDEN. DAAJ09-89-C-A010 | | ORDER NO. | INVOICE NO. | |

| ITEM NO. | | STOCK/PART NO. (Indicate number of shipping containers - type of container - container number.) | DESCRIPTION | QUANTITY SHIP'D/REC'D | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|
| 2501 | AH | | LOT 2 RECURRING EFFORT FOR SABER RADIO MH-47E SABER RADIO (BILLING AT DEL. OF A/C M3720 IAW SECT. B-8, P00172 EFF. 03/29/94) PRON: LHOPB045LH    ACRN: KC AMS CD: 12109402 | 0 | LO | $25,659.50 | $25,659.50 |
| 2501 | AN | | LOT 2 RECUR EFFORT, ASE/SINCGARS/SEARCHLIGHT MH-47E ASE/SINCGARS (BILLING AT DEL. OF A/C M3720 IAW SECT. B-12, P00172 EFF. 03/29/94) PRON: LH2PB688LH    ACRN: JR AMS CD: 111237AA | 0 | LO | $113,575.00 | $113,575.00 |
| 2501 | BE | | RECURRING IAS HARDWARE UPGRADE IAS HARDWARE UPGRADE-RECUR (BILLING AT DEL. OF A/C M3720 IAW SECT. B-2, P00191 EFF. 08/29/94) PRON: LH2PB6F3LH    ACRN: LS AMS CD: 111237AA | 0 | LO | $4,490.00 | $4,490.00 |
| 2104 | AA | | WEIGHT AND BALANCE DATA - ARMY AIRCRAFT DI-E-1124C, CONTINUATION SHEET, PARA. 2 CDRL SEQUENCE A005 COMPLETED TM55-405-9, WEIGHT MANUAL MH-47E A/C OUTPUT S/N 92-0472 TAB (M3720) | 0 | LO | N/A | N/A |
| | | | THE ARMY MAINTENANCE MANAGEMENT SYSTEM DI-L-1400A, CONTINUATION SHEET CDRL SEQUENCE A012 DA FORM 2408 SERIES LOG BOOK FORMS AND LOG BOOK BINDER (DA PAM 738 SERIES) MH-47E A/C OUTPUT S/N 92-0472 TAB (M3720) NSN 1520-01-282-3747 | | | N/A | N/A |

C-175504

## MATERIAL INSPECTION AND RECEIVING REPORT
### CONTINUATION SHEET

| | | | | | 4 | 4 |
|---|---|---|---|---|---|---|

| SHIPMENT NO. | DATE SHIPPED | PROC. INSTRUMENT IDEN. | | ORDER NO. | INVOICE NO. |
|---|---|---|---|---|---|
| CAR1779 | 15NOV94 | DAAJ09-89-C-A010 | | | |

| ITEM NO. | STOCK/PART NO. (Indicate number of shipping containers - type of container - container number.) | DESCRIPTION | QUANTITY SHIP'D/REC'D | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| | ACCEPTANCE DOCUMENTATION APPROVAL RECORD AIRCRAFT STATUS AND DELIVERY RECORD (ASDR) DOCUMENT NO. 145-PJ-7707-720, INITIAL RELEASE DATED 20 OCTOBER 1994 FOR MH-47E AIRCRAFT S/N 92-0472 (M3720) SUBMITTED BY BOEING LETTER 8-1131-0593 DATED 10/26/94 IS APPROVED AS FOLLOWS: | | | | | |

```
CUSTOMER LETTER            DATE
DPRO DCMDN-REEP            2 NOV. 94

ATCOM SOA-_____          7 NOV 94


AN ADDENDUM TO THE ASDR HAS BEEN COORDINATED
WITH DPRO AND ATCOM AND IS APPROVED AS FOLLOWS:

CUSTOMER LETTER            DATE
ATCOM SOA-_____          7 NOV 94

ATTACHMENT
(1)  APPROVED ADDENDUM TO MH-47E ASDR
```

C-175504

C. 31 -0543

REV LTR

# Boeing Helicopters

## P. O. BOX 16858

## PHILADELPHIA, PENNSYLVANIA 19142

### CODE IDENT. NO.   77272

### NUMBER   145-PJ-7707-720

TITLE  **MH-47E STATUS AND DELIVERY RECORD**
**MH-47E S/N 92-0472 TAB (M3720)**

ORIGINAL RELEASE DATE _10/21/94_ FOR THE RELEASE
DATE OF SUBSEQUENT REVISIONS, SEE THE REVISION SHEET. FOR
LIMITATIONS IMPOSED ON THE DISTRIBUTION AND USE OF
INFORMATION CONTAINED IN THIS DOCUMENT, SEE THE
LIMITATIONS SHEET.

MODEL __MH-47E__          CONTRACT __DAAJ09-89-C-A010__

ISSUE NO. _____          ISSUED TO _____

PREPARED BY _____ DATE _10/21/94_
      R. J. Chuckran

APPROVED BY _____ DATE _10/21/94_
      T. Caramanico

APPROVED BY _____ DATE _____

APPROVED BY _____ DATE _____

FORM 46280 (10/88)          **SHEET 1**

THE **BOEING** COMPANY

NUMBER    145-PJ-7707-720
REV LTR

## LIMITATIONS

This document is controlled by    **PRODUCTION PROJECTS**

All revisions to this document shall be approved by the
above noted organization prior to release.

FORM 46281 (6/73)

**SHEET 2**

THE *BOEING* COMPANY     NUMBER  145-PJ-7707-720
REV LTR

## ABSTRACT

This document presents the exceptions to and/or omissions from the current production aircraft configuration to be supplied to the Government of the United States of America. This document, 145-PJ-7707-720, addresses only MH-47E Helicopter Serial Number 92-0472, Tab No. M3720.

<u>Exceptions include:</u>

1.    Unqualified components.

2.    Contract deviations from MH-47E Prime Item Development Specification 145-PJ-8103-1

3.    Waivers.

4.    Shortages.

5.    Alter Items

### KEY WORDS:

Unqualified Components
Contract Deviations
Waivers
Shortages
Ship Separate Items
Alter Items
MH-47E

FORM 46264 (2/88)

*THE* **BOEING** COMPANY

NUMBER  145-PJ-7707-720
REV LTR

## TABLE OF CONTENTS

1.0    Unqualified components.

2.0    Contract Deviations

3.0    Applicable Waivers

4.0    Shortages

5.0    Alter Items

6.0    Addendum

FORM 46264 (2/66)

SHEET 4

 THE **BOEING** COMPANY

NUMBER  145-PJ-7707-720
REV LTR

## ACTIVE SHEET RECORD

| SHEET NUMBER | REV LTR | ADDED SHEETS | | | | SHEET NUMBER | REV LTR | ADDED SHEETS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | SHEET NUMBER | REV LTR | SHEET NUMBER | REV LTR | | | SHEET NUMBER | REV LTR | SHEET NUMBER | REV LTR |
| 1 | | | | | | | | | | | |
| 2 | | | | | | | | | | | |
| 3 | | | | | | | | | | | |
| 4 | | | | | | | | | | | |
| 5 | | | | | | | | | | | |
| 6 | | | | | | | | | | | |
| 7 | | | | | | | | | | | |
| 8 | | | | | | | | | | | |
| 9 | | | | | | | | | | | |
| 10 | | | | | | | | | | | |
| 11 | | | | | | | | | | | |
| 12 | | | | | | | | | | | |
| 13 | | | | | | | | | | | |
| 14 | | | | | | | | | | | |
| 15 | | | | | | | | | | | |
| 16 | | | | | | | | | | | |
| 17 | | | | | | | | | | | |
| 18 | | | | | | | | | | | |
| 19 | | | | | | | | | | | |
| 20 | | | | | | | | | | | |

FORM 46283 (7/87)

SHEET 5

THE **BOEING** COMPANY

NUMBER    145-PJ-7707-720
REV LTR

| | | | | |
|---|---|---|---|---|
| | | **REVISIONS** | | |
| **LTR** | | **DESCRIPTION** | **DATE** | **APPROVAL** |
| | | INITIAL RELEASE | 10/20/94 | |

FORM 46262 (3/67)

SHEET 6

**THE _BOEING_ COMPANY**

NUMBER    145-PJ-7707-720
REV LTR

# SECTION 1

# UNQUALIFIED COMPONENTS



## 1.0  UNQUALIFIED COMPONENTS

### 1.1  Definition of Terms

#### 1.1.1  Unqualified Components

Those components which have not received Boeing Final Approval at the time of Delivery of Aircraft.

### 1.2  List of Components

A list of those components which have not been assigned FINAL APPROVAL is provided on the following pages, together with the current qualification status.

#### 1.2.1  Approval Levels

An approval level is assigned to each component requiring qualification and the following is the definition of each applicable level of approval.

DPA - Design Proposal Approval - The proposal, in this present form, is approved from a technical standpoint by Boeing Engineering.  Materiel may place purchase orders for supplier to proceed with detail leading to CDA.  Manufacturing, testing or shipping is not authorized.

