Ronald A. McIntire (State Bar No. 127407)
Email: RMcIntire@perkinscoie.com
Chung H. Han (State Bar No. 191757)
Email: CHan@perkinscoie.com
PERKINS COIE LLP
1620 26th Street, Sixth Floor, South Tower
Santa Monica, CA  90404-4013
Tel:  310.788.9900 / Fax:  310.788.339

Attorneys for Defendant
The Boeing Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH GETZ, individually and as a surviving heir of decedent KRISTOFER D.S. THOMAS; RODNEY THOMAS, individually and as a surviving heir of decedent, KRISTOFER D.S. THOMAS; MARY DUFFMAN, individually and as a surviving heir of decedent, SCOTT E. DUFFMAN; SOPHIA DUFFMAN, a minor, individually and as a surviving heir of decedent SCOTT E. DUFFMAN, by and through her Guardian ad Litem, MARY DUFFMAN; CHRISTINE VAUGHN, individually and as a surviving heir of decedent, TRAVIS R. VAUGHN; BRAD VAUGHN, individually and as a surviving heir of decedent, TRAVIS R. VAUGHN; JILL GARBS, individually and as a surviving heir of decedent RYAN GARBS; DOUG GARBS, individually and as a surviving heir of decedent, RYAN GARBS; JORDAN LANHAM; JERRY GOLDSMITH; RYANNE NOSS, individually and as spouse of SCOT NOSS; TIMOTHY BRAUCH; CHRIS TRISKO, MARK DANIEL HOUGHTON,<br><br>                Plaintiffs,<br>   v.<br>THE BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH CORPORATION, a corporation; BF GOODRICH AEROSPACE; CHANDLER EVANS CONTROL SYSTEMS; GENERAL ELECTRIC and DOES 1 through 200, inclusive,<br><br>                Defendants. | Case No. CV 07-6396 CW<br><br>**AMENDED ANSWER OF DEFENDANT THE BOEING COMPANY**<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANT THE BOEING COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant The Boeing Company ("Boeing") answers Plaintiffs' Complaint as follows:

Boeing denies every allegation in Plaintiffs' Complaint, except as hereinafter specifically admitted, qualified, or otherwise answered.

## INTRODUCTION

1. Boeing admits that on or about February 17, 2007, a United States Army MH-47E "Chinook" helicopter, serial number 92-00472 ("Subject Helicopter" or "product"), was involved in an accident in Afghanistan (the "accident"). Except as expressly admitted or otherwise answered, Boeing denies the allegations in paragraph 1.

## IDENTIFICATION OF PARTIES

2. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 3, and therefore denies them.

4. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 4, and therefore denies them.

5. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 5, and therefore denies them.

6. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 6, and therefore denies them.

7. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 7, and therefore denies them.

8. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 8, and therefore denies them.

9. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.

10. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 10, and therefore denies them.

11. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 11, and therefore denies them.

12. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

13. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 13, and therefore denies them.

14. Boeing admits that it is a corporation authorized to and does conduct business in the state of California. Except as expressly admitted, Boeing denies the allegations in paragraph 14.

15. The allegations in paragraph 15 are directed toward other defendants; therefore, no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 15, and therefore denies them.

16. The allegations in paragraph 16 are directed toward other defendants; therefore, no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

17. The allegations in paragraph 17 are directed toward other defendants; therefore, no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

18. The allegations in paragraph 18 are directed toward other defendants; therefore, no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

19. The allegations in paragraph 19 are directed toward other defendants and/or state legal conclusions; therefore, no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20. Boeing denies the allegations in paragraph 20.

## GENERAL ALLEGATIONS

21. Boeing admits that on or about February 17, 2007, the Subject Helicopter experienced a loss of power and crashed in Afghanistan. Boeing denies that the accident occurred during a transportation mission. Except as expressly admitted or denied, Boeing denies the allegations in paragraph 21.

22. Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

23. To the extent the allegations in paragraph 23 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 23 are directed toward Boeing, Boeing admits that it designed, manufactured, assembled, inspected, tested, marketed, and sold the Subject Helicopter, except for those parts of the Subject Helicopter that were designed, manufactured, assembled, inspected, tested, marketed, and sold by others, and except for the parts of the helicopter that were subsequently installed, removed, exchanged, altered, modified, retrofitted, overhauled, or remanufactured by others, all in accordance with applicable government specifications. Except as expressly admitted or otherwise answered, Boeing denies the allegations in paragraph 23.

24. To the extent the allegations in paragraph 24 are directed toward other defendants, no response is required. To the extent the allegations are directed toward Boeing, they are denied.

25. To the extent the allegations in paragraph 25 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 25 are directed toward Boeing, Boeing denies that it designed, assembled, manufactured, inspected, tested, marketed, or

1  introduced into the stream of commerce the Full Authority Digital Engine Control ("FADEC") and the Digital Electronic Control Unit ("DECU").

26. To the extent the allegations in paragraph 26 are directed toward other defendants, no response is required. To the extent the allegations are directed toward Boeing, Boeing denies the allegations in paragraph 26.

27. Boeing denies the allegations in paragraph 27.

28. Boeing denies the allegations in paragraph 28, including subparts a and b.

29. Boeing denies the allegations in paragraph 29.

30. Boeing denies the allegations in paragraph 30.

31. The allegations in paragraph 31 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 31.

32. The allegations in paragraph 32 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 32.

33. The allegations in paragraph 33 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 33.

34. The allegations in paragraph 34 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 34.

35. The allegations in paragraph 35 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 35.

36. The allegations in paragraph 36 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 36.

37. The allegations in paragraph 37 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 37.

38. The allegations in paragraph 38 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 38.

39. The allegations in paragraph 39 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 39.

40. The allegations in paragraph 40 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 40.

41. The allegations in paragraph 41 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 41.

42. The allegations in paragraph 42 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 42.

43. The allegations in paragraph 43 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 43.

44. The allegations in paragraph 44 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 44.

45. The allegations in paragraph 45 state legal conclusions; therefore no response is given. To the extent a response is needed, Boeing denies the allegations in paragraph 45.

46. Paragraph 46 contains plaintiffs' prayer for relief; therefore no response is given. To the extent paragraph 46 is deemed to contain allegations, Boeing denies that plaintiffs are entitled to any relief from it.

**FIRST CAUSE OF ACTION**
**(Wrongful Death)**

47. Answering the allegations in paragraph 47, Boeing incorporates its previous responses as though fully set forth herein.

48. The allegations in paragraph 48 state legal conclusions; therefore no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 48, and therefore denies them.

49. The allegations in paragraph 49 state legal conclusions; therefore no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 49, and therefore denies them.

50. The allegations in paragraph 50 state legal conclusions; therefore no response is required. To the extent a response is required, Boeing denies the allegations in paragraph 50.

51. The allegations in paragraph 51 state legal conclusions; therefore no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 51, and therefore denies them.

52. The allegations in paragraph 52 state legal conclusions; therefore no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 52, and therefore denies them.

53. The allegations in paragraph 53 state legal conclusions; therefore no response is required. To the extent a response is required, Boeing denies the allegations in paragraph 53.

54. The allegations in paragraph 54 state legal conclusions; therefore no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 54, and therefore denies them.

55. The allegations in paragraph 55 state legal conclusions; therefore no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 55, and therefore denies them.

56. The allegations in paragraph 56 state legal conclusions; therefore no response is required. To the extent a response is required, Boeing denies the allegations in paragraph 56.

57. The allegations in paragraph 57 state legal conclusions; therefore no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 57, and therefore denies them.

58. The allegations in paragraph 58 state legal conclusions; therefore no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 58, and therefore denies them.

59. The allegations in paragraph 59 state legal conclusions; therefore no response is required. To the extent a response is required, Boeing denies the allegations in paragraph 59.

**SECOND CAUSE OF ACTION**
**(Strict Product Liability)**

60. Answering the allegations in paragraph 60, Boeing incorporates its previous responses as though fully set forth herein.

1        61.    To the extent the allegations in paragraph 61 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 61 are directed toward Boeing, Boeing admits that, except for those parts of the Subject Helicopter that were designed, manufactured, assembled, tested, sold, marketed, and distributed by others, and except for the parts of the helicopter that were subsequently installed, removed, exchanged, altered, modified, retrofitted, overhauled, or remanufactured by others, it designed, manufactured, assembled, tested, sold, marketed, and distributed the Subject Helicopter, as well as other Chinook MH-47E helicopters to the United States Army, all in accordance with applicable government specifications.  Boeing denies that the Chinook MH-47E helicopters are sold to members of the general public.

      62.    Boeing denies the allegations in paragraph 62.

      63.    Boeing denies the allegations in paragraph 63.

      64.    To the extent the allegations in paragraph 64 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 64 are directed toward Boeing, Boeing denies the allegations in paragraph 64.

      65.    To the extent the allegations in paragraph 65 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 65 are directed toward Boeing, Boeing denies the allegations in paragraph 65.

      66.    To the extent the allegations in paragraph 66 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 66 are directed toward Boeing, Boeing denies the allegations in paragraph 66.

      67.    To the extent the allegations in paragraph 67 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 67 are directed toward Boeing, Boeing denies the allegations in paragraph 67.

      68.    To the extent the allegations in paragraph 68 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 68 are directed toward Boeing, Boeing admits that, except for those parts of the Subject Helicopter that were designed, constructed, assembled, manufactured, inspected, tested, and sold by others, and except for the

1  parts of the helicopter that were subsequently installed, removed, exchanged, altered, modified,
2  retrofitted, overhauled, or remanufactured by others, it designed, constructed, assembled,
3  manufactured, inspected, tested, and sold the Subject Helicopter in accordance with applicable
4  government specifications.  Boeing also admits that it sold the Subject Helicopter to the United
5  States Army, but not its engines or FADEC.  Except as expressly admitted or otherwise answered,
6  Boeing denies the allegations in paragraph 68.

7       69.    To the extent the allegations in paragraph 69 are directed toward other defendants,
8  no response is required.  To the extent the allegations in paragraph 69 are directed toward Boeing,
9  Boeing denies the allegations in paragraph 69.

10       70.    To the extent the allegations in paragraph 70 are directed toward other defendants,
11  no response is required.  To the extent the allegations in paragraph 70 are directed toward Boeing,
12  Boeing denies the allegations in paragraph 70.

13       71.    To the extent the allegations in paragraph 71 are directed toward other defendants,
14  no response is required.  To the extent the allegations in paragraph 71 are directed toward Boeing,
15  Boeing denies the allegations in paragraph 71.

16       72.    To the extent the allegations in paragraph 72 are directed toward other defendants,
17  no response is required.  To the extent the allegations in paragraph 72 are directed toward Boeing,
18  Boeing denies the allegations in paragraph 72.

19  **THIRD CAUSE OF ACTION**
20  **(Negligence)**

21       73.    Answering the allegations in paragraph 73, Boeing incorporates its previous
22  responses as though fully set forth herein.

23       74.    To the extent the allegations in paragraph 74 are directed toward other defendants,
24  no response is required.  To the extent the allegations in paragraph 74 are directed toward Boeing,
25  Boeing admits that, except for those parts of the Subject Helicopter that were designed, tested,
26  developed, manufactured, fabricated, assembled, distributed, sold, and inspected by others, and
27  except for the parts of the helicopter that were subsequently installed, removed, exchanged,
28  altered, modified, retrofitted, overhauled, or remanufactured by others, it designed, tested,

1  developed, manufactured, fabricated, assembled, distributed, sold, and inspected the Subject

2  Helicopter in accordance with applicable government specifications.  Except as expressly

3  admitted or otherwise answered, Boeing denies the allegations in paragraph 74.

4      75.    To the extent the allegations in paragraph 75 are directed toward other defendants,

5  no response is required.  To the extent the allegations in paragraph 75 are directed toward Boeing,

6  Boeing denies the allegations in paragraph 75.

7      76.    Boeing denies the allegations in paragraph 76.

8      77.    To the extent the allegations in paragraph 77 are directed toward other defendants,

9  no response is required.  To the extent the allegations in paragraph 77 are directed toward Boeing,

10  Boeing denies the allegations in paragraph 77.

11      78.    To the extent the allegations in paragraph 78 are directed toward other defendants,

12  no response is required.  To the extent the allegations in paragraph 78 are directed toward Boeing,

13  Boeing denies the allegations in paragraph 78.

14      79.    To the extent the allegations in paragraph 79 are directed toward other defendants,

15  no response is required.  To the extent the allegations in paragraph 79 are directed toward Boeing,

16  Boeing denies the allegations in paragraph 79.

17      80.    To the extent the allegations in paragraph 80 are directed toward other defendants,

18  no response is required.  To the extent the allegations in paragraph 80 are directed toward Boeing,

19  Boeing denies the allegations in paragraph 80.

20      81.    To the extent the allegations in paragraph 81 are directed toward other defendants,

21  no response is required.  To the extent the allegations in paragraph 81 are directed toward Boeing,

22  Boeing denies the allegations in paragraph 81.

23      82.    To the extent the allegations in paragraph 82 are directed toward other defendants,

24  no response is required.  To the extent the allegations in paragraph 82 are directed toward Boeing,

25  Boeing denies the allegations in paragraph 82.

26      83.    To the extent the allegations in paragraph 83 are directed toward other defendants,

27  no response is required.  To the extent the allegations in paragraph 83 are directed toward Boeing,

28  Boeing denies the allegations in paragraph 83.

84. To the extent the allegations in paragraph 84 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 84 are directed toward Boeing, Boeing denies the allegations in paragraph 84.

85. To the extent the allegations in paragraph 85 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 85 are directed toward Boeing, Boeing denies the allegations in paragraph 85.

## FOURTH CAUSE OF ACTION
### (Breach of Warranties)

86. Answering the allegations in paragraph 86, Boeing incorporates its previous responses as though fully set forth herein.

87. The allegations in paragraph 87 are directed toward other defendants and/or state legal conclusions; therefore, no response is required. To the extent a response is required, Boeing denies the allegations in paragraph 87.

88. The allegations in paragraph 88 are directed toward other defendants and/or state legal conclusions; therefore, no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 88, and therefore denies them. To the extent a response is required, Boeing admits that it designed, manufactured, assembled, tested, and sold the Subject Helicopter, except for those parts of the Subject Helicopter that were designed, manufactured, assembled, tested, and sold by others, and except for the parts of the helicopter that were subsequently installed, removed, exchanged, altered, modified, retrofitted, overhauled, or remanufactured by others in accordance with applicable government specifications. Except as expressly admitted or otherwise answered, Boeing denies the allegations in paragraph 88.

89. The allegations in paragraph 89 are directed toward other defendants and/or state legal conclusions; therefore, no response is required. To the extent a response is required, Boeing denies the allegations in paragraph 89.

90. The allegations in paragraph 90 state legal conclusions; therefore, no response is required. To the extent a response is required, Boeing denies the allegations in paragraph 90.

1  91.  The allegations in paragraph 91 are directed toward other defendants and/or state legal conclusions; therefore, no response is required. To the extent a response is required, Boeing denies the allegations in paragraph 91.

92.  The allegations in paragraph 92 are directed toward other defendants and/or state legal conclusions; therefore, no response is required. To the extent a response is required, Boeing denies the allegations in paragraph 92.

93.  The allegations in paragraph 93 are directed toward other defendants and/or state legal conclusions; therefore, no response is required. To the extent a response is required, Boeing denies the allegations in paragraph 93.

94.  To the extent the allegations in paragraph 94 are directed toward other defendants, no response is required. To the extent the allegations are directed toward Boeing, Boeing denies the allegations in paragraph 94.

95.  To the extent the allegations in paragraph 95 are directed toward other defendants, no response is required. To the extent the allegations are directed toward Boeing, Boeing denies the allegations in paragraph 95.

96.  To the extent the allegations in paragraph 96 are directed toward other defendants, no response is required. To the extent the allegations are directed toward Boeing, Boeing denies the allegations in paragraph 96.

**FIFTH CAUSE OF ACTION**
**(Loss of Consortium)**

97.  Answering the allegations in paragraph 97, Boeing incorporates its previous responses as though fully set forth herein.

98.  The allegations in paragraph 98 state legal conclusions; therefore no response is required. To the extent a response is required, Boeing lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 98, and therefore denies them.

99.  Boeing denies the allegations in paragraph 99.

01038-5259/LEGAL13691808.2
01038-5259/LEGAL13850347.1

-12-

AMENDED ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

1. The Complaint, and each purported cause of action therein, fails to state a claim against Boeing upon which relief can be granted.

2. Plaintiffs may lack the capacity and/or standing to bring this action.

3. Plaintiffs may have failed to join necessary and indispensable parties.

4. Plaintiffs are barred from recovery against Boeing because any alleged act or failure to act by Boeing was not a direct, substantial, proximate, or contributory cause of any alleged damages suffered or claimed by plaintiffs.

5. Plaintiffs' damages, if any, were directly and proximately caused, or contributed to, by plaintiffs, plaintiffs' employers, and/or plaintiffs' co-employee(s)' acts and/or omissions, or the acts and/or omissions of individuals, firms, or other corporations or entities in privity with plaintiffs, plaintiffs' employers, and/or plaintiffs' co-employee(s), and plaintiffs' recovery, if any, should therefore be barred or diminished in accordance with applicable law.

6. The accident and plaintiffs' claimed damages, if any, were proximately caused by the acts or omissions of others over whom Boeing has or had no control or right of control, and/or said acts or omissions were a superseding and sole, direct, and proximate cause of the accident and plaintiffs' alleged damages, if any. Plaintiffs' recovery, if any, should therefore be barred or diminished in accordance with applicable law.

7. Plaintiffs' claims and damages are barred or should be reduced by the comparative or contributory negligence or responsibility of plaintiffs' decedent(s) and/or by the fault of other persons or entities.

8. Plaintiffs' damages, if any, may have been directly and proximately caused by the misuse of the Subject Helicopter, which was not foreseeable to Boeing. Said misuse would bar recovery against Boeing.

9. The Complaint, and each purported cause of action therein, may be barred, in whole or in part, by plaintiffs' decedent(s) conduct in voluntarily and knowingly assuming an unreasonable risk of injury and/or damage.

10. The Complaint, and each purported cause of action therein, may be barred, in whole or in part, by the applicable statutes of limitation and/or repose.

11. Persons over whom Boeing had no control or right of control, without Boeing's knowledge and/or approval, may have redesigned, modified, altered and/or used the Subject Helicopter contrary to instructions and the customs and practice of the industry which substantially changed its character. Any defect in the Subject Helicopter resulted solely from the redesign, modification, alteration, treatment or other changes therein and not from any act or omission by Boeing. Any such defect was created by persons or parties over whom Boeing had no control or right of control and was the sole and proximate cause of the damages, if any, allegedly suffered.

12. The design of the Subject Helicopter and each component thereof that was installed at the time of delivery was consistent with the "state of the art" at the time of its design and manufacture.

13. The benefits of the design of the Subject Helicopter and each component thereof outweighed any risk associated with said product, if any risk actually existed, which Boeing specifically denies.

14. The Complaint, and each purported cause of action therein, is barred, in whole or in part, because the Subject Helicopter and all of its components were designed and manufactured in conformity with mandatory government specifications provided or approved by the United States Government.

15. The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the Government Contractor Defense, as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and other applicable law.

16. The Complaint, and each purported cause of action therein, may be preempted by the combatant activities exception to the Federal Tort Claims Act.

17. The Complaint, and each purported cause of action therein, may be barred, in whole or in part, if the government invokes the State Secrets Privilege to preclude production of information necessary to Boeing's defense or to Plaintiffs' prima facie case.

18. The Complaint, and each purported cause of action therein, should be dismissed because the case presents a non-justiciable political question.

19. Plaintiffs' claims may be barred by the doctrine of federal preemption.

20. Boeing made no express or implied representations or warranties of any kind to plaintiffs. To the extent that any representations or warranties were made to plaintiffs, they were made by persons or entities other than Boeing over whom Boeing has or had no control or right of control, were not authorized by Boeing, and, accordingly, are not binding upon Boeing.

21. Plaintiffs' warranty claims, in whole or in part, may be barred for lack of privity.

22. Plaintiffs' right of recovery, if any, may be limited or precluded by the warranty provisions in Boeing's contract of sale for the Subject Helicopter.

23. Plaintiffs' claims may be barred by or limited by all applicable defenses afforded under California law.

24. Plaintiffs' action may be governed, in whole or in part, by the laws of jurisdictions other than California, including the laws of other states or of foreign countries.

25. An award or judgment rendered in favor of plaintiffs must be reduced by the amount of benefits plaintiffs have received, or are entitled to receive, from any source.

26. Plaintiffs' punitive damages claims, if any, are barred or limited by provisions of the United States Constitution, state constitutions, or other applicable law including, without limitation, proscriptions against double jeopardy and excessive fines and provisions assuring due process of law and equal protection of the laws.

27. Plaintiffs may have failed to mitigate damages, if any, and may have failed to protect themselves from avoidable consequences.

28. Boeing incorporates by reference any additional defenses asserted by other defendants to the extent such defenses are applicable to plaintiffs' claims against Boeing.

29. Boeing reserves the right to add additional defenses that it deems necessary to its defense during or upon the conclusion of investigation or discovery.

**JURY DEMAND**

Boeing demands a trial by at least six jurors on all issues so triable.

WHEREFORE, Defendant The Boeing Company prays for judgment as follows, and that:

1. Plaintiffs take nothing from Boeing by virtue of the unverified Complaint;
2. Boeing be awarded its costs of suit herein; and
3. Boeing be granted such other and further relief as the Court may deem just and proper.

Date: January 4, 2008                                    PERKINS COIE LLP


By: _____/s/_____
    Chung H. Han
    Attorneys for Defendant
    The Boeing Company

# PROOF OF SERVICE - MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am and was at all times herein mentioned employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action or proceeding. My business address is 1620 26th Street, Sixth Floor, Santa Monica, California 90404.

On January 4, 2008, I served a true copies of the following document(s): **AMENDED ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL** on the interested parties in this action by placing said documents enclosed in a sealed envelope (for collection and mailing, with postage thereon fully prepaid, on the same date, following ordinary business practices) in an internal collection basket, addressed as follows:

**SEE ATTACHED SERVICE LIST.**

I am readily familiar with this business's practices concerning collection and processing of correspondence for mailing with the United States Postal Service, and declare that correspondence is deposited with the United States Postal Service on the same day it is internally collected at Perkins Coie LLP in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct; that I am employed in the office of a member of the Bar of this Court at whose direction this service was made; and that this Proof of Service was executed on January 4, 2008, at Santa Monica, California.

_____/s/_____
MICHELLE C. JACKSON

01038-5259/LEGAL13691808.2
01038-5259/LEGAL13850347.1

-17-

AMENDED ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL

# SERVICE LIST

| | |
|---|---|
| Thomas J. Brandi, Esq.<br>Daniel Dell'Osso, Esq.<br>Casey A. Kaufman, Esq.<br>Brian J. Malloy, Esq.<br>THE BRANDI LAW FIRM<br>354 Pine Street, Third Floor<br>San Francisco, CA 94104<br>Tel.: (415) 989-1800 / Fax: (415) 989-1801 | Counsel for Plaintiffs |
| James R. Donahue<br>CAULFIELD DAVIES & DONAHUE<br>80 Iron Point Circle, Suite 105<br>Folsom, CA 95630<br>Tel.: (916) 817-2900 / Fax (916) 817-2644 | |
| James W. Huston, Esq.<br>Bill O'Connor, Esq.<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Dr., Suite 100<br>San Diego, CA 92130<br>Tel.: (858) 720-7932 / Fax (858) 720-5125 | Counsel for Defendant<br>Honeywell International, Inc. |
| Clement L. Glynn, Esq.<br>GLYNN & FINLEY, LLP<br>100 Pringle Ave., Suite 500<br>Walnut Creek, CA 94596<br>Tel.: (925) 210-2801 / Fax (925) 945-1975 | Counsel for Defendant General Electric |
| Frank Chiarchiaro, Esq.<br>MENDES & MOUNT, LLP<br>750 Seventh Avenue<br>New York, NY 10019-6829<br>Tel.: (212) 261-8000 / Fax (212) 261-8750 | Counsel for Defendant<br>Goodrich Corporation |
| Garth Aubert, Esq.<br>Mark Irvine, Esq.<br>MENDES & MOUNT, LLP<br>445 South Figueroa St., 38th Floor<br>Los Angeles, CA 90071<br>Tel.: (213) 955-7780 / Fax (213) 955-7725 | |

01038-5259/LEGAL13691808.2
01038-5259/LEGAL13850347.1

-18-

AMENDED ANSWER OF DEFENDANT THE BOEING COMPANY / DEMAND FOR JURY TRIAL