1  THE BRANDI LAW FIRM
   THOMAS J. BRANDI #53208
2  DANIEL DELL'OSSO #118203
3  CASEY A. KAUFMAN #232257
   BRIAN J. MALLOY #234882
4  354 Pine Street, Third Floor
   San Francisco, CA 94104
5  Telephone: (415) 989-1800
6  Facsimile: (415) 989-1801

7  JAMES R. DONAHUE, #105106
   CAULFIELD DAVIES & DONAHUE
8  80 Iron Point Circle, #105
9  Folsom, CA 95630
   Telephone: (916) 817-2900
10 Facsimile: (916) 817-2644

11 Attorneys for Plaintiffs

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15 DEBORAH GETZ, individually and as a          )  NO. CV 07 6396 CW
   surviving heir of decedent KRISTOFER D. S.   )
16 THOMAS; RODNEY THOMAS, individually          )  **PLAINTIFFS' OPPOSITION TO**
   and as a surviving heir of decedent,         )  **DEFENDANT HONEYWELL**
17 KRISTOFER D. S THOMAS; MARY                  )  **INTERNATIONAL INC.'S**
   DUFFMAN, individually and as a surviving     )  **MOTION TO TRANSFER VENUE;**
18 heir of decedent, SCOTT E. DUFFMAN;          )  **MEMORANDUM OF POINTS**
19 SOPHIA DUFFMAN, a minor, individually        )  **AND AUTHORITIES IN SUPPORT**
   and as a surviving heir of decedent SCOTT E. )
20 DUFFMAN, by and through her Guardian ad      )
21 Litem, MARY DUFFMAN; CHRISTINE               )
   VAUGHN, individually and as a surviving      )  Date: February 21, 2008
22 heir of decedent, TRAVIS R. VAUGHN;          )  Time: 2:00 p.m.
   BRAD VAUGHN, individually and as a           )
23 surviving heir of decedent, TRAVIS R.        )  Courtroom: 2
24 VAUGHN; JILL GARBS, individually and as      )  Judge: Honorable Claudia Wilken
   a surviving heir of decedent RYAN GARBS;     )
25 DOUG GARBS, individually and as a            )
   surviving heir of decedent, RYAN GARBS;      )
26 JORDAN LANHAM; JERRY GOLDSMITH;              )
27 RYANNE NOSS, individually and as spouse      )
   of SCOT NOSS; TIMOTHY BRAUCH;                )
28

                                    i

1  CHRIS TRISKO, MARK  DANIEL          )
2  HOUGHTON,                           )
                                       )
3          Plaintiffs,                 )
          vs.                          )
4                                      )
5  THE BOEING COMPANY, a corporation;  )
   HONEYWELL INTERNATIONAL, INC., a    )
6  corporation; GOODRICH CORPORATION, a)
   corporation; BF GOODRICH AEROSPACE; )
7  CHANDLER EVANS CONTROL              )
   SYSTEMS; GENERAL ELECTRIC and       )
8  DOES 1 through 200, inclusive,      )
9                                      )
           Defendants.                 )

## TABLE OF CONTENTS

INTRODUCTION .......................................................................... 1

STATEMENT OF THE ISSUES ...................................................... 3

FACTUAL BACKGROUND ............................................................ 4

   I.    THE HELICOPTER CRASH DID NOT OCCUR IN ARIZONA ..... 4

   II.   NO PLAINTIFFS RESIDE IN ARIZONA AND TWO PLAINTIFFS RESIDE IN CALIFORNIA ........................................................ 4

   III.  ALL DEFENDANTS DO BUSINESS IN CALIFORNIA, HAVE FILED ANSWERS IN THIS DISTRICT AND NO DEFENDANT OTHER THAN HONEYWELL HAS SUBSTANTIAL CONTACT WITH ARIZONA ...................................................................... 5

   IV.  ARIZONA HAS NO CONNECTION WITH THIS LAWSUIT OTHER THAN BEING CONVENIENT FOR HONEYWELL ........ 6

LEGAL ARGUMENT .................................................................... 6

   I.    HONEYWELL BEARS THE BURDEN OF MAKING A STRONG SHOWING WITH ADMISSIBLE EVIDENCE THAT TRANSFER TO ANOTHER DISTRICT IS WARRANTED ...... 6

   II.   THE DISTRICT OF ARIZONA IS NOT A PROPER DISTRICT BECAUSE THERE IS NO SHOWING THAT ALL DEFENDANTS

PLAINTIFFS' OPPOSITION TO DEFENDANT HONEYWELL INTERNATIONAL INC.'S MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - NO. CV 07 6396 CW

ARE SUBJECT TO PERSONAL JURISDICTION IN THAT
DISTRICT                                                                     8

III.   THE CHOICE OF THE FOURTEEN PLAINTIFFS – TWO OF
       WHOM RESIDE IN CALIFORNIA AND NONE OF WHOM
       RESIDE IN ARIZONA – TO LITIGATE IN THE NORTHERN
       DISTRICT IS ENTITLED TO DEFERENCE                                    10

IV.    HONEYWELL HAS NOT MADE A STRONG SHOWING
       THAT THE CONVENIENCE OF THE PARTIES FAVORS
       TRANSFER TO THE DISTRICT OF ARIZONA                                  13

       A. Plaintiffs' Convenience Is In The Northern District Where
          They Seek To Litigate and Not In Arizona Where None
          Reside                                                            13

       B. Defendants Are Large Companies Doing Business Throughout
          the United States – Including the Northern District – and Their
          Employees' Convenience Is Given Little, If Any, Weight            14

       C. The Bar Admittance of Some of Plaintiffs' Counsel Is Irrelevant  17

V.     HONEYWELL HAS NOT MADE A STRONG SHOWING THAT
       THE CONVENIENCE OF WITNESSES FAVORS TRANSFER TO
       THE DISTRICT OF ARIZONA                                             18

VI.    HONEYWELL HAS NOT MADE A STRONG SHOWING THAT
       OTHER FACTORS FAVOR TRANSFER TO THE DISTRICT OF
       ARIZONA                                                             19

       A.   Honeywell's Motion Concedes That The Northern District
            Is Less Congested Than Arizona                                 19

       B.   The Northern District Is More Familiar With California
            Choice of Law Rules, Which Will Govern What Substantive
            Law Applies                                                    20

       C.   Consolidation of Claims Favors Keeping The Case In the
            Northern District                                              21

       D.   Local Interest In Controversy                                  21

       E.   Litigation Costs                                               22

CONCLUSION                                                                 22

iii

1

**TABLE OF AUTHORITIES**

2

3

A.J. Industries, Inc. v. U.S. Dist. Ct.
    503 F.2d 384 (9th Cir. 1974)           21

4

Allegiance Healthcare Corp. v. London Intern. Group, PLC
    1998 WL 328624 (N.D. Cal. 1998)     12

5

6

Alltrade, Inc. v. Uniweld Products, Inc.
    946 F.2d 622 (9th Cir. 1991)           21

7

8

Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc.
    2006 WL 2868971 (N.D. Cal. 2006)    13

9

Ashmore v. N.E. Petroleum Div. of Cargill, Inc.
    925 F. Supp. 36 (D. Me. 1996)         16

10

11

Cambridge Filter Corp. v. Int'l Filter Co., Inc.
    548 F.Supp. 1308 (D. Nev. 1982)     21

12

13

Carolinas Cas. Co. v. Data Broadcasting Corp.
    158 F.Supp.2d 1044 (N.D. Cal. 2001)   7, 18

14

15

Center for Biological Diversity and Pacific Environment v. Kempthorne
    2007 WL 2023515 (N.D. Cal. 2007)    16

16

Church of Scientology v. United States Dep't of the Army
    611 F.2d 738 (9th Cir.1979)          21

17

18

Commercial Lighting Products, Inc. v. U.S. Dist. Court
    537 F.2d 1078 (9th Cir. 1976)         9

19

20

Contratto v. Ethicon, Inc.
    227 F.R.D. 304 (N.D. Cal. 2005)      9

21

22

Decker Coal Co. v. Commonwealth Edison Co.
    805 F.2d 834 (9th Cir. 1986)        7, 19

23

24

Deutsch v. Turner Corp.
    324 F.3d 692 (9th Cir. 2003)         20

25

26

Downing v. Abercrombie & Fitch
    265 F.3d 994 (9th Cir. 2001)         21

27

28

iv

E. & J. Gallo Winery v. F. & P.S.p.A.
    899 F.Supp. 465 (E.D.Cal. 1994)    7, 18

Effron v. Sun Line Cruises, Inc.
    67 F.3d 7 (2nd Cir. 1995)    16

Ellis v. Costco Wholesale Corp.
    372 F.Supp.2d 530 (N.D. Cal. 2005)    7

Fabus Corp. v. Asiana Exp. Corp.
    2001 WL 253185 (N.D. Cal. 2001)    12

Ferens v. John Deere Co.
    494 U.S. 516 (1990)    20

Flint v. UGS Corp.
    2007 WL 4365481 (N.D. Cal. Dec. 12, 2007)    13, 16, 18, 19

Florens Container v. Cho Yang Shipping
    245 F.Supp.2d 1086 (N.D. Cal. 2002)    10

Flotsam of California, Inc. v. Huntington Beach Conference and Visitors Bureau
    2007 WL 1152682 (N.D. Cal. 2007)    18

Forte Capital Partners v. Harris Cramer
    2007 WL 1430052 (N.D. Cal. 2007)    8

Galonis v. National Broadcasting Co., Inc.
    498 F.Supp. 789 (D. N.H. 1980)    17

Gaston v. Gottesman
    2007 WL 1114014 (N.D. Cal. 2007)    12

Gelber v. Leonard Wood Memorial For Eradication of Leprosy
    2007 WL 1795746 (N.D. Cal. 2007)    15, 17, 22

Gulf Oil Co. v. Gilbert
    330 U.S. 501 (1947)    7

IBM Corp. v. Bajorek
    191 F.3d 1033 (9th Cir. 1999)    20

Inherent.com v. Martindale-Hubbell
    420 F.Supp.2d 1093 (N.D. Cal. 2006)    8, 11

v

Heil v. Wells Fargo Bank
        2006 WL 2411416 (N.D. Cal. 2006)                                          12

Hoffman v. Blaski
        363 U.S. 335 (1960)                                                       8, 9

Jaco Environmental Inc. v. Appliance Recycling Centers of America, Inc.
        2007 WL 951274 (N.D. Cal. 2007)                                           11

Jonathan Browning, Inc. v. Venetian Casino Resort, LLC
        2007 WL 4532214  (N.D. Cal. Dec 19, 2007)                                 7

Jones v. GNC Franchising, Inc.
        211 F.3d 495 (9th Cir. 2000)                                              7

Jumara v. State Farm Ins. Co.
        55 F.3d 873 (3d Cir. 1995)                                                17

Lockman Found. v. Evangelical Alliance Mission
        930 F.2d 764 (9th Cir. 1991)                                              22

Lou v. Belzberg
        834 F.2d 730 (9th Cir. 1987)                                             11, 12

Lupiani v. Wal-Mart Stores, Inc.
        2003 WL 22416414 (N.D. Cal. 2003)                                         12

Maxon v. Jefferson Pilot Securities Corp.
        2002 WL 523575 (N.D. Cal. 2002)                                           12

MTS Systems Corp. v. Hysitron, Inc.
        2006 WL 2547698 (N.D. Cal. 2006)                                          12

Nelson v. Int'l Paint Co.
        716 F.2d 640 (9th Cir. 1983)                                              20

Pacific Car and Foundry Co. v. Pence
        403 F.2d 949 (9th Cir.1968)                                               11

Panetta v. SAP America, Inc.
        2005 WL 1774327 (N.D. Cal. 2005)                                          12

Pennsylvania Fire Ins. Co. v. Gold Issue M. & M. Co.
        243 U.S. 93 (1918)                                                        14

vi

Polizzi v. Cowles Magazines, Inc.
    345 U.S. 663 (1953)                                          14

Queentex Enterprises, Inc. v. Sara Lee Corp.
    2000 WL 246599 (N.D. Cal. 2000)                             18

Raynes v. Davis
    2007 WL 4145102 (C.D. Cal. 2007)                            20

Schwartz v. Upper Deck Co.
    183 F.R.D. 672 (S.D. Cal. 1999)                              9

Sec. & Exch. Comm'n v. Rose Fund, LLC
    2004 WL 2445242 (N.D. Cal. 2004)                            18

Shapiro v. Bonanza Hotel Co.
    185 F.2d 777 (9th Cir. 1950)                                 8

Slaughter v. Van Cleve
    2007 WL 4357567 (C.D. Cal. Dec. 10, 2007)                   14

Stuart v. Mobile ESPN
    2006 WL 2433416 (N.D. Cal. 2006)                            12

STX, Inc. v. Trik Stik, Inc.
    708 F.Supp. 1551 (N.D. Cal. 1988)                        13, 16

Sweet-Reddy v. Vons Companies Inc.
    2007 WL 841792 (N.D. Cal. 2007)                             12

Vatjay v. Sanovich
    1995 WL 381929 (N.D. Cal. 1995)                              9

Williamsv. Bowman
    157 F.Supp.2d 1103 (N.D. Cal. 2007)                      12, 18

Z-Rock Communications Corp. v. William A. Exline, Inc.
    2004 WL 1771569 (N.D. Cal. 2004)                            20

STATUTES

28 U.S.C.
.   § 1332(c)(2)                                                10
    § 1404(a)                                                *passim*
    § 1406                                                       7

vii

§ 1441(a)                                                          7, 14

California Code of Civil Procedure
    § 410.10                                                          14

TREATISES

Federal Civil Procedure Before Trial (2006) Hon. William W. Schwarzer, et al.
    § 4:789                                                           8

PLAINTIFFS' OPPOSITION TO DEFENDANT HONEYWELL INTERNATIONAL INC.'S MOTION TO
TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - NO. CV 07 6396 CW

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendant Honeywell International, Inc.'s ("Honeywell") motion to transfer venue under 28 U.S.C. § 1404(a) ("Section 1404(a)") on convenience grounds should be denied because Honeywell has failed to meet its heavy burden of making a strong showing with admissible evidence that the United States District Court for the District of Arizona ("Arizona") is both a proper and superior forum warranting disruption of plaintiffs' choice.

Honeywell's motion is an attempt to force fourteen plaintiffs from seven different states - consisting of servicemen and surviving family members - to litigate in a venue that they did not choose nor reside in. As a threshold matter, Honeywell has not established that Arizona is a proper transferee district because, while all defendants are subject to personal jurisdiction in this district, there is no evidence that all are subject to personal jurisdiction in Arizona. Consent to the transfer is not sufficient. Because there has been no showing of personal jurisdiction in Arizona, the motion should be denied.

Even if Arizona is a proper district, the motion should still be denied because Honeywell has not shown that Arizona is a superior forum. All fourteen plaintiffs, two of whom reside in California, have chosen to litigate in the United States District Court for the Northern District of California ("Northern District"), and Honeywell's motion seeks to move this case to a state that is only convenient to itself. Honeywell attempts to shift the focus of the Section 1404(a) analysis to whether the Northern District is a proper venue as opposed to whether Arizona is a more appropriate forum. That is for good reason, because Arizona has little connection with the subject lawsuit, as only one of the seventeen parties (Honeywell) have any connection there and no nonparty witnesses have been identified as

1

1  residing there.

2        Plaintiffs' choice of the Northern District is entitled to deference.  As an initial

3  matter, two of the plaintiffs reside in California.  Moreover, because of the unique posture

4  of this case - involving a multitude of plaintiffs and defendants from various states based

5  on a crash in Afghanistan - any district would be as convenient as any other.  This is not a

6

7  situation, such as presented in the cases cited by Honeywell, involving a few parties

8  battling over one or two districts.  Under the factual scenario here, because all fourteen

9  individual plaintiffs - two of whom reside in California - have chosen to litigate their case

10 in the Northern District, this choice of forum should be accorded deference in the Section

11 1404(a) analysis.

12

13        Honeywell has failed to meet its burden in making a strong showing that the

14 convenience of the parties favors transfer.  Plaintiffs have chosen to litigate in the Northern

15 District, two of the plaintiffs reside in California, and therefore plaintiffs' convenience

16 favors the Northern District.  Further, defendants are large companies who do business

17 throughout the United States, including the Northern District, and it is just as convenient

18 for them to litigate here as anywhere else.  Importantly, no plaintiff resides in Arizona.

19

20 And other than being a place where Honeywell has substantial contacts, Arizona has no

21 connection to the subject lawsuit.  Transfer therefore would only serve to inconvenience all

22 plaintiffs at the expense of providing convenience to Honeywell, which is not a sufficient

23

24 basis for transfer.

25        Honeywell states that it would be inconvenient for its own employees to travel to

26 the Northern District, but courts give the convenience of party employees little, if any,

27 weight.  Moreover, the employees of the other defendants admittedly do not reside in

28
                                                    2

Arizona, so it would be as convenient for them as the Northern District. Honeywell's claim that its relevant documents are located in Arizona is a red herring – as recent courts have recognized, modern imaging technology makes the actual physical location of documents less important. As such, the convenience of the parties does not favor transfer to Arizona.

In addition, Honeywell has provided conclusory allegations concerning nonparty witnesses. Although Honeywell is required to identify the names of the nonparty witnesses, identify where they are located, and explain the anticipated testimony and its relevance, Honeywell's motion fails to identify a single nonparty witness and instead speculates as to who the nonparty witnesses may be and where the nonparty witnesses may be located. As this is not a sufficient showing, the convenience of nonparty witnesses does not favor transfer.

Finally, the other factors courts consider either favor keeping the case in the Northern District or are neutral. For instance, California's choice of law will apply whether this case is in the Northern District or Arizona, and this Court is more familiar with such law. Honeywell notes that cases go to trial faster in the Northern District, so court congestion favors the Northern District. The fact that all plaintiffs consolidated their cases into one action in the Northern District weighs against transfer. Other factors – such as litigation costs – are neutral at best and therefore do not support transfer to Arizona.

Because Honeywell has not met its heavy burden in demonstrating that Arizona is a proper or superior district for transfer, Honeywell's motion should be denied.

## STATEMENT OF THE ISSUES

In a products liability action based on a helicopter crash that occurred in

3

Afghanistan, whether a moving defendant has met its heavy burden under Section 1404(a) to transfer an action from the chosen venue of all fourteen individual plaintiffs (including two Californians) to a venue where no plaintiffs reside and only one defendant has substantial contacts.

## FACTUAL BACKGROUND

### I.    THE HELICOPTER CRASH DID NOT OCCUR IN ARIZONA

On or about February 17/18, 2007, plaintiffs and/or plaintiffs' decedents (collectively "plaintiffs") were occupants and passengers on a Chinook MH47E helicopter bearing Tail #94-00472 ("subject helicopter") in the Shahjoi District of the Zabul Province, in southeastern Afghanistan.  (*See* Declaration of Brian J. Malloy ("Malloy Dec."), Exhibit A, Complaint for Wrongful Death, Bodily Injuries and Loss of Consortium, ¶ 1).  Plaintiffs allege that defects contained in the subject helicopter and its component parts caused the subject helicopter to suffer a sudden, unexpected loss of power, lose control, and crash to the ground, resulting in multiple deaths and severe bodily injuries.  (*See id.*).

### II.   NO PLAINTIFFS RESIDE IN ARIZONA AND TWO PLAINTIFFS RESIDE IN CALIFORNIA

Plaintiffs in this product liability action are six of the servicemen who were severely injured and the surviving heirs of four of the servicemen killed in the crash. There are fourteen plaintiffs in total, residing from seven different states: California, North Carolina, Illinois, Alabama, Georgia, Florida, and Iowa.  (Malloy Dec., ¶ 2).  As Honeywell's motion demonstrates, none of the fourteen plaintiffs reside in Arizona, nor did any of the decedents reside in Arizona.  (*See* Motion 3:24-4:16; *see also* Declaration of William V. O'Connor In Support of Honeywell International Inc.'s Motion to Transfer

4

1    Venue ("O'Connor Dec.") at ¶¶ 2-8).  All plaintiffs chose to file one action in the San

2    Francisco Superior Court, within the Northern District.  (Malloy Dec., Exhibit A).

3    **III. ALL DEFENDANTS DO BUSINESS IN CALIFORNIA, HAVE FILED**
4    **ANSWERS IN THIS DISTRICT AND NO DEFENDANT OTHER THAN**
      **HONEYWELL HAS SUBSTANTIAL CONTACTS WITH ARIZONA**
5
6        Plaintiffs filed suit against, *inter alia*, Honeywell, The Boeing Company

7    ("Boeing") and Goodrich Pump and Engine Control Systems, Inc. ("Goodrich").[1] The

8    defendants conduct business in California and have designated agents for service of

9    process in California.  (*See* Malloy Dec., Exhibit B (Honeywell's California corporate

10   information filing); Exhibits C (Boeing's California corporate information filing); Exhibit

11   D (Amended Answer of Defendant The Boeing Company, ¶ 14); Exhibits E, F (Goodrich's

12
13   California corporate information filing and disclosure statements).  All three defendants

14   have filed Answers to plaintiffs' complaint.  (*See* Malloy Dec., Exhibit D (Boeing);

15   Exhibit G (Honeywell); Exhibit H (Goodrich)).

16
17       According to Honeywell's motion, the other defendants are neither incorporated in

18   nor have their principal place of business in Arizona.  (Motion at 4:22-25 and Declaration

19   of Peter B. Baker In Support of Honeywell International Inc.'s Motion to Transfer Venue

20   ("Baker Dec.") at ¶ 3) (Boeing is a Delaware corporation with principal place of business

21   in Illinois; Motion at 4:27-5:2 and Baker Dec. ¶ 4 (Goodrich is a Delaware corporation

22   with principal place of business in Connecticut)).  Honeywell is neither incorporated in nor

23   has its principal place of business in Arizona either.  (Baker Dec. ¶ 2).

24

25

26

27   ────────────────────
     [1] Goodrich states that it was erroneously named in the complaint as Goodrich Corporation
28   and BF Goodrich Aerospace.

                                          5
     ─────────────────────────────────────────────────────────────

**IV. ARIZONA HAS NO CONNECTION WITH THIS LAWSUIT OTHER THAN BEING CONVENIENT FOR HONEYWELL**

According to Honeywell's motion, the remaining helicopter parts are not located in Arizona. (Motion at 5:18-23 and Declaration of Marlin Kruse In Support of Honeywell International Inc.'s Motion to Transfer Venue ("Krus Dec.") at ¶ 7 (location is Fort Campbell, Kentucky)). Also according to Honeywell's motion, the United States Army's investigation of the crash is not based out of Arizona. (Motion at 5:13-17; Krus Dec. ¶ 6).

The only contact this action has with Arizona appears to be that it is the location of documents related to the design and manufacture of portions of the subject helicopter and Honeywell employees involved in the United States Army's investigation of the crash. (*See* Baker Dec. ¶¶ 12-13; Krus Dec. ¶ 10). There is no evidence that anyone involved in the actual design or manufacture the subject helicopter or its parts are still employed by Honeywell or live in the Phoenix area. (*See* O'Connor Dec.; Baker Dec.; Krus Dec.). The documents Boeing attached in support of Notice of Removal - the United States Army, Material Inspection and Receiving Report Form DD250 - make no mention of Arizona. (*See* Malloy Dec., Exhibit I).

## LEGAL ARGUMENT

**I. HONEYWELL BEARS THE BURDEN OF MAKING A STRONG SHOWING WITH ADMISSIBLE EVIDENCE THAT TRANSFER TO ANOTHER DISTRICT IS WARRANTED**

Honeywell's motion to transfer is brought under Section 1404(a) which provides, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

6

brought."[2]  Honeywell, as the party moving to transfer, bears the burden of proving the case could have been brought in the forum to which transfer is sought, that the inconvenience of litigating in this forum favors transfer, and that transfer to another district is appropriate.  *See Carolinas Cas. Co. v. Data Broadcasting Corp.,* 158 F.Supp.2d 1044, 1047-48 (N.D. Cal. 2001); *E. & J. Gallo Winery v. F. & P.S.p.A.,* 899 F.Supp. 465, 466 (E.D. Cal. 1994).

Honeywell's burden is a heavy one.  "A 'defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.'" *Ellis v. Costco Wholesale Corp.,* 372 F.Supp.2d 530, 537 (N.D. Cal. 2005) (quoting *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986) (emphasis supplied); *see also Jonathan Browning, Inc. v. Venetian Casino Resort, LLC,* 2007 WL 4532214, *7 (N.D. Cal. Dec 19, 2007) (defendant has a "heavy burden of establishing the inconvenience of litigating in this forum").  In determining whether defendant has met its burden in establishing that transfer is appropriate, the Court considers a number of factors, including: (1) the plaintiffs' choice of forum; (2) the convenience of the parties; (3) the convenience of witnesses; (4) the familiarity of the forum with the applicable law; (5) the ease of access to evidence; (6) any local interest in the controversy (7) the relative court congestion and time to trial in each forum; (8) contacts with the forum; and (9) differences in the costs of litigation in the two forums.  *See Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 508-09 (1947) (superseded by statute on other grounds); *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000).

---

[2] As Honeywell (and other defendants) removed this case to the Northern District, the Northern District is a proper venue (*see* 28 U.S.C. § 1441(a)), and Honeywell is not moving to dismiss for improper venue pursuant to 28 U.S.C. § 1406.

To meet this heavy burden, Honeywell cannot make conclusory allegations but "must present affidavits or declarations to establish the facts supporting transfer." *Forte Capital Partners v. Harris Cramer*, 2007 WL 1430052, *2 (N.D. Cal. 2007) (citing Hon. William W. Schwarzer, et al., *Federal Civil Procedure Before Trial,* §§ 4:789 (2006)). "The affidavits or declarations must be admissible evidence of the facts involved- *i.e.,* nonhearsay statements by a competent witness." *Id.* "Conclusory declarations are not sufficient." *Id.* (citations omitted). "A party seeking a transfer cannot rely on vague generalizations as to the convenience factors." *Id.* "The party is obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include." *Id.*

As set forth below, Honeywell has failed to meet its burden that transfer to Arizona is warranted and therefore this motion should be denied.

## II. THE DISTRICT OF ARIZONA IS NOT A PROPER DISTRICT BECAUSE THERE IS NO SHOWING THAT ALL DEFENDANTS ARE SUBJECT TO PERSONAL JURISDICTION IN THAT DISTRICT

As Honeywell points out, the threshold question for transfer is "whether the case could have been brought in the forum to which the transfer is sought." (Motion at 7 fn. 7) (citing *Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1098 (N.D. Cal. 2006)). This requires three showings: (1) the proposed district would have had subject matter jurisdiction; (2) the defendants would have been subject to personal jurisdiction in the proposed district; and (3) venue would have been proper in the proposed district. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *see also Shapiro v. Bonanza Hotel Co.*, 185 F.2d 777 (9th Cir. 1950). Honeywell only asserts that venue would have been proper in Arizona. (Motion at 7 fn. 7).

8

Notably, Honeywell has not made a showing that all defendants would be subject to personal jurisdiction in Arizona. The submitted evidence shows that, while Honeywell may have substantial contacts with Arizona, the other two defendants are neither incorporated in nor have their principal place of business in Arizona. (*See* Motion at 4:22-25 and Baker Dec. at ¶ 3) (Boeing is a Delaware corporation with principal place of business in Illinois; Motion at 4:27-5:2 and Baker Dec. ¶ 4 (Goodrich is a Delaware corporation with principal place of business in Connecticut)). Nor is there any evidence about the contacts Boeing or Goodrich have with Arizona. In contrast, defendants are subject to personal jurisdiction in this district because, *inter alia*, each of the defendants have filed an Answer either in this Court or in the San Francisco Superior Court. (*See* Malloy Dec., Exhibit D (Boeing); Exhibit G (Honeywell); Exhibit H (Goodrich)).

Honeywell may respond that all other defendants have joined in the instant motion. However, defendants' consent to the transfer is not sufficient. *Hoffman*, 363 U.S. at 342-44; *Commercial Lighting Products, Inc. v. U.S. Dist. Court*, 537 F.2d 1078, 1079 (9th Cir. 1976) ("The defendants' consent to the transfer is irrelevant."); *Vatjay v. Sanovich*, 1995 WL 381929, *1 (N.D. Cal. 1995). Instead, the test is whether plaintiffs had the right to bring the action in the proposed forum at the time suit was initiated. Because there is no evidence that all defendants are subject to personal jurisdiction in Arizona, this motion should be denied.[3]

---

[3] Any new evidence submitted with Honeywell's reply may be disregarded. *See Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 309 fn.5 (N.D. Cal. 2005); *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999).

9

**III. THE CHOICE OF THE FOURTEEN PLAINTIFFS – TWO OF WHOM RESIDE IN CALIFORNIA AND NONE OF WHOM RESIDE IN ARIZONA – TO LITIGATE IN THE NORTHERN DISTRICT IS ENTITLED TO DEFERENCE**

Even if Arizona is a proper district, Honeywell's motion should still be denied. A plaintiff's choice of forum generally holds substantial weight, and courts will not grant a motion under Section 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of transfer. *Florens Container v. Cho Yang Shipping,* 245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002). Honeywell asserts that because none of the plaintiffs reside in the Northern District and none of the operative facts occurred in the Northern District that this choice by all fourteen plaintiffs should be given little or no deference.  (Motion at 9:11-12:2). As set forth below, plaintiffs' choice of forum is entitled to deference because of the sheer number of plaintiffs who have opted to litigate in the Northern District.

As an initial matter, two of the plaintiffs, Deborah Getz and Rodney Thomas, reside in California.[4] Honeywell attempts to downplay this fact by stating that the residency of the actual plaintiffs who are the legal representatives has no relevance in a Section 1404(a) analysis. (Motion at 2:3-11, 10 fn.10 (citing 28 U.S.C. § 1332(c)(2)). But 28 U.S.C. § 1332(c)(2) simply refers to what constitutes "citizenship" for diversity of citizenship jurisdiction and removal purposes. *See* 28 U.S.C. § 1332(c) ("For the purposes of this section and section 1441 of this title"). It says nothing about the relevancy of the actual residency of the actual parties bringing a claim as the legal representatives in a Section 1404(a) analysis. Certainly it is proper for the Court to consider that Deborah Getz

---

[4] Deborah Getz resides in Roseville, California and Rodney Thomas resides in Lincoln, California. (Malloy Dec., ¶ 2). While neither are in the Northern District, both are only approximately 100-110 miles from Oakland. (*See* http://www.mapquest.com/directions).

10

and Rodney Thomas reside in California close to the Northern District and therefore it is more convenient for them to litigate in California than Arizona. This fact weighs strongly in favor of deference to plaintiffs' choice of forum.

Plaintiffs' choice of the Northern District is further entitled to deference due to its unique situation in that fourteen plaintiffs[5] have chosen one district in which to litigate. Where, as here, there are a multitude of plaintiffs from different states who have all chosen to litigate in one forum, that choice should be entitled to substantial deference. Significantly, this is not a case where there is a single plaintiff and a single defendant, such as *Pacific Car and Foundry Co. v. Pence,* 403 F.2d 949 (9th Cir.1968), upon which Honeywell relies. (*See* Motion at 9, 11, and 18). Instead, as Honeywell's motion describes, the fourteen plaintiffs have residences in several states. Notably, <u>not a single plaintiff resides in Arizona</u>. Rather than file a multitude of individual lawsuits throughout the United States, plaintiffs have chosen to file one action in one federal court, in order to save costs, time, and judicial economy. This fact alone distinguishes this case from the other cases where the plaintiff did not reside in the chosen forum.

The other cases Honeywell relies up (Motion at 10:7-11:25) are likewise not applicable because they only involve a few parties - oftentimes with no connection to California - and do not as here involve fourteen individual plaintiffs - two of whom reside in California - who have chosen one district. *See Inherent.com,* 420 F.Supp.2d 1093 (1 entity plaintiff and 2 entity defendants); *Jaco Environmental Inc. v. Appliance Recycling*

---

[5] Although this case involves multiple plaintiffs, it is not a class action and therefore the Court should not discount plaintiffs' choice of forum on that basis. *Compare Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987) (noting that plaintiff's choice of forum in a class action is given less deference).

11

*Centers of America, Inc.*, 2007 WL 951274 (N.D. Cal. 2007) (3 entity plaintiffs and 2 entity defendants; similar suit pending in transferor district); *Sweet-Reddy v. Vons Companies Inc.*, 2007 WL 841792 (N.D. Cal. 2007) (1 plaintiff and 1 entity defendant); *MTS Systems Corp. v. Hysitron, Inc.*, 2006 WL 2547698 (N.D. Cal. 2006) (1 entity plaintiff and 1 entity defendant; both parties incorporated and principal place of business in and actions occurred in transferor district);  *Williams v. Bowman*, 157 F.Supp.2d 1103 (N.D. Cal. 2001) (1 plaintiff and 5 public official defendants); *Fabus Corp. v. Asiana Exp. Corp.*, 2001 WL 253185 (N.D. Cal. 2001) (6 entity plaintiffs and 2 entity defendants); *Allegiance Healthcare Corp. v. London Intern. Group, PLC*, 1998 WL 328624 (N.D. Cal. 1998) (1 entity plaintiff and 3 entity defendants); *Panetta v. SAP America, Inc.*, 2005 WL 1774327 (N.D. Cal. 2005) (1 individual plaintiff from Georgia and 1 entity defendant from Pennsylvania); *Gaston v. Gottesman*, 2007 WL 1114014 (N.D. Cal. 2007) (2 plaintiffs and 3 defendants); *Heil v. Wells Fargo Bank*, 2006 WL 2411416 (N.D. Cal. 2006) (2 individual plaintiffs and 1 entity defendant); *Stuart v. Mobile ESPN*, 2006 WL 2433416 (N.D. Cal. 2006) (2 individual plaintiffs and 2 entity defendants); and *Maxon v. Jefferson Pilot Securities Corp.*, 2002 WL 523575 (N.D. Cal. 2002) (1 individual plaintiff and 3 defendants).

The one case Honeywell cites that on the surface appears to involve a substantial number of parties, *Lupiani v. Wal-Mart Stores, Inc.*, 2003 WL 22416414 (N.D. Cal. 2003), was a proposed nationwide class action, and in such cases courts do not give the plaintiff's choice much deference. *See Lou,* 834 F.2d at 739.  Moreover, none of the six named plaintiffs in *Lupiani* resided in California, and all twenty-two defendants were Wal-Mart-related entities and persons residing in Arkansas.

12

1    Because all fourteen plaintiffs - including two Californians - have chosen this one

2  forum, this choice is entitled to deference and weighs heavily in favor of denying

3  Honeywell's motion.

### IV. HONEYWELL HAS NOT MADE A STRONG SHOWING THAT THE CONVENIENCE OF THE PARTIES FAVORS TRANSFER TO THE DISTRICT OF ARIZONA

#### A. Plaintiffs' Convenience Is In The Northern District Where They Seek To Litigate and Not In Arizona Where None Reside

9    Honeywell asserts that transfer of this matter will serve the convenience of the

10  parties, including all the plaintiffs who oppose the instant motion.  (Motion at 12:6-25).

11  But all fourteen plaintiffs have <u>chosen</u> to litigate this action in the Northern District, and

12  two of the plaintiffs reside in California. This fact, by itself, refutes defendant's claim that

13  Arizona would more convenient than the Northern District. *See Flint v. UGS Corp.*, 2007

14  WL 4365481, *3 (N.D. Cal. Dec. 12, 2007) ("Plaintiff actively chose to bring this case

15  within the Northern District, and the Court regards that decision as an implicit rejection of

16  Defendant's hypothesis.").  Moreover, as set forth above, none of the plaintiffs reside in

17  Arizona.

18

19    Under this scenario where all plaintiffs seek to litigate in the Northern District and

20  all defendants seek to litigate in another district, transferring this case to Arizona "would

21  simply be transferring the inconvenience of one party to the other party." *Applied*

22  *Elastomerics, Inc. v. Z-Man Fishing Products, Inc.*, 2006 WL 2868971, *4 (N.D. Cal.

23  2006) (citing *STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp. 1551, 1556 (N.D. Cal. 1988) ("If the

24  gain to convenience to one party is offset by the added inconvenience to the other, the

25  courts have denied transfer of the action.")).  As this is not a basis to grant a Section

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT HONEYWELL INTERNATIONAL INC.'S MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT- NO. CV 07 6396 CW

1404(a) motion, this factor weighs against transfer.

### B. Defendants Are Large Companies Doing Business Throughout the United States – Including the Northern District – and Their Employees' Convenience Is Given Little, If Any, Weight

The Northern District is a proper forum because Honeywell and all other defendants do business and are subject to personal jurisdiction here. (*See* Malloy Dec., Exhibits B-H); *see also* California Code of Civil Procedure § 410.10; *Pennsylvania Fire Ins. Co. v. Gold Issue M. & M. Co.* (1918) 243 U.S. 93. Moreover, by removing this case from the San Francisco Superior Court to the district embracing the place where this action was pending, venue is proper in the Northern District. *See* 28 U.S.C. § 1441(a) (proper venue for a removed action is "the district court of the United States for the district and division embracing the place where such action is pending"); *Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665-66 (1953); *Slaughter v. Van Cleve*, 2007 WL 4357567 (C.D. Cal. Dec. 10, 2007).

Nevertheless, the Section 1404(a) test focuses on <u>Arizona</u> and whether Honeywell has made a strong showing that Arizona is an appropriate forum, not whether the Northern District is an improper venue. But by its own motion, Honeywell demonstrates that, other than being a convenient forum for Honeywell, Arizona has little connection with the other parties, nonparty witnesses, or other information related to this action. As to the parties, Honeywell's motion concedes that none of the fourteen plaintiffs are from Arizona. (*See* Motion 3:24-4:16; *see also* O'Connor Dec. at ¶¶ 2-8). Honeywell's motion further concedes that the other defendants are neither incorporated in nor have their principal place of business in Arizona. (Motion at 4:22-25 and Baker Dec. at ¶ 3) (Boeing is a Delaware corporation with principal place of business in Illinois; Motion at 4:27-5:2 and Baker Dec.

14

¶ 4 (Goodrich is a Delaware corporation with principal place of business in Connecticut)).

Thus, only a mere one of the seventeen parties in this action has a connection to Arizona.

As to nonparty witnesses and documents, Honeywell acknowledges that the remaining helicopter parts are not located in Arizona. (Motion at 5:18-23 and Krus Dec. at ¶ 7 (location is Fort Campbell, Kentucky)). Moreover, Honeywell acknowledges that the United States Army's investigation of the crash is not based out of Arizona. (Motion at 5:13-17; Krus Dec. ¶ 6).

The only basis Honeywell has for transfer to Arizona is that several Honeywell employee witnesses who were purportedly involved in the design and manufacture of parts of the subject helicopter as well as relevant documents are located in the Phoenix, Arizona area. (*See* Motion at 6:3-22). First, there is no evidence that those who were involved in the <u>actual</u> design and manufacture of the parts of the subject helicopter are still employed by Honeywell and/or live in Phoenix. (*See* Baker Dec.; Krus Dec.). The most that can be said from these two declarations is that Honeywell employees involved in the <u>United States Army's investigation</u> of the crash are located Phoenix. (*See* Baker Dec. ¶ 12; Krus Dec. ¶ 10). But there is no indication these two employees actually designed or manufactured the subject helicopter parts, nor do their declarations name any additional employees who were involved in the actual design and manufacturer.

More importantly, even if those who designed and manufactured the subject helicopter parts are still employees of Honeywell and reside in Arizona, this purported inconvenience of Honeywell's employees should be heavily discounted and given little weight. "The convenience of Defendants' party witnesses are entitled to little weight because the witnesses are employees of the party seeking transfer, and Defendants will be

15

1    able to compel their testimony at trial." *Gelber v. Leonard Wood Memorial For*

2    *Eradication of Leprosy*, 2007 WL 1795746, *3 (N.D. Cal. 2007); *see also STX, Inc.*, 708

3
     F.Supp. at 1556 (discounting the convenience to the defendant's employees because they
4
5    could be compelled to testify.); *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 10 (2nd Cir.

6    1995) (holding "forum is not necessarily inconvenient because of its distance from

7    pertinent parties or places if it is readily accessible in a few hours of air travel"); *Ashmore*

8    *v. N.E. Petroleum Div. of Cargill, Inc.*, 925 F. Supp. 36, 38 (D. Me. 1996) ("a defendant's
9
     motion to transfer under section 1404(a) may be denied when the witnesses are employees
10
11   of the defendant and their presence may be obtained by the party").

12        Even if the Court were to give this factor weight as to Honeywell's employees,

13   there is no evidence that the other defendants' employees reside in Arizona. (Motion at

14
     4:22-5:2; *see also* Baker Dec. ¶¶ 3, 4). Thus, Arizona only serves to provide a convenient
15
16   forum for Honeywell's employees.

17        As to the location of documents, modern imaging and copying of documents makes

18   production of documents much easier and the importance of their physical location greatly

19   reduced. *See Center for Biological Diversity and Pacific Environment v. Kempthorne*,

20   2007 WL 2023515, *5 (N.D. Cal. 2007) ("documentary evidence is as easily provided in

21   one venue as another, especially in this age of electronic transmission"); *Flint*, 2007 WL
22
23   at *3 ("Defendant fails, however, to demonstrate the extent of necessary evidence, whether

24   the evidence is composed of hard copies which would need to be reproduced and moved,

25   or whether the evidence is electronic in form and could be reproduced in physical form at

26   any location. [citation]. The Court is not persuaded that transfer would make production of
27
28   physical evidence more convenient."). Therefore, the location of Honeywell's documents

                                              16

should be given little, if any, weight.

Honeywell also states that the subject helicopter was designed and manufactured for use by the United States military, and that Honeywell's part in this process was performed in Phoenix, Arizona. (*See* Motion at 7:20-8:19). However, the documents Boeing attached in support of Notice of Removal - the United States Army, Material Inspection and Receiving Report Form DD250 - make no mention of Arizona, much less Phoenix. (*See* Malloy Dec., Exhibit I).

Finally, it should not go unnoticed that plaintiffs are fourteen individuals, two of whom reside in California, and defendants are large companies which all do business throughout the United States. In ruling on a Section 1404(a) motion, "a court may consider the 'convenience of the parties as indicated by their relative physical and financial condition.'" *Gelber*, 2007 WL at *4 (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *see also Galonis v. National Broadcasting Co., Inc.*, 498 F.Supp. 789 (D. N.H. 1980) (denying transfer motion where plaintiffs were from Pennsylvania and defendants were from New York, in part because defendants had financial ability to litigate action in New Hampshire and key witnesses located in New York were presently employed by defendants and thus could be compelled to testify in New Hampshire). Here, all defendants are in a better position to absorb the costs of litigating in the Northern District than plaintiffs would be in having to litigate in Arizona. Thus, this factor weighs against transfer.

### C. The Bar Admittance of Some of Plaintiffs' Counsel Is Irrelevant

Although Honeywell's motion notes that some of plaintiffs' counsel are members of the Arizona bar, Honeywell cites no authority for the relevancy of the bar admissions of

17

counsel in a transfer analysis. (*See* Motion at 4:17-21; 11:10-12). That is because the jurisdictions where plaintiffs' attorneys are admitted is irrelevant and not considered in the Section 1404(a) analysis. *See E. & J. Gallo,* 899 F.Supp. at 466.

### V. HONEYWELL HAS NOT MADE A STRONG SHOWING THAT THE CONVENIENCE OF WITNESSES FAVORS TRANSFER TO THE DISTRICT OF ARIZONA

Honeywell may not rely upon conclusory allegations to meet its burden on whether Arizona would be more convenient for nonparty witnesses than the Northern District. Instead, "[a] defendant seeking to transfer a case must name witnesses, identify where witnesses are located, and explain the anticipated testimony and its relevance." *Flint*, 2007 WL at *4 (citing *Carolina Cas. Co. v. Data Broad. Corp.,* 158 F.Supp.2d 1044, 1049 (N.D.Cal.2001) and *Williams,* 157 F.Supp.2d at 1108); *see also Sec. & Exch. Comm'n v. Rose Fund, LLC,* 2004 WL 2445242, *3 (N.D. Cal. 2004) ("To demonstrate an inconvenience to witnesses, the moving party must identify relevant witnesses, state their location, and describe their testimony and its relevance."). Moreover, courts give primary consideration to nonparty witnesses, as opposed to witnesses who are employees of a party to the litigation. *Queentex Enterprises, Inc. v. Sara Lee Corp.,* 2000 WL 246599, *5 (N.D. Cal. 2000).

Although courts have referred to the convenience of witnesses as often "the most significant factor," *see Flotsam of California, Inc. v. Huntington Beach Conference and Visitors Bureau,* 2007 WL 1152682, *3 (N.D. Cal. 2007), <u>Honeywell has failed to meet its burden on this factor by not referring to a single, nonparty witness.</u> (*See* Motion at 12:26-15:2; *see also* Baker Dec. (no nonparty witnesses are identified); Krus Dec. (no nonparty witnesses are identified); O'Connor Dec. (no nonparty witnesses are identified)).

18

Honeywell's contentions about the presumed identity and location of nonparty witnesses are speculation because none of these statements are supported by any – much less admissible – evidence. For instance, Honeywell claims that United States Army witnesses "<u>presumably</u> reside" in various places other than the Northern District. (Motion at 14:22) (emphasis supplied). Honeywell further makes conclusory statements about plaintiffs' "medical providers, employers, accountants, and rescue personnel" but does not identify a single one. (Motion at 14:6-7).

Honeywell has failed to identify the actual name of any nonparty witness, identify where the named, nonparty witnesses are located, or explain the anticipated testimony and its relevance for the nonparty witnesses. *See Flint*, 2007 WL at *4. This information is required because, for example, without knowing the identities of the nonparty, non-California witnesses, plaintiffs are unable to contact them to see how important their testimony may be and to determine if they would willing to voluntarily come to California. Indeed, plaintiffs cannot even determine whether these unidentified witnesses would be willing to voluntarily come to Arizona to testify. Accordingly, because there is no evidence before the Court concerning convenience of nonparty witnesses, this factor weighs against transfer. *See id.* at *5.

## VI. HONEYWELL HAS NOT MADE A STRONG SHOWING THAT OTHER FACTORS FAVOR TRANSFER TO THE DISTRICT OF ARIZONA

The other factors considered in a Section 1404(a) analysis either favor the Northern District or are neutral, and therefore weigh in favor of denying this motion.

### A. Honeywell's Motion Concedes That The Northern District Is Less Congested Than Arizona

"Court congestion," also a factor in the transfer analysis, *see Decker Coal Co.*, 805

19

F.2d at 843, favors the Northern District. As Honeywell's motion point out, cases go to trial faster in the Northern District than in Arizona. (*See* Motion at 18 fn. 12) (noting that median time to trial in Arizona is 31.5 months and median time to trial in the Northern District is 27 months)). This factor weighs in favor of the Northern District.

### B. The Northern District Is More Familiar With California Choice of Law Rules, Which Will Govern What Substantive Law Applies

As this is a Section 1404(a) transfer for convenience, California choice of law rules apply even if this case is transferred to Arizona. *See Ferens v. John Deere Co.,* 494 U.S. 516 (1990) (transferee court shall "apply the law of the transferor court, regardless of who initiates the transfer"); *IBM Corp. v. Bajorek,* 191 F.3d 1033, 1036-37 (9th Cir. 1999) ("[t]he rule that in a transferred case, the transferor state's choice of law rules apply"); *Nelson v. Int'l Paint Co.,* 716 F.2d 640, 643 (9th Cir. 1983); *Raynes v. Davis,* 2007 WL 4145102, *4 (C.D. Cal. 2007) ("California choice-of-law rules would govern the case should it be transferred to New York. Thus, this factor weighs slightly against transfer."); *Z-Rock Communications Corp. v. William A. Exline, Inc.,* 2004 WL 1771569, *5 (N.D. Cal. 2004) ("When a case is transferred on grounds of convenience pursuant to 28 U.S.C. 1404(a), the transferee court must apply the original transferor court's choice-of-law rules."). As this Court is more familiar with California law than the Arizona courts, this factor weighs in favor of denying defendant's motion.

Moreover, there is a strong possibility that California substantive product liability law will apply. California courts apply the "governmental interest standard" to determine whether California or a foreign law should govern. *Deutsch v. Turner Corp.,* 324 F.3d 692, 716 (9th Cir. 2003). California courts favor applying California law, and the foreign

20

law proponent has the burden in a three-step analysis: "(1) the court examines the substantive laws of each jurisdiction to determine whether the laws differ as applied to the relevant transaction, (2) if the laws do differ, the court must determine whether a true conflict exists in that each of the relevant jurisdictions has an interest in having its law applied, and (3) if more than one jurisdiction has a legitimate interest . . . the court [must] identify and apply the law of the state whose interest would be more impaired if its law were not applied." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1005 (9th Cir. 2001) (internal quotation marks and citations omitted).   This Court is also more familiar with California product liability law.

**C.  Consolidation of Claims Favors Keeping The Case In the Northern District**

"The feasibility of consolidation is a significant factor in deciding a transfer motion." *Cambridge Filter Corp. v. Int'l Filter Co., Inc.,* 548 F.Supp. 1308, 1312 (D. Nev. 1982); *see also A.J. Industries, Inc. v. U.S. Dist. Ct.,* 503 F.2d 384, 389 (9th Cir. 1974). The first-to-file rule promotes efficiency and "'should not be disregarded lightly.'" *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. United States Dep't of the Army,* 611 F.2d 738, 750 (9th Cir.1979)).  Here, all fourteen plaintiffs have chosen to file their actions in the Northern District in one case rather than file separate actions throughout the United States.  Had plaintiffs chosen the latter, defendants would have certainly moved to consolidate the actions within one federal district.  Plaintiffs' decision to file one case in the Northern District - which promotes judicial economy by having coordinated proceedings among all these individual cases – favors keeping the case in this district.

**D. Local Interest In Controversy**

"California has a strong public interest in deciding controversies involving its citizens." *Gelber*, 2007 WL at *5 (citing *Lockman Found. v. Evangelical Alliance Mission,* 930 F.2d 764, 771 (9th Cir. 1991). Two of the plaintiffs are California residents. Although the other plaintiffs and defendants reside from other states, the multitude of jurisdictions that could have an interest is such that California's interest should be treated just as equal as others. This factor is neutral, which therefore does not favor transfer.

**E. Litigation Costs**

As the plaintiffs, defendants, and presumably nonparty witnesses live in various states throughout the country, this factor is at best neutral, which therefore does not favor transfer. Moreover, as set forth above, defendants are large companies who can better absorb litigation costs than plaintiffs, *see Gelber*, 2007 WL at *4, which favors denial.

## CONCLUSION

Because Honeywell has failed to meet its heavy burden in making a strong showing that Arizona is a more appropriate forum, the Court should deny the motion to transfer.


Dated:  January 31, 2008          THE BRANDI LAW FIRM


By:  /s/ Thomas J. Brandi
          THOMAS J. BRANDI
          Attorney for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANT HONEYWELL INTERNATIONAL INC.'S MOTION TO
TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT- NO. CV 07 6396 CW