CDA - Critical Design Approval - Both the supplier detail design and development programs are approved by Boeing.  Supplier is authorized to proceed with manufacturing and testing in accordance with terms of the procurement order.

LC - Limited Clearance - Item has had insufficient testing or deficiencies have been detected which warrant limitations on use or operations.  Minimum level that can authorize delivery of parts (for testing only) to Boeing; also, the first level used to control Boeing manufactured items.  Delivery to customer prohibited.

FC Flight Clearance - Testing has not been completed; however, sufficient evidence is available to assure item can be installed and flown under specified conditions wihtout endangering the personnel or equipment.  Delivery to Boeing restricted to minimum required to sustain program requirements.  Delivery to customer subject to negotiations.

TA - Tentative Approval - All exhibits required (test reports, certifications, etc.) have been reviewed and approved by Boeing.  Item is approved for use and delivery.  Delivery documents must reflect FA not yet granted.

FA - Final Approval - All exhibits required have been reviewed and approved by Boeing to level required.  The item is approved for use and delivery.

THE **BOEING** COMPANY

NUMBER 145-PJ-7707-720
REV LTR

| PART NO. | NOMENCLATURE | VENDOR | QSR NO. | QUAL LEVEL |
|---|---|---|---|---|
| 114E2201-1* | Pwr Steering Control Box (Rework into 145E2071-2) | Loud Engineering | 47-1525 | FC |
| 145PS609-1* | Frangible Fitting | Symetrics | 47-1540 | TA |
| 114ES242-3* | Potentiometer | Loud Engineering | 47-1628 | TA |
| 114H6800-9* | Blade Shock Absorber | Teledyne Hydra Power | 47-1624 | TA |
| 114HS114-4* | Valve, Solenoid, 3-Way | Kemp Industries | 47-1638 | TA |
| 145H7300-12* | ILCA, Thrust | Dassault Aviation | 47-1599 | TA |
| 145H7300-18* | ILCA, Roll | Dassault Aviation | 47-1599 | TA |
| 145H7300-19* | ILCA, Yaw | Dassault Aviation | 47-1599 | TA |
| 234RS202-2* | Rod End, Elastomeric | Lord | 47-1630 | TA |
| 145CS132-1 | Transducer | G. L. Collins | 47-3038C | TA |
| 145PS411-1 | Indicator | Ragen Data Systems | 47-3016B | FC |
| 145PS411-2 | Signal Conditioner | Ragen Data Systems | 47-3017B | FC |
| 145PS411-3 | Tank Unit | Ragen Data Systems | 47-3018B | FC |
| 145PS411-4 | Tank Unit | Ragen Data Systems | 47-3019B | FC |
| 3051526 | Multi-Mode Radar POD Mount | TI | 47-3142B | FC |
| 2916979-9 | Multi-Mode Radar Pressure Line | TI | 47-3144B | FC |

\*  Common with the CH-47D
\*\* Subsystem Part Number. The subsystem comprises of hardware and software controlled by IBM. The specific hardware and software part number installed in the aircraft is as listed in the QSRs noted.

FORM 46254 (2/88)

SHEET 9



THE **BOEING** COMPANY

NUMBER 145-PJ-7707-720
REV LTR

| PART NO. | NOMENCLATURE | VENDOR | QSR NO. | QUAL LEVEL |
|---|---|---|---|---|
| 176A863-1 | Control Display Unit (CDU) | IBM | | |
| D980486-008 | · CDU Software | IBM | 47-3208 | FC |
| 131A919-4 | Mission Processor (MP) | IBM | 47-3180 | FC |
| 176A857-6 | · MP Software | IBM | 47-3211 | FC |
| 135A627-11-5 | · SROMP | IBM | 47-3172 | FC |
| 131A920-6** | Display Processor (DP) | IBM | 47-3197A | FC |
| | · DP Software | IBM | 47-3191M | FC |
| 131A924-3** | Map Display Generator (MDG) | IBM | 47-3183 | FC |
| | · MDG Software | IBM | 47-3193A | FC |
| 131A923-3** | Remote Terminal Unit (RTU) | IBM | 47-3198A | FC |
| | · RTU Software | IBM | 47-3192B | FC |
| 3775138-103 | Mono Multi-Function Display | IBM | 47-3199A | FC |
| 3775142-103 | Color Multi-Function Display | IBM | 47-3200A | FC |
| 145ES204-109 | Interphone Headset Wire Harness Assy | Liberty | 47-3203 | FC |

\*  Common with the CH-47D
\*\* Subsystem Part Number. The subsystem comprises of hardware and software controlled by IBM. The specific hardware and software part number installed in the aircraft is as listed in the QSRs noted.

FORM 46284 (2/88)

**SHEET 10**

THE **BOEING** COMPANY

NUMBER  145-PJ-7707-720
REV LTR

## SECTION 2

## CONTRACT DEVIATIONS

FORM 46254 (2/66)

THE **BOEING** COMPANY

NUMBER **145-PJ-7707-720**
REV LTR

## 2.0  DEVIATIONS

### 2.1  Definition of Terms

#### 2.1.1  Deviation

An item which does not comply with the provision or intent of the aircraft specification.

### 2.2  List of Deviations

| Number | Rev. | Title |
|--------|------|-------|
| D-HD-47E-001* | B | Integrated Avionics Subsystem (IAS) Emission Exceeds Limits |
| D-HD-47E-003** | B | CMFD CRT Anvis Radiance Does Not Meet Specified Limit |

*The above deviations have been submitted to ATCOM (via letter 8-1131-0139 dated 12 April 1993) and have been approved via ATCOM letter SOA-JK-93-356 dated 30 July 1993, and as subsequently revised by ATCOM letter SOA-JK-93-370 dated 10 August 1993 which specified contingent approval.

**The above deviations have been submitted to ATCOM (via letter 8-1131-0237, dated 11 April 1994 and have been approved via ATCOM letter SOA-VH-94-224, dated 5 May 1994.

FORM 46284 (2/66)

**SHEET 12**

THE **BOEING** COMPANY

NUMBER  145-PJ-7707-720
REV LTR

# SECTION 3

## WAIVERS



THE **BOEING** COMPANY

NUMBER 145-PJ-7707-720
REV LTR

## 3.0  WAIVERS

### 3.1  Definition of Terms

#### 3.1.1  Waiver

A waiver is required when, during or after the manufacture of an item, it is found to depart from specified requirements but is still considered suitable for "use as is" or after repair by an approved method. Minor waivers will be handled by established practices of the MRB activity and will not be noted herein.

### 3.2  Major Waivers

| Number | Rev. | Title |
|---|---|---|
| W-HD-47E-002* | -- | Mission Processor Data Buss 1553 Zero Crossover Compliance |

*The above waiver has been submitted to ATCOM (via letter 8-1131-0139 dated 12 April 1993) and has been approved via ATCOM letter SOA-JK-93-356 dated 30 July 1993.

 THE **_BOEING_** COMPANY

NUMBER  145-PJ-7707-720
REV LTR

## SECTION 4

## SHORTAGES

FORM 46264 (2/66)

SHEET 15

THE **BOEING** COMPANY

**4.0**    **SHORTAGES**

**4.1**    **Definition of Terms**

**4.1.1**    **Shortage**

An aircraft component or accessory item, Government Furnished Equipment (GFE) or Contractor Furnished Equipment (CFE) which is not available at the time of delivery.

**4.2**    **List of Shortages**

**4.2.1**    There are no shortgages noted for Aircraft M3720 (S/N 92-0472) at the time of this Document Release.

FORM 46284 (2/88)

THE *BOEING* COMPANY

## SECTION 5

## ALTER ITEMS

FORM 46214 (2/88)



THE **BOEING** COMPANY

NUMBER  **145-PJ-7707-720**
REV LTR

5.0    **ALTER ITEMS**

5.1    **Definition of Terms**

5.1.1    **Alter Item**

An item that changes the configuration of the aircraft from that identifed by released production engineering drawings.

5.1.2    **Test Unit Release (TUR)**

Boeing Form 23870 used to release engineering requirements, instructions and data to document aircraft configuration for test purposes.

5.2    **List of Alter Items**

5.2.1    **Integrated Avionics System (IAS) Configuration**

The configuration of the IAS equipment installed is as documented on the below TUR. Production drawings are being updated as part of CAP 2303 (ECP E010) and CAP 2596 (ECP E020) to represent final configuration part numbers.

| TUR No. | Rev. | Description |
|---------|------|-------------|
| P145-10660-53 | - | IAS Avionics Equipment Part Numbers |

FORM 46284 (2/66)

**SHEET 18**



THE ***BOEING*** COMPANY

NUMBER **145-PJ-7707-720**
REV LTR

DEVIATIONS FROM CONTRACT
APPLICABLE WAIVERS
AIRCRAFT S/N 92-0472 (TAB M3720)

ACCEPTANCE OF THE ABOVE MH-47E HELICOPTER IS AUTHORIZED WITH:

1.  UNQUALIFIED COMPONENTS LISTED IN SECTION 1 OF THIS DOCUMENT WHICH ARE APPLICABLE.

2.  CONTRACTUAL DEVIATIONS LISTED IN SECTION 2 OF THIS DOCUMENT WHICH ARE APPLICABLE.

3.  WAIVERS LISTED IN SECTION 3 OF THIS DOCUMENT WHICH ARE APPLICABLE.

4.  SHORTAGES LISTED IN SECTION 4 OF THIS DOCUMENT WHICH ARE ACCEPTABLE.

5.  ALTER ITEMS LISTED IN SECTION 5 OF THIS DOCUMENT WHICH ARE APPLICABLE.

FORM 46284 (2/88)

**SHEET 19**

 THE **BOEING** COMPANY

NUMBER  145-PJ-7707-720
**ADDENDUM**

6.0    ADDENDUM

<u>INTRODUCTION:</u>

The following Addendum is prepared to provide an update to the MH-47E
Status and Delivery Record, if required, as of the date noted.  Updates to
this Addendum may be accomplished without a document revision by
attaching a dated replacement addendum to the copy of the status and
delivery record provided with the Aircraft Delivery Form DD-250.

FORM 46284 (2/88)

**Sheet  20**

ADDENDUM TO ASDR 145-PI-7707-720                           15 November 94

The following items reflect additions/deletions to the subject ASDR and are listed by their respective section in the subject ASDR.


## SECTION 3.0      WAIVERS

### 3.2     MAJOR WAIVERS

W-HD-47E-011        Fuel Vent/Level Control Valve

The above waiver was submitted to ATCOM on 28 September 1994 on HD contracts Letter 8-1131-0545 and approved via ATCOM Letter SOA-KD-94-455 dated 29 September 1994.


## SECTION 6.0      OPEN WORK

Open work to be resolved after delivery of the aircraft, as defined herein.


### 6.1     RESCUE HOIST CABLE CUTTER CARTRIDGE

The installation of the cartridge as called out by drawing 173E6000 will not be accomplished.  The user (160th SOAR) has requested that the cartridge be part of the fly-away equipment.  Future disposition of cartridge installation requirements is requested from ATCOM.

This will result in the following job remaining open:

| O&IR JOB | DESCRIPTION |
|----------|-------------|
| 390-1-27187 | Fly-Away Stowage & Cartridge Instl. |


### 6.2     DECU INSPECTION RED BAND INSPECTION

Red Bands on the government furnished DECU (Textron Lycoming P/N 2-170-560-04) mounted PL1 and PL3 connectors, either do not exist, or are incorrectly located such that the indication of a fully mated connector pair (i.e. A/C wiring to DECU) is inaccurate.  A CARE (Ref: MH-47E-GFE-001 Rev. A) was issued to ensure a recurring inspection is accomplished on subsequent A/Cs.

## 6.3    GATP PERFORMANCE

Boeing HD has successfully completed flight acceptance testing per the GATP with the exception of section 6.3, PLS. Through testing on A/C M3718, HD has identified the PLS Antenna Set location as the cause of this GATP failure. HD recommends relocating the PLS Antenna Set to the FM Homing location as the corrective action. HD will coordinate with ATCOM regarding incorporation of corrective action into A/C M3720 (S/N 92-0472) via ECP-E025, in accordance with the terms of the contract. The associated withhold amount identified on the DD250 will be restored in accordance with a mutually agreed to plan.

## 7.0    MISCELLANEOUS

DPRO letter to 160th SOAR dated 15 Nov 1994 is attached as an administrative convenience providing notification to the aircraft recipient of a required special inspection of Government owned Cargo Tie Down Strap, P/N 0376-013 pursuant to GIDEP Alert.

ADDENDUM, ASDR M3720 (B)

Attach Document At Line

685   215-591-8173 ADM    DPRO-BH PHILAPA        '94 11-15 13:52                    PAGE 02



# DEFENSE LOGISTICS AGENCY
## DEFENSE CONTRACT MANAGEMENT COMMAND
## DEFENSE CONTRACT MANAGEMENT DISTRICT NORTHEAST
### PLANT REPRESENTATIVE OFFICE BOEING HELICOPTERS
### POST OFFICE BOX 16859
### PHILADELPHIA, PA 19142-0859



IN REPLY
REFER TO:   DCMDN-REAC

                                                        15 NOV 94

SUBJECT:  Inspection of Strap, Cargo Tie Down, P/N 0376-013

TO:       160th Special Operations
          Aviation Regiment
          ATTN: MAJ Dempsey Solomon
          Fort Campbell, KY  42223

1.  Special INSPECTION required on subject Part Number prior to
installation on aircraft.

2.  See attached SAFE-ALERT initiated by J. R. Guerrero Yadts, HBC
Kelly Air Force Base, Texas.

3.  Point of contact for this action is the undersigned.

                              JANET R. LAUB
                              Administrative Contracting Officer

Encl

NOV-15-1994  16:37  FROM  SA-OIC              TO        76165919173    P.02

GOVERNMENT - INDUSTRY DATA EXCHANGE PROGRAM

# SAFE-ALERT

Form Approved
OMB No. 0704-0188

Please Type All Information - See Instructions On Reverse

Public reporting burden for this collection of information is estimated to average 8 hours per response, including the time for reviewing instruction, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0188), Washington, DC 20503. Please DO NOT RETURN your form to either of these addresses.

| 1. NOMENCLATURE (Part/Material/Name/Safety Problem) | 2. ALERT/SAFE-ALERT NO. |
|---|---|
| STRAP, CARGO TIE DOWN | TX-S-94-05 |
| | 3. DATE (Year, Month, Day) |
| | 1994 SEPTEMBER 26 |

| 4. MANUFACTURER AND ADDRESS | 5. NSN/FSC |
|---|---|
| CERTIFIED SLINGS INC. | 1670-00-725-1437 |
| 4200 S. HWY. 17-92 | 6. PROCUREMENT SPECIFICATION |
| P.O. BOX 127 | NA |
| CASSELBERRY, FL 32707 | 7. REFERENCE |
| CAGE CODE: 57282 | NA |
| | 8. MANUFACTURER'S PART NUMBER |
| | 0378-013 |
| | 9. LOT/DATE CODE OR SERIAL NO. |
| | NA |

10. SPECIAL REQUIREMENTS OR ENVIRONMENT (Requirements placed on, or extreme environment to which item was exposed)

NA

11. PROBLEM SITUATION AND CAUSE (State facts of problem and cause: failure mode and mechanism, probable cause and function)

SUBJECT MATERIAL MAY CAUSE INJURY TO PERSONNEL OR DAMAGE TO OR LOSS OF PROPERTY.

A PROBLEM WAS DISCOVERED REGARDING THE CARGO TIE DOWN STRAP. ONE OF THE STRAPS FAILED CAUSING SEVERAL THOUSAND DOLLARS IN DAMAGE. FURTHER INSPECTION REVEALED THAT THE RETAINING COTTER PINS ON THE RATCHET MECHANISM WERE IMPROPERLY INSTALLED. (ENDS WERE NOT BENT OPEN). ONE OF THE PINS WORKED ITSELF LOOSE AND CAUSED THE STRAP TO FAIL. THE COTTER PINS ALSO APPEARED TOO SHORT.

THIS SAFE-ALERT ISSUED CONCURRENT WITH MANUFACTURER'S NOTIFICATION. QUALITY OF ATTACHED PHOTOGRAPH IS BEST AVAILABLE.

12. ACTION TAKEN (State of actions taken to correct the problem situation and to prevent its recurrence)

REMOVED DEFECTIVE STRAPS FROM SERVICE AND AN INTERIM SAFETY SUPPLEMENT 1302-1-1 SS1 WAS ISSUED.

| 13. DATE USER NOTIFIED (Year, Month, Day) | 14. MANUFACTURER RESPONSE | 15. CONTACT POINTS FOR INFORMATION (Name, address, Phone) |
|---|---|---|
| 1994 SEPT. 26 | ☐ CORRESPONDENCE ATTACHED  NA  ☐ DID NOT REPLY | J.R. GUERRERO YADTS  HSC KELLY AFB TX  (210) 925-7448    DSN 945-7448 |

| 16. ALERT COORDINATOR (Name, Address) | 17. SIGNATURE OF ALERT COORDINATOR |
|---|---|
| ARTURO S. BEJAR, SA-ALC, CODE TX | *Arturo S. Bejar* |

J FORM 1938, FEB 90              Previous editions are obsolete

NOV-15-1994  18:38  FROM  LOC-OIC

TO          7610591B173    P.83
TX-S-94-05
PAGE 2



# Exhibit C

Ronald A. McIntire (State Bar No. 127407)
Email: RMcIntire@perkinscoie.com
Chung H. Han (State Bar No. 191757)
Email: CHan@perkinscoie.com
PERKINS COIE LLP
1620 26th Street, Sixth Floor, South Tower
Santa Monica, CA  90404-4013
Tel:  310.788.9900 / Fax:  310.788.339

Attorneys for Defendant
The Boeing Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH GETZ, individually and as a surviving heir of decedent KRISTOFER D.S. THOMAS; RODNEY THOMAS, individually and as a surviving heir of decedent, KRISTOFER D.S. THOMAS; MARY DUFFMAN, individually and as a surviving heir of decedent, SCOTT E. DUFFMAN; SOPHIA DUFFMAN, a minor, individually and as a surviving heir of decedent SCOTT E. DUFFMAN, by and through her Guardian ad Litem, MARY DUFFMAN; CHRISTINE VAUGHN, individually and as a surviving heir of decedent, TRAVIS R. VAUGHN; BRAD VAUGHN, individually and as a surviving heir of decedent, TRAVIS R. VAUGHN; JILL GARBS, individually and as a surviving heir of decedent RYAN GARBS; DOUG GARBS, individually and as a surviving heir of decedent, RYAN GARBS; JORDAN LANHAM; JERRY GOLDSMITH; RYANNE NOSS, individually and as spouse of SCOT NOSS; TIMOTHY BRAUCH; CHRIS TRISKO, MARK DANIEL HOUGHTON, | Case No. <br><br> **ANSWER OF DEFENDANT THE BOEING COMPANY** <br><br> **DEMAND FOR JURY TRIAL** |
| Plaintiffs, | |
| v. | |
| THE BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH CORPORATION, a corporation; BF GOODRICH AEROSPACE; CHANDLER EVANS CONTROL SYSTEMS; GENERAL ELECTRIC and DOES 1 through 200, inclusive, | |
| Defendants. | |

-1-

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

1
2

## DEFENDANT THE BOEING COMPANY'S
## ANSWER TO PLAINTIFFS' COMPLAINT

3        Defendant The Boeing Company ("Boeing") answers Plaintiffs' Complaint as follows:

4        Boeing denies every allegation in Plaintiffs' Complaint, except as hereinafter specifically

5    admitted, qualified, or otherwise answered.

6                                      **INTRODUCTION**

7        1.        Boeing admits that on or about February 17, 2007, a United States Army MH-47E

8    "Chinook" helicopter, serial number 92-00472 ("Subject Helicopter" or "product"), was involved

9    in an accident in Afghanistan (the "accident"). Except as expressly admitted or otherwise

10   answered, Boeing denies the allegations in paragraph 1.

11                              **IDENTIFICATION OF PARTIES**

12       2.        Boeing lacks knowledge or sufficient information to form a belief as to the truth of

13   the allegations in paragraph 2, and therefore denies them.

14       3.        Boeing lacks knowledge or sufficient information to form a belief as to the truth of

15   the allegations in paragraph 3, and therefore denies them.

16       4.        Boeing lacks knowledge or sufficient information to form a belief as to the truth of

17   the allegations in paragraph 4, and therefore denies them.

18       5.    .   Boeing lacks knowledge or sufficient information to form a belief as to the truth of

19   the allegations in paragraph 5, and therefore denies them.

20       6.        Boeing lacks knowledge or sufficient information to form a belief as to the truth of

21   the allegations in paragraph 6, and therefore denies them.

22       7.        Boeing lacks knowledge or sufficient information to form a belief as to the truth of

23   the allegations in paragraph 7, and therefore denies them.

24       8.        Boeing lacks knowledge or sufficient information to form a belief as to the truth of

25   the allegations in paragraph 8, and therefore denies them.

26       9.        Boeing lacks knowledge or sufficient information to form a belief as to the truth of

27   the allegations in paragraph 9, and therefore denies them.

28

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

1     10.    Boeing lacks knowledge or sufficient information to form a belief as to the truth of

2   the allegations in paragraph 10, and therefore denies them.

3     11.    Boeing lacks knowledge or sufficient information to form a belief as to the truth of

4   the allegations in paragraph 11, and therefore denies them.

5     12.    Boeing lacks knowledge or sufficient information to form a belief as to the truth of

6   the allegations in paragraph 12, and therefore denies them.

7     13.    Boeing lacks knowledge or sufficient information to form a belief as to the truth of

8   the allegations in paragraph 13, and therefore denies them.

9     14.    Boeing admits that it is a corporation authorized to and does conduct business in

10   the state of California.  Except as expressly admitted, Boeing denies the allegations in paragraph

11   14.

12     15.    The allegations in paragraph 15 are directed toward other defendants; therefore, no

13   response is required.  To the extent a response is required, Boeing lacks knowledge or sufficient

14   information to form a belief as to the truth of the allegations in paragraph 15, and therefore denies

15   them.

16     16.    The allegations in paragraph 16 are directed toward other defendants; therefore, no

17   response is required.  To the extent a response is required, Boeing lacks knowledge or sufficient

18   information to form a belief as to the truth of the allegations in paragraph 16, and therefore denies

19   them.

20     17.    The allegations in paragraph 17 are directed toward other defendants; therefore, no

21   response is required.  To the extent a response is required, Boeing lacks knowledge or sufficient

22   information to form a belief as to the truth of the allegations in paragraph 17, and therefore denies

23   them.

24     18.    The allegations in paragraph 18 are directed toward other defendants; therefore, no

25   response is required.  To the extent a response is required, Boeing lacks knowledge or sufficient

26   information to form a belief as to the truth of the allegations in paragraph 18, and therefore denies

27   them.

28

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

19.    The allegations in paragraph 19 are directed toward other defendants and/or state legal conclusions; therefore, no response is required.  To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20.    Boeing denies the allegations in paragraph 20.

## GENERAL ALLEGATIONS

21.    Boeing admits that on or about February 17, 2007, the Subject Helicopter experienced a loss of power and crashed in Afghanistan.  Boeing denies that the accident occurred during a transportation mission.  Except as expressly admitted or denied, Boeing denies the allegations in paragraph 21.

22.    Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

23.    To the extent the allegations in paragraph 23 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 23 are directed toward Boeing, Boeing admits that it designed, manufactured, assembled, inspected, tested, marketed, and sold the Subject Helicopter, except for those parts of the Subject Helicopter that were designed, manufactured, assembled, inspected, tested, marketed, and sold by others, and except for the parts of the helicopter that were subsequently installed, removed, exchanged, altered, modified, retrofitted, overhauled, or remanufactured by others, all in accordance with applicable government specifications.  Except as expressly admitted or otherwise answered, Boeing denies the allegations in paragraph 23.

24.    To the extent the allegations in paragraph 24 are directed toward other defendants, no response is required.  To the extent the allegations are directed toward Boeing, they are denied.

25.    To the extent the allegations in paragraph 25 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 25 are directed toward Boeing, Boeing denies that it designed, assembled, manufactured, inspected, tested, marketed, or

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

introduced into the stream of commerce the Full Authority Digital Engine Control ("FADEC") and the Digital Electronic Control Unit ("DECU").

26.    To the extent the allegations in paragraph 26 are directed toward other defendants, no response is required. To the extent the allegations are directed toward Boeing, Boeing denies the allegations in paragraph 26.

27.    Boeing denies the allegations in paragraph 27.

28.    Boeing denies the allegations in paragraph 28, including subparts a and b.

29.    Boeing denies the allegations in paragraph 29.

30.    Boeing denies the allegations in paragraph 30.

31.    The allegations in paragraph 31 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 31.

32.    The allegations in paragraph 32 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 32.

33.    The allegations in paragraph 33 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 33.

34.    The allegations in paragraph 34 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 34.

35.    The allegations in paragraph 35 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 35.

36.    The allegations in paragraph 36 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 36.

37.    The allegations in paragraph 37 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 37.

38.    The allegations in paragraph 38 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 38.

39.    The allegations in paragraph 39 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 39.

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

1      40.     The allegations in paragraph 40 state legal conclusions; therefore no response is
2  given.  To the extent a response is needed, Boeing denies the allegations in paragraph 40.
3      41.     The allegations in paragraph 41 state legal conclusions; therefore no response is
4  given.  To the extent a response is needed, Boeing denies the allegations in paragraph 41.
5      42.     The allegations in paragraph 42 state legal conclusions; therefore no response is
6  given.  To the extent a response is needed, Boeing denies the allegations in paragraph 42.
7      43.     The allegations in paragraph 43 state legal conclusions; therefore no response is
8  given.  To the extent a response is needed, Boeing denies the allegations in paragraph 43.
9      44.     The allegations in paragraph 44 state legal conclusions; therefore no response is
10  given.  To the extent a response is needed, Boeing denies the allegations in paragraph 44.
11      45.     The allegations in paragraph 45 state legal conclusions; therefore no response is
12  given.  To the extent a response is needed, Boeing denies the allegations in paragraph 45.
13      46.     Paragraph 46 contains plaintiffs' prayer for relief; therefore no response is given.
14  To the extent paragraph 46 is deemed to contain allegations, Boeing denies that plaintiffs are
15  entitled to any relief from it.

### FIRST CAUSE OF ACTION
### (Wrongful Death)

18      47.     Answering the allegations in paragraph 47, Boeing incorporates its previous
19  responses as though fully set forth herein.
20      48.     The allegations in paragraph 48 state legal conclusions; therefore no response is
21  required.  To the extent a response is required, Boeing lacks knowledge or sufficient information
22  to form a belief as to the truth of the allegations in paragraph 48, and therefore denies them.
23      49.     The allegations in paragraph 49 state legal conclusions; therefore no response is
24  required.  To the extent a response is required, Boeing lacks knowledge or sufficient information
25  to form a belief as to the truth of the allegations in paragraph 49, and therefore denies them.
26      50.     The allegations in paragraph 50 state legal conclusions; therefore no response is
27  required.  To the extent a response is required, Boeing denies the allegations in paragraph 50.
28

-6-

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

51.      The allegations in paragraph 51 state legal conclusions; therefore no response is required.  To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 51, and therefore denies them.

52.      The allegations in paragraph 52 state legal conclusions; therefore no response is required.  To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 52, and therefore denies them.

53.      The allegations in paragraph 53 state legal conclusions; therefore no response is required.  To the extent a response is required, Boeing denies the allegations in paragraph 53.

54.      The allegations in paragraph 54 state legal conclusions; therefore no response is required.  To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 54, and therefore denies them.

55.      The allegations in paragraph 55 state legal conclusions; therefore no response is required.  To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 55, and therefore denies them.

56.      The allegations in paragraph 56 state legal conclusions; therefore no response is required.  To the extent a response is required, Boeing denies the allegations in paragraph 56.

57.      The allegations in paragraph 57 state legal conclusions; therefore no response is required.  To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 57, and therefore denies them.

58.      The allegations in paragraph 58 state legal conclusions; therefore no response is required.  To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 58, and therefore denies them.

59.      The allegations in paragraph 59 state legal conclusions; therefore no response is required.  To the extent a response is required, Boeing denies the allegations in paragraph 59.

## SECOND CAUSE OF ACTION
### (Strict Product Liability)

60.      Answering the allegations in paragraph 60, Boeing incorporates its previous responses as though fully set forth herein.

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

1    61.    To the extent the allegations in paragraph 61 are directed toward other defendants,

2   no response is required.  To the extent the allegations in paragraph 61 are directed toward Boeing,

3   Boeing admits that, except for those parts of the Subject Helicopter that were designed,

4   manufactured, assembled, tested, sold, marketed, and distributed by others, and except for the

5   parts of the helicopter that were subsequently installed, removed, exchanged, altered, modified,

6   retrofitted, overhauled, or remanufactured by others, it designed, manufactured, assembled,

7   tested, sold, marketed, and distributed the Subject Helicopter, as well as other Chinook MH-47E

8   helicopters to the United States Army, all in accordance with applicable government

9   specifications.  Boeing denies that the Chinook MH-47E helicopters are sold to members of the

10   general public.

11    62.    Boeing denies the allegations in paragraph 62.

12    63.    Boeing denies the allegations in paragraph 63.

13    64.    To the extent the allegations in paragraph 64 are directed toward other defendants,

14   no response is required.  To the extent the allegations in paragraph 64 are directed toward Boeing,

15   Boeing denies the allegations in paragraph 64.

16    65.    To the extent the allegations in paragraph 65 are directed toward other defendants,

17   no response is required.  To the extent the allegations in paragraph 65 are directed toward Boeing,

18   Boeing denies the allegations in paragraph 65.

19    66.    To the extent the allegations in paragraph 66 are directed toward other defendants,

20   no response is required.  To the extent the allegations in paragraph 66 are directed toward Boeing,

21   Boeing denies the allegations in paragraph 66.

22    67.    To the extent the allegations in paragraph 67 are directed toward other defendants,

23   no response is required.  To the extent the allegations in paragraph 67 are directed toward Boeing,

24   Boeing denies the allegations in paragraph 67.

25    68.    To the extent the allegations in paragraph 68 are directed toward other defendants,

26   no response is required.  To the extent the allegations in paragraph 68 are directed toward Boeing,

27   Boeing admits that, except for those parts of the Subject Helicopter that were designed,

28   constructed, assembled, manufactured, inspected, tested, and sold by others, and except for the

-8-

parts of the helicopter that were subsequently installed, removed, exchanged, altered, modified, retrofitted, overhauled, or remanufactured by others, it designed, constructed, assembled, manufactured, inspected, tested, and sold the Subject Helicopter in accordance with applicable government specifications. Boeing also admits that it sold the Subject Helicopter to the United States Army, but not its engines or FADEC. Except as expressly admitted or otherwise answered, Boeing denies the allegations in paragraph 68.

69.    To the extent the allegations in paragraph 69 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 69 are directed toward Boeing, Boeing denies the allegations in paragraph 69.

70.    To the extent the allegations in paragraph 70 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 70 are directed toward Boeing, Boeing denies the allegations in paragraph 70.

71.    To the extent the allegations in paragraph 71 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 71 are directed toward Boeing, Boeing denies the allegations in paragraph 71.

72.    To the extent the allegations in paragraph 72 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 72 are directed toward Boeing, Boeing denies the allegations in paragraph 72.

### THIRD CAUSE OF ACTION
### (Negligence)

73.    Answering the allegations in paragraph 73, Boeing incorporates its previous responses as though fully set forth herein.

74.    To the extent the allegations in paragraph 74 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 74 are directed toward Boeing, Boeing admits that, except for those parts of the Subject Helicopter that were designed, tested, developed, manufactured, fabricated, assembled, distributed, sold, and inspected by others, and except for the parts of the helicopter that were subsequently installed, removed, exchanged, altered, modified, retrofitted, overhauled, or remanufactured by others, it designed, tested,

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

developed, manufactured, fabricated, assembled, distributed, sold, and inspected the Subject

Helicopter in accordance with applicable government specifications. Except as expressly

admitted or otherwise answered, Boeing denies the allegations in paragraph 74.

75.    To the extent the allegations in paragraph 75 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 75 are directed toward Boeing, Boeing denies the allegations in paragraph 75.

76.    Boeing denies the allegations in paragraph 76.

77.    To the extent the allegations in paragraph 77 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 77 are directed toward Boeing, Boeing denies the allegations in paragraph 77.

78.    To the extent the allegations in paragraph 78 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 78 are directed toward Boeing, Boeing denies the allegations in paragraph 78.

79.    To the extent the allegations in paragraph 79 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 79 are directed toward Boeing, Boeing denies the allegations in paragraph 79.

80.    To the extent the allegations in paragraph 80 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 80 are directed toward Boeing, Boeing denies the allegations in paragraph 80.

81.    To the extent the allegations in paragraph 81 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 81 are directed toward Boeing, Boeing denies the allegations in paragraph 81.

82.    To the extent the allegations in paragraph 82 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 82 are directed toward Boeing, Boeing denies the allegations in paragraph 82.

83.    To the extent the allegations in paragraph 83 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 83 are directed toward Boeing, Boeing denies the allegations in paragraph 83.

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

84.     To the extent the allegations in paragraph 84 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 84 are directed toward Boeing, Boeing denies the allegations in paragraph 84.

85.     To the extent the allegations in paragraph 85 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 85 are directed toward Boeing, Boeing denies the allegations in paragraph 85.

## FOURTH CAUSE OF ACTION
### (Breach of Warranties)

86.     Answering the allegations in paragraph 86, Boeing incorporates its previous responses as though fully set forth herein.

87.     The allegations in paragraph 87 are directed toward other defendants and/or state legal conclusions; therefore, no response is required.  To the extent a response is required, Boeing denies the allegations in paragraph 87.

88.     The allegations in paragraph 88 are directed toward other defendants and/or state legal conclusions; therefore, no response is required.  To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 88, and therefore denies them.  To the extent a response is required, Boeing admits that it designed, manufactured, assembled, tested, and sold the Subject Helicopter, except for those parts of the Subject Helicopter that were designed, manufactured, assembled, tested, and sold by others, and except for the parts of the helicopter that were subsequently installed, removed, exchanged, altered, modified, retrofitted, overhauled, or remanufactured by others in accordance with applicable government specifications.  Except as expressly admitted or otherwise answered, Boeing denies the allegations in paragraph 88.

89.     The allegations in paragraph 89 are directed toward other defendants and/or state legal conclusions; therefore, no response is required.  To the extent a response is required, Boeing denies the allegations in paragraph 89.

90.     The allegations in paragraph 90 state legal conclusions; therefore, no response is required.  To the extent a response is required, Boeing denies the allegations in paragraph 90.

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

91.    The allegations in paragraph 91 are directed toward other defendants and/or state legal conclusions; therefore, no response is required.  To the extent a response is required, Boeing denies the allegations in paragraph 91.

92.    The allegations in paragraph 92 are directed toward other defendants and/or state legal conclusions; therefore, no response is required.  To the extent a response is required, Boeing denies the allegations in paragraph 92.

93.    The allegations in paragraph 93 are directed toward other defendants and/or state legal conclusions; therefore, no response is required.  To the extent a response is required, Boeing denies the allegations in paragraph 93.

94.    To the extent the allegations in paragraph 94 are directed toward other defendants, no response is required.  To the extent the allegations are directed toward Boeing, Boeing denies the allegations in paragraph 94.

95.    To the extent the allegations in paragraph 95 are directed toward other defendants, no response is required.  To the extent the allegations are directed toward Boeing, Boeing denies the allegations in paragraph 95.

96.    To the extent the allegations in paragraph 96 are directed toward other defendants, no response is required.  To the extent the allegations are directed toward Boeing, Boeing denies the allegations in paragraph 96.

### FIFTH CAUSE OF ACTION
### (Loss of Consortium)

97.    Answering the allegations in paragraph 97, Boeing incorporates its previous responses as though fully set forth herein.

98.    The allegations in paragraph 98 state legal conclusions; therefore no response is required.  To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 98, and therefore denies them.

99.    Boeing denies the allegations in paragraph 99.

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.    The Complaint, and each purported cause of action therein, fails to state a claim against Boeing upon which relief can be granted.

2.    Plaintiffs may lack the capacity and/or standing to bring this action.

3.    Plaintiffs may have failed to join necessary and indispensable parties.

4.    Plaintiffs are barred from recovery against Boeing because any alleged act or failure to act by Boeing was not a direct, substantial, proximate, or contributory cause of any alleged damages suffered or claimed by plaintiffs.

5.    Plaintiffs' damages, if any, were directly and proximately caused, or contributed to, by plaintiffs, plaintiffs' employers, and/or plaintiffs' co-employee(s)' acts and/or omissions, or the acts and/or omissions of individuals, firms, or other corporations or entities in privity with plaintiffs, plaintiffs' employers, and/or plaintiffs' co-employee(s), and plaintiffs' recovery, if any, should therefore be barred or diminished in accordance with applicable law.

6.    The accident and plaintiffs' claimed damages, if any, were proximately caused by the acts or omissions of others over whom Boeing has or had no control or right of control, and/or said acts or omissions were a superseding and sole, direct, and proximate cause of the accident and plaintiffs' alleged damages, if any.  Plaintiffs' recovery, if any, should therefore be barred or diminished in accordance with applicable law.

7.    Plaintiffs' claims and damages are barred or should be reduced by the comparative or contributory negligence or responsibility of plaintiffs' decedent(s) and/or by the fault of other persons or entities.

8.    Plaintiffs' damages, if any, may have been directly and proximately caused by the misuse of the Subject Helicopter, which was not foreseeable to Boeing.  Said misuse would bar recovery against Boeing.

9.    The Complaint, and each purported cause of action therein, may be barred, in whole or in part, by plaintiffs' decedent(s) conduct in voluntarily and knowingly assuming an unreasonable risk of injury and/or damage.

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

10.     The Complaint, and each purported cause of action therein, may be barred, in whole or in part, by the applicable statutes of limitation and/or repose.

11.     Persons over whom Boeing had no control or right of control, without Boeing's knowledge and/or approval, may have redesigned, modified, altered and/or used the Subject Helicopter contrary to instructions and the customs and practice of the industry which substantially changed its character. Any defect in the Subject Helicopter resulted solely from the redesign, modification, alteration, treatment or other changes therein and not from any act or omission by Boeing. Any such defect was created by persons or parties over whom Boeing had no control or right of control and was the sole and proximate cause of the damages, if any, allegedly suffered.

12.     The design of the Subject Helicopter and each component thereof that was installed at the time of delivery was consistent with the "state of the art" at the time of its design and manufacture.

13.     The benefits of the design of the Subject Helicopter and each component thereof outweighed any risk associated with said product, if any risk actually existed, which Boeing specifically denies.

14.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, because the Subject Helicopter and all of its components were designed and manufactured in conformity with mandatory government specifications provided or approved by the United States Government.

15.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the Government Contractor Defense, as set forth in Boyle v. United Technologies Corp., 487 U.S. 500 (1988), and other applicable law.

16.     The Complaint, and each purported cause of action therein, may be barred, in whole or in part, if the government invokes the State Secrets Privilege to preclude production of information necessary to Boeing's defense or to Plaintiffs' prima facie case.

17.     The Complaint, and each purported cause of action therein, should be dismissed because the case presents a non-justiciable political question.

-14-

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

18.    Plaintiffs' claims may be barred by the doctrine of federal preemption.

19.    Boeing made no express or implied representations or warranties of any kind to plaintiffs. To the extent that any representations or warranties were made to plaintiffs, they were made by persons or entities other than Boeing over whom Boeing has or had no control or right of control, were not authorized by Boeing, and, accordingly, are not binding upon Boeing.

20.    Plaintiffs' warranty claims, in whole or in part, may be barred for lack of privity.

21.    Plaintiffs' right of recovery, if any, may be limited or precluded by the warranty provisions in Boeing's contract of sale for the Subject Helicopter.

22.    Plaintiffs' claims may be barred by or limited by all applicable defenses afforded under California law.

23.    Plaintiffs' action may be governed, in whole or in part, by the laws of jurisdictions other than California, including the laws of other states or of foreign countries.

24.    An award or judgment rendered in favor of plaintiffs must be reduced by the amount of benefits plaintiffs have received, or are entitled to receive, from any source.

25.    Plaintiffs' punitive damages claims, if any, are barred or limited by provisions of the United States Constitution, state constitutions, or other applicable law including, without limitation, proscriptions against double jeopardy and excessive fines and provisions assuring due process of law and equal protection of the laws.

26.    Plaintiffs may have failed to mitigate damages, if any, and may have failed to protect themselves from avoidable consequences.

27.    Boeing incorporates by reference any additional defenses asserted by other defendants to the extent such defenses are applicable to plaintiffs' claims against Boeing.

28.    Boeing reserves the right to add additional defenses that it deems necessary to its defense during or upon the conclusion of investigation or discovery.

## JURY DEMAND

Boeing demands a trial by at least six jurors on all issues so triable.

WHEREFORE, Defendant The Boeing Company prays for judgment as follows, and that:

1.    Plaintiffs take nothing from Boeing by virtue of the unverified Complaint;

-15-

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

1    2.    Boeing be awarded its costs of suit herein; and

2    3.    Boeing be granted such other and further relief as the Court may deem just and

3    proper.

4    Date:  December 18, 2007                    PERKINS COIE LLP

5

6                                                    By: _____/s/_____

7                                                        Chung H. Han
                                                        Attorneys for Defendant
8                                                        The Boeing Company

9    01038-5259/LEGAL13691808.2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

# Exhibit D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DEBORAH GETZ, et al.,

              Plaintiffs,

    v.

THE BOEING COMPANY, a corporation;
HONEYWELL INTERNATIONAL, INC., a
corporation; GOODRICH CORPORATION, a
corporation; BF GOODRICH AEROSPACE;
CHANDLER EVANS CONTROL SYSTEMS;
GENERAL ELECTRIC and DOES 1 through
200, inclusive,

              Defendants.

Case No.

---

**DEFENDANT HONEYWELL INTERNATIONAL INC.'S NOTICE OF CONSENT
TO AND JOINDER IN THE BOEING COMPANY'S NOTICE OF REMOVAL**

Defendant Honeywell International Inc. hereby consents to and joins in the Notice of

Removal filed by The Boeing Company removing the state court action entitled DEBORAH

GETZ, et al. v. THE BOEING COMPANY, et al., Case No. CGC07-467912, filed in the

Superior Court of California, County of San Francisco, to the Northern District of California,

San Francisco Division.

Dated:  December __16__, 2007

HONEYWELL INTERNATIONAL INC.

By: _____
       James W. Huston

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH GETZ, et al., <br><br>            Plaintiffs, <br><br>     v. <br><br> THE BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH CORPORATION, a corporation; BF GOODRICH AEROSPACE; CHANDLER EVANS CONTROL SYSTEMS; GENERAL ELECTRIC and DOES 1 through 200, inclusive, <br><br>            Defendants. | Case No. |

**DEFENDANT GENERAL ELECTRIC'S NOTICE OF CONSENT TO AND JOINDER IN THE BOEING COMPANY'S NOTICE OF REMOVAL**

Defendant General Electric hereby consents to and joins in the Notice of Removal filed by The Boeing Company removing the state court action entitled <u>DEBORAH GETZ, et al. v. THE BOEING COMPANY, et al.</u>, Case No. CGC07-467912, filed in the Superior Court of California, County of San Francisco, to the Northern District of California, San Francisco Division.

Dated: December  17 , 2007

GENERAL ELECTRIC

By: _____
      One of its Attorneys

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DEBORAH GETZ, et al.,

               Plaintiffs,

      v.

THE BOEING COMPANY, a corporation;
HONEYWELL INTERNATIONAL, INC., a
corporation; GOODRICH CORPORATION, a
corporation; BF GOODRICH AEROSPACE;
CHANDLER EVANS CONTROL SYSTEMS;
GENERAL ELECTRIC and DOES 1 through
200, inclusive,

             Defendants.

Case No.

**DEFENDANT GOODRICH PUMP AND ENGINE CONTROL SYSTEMS, INC.'S
(erroneously sued as Goodrich Corporation and BF Goodrich Aerospace) NOTICE OF
CONSENT TO AND JOINDER IN THE BOEING COMPANY'S NOTICE OF
REMOVAL**

Defendant Goodrich Pump and Engine Control Systems, Inc. (erroneously sued as

Goodrich Corporation and BF Goodrich Aerospace) hereby consents to and joins in the Notice

of Removal filed by The Boeing Company removing the state court action entitled <u>DEBORAH</u>

<u>GETZ, et al. v. THE BOEING COMPANY, et al.</u>, Case No. CGC07-467912, filed in the

Superior Court of California, County of San Francisco, to the Northern District of California,

San Francisco Division.

Dated: December  10  , 2007

MENDES & MOUNT, LLP

By: _____
     Garth W. Aubert
     Counsel for Defendant
     GOODRICH PUMP AND ENGINE
     CONTROL SYSTEMS, INC.

# Exhibit E

1 │ THE BRANDI LAW FIRM
THOMAS J. BRANDI #53208
2 │ DANIEL DELL'OSSO #118203
CASEY A. KAUFMAN #232257
3 │ BRIAN J. MALLOY # 234882
44 Montgomery Street, Suite 1050
4 │ San Francisco, CA 94104
5 │ Telephone: (415) 989-1800 Facsimile: (415) 989-1801

6 │ JAMES R. DONAHUE, #105106
CAULFIELD DAVIES & DONAHUE
7 │ 80 Iron Point Circle, # 105
Folsom, CA 95630
8 │ Telephone: (916) 817-2900 Facsimile: (916) 817-2644

9 │ Attorneys for Plaintiffs

**F I L E D**

San Francisco County Superior Court

DEC - 4 2007

GORDON PARK-LI, Clerk

BY: _____
Deputy Clerk

10 │ COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

11 │ COUNTY OF SAN FRANCISCO

| | |
|---|---|
| 12 │ DEBORAH GETZ, individually and as a surviving heir of decedent KRISTOFER D. S. THOMAS; RODNEY THOMAS, individually and as a surviving heir of decedent, KRISTOFER D. S THOMAS; MARY DUFFMAN, individually and as a surviving heir of decedent, SCOTT E. DUFFMAN; SOPHIA DUFFMAN, a minor, individually and as a surviving heir of decedent SCOTT E. DUFFMAN, by and through her Guardian ad Litem, MARY DUFFMAN; CHRISTINE VAUGHN, individually and as a surviving heir of decedent, TRAVIS R. VAUGHN; BRAD VAUGHN, individually and as a surviving heir of decedent, TRAVIS R. VAUGHN; JILL GARBS, individually and as a surviving heir of decedent RYAN GARBS; DOUG GARBS, individually and as a surviving heir of decedent, RYAN GARBS; JORDAN LANHAM; JERRY GOLDSMITH; RYANNE NOSS, individually and as spouse of SCOT NOSS; TIMOTHY BRAUCH; CHRIS TRISKO, MARK DANIEL HOUGHTON, <br><br> Plaintiffs, <br><br> vs. | NO. CGC 07 467912 <br><br> AMENDMENT TO COMPLAINT CCP §474 <br><br><br><br><br><br> *Complaint filed October 5, 2007* |

1

| | |
|---|---|
| 1 | THE BOEING COMPANY, a corporation; ) |
| 2 | HONEYWELL INTERNATIONAL, INC., a ) |
| 3 | corporation; GOODRICH CORPORATION, a ) |
| | corporation; BF GOODRICH AEROSPACE; ) |
| 4 | CHANDLER EVANS CONTROL ) |
| | SYSTEMS; GENERAL ELECTRIC and ) |
| 5 | DOES 1 through 200, inclusive, ) |
| 6 | ) |
| | Defendants.        ) |
| 7 | |

Upon filing the complaint herein, plaintiffs being ignorant of the true name of a defendant designated them by a fictitious name, Doe 1, having discovered the true name of said defendant to be CHANDLER EVANS INC., plaintiffs hereby amend their complaint by inserting said true name in place of the fictitiously named Doe 1, wherever it appears in said complaint.

Dated: December 3, 2007                THE BRANDI LAW FIRM

By: _____
        DANIEL DELL'OSSO
        Attorney for Plaintiffs

2

AMENDMENT TO COMPLAINT CCP §474

1  Garth W. Aubert Bar No. 162877
   Mark R. Irvine, Bar No. 137294
2  Mendes & Mount, LLP
   445 South Figueroa Street, 38th Floor
3  Los Angeles, CA 90071
   (213) 955-7700
4  (213) 955-7725 Fax

5  Attorneys for Defendant
   Goodrich Pump and Engine Control Systems, Inc.
6  (erroneously sued as Goodrich Corporation and
   BF Goodrich Aerospace)

7

8

9                    SUPERIOR COURT OF CALIFORNIA

10                   COUNTY OF SAN FRANCISCO

11

12  DEBORAH GETZ, et al.              )  No. CGC-07-467912
                                      )
13            Plaintiffs,             )
                                      )  ANSWER OF DEFENDANT
14       vs.                          )  GOODRICH PUMP AND ENGINE
                                      )  CONTROL SYSTEMS, INC. TO
15  THE BOEING COMPANY, et al.        )  COMPLAINT
                                      )
16            Defendants.             )
                                      )
17

18

19       Defendant Goodrich Pump and Engine Control Systems, Inc., erroneously

20  sued as Goodrich Corporation and BF Goodrich Aerospace, answers the complaint

21  of Plaintiffs in this action as follows:

22       Pursuant to California Code of Civil Procedure section 431.30, subdivision

23  (d), Defendant generally denies each and every allegation of Plaintiffs' complaint

24  and further denies that Plaintiffs are entitled to any relief as a result of any act,

25  conduct, or omission of Defendant.

26

27       Defendant states the following as separate affirmative defenses to Plaintiffs'

28  complaint:

---

Answer to Deborah Getz et al. Complaint

152106.1 Answer to Complaint.doc

-1-

### FIRST AFFIRMATIVE DEFENSE

1.    The complaint, including each cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    The complaint, and each purported cause of action therein, may be barred, in whole or in part, by the applicable statutes of limitation and/or repose, including but not limited to, the limitation period contained in *California Code of Civil Procedure* section 337.1 and *Connecticut General Statute* section 52-577a(e).

### THIRD AFFIRMATIVE DEFENSE

3.    Venue is improper in this Court.

### FOURTH AFFIRMATIVE DEFENSE

4.    Plaintiffs' damages, if any, were caused or contributed to by the acts and/or omissions of Plaintiffs or their Decedents, or by others over whom Defendant has or had no control or right to control, including Plaintiffs' or their Decedents' employer, co-employees, or other individuals or entities in privity with them, thus barring or diminishing Plaintiffs' recovery.

### FIFTH AFFIRMATIVE DEFENSE

5.    Plaintiffs' damages, if any, were directly and proximately caused, or contributed to, by the acts and/or omissions of other individuals or entities over whom Defendant has or had no control or right of control, and for whom Defendant is not responsible. Said acts and/or omissions intervened between the acts and/or omissions of Defendant, if any, and were the sole, direct and proximate cause of Plaintiffs' damages, if any. Plaintiffs' recovery, if any, should therefore be barred or diminished in accordance with applicable law.

### SIXTH AFFIRMATIVE DEFENSE

6.    Defendant places in issue the negligence, fault and responsibility, if any, of all persons who contributed in any degree to the damages and/or losses alleged to have been sustained by Plaintiffs, in proportion to each person's

Answer to Deborah Getz et al. Complaint

152106.1 Answer to Complaint.doc

1  negligence, fault, or responsibility.  Judgment, if any, against Defendant should be

2  diminished to an amount that represents its degree of negligence, fault or

3  responsibility, if any.

### SEVENTH AFFIRMATIVE DEFENSE

5      7.    The Complaint, and each purported cause of action therein, is barred,

6  in whole or in part, by Plaintiffs' and/or Plaintiffs' employer's failure to mitigate

7  damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

9      8.    The Complaint, and each purported cause of action therein, may be

10  barred, in whole or in part, by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

12      9.    The Complaint, and each purported cause of action therein, may be

13  barred, in whole or in part, by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

15      10.    The Complaint, and each purported cause of action therein, may be

16  barred, in whole or in part, by the doctrine laches.

### ELEVENTH AFFIRMATIVE DEFENSE

18      11.    The Complaint, and each purported cause of action therein, may be

19  barred, in whole or in part, by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

21      12.    Any award of judgment entered in favor of Plaintiffs must be reduced

22  by the amount of any benefits received from others.

### THIRTEENTH AFFIRMATIVE DEFENSE

24      13.    Plaintiffs' damages, if any, were directly and proximately caused by

25  the misuse of the product, which was not foreseeable by Defendant.  Said misuse

26  bars recovery against Defendant.

27  ///

28  ///

---

Answer to Deborah Getz et al. Complaint

152106.1 Answer to Complaint.doc

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiffs and/or their Decedents, their employer, co-employee[s] and/or other persons over whom Defendant has or had no control or right of control, without Defendant's knowledge and/or approval, may have redesigned, modified, altered and/or used the product contrary to instructions and the customs and practice of the industry which substantially changed its character.  Defendant further alleges that if there was a defect in the product, which is specifically denied, such defect resulted solely from the redesign, modification, alteration, treatment or other changes therein and not from any act or omission by Defendant. Therefore, said defect, if any, was created by Plaintiffs and/or their Decedents, their employer, co-employee[s] and/or other persons or parties over whom Defendant has or had no control or right of control, as the case may be, and was the sole and proximate cause of the damages, if any, allegedly suffered.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    The design of the subject product or components was consistent with the "state of the art" at the time of its design and manufacture.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    The benefits of the design of the subject product or components outweighed the inherent risks, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Any claim for breach of warranty may be barred by the expiration of any such warranty given.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiffs' recovery upon any theory of warranty is barred since Plaintiffs or their Decedents were not in privity of contract with Defendant and did not rely upon any warranty given by Defendant.

///

///

---

Answer to Deborah Getz et al. Complaint

152106.1 Answer to Complaint.doc

-4-

1

## NINETEENTH AFFIRMATIVE DEFENSE

2      19.    If there were any defects in the product as alleged by Plaintiffs, which
3   defect or defects Defendant specifically denies, Plaintiff knew or should have
4   known that the product was defective and that Plaintiffs' or their Decedents' use of
5   the product would expose them to the risk of the injuries and damages alleged.

6

## TWENTIETH AFFIRMATIVE DEFENSE

7      20.    The Complaint, and each purported cause of action therein, may be
8   barred, in whole or in part, by Plaintiffs and/or their Decedents' conduct in
9   voluntarily and knowingly assuming an unreasonable risk of injury and/or damage.

10

## TWENTY-FIRST AFFIRMATIVE DEFENSE

11     21.    Plaintiffs waived whatever rights they might otherwise have had in
12  that Plaintiffs failed to notify Defendant of any alleged breach of warranty, express
13  or implied, and/or of alleged defects in any product manufactured or marketed by
14  Defendant within a reasonable time after Plaintiff discovered and/or should have
15  discovered any defect or nonconformity, if any existed, thereby prejudicing
16  Defendant from being able to fully investigate and defend the allegations contained
17  in the unverified Complaint.

18

## TWENTY-SECOND AFFIRMATIVE DEFENSE

19     22.    The Fair Responsibility Act of 1986, codified at California Civil Code
20  Section 1431.1 *et seq.*, limits any damages governed thereby which are awarded to
21  Plaintiffs and against Defendant to that portion of Plaintiffs' non-economic
22  damages, if any, that are attributable to Defendant's percentage of fault or liability,
23  if any.

24

## TWENTY-THIRD AFFIRMATIVE DEFENSE

25     23.    The Complaint, and each purported cause of action therein, should be
26  dismissed on the ground that Plaintiffs have failed to join necessary and
27  indispensable parties.

28  ///

---

Answer to Deborah Getz et al. Complaint

152106.1 Answer to Complaint.doc

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, because the subject product and components were designed and manufactured in conformity with specifications provided or approved by the United States Government.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the government contractor defense, as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and other applicable law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Plaintiffs' claims for punitive damages, if any, are barred or limited by provisions of the United States Constitution and by state constitutional and statutory provisions, including without limitation, proscriptions against double jeopardy and excessive fines, and provisions assuring due process and equal protection under the laws.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    The Complaint, and each purported cause of action therein, may be barred, in whole or in part, if the government invokes the state secrets privilege to preclude production of information necessary to the Defendant's defense or to Plaintiffs' prima facie case.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    The Complaint, and each purported cause of action therein, fails to present a justiciable controversy.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    Plaintiffs' claims are barred or preempted in whole or in part by federal law, statutes and regulations.

///

///

---

Answer to Deborah Getz et al. Complaint

152106.1 Answer to Complaint.doc

## THIRTIETH AFFIRMATIVE DEFENSE

30.     Any design defects or warning defects in products sold by Defendant, which defects Defendant denies, are due to plans, specifications, or directions provided to Defendant by other persons, and those plans, specifications, or directions were not so obviously defective or dangerous that no reasonable person would follow them.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     The product(s) for which Defendant is allegedly responsible, were intended for and sold to a knowledgeable and sophisticated user over whom Defendant has or had no control and who was fully informed as to the risks and dangers, if any, associated with the product and the precautions necessary to avoid such risks and dangers.   Accordingly, Defendant did not owe a duty to warn Plaintiffs of the alleged risks or dangers, if any, associated with the product(s).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     The court lacks personal jurisdiction over Defendant.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Plaintiffs lack standing to pursue the claims in this lawsuit.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Plaintiffs lack capacity to pursue the claims in this lawsuit.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     The subject product(s) sold by Defendant fully complied with all applicable government laws and regulations, and industrial standards at the time the product(s) left Defendant's control.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

35.     Plaintiffs' claims are barred in whole or in part by the Political Question Doctrine.

///
///

Answer to Deborah Getz et al. Complaint

152106.1 Answer to Complaint.doc

1

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

2    37.    This is an inconvenient forum and this action should be dismissed

3    based upon the doctrine of *forum non conveniens.*

4

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

5    38.    Defendant reserves the right to add those additional defenses which it

6    deems necessary to its defense during or upon the conclusion of investigation and

7    discovery.

8    WHEREFORE, Defendant prays for judgment as follows:

9    1.    Plaintiffs take nothing from Defendant by virtue of the unverified

10   Complaint;

11   2.    Defendant be awarded its costs of suit herein; and

12   3.    Defendant be granted such other and further relief as the Court may

13   deem just and proper.

14   Dated:  December 10, 2007                    MENDES & MOUNT, LLP

15

16                                          By:

17                                               Garth W. Aubert
                                                 Attorneys for Defendant
18                                               Goodrich Pump and Engine Control
                                                 Systems, Inc. (erroneously sued as
19                                               Goodrich Corporation)

20

21

22

23

24

25

26

27

28

Answer to Deborah Getz et al. Complaint

152106.1 Answer to Complaint.doc

## PROOF OF SERVICE

| | | |
|---|---|---|
| STATE OF CALIFORNIA | ) | **Getz v. Goodrich Pum and Engine** |
| | ) ss. | **San Francisco Sup.Ct, Case No. CGC-07-467912** |
| COUNTY OF LOS ANGELES | ) | **Our File No. 394,429** |

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 445 S. Figueroa Street, Suite 3800, Los Angeles, California 90071.

On **December 10, 2007**, I served the document described as **Answer of Defendant Goodrich Pump and Engine Control Systems, Inc. to Complaint** on the interested parties in this action, as follows:

### SEE ATTACHED SERVICE LIST

__X__ **(By U.S. Mail)** By placing _____ the original / __X__ a true copy thereof enclosed in a sealed envelope(s), with postage fully paid, addressed as per the attached service list, for collection and mailing at Mendes & Mount in Los Angeles, California following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

____ **(By Facsimile)** I transmitted from a facsimile transmission machine whose telephone number is (213) 955-7725 the above-entitled document(s) to the parties listed on the attached Service List and whose facsimile transmission machine telephone number is indicated. The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission. A true and correct copy of the said transmission report is attached hereto and incorporated herein by this reference.

____ **(By LexisNexis File & Serve)** I served the above-entitled document(s) on the interested parties in this action by submitting an electronic version of the document via LexisNexis File & Serve pursuant to the Court=s Order as designated on the Transaction Receipt located on the LexisNexis File & Serve website, and the attached service list. This service complies with C.C.P. э 1010.6 and C.R.C. э 2060. A receipt of this transaction will be maintained with the original document(s) in our offices.

____ **(By Personal Service)** By placing the above-entitled document(s) in a sealed envelope(s) and instructing First Legal Courier to personally deliver the envelope(s) to the offices at the addressees) set forth on the attached service list. The signed proof of service by the courier is attached.

__X__ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 10, 2007**, at Los Angeles, California.

_Espie Lucero_
Espie Lucero

1

**SERVICE LIST**

2

**Attorneys for Plaintiff**
Thomas J. Brandi

3

The Brandi Law Firm
44 Montgomery Street, #1050

4

San Francisco, CA 94104
415-989-1800

5

415-989-1801 (Fx)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28