# EXHIBIT A

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 5 - 2007

GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

MAR 7 - 2008 - 9:00 AM

DEPARTMENT 212

1 | THE BRANDI LAW FIRM
2 | THOMAS J. BRANDI #53208
DANIEL DELL'OSSO #118203
3 | CASEY A. KAUFMAN #232257
BRIAN J. MALLOY # 234882
4 | 44 Montgomery Street, Suite 1050
San Francisco, CA 94104
5 | Telephone: (415) 989-1800 Facsimile: (415) 989-1801

6 | JAMES R. DONAHUE, #105106
CAULFIED DAVIES & DONAHUE
7 | 80 Iron Point Circle, # 105
Folsom, CA 95630
8 | Telephone: (916) 817-2900 Facsimile: (916) 817-2644

9 | Attorneys for Plaintiffs

10 | COURT OF UNLIMITED JURISDICTION OF THE STATE OF CALIFORNIA

11 | COUNTY OF SAN FRANCISCO

12 |
DEBORAH GETZ, individually and as a ) NO. CGC07 - 467912
13 | surviving heir of decedent KRISTOFER D. S. )
THOMAS; RODNEY THOMAS, individually )
14 | and as a surviving heir of decedent, ) COMPLAINT FOR WRONGFUL
KRISTOFER D. S THOMAS; MARY ) DEATH; BODILY INJURIES; AND
15 | DUFFMAN, individually and as a surviving ) LOSS OF CONSORTIUM
heir of decedent, SCOTT E. DUFFMAN; ) 1. NEGLIGENCE - PRODUCT
16 | SOPHIA DUFFMAN, a minor, individually ) LIABILITY
and as a surviving heir of decedent SCOTT E. ) 2. STRICT PRODUCT LIABILITY
17 | DUFFMAN, by and through her Guardian ad ) 3. BREACH OF EXPRESS AND
Litem, MARY DUFFMAN; CHRISTINE ) IMPLIED WARRANTY
18 | VAUGHN, individually and as a surviving )
heir of decedent, TRAVIS R. VAUGHN; )
19 | BRAD VAUGHN, individually and as a ) DEMAND FOR JURY TRIAL
surviving heir of decedent, TRAVIS R. )
20 | VAUGHN; JILL GARBS, individually and as )
a surviving heir of decedent RYAN GARBS; )
21 | DOUG GARBS, individually and as a )
surviving heir of decedent, RYAN GARBS; )
22 | JORDAN LANHAM; JERRY GOLDSMITH; )
RYANNE NOSS, individually and as spouse )
23 | of SCOT NOSS; TIMOTHY BRAUCH; )
CHRIS TRISKO, MARK  DANIEL )
24 | HOUGHTON, )
)
25 | Plaintiffs, )
)
26 | )
vs. )
27 | )

28 |

1

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1  | THE BOEING COMPANY, a corporation; )
2  | HONEYWELL INTERNATIONAL, INC., a )
3  | corporation; GOODRICH CORPORATION, a )
   | corporation; BF GOODRICH AEROSPACE; )
4  | CHANDLER EVANS CONTROL )
   | SYSTEMS; GENERAL ELECTRIC and )
5  | DOES 1 through 200, inclusive, )
6  |                                         )
   |                  Defendants.            )
7  |

8    COME NOW Plaintiffs DEBORAH GETZ, individually and as a surviving heir of

9    decedent KRISTOFER D. S.THOMAS; RODNEY THOMAS, individually and as a

10   surviving heir of decedent, KRISTOFER D. S. THOMAS; MARY DUFFMAN,

11   individually and as a surviving heir of decedent, SCOTT E. DUFFMAN; SOPHIA

12   DUFFMAN, a minor, individually and as a surviving heir of decedent SCOTT E.

13

14   DUFFMAN, by and through her Guardian ad Litem, MARY DUFFMAN; CHRISTINE

15   VAUGHN, individually and as a surviving heir of decedent, TRAVIS R. VAUGHN;

16   BRAD VAUGHN, individually and as a surviving heir of decedent, TRAVIS R.

17   VAUGHN; JILL GARBS, individually and as a surviving heir of decedent RYAN

18   GARBS; DOUG GARBS, individually and as a surviving heir of decedent, RYAN

19

20   GARBS, JORDAN LANHAM, individually; JERRY GOLDSMITH, individually; and

21   RYANNE NOSS, individually and as spouse of SCOT NOSS, TIMOTHY BRAUCH,

22   (hereinafter referred to collectively as "Plaintiffs"), and hereby complain of Defendants

23   and DOES 1 through 200, inclusive, and each of them, and allege as follows:

24

25                              **INTRODUCTION**

26        1.    On or about February 17/18, 2007, Plaintiffs and/or Plaintiffs' Decedents

27   were occupants and passengers on a Chinook MH47E helicopter bearing Tail #94-00472

28   (hereinafter referred to as the "Helicopter"), in the Shahjoi District of the Zabul Province,

---

2

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1   in southeastern Afghanistan, and sustained severe and/or fatal injuries, when the defects

2   contained in the subject Helicopter and its component parts, caused the Helicopter to suffer

3   a sudden, unexpected loss of power, lose control, and crash to the ground.

### IDENTIFICATION OF PARTIES

6       2.     Plaintiffs DEBORAH GETZ and RODNEY THOMAS, are, and at all times

7   mentioned herein, were residents of the State of California, and the natural parents and

8   surviving heirs of decedent KRISTOFER D. S. THOMAS, a passenger in said Helicopter.

9       3.     Plaintiff, MARY DUFFMAN, is the spouse and a surviving heir of

10  decedent, SCOTT E. DUFFMAN, a passenger in said Helicopter.

11

12      4.     Prior to and at the commencement of this action, Plaintiff MARY

13  DUFFMAN was duly appointed as the Guardian ad Litem of the minor SOPHIA

14  DUFFMAN for the purposes of bringing the instant action.

15      5.     Plaintiff, SOPHIA DUFFMAN, a Minor, by and through her Guardian ad

16  Litem, MARY DUFFMAN, is, and was and the child and a surviving heir of decedent,

17  SCOTT E. DUFFMAN, a passenger in said Helicopter.

18

19      6.     Plaintiffs, CHRISTINE VAUGHN and BRAD VAUGHN, are, and at all

20  times mentioned herein, were the natural parents and surviving heirs of decedent TRAVIS

21  R. VAUGHN, a passenger in said Helicopter.

22

23      7.     Plaintiffs, JILL GARBS and DOUG GARBS, are, and at all times

24  mentioned herein, were natural parents and surviving heirs of decedent, RYAN GARBS, a

25  passenger in said Helicopter;

26      8.     Plaintiff, JORDAN LANHAM, is and was a resident of the State of

27  Georgia, a passenger in said Helicopter. As a result of the subject crash, Plaintiff,

28  JORDAN LANHAM, suffered certain serious and permanent injuries, and suffered serious

3

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

and permanent emotional and psychological injuries all to his detriment in an amount

according to proof.

9.    Plaintiff, JERRY GOLDSMITH was a passenger in said Helicopter. As a

result of the subject crash, Plaintiff, JERRY GOLDSMITH, suffered certain serious and

permanent injuries, and suffered serious and permanent emotional and psychological

injuries all to his detriment in an amount according to proof.

10.    Plaintiff, RYANNE NOSS, is the spouse of SCOT NOSS, a passenger in

said Helicopter. As a result of the subject crash, SCOT NOSS suffered serious and

permanent physical and emotional and psychological injuries. As a result of the serious

and permanent injuries suffered by her husband, Plaintiff, RYANNE NOSS, has sustained

damages in the form of the loss of her relationship with her husband, including the loss of

care, comfort, society, affection and support. In addition, Plaintiff, RYANNE NOSS, has

been required to abandon her own career and ambitions to devote full time nursing services

to her husband.

11.    Plaintiff, TIMOTHY BRAUCH was a passenger in said Helicopter. As a

result of the subject crash, Plaintiff, TIMOTHY BRAUCH, suffered certain serious and

permanent injuries, and suffered serious and permanent emotional and psychological

injuries all to his detriment in an amount according to proof.

12.    Plaintiff, CHRIS TRISKO, was a passenger in said Helicopter. As a result

of the subject crash, Plaintiff, CHRIS TRISKO, suffered certain serious and permanent

injuries, and suffered serious and permanent emotional and psychological injuries all to his

detriment in an amount according to proof.

13.    Plaintiff, MARK DANIEL HOUGHTON, was a passenger in said

Helicopter. As a result of the subject crash, Plaintiff, MARK DANIEL HOUGHTON,

4

11087

suffered certain serious and permanent injuries, and suffered serious and permanent

emotional and psychological injuries all to his detriment in an amount according to proof.

14.   Plaintiffs are informed and believe, and thereupon allege, that Defendant, THE BOEING COMPANY, is, and at all times herein relevant was, a corporation authorized to do, has regularly done, and is continually and systematically doing business in the State of California.

15.   Plaintiffs are informed and believe, and thereupon allege, that Defendant HONEYWELL INTERNATIONAL, INC., is, and at all times herein relevant was, a corporation authorized to do, has regularly done, and is continually and systematically doing business in the State of California.

16.   Plaintiffs are informed and believe, and thereupon allege, that Defendants GOODRICH CORPORATION and BF GOODRICH AEROSPACE are, and at all times herein relevant were, a corporations authorized to do, have regularly done, and are continually and systematically doing business in the State of California.

17.   Plaintiffs are informed and believe, and thereupon allege, that Defendant CHANDLER EVANS CONTROL SYSTEMS is, and at all times herein relevant was, a corporation authorized to do, having regularly done, and is continually and systematically doing business in the State of California.

18.   Plaintiffs are informed and believe, and thereupon allege, that Defendant GENERAL ELECTRIC is, and at all times herein relevant was, a corporation authorized to do, having regularly done, and is continually and systematically doing business in the State of California.

19.   The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 200, inclusive, are unknown to

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

11088

1  Plaintiffs who therefore sue said defendants by such fictitious names. The full extent of

2  the facts linking such fictitiously sued defendants is unknown to Plaintiffs. Plaintiffs are

3  informed and believe, and thereupon allege, that each of the defendants designated herein

4
5  as a DOE was, and is, negligent, or in some other actionable manner, responsible for the

6  events and happenings hereinafter referred to,, and thereby negligently, or in some other

7  actionable manner, legally and proximately caused the described injuries and damages to

8  Plaintiffs. Plaintiffs will hereafter seek leave of the Court to amend this Complaint to

9  show the defendants' true names and capacities after the same have been ascertained.

10
11      20.      Plaintiffs are informed and believe, and thereupon allege, that at all times

12  mentioned herein, Defendants, and each of them, including DOES 3 through 100,

13  inclusive, and each of them, were agents, servants, employees, successors in interest,

14  franchisees and/or joint venturers of their co-defendants, and were, as such, acting within

15  the course, scope, and authority of said agency, employment, joint venture, and/or

16
17  franchise and that each and every Defendant, as aforesaid, when acting as a principal, was

18  negligent in the selection and hiring of each and every other Defendant as an agent,

19  servant, employee, successor in interest, joint venturer, and/or franchisee.

20                          **GENERAL ALLEGATIONS**

21      21.      On or about February 17/18, 2007, in the Shahjoi district of Zabul Province,

22
23  in the Country of Afghanistan, Plaintiffs and Plaintiffs' Decedents sustained severe and/or

24  fatal injuries while flying as passengers in the subject Helicopter, while on a transportation

25  mission in southeastern Afghanistan. While on said mission, one of the two engines of the

26  MH47E Chinook Helicopter suffered a sudden loss of power, causing the Helicopter to

27
28  become uncontrollable, and crash as a result of the defective nature of said Helicopter and

   its component parts.

                                          6

11089

22.     Plaintiffs and Plaintiffs' Decedents sustained serious, severe, permanent and fatal injuries as a direct result of being passengers in said helicopter at the time of the crash.

23.     Plaintiffs are informed and believe, and thereupon allege, that the subject Helicopter and its component parts was designed, assembled, manufactured, inspected, tested, marketed, and introduced into the stream of commerce by Defendants, THE BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH CORPORATION, a corporation; BF GOODRICH AEROSPACE; CHANDLER EVANS CONTROL SYSTEMS, GENERAL ELECTRIC and DOES 1-100.

24.     Plaintiffs are informed and believe, and thereupon allege, that the subject Helicopter was introduced into the stream of commerce in a defective condition by Defendants THE BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH CORPORATION, a corporation; BF GOODRICH AEROSPACE; CHANDLER EVANS CONTROL SYSTEMS, and DOE Defendants.  Such defects caused and/or contributed to the crash of the Helicopter, and the resulting serious and permanent injuries to Plaintiffs and the fatal injuries to Plaintiffs' Decedents.

25.     Plaintiffs are informed and believe, and thereupon allege, that the engines and Full Authority Digital Engine Control (FADEC), and the Digital Electronic Control Unit (DECU) including all computer software and hardware related thereto, of the subject Helicopter were designed, assembled, manufactured, inspected, tested, marketed, and introduced into the stream of commerce by Defendants, THE BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH

7

11090

1  CORPORATION, a corporation; BF GOODRICH AEROSPACE; CHANDLER EVANS

2  CONTROL SYSTEMS, GENERAL ELECTRIC and the DOE Defendants.

3      26.    Plaintiffs are informed and believe, and thereupon allege, that the engines

4  on the Helicopter and their component parts, including but not limited to the FADEC, and

5  the DECU, and associated computer software and hardware related thereto were introduced

6

7  into the stream of commerce in a defective condition by Defendants, THE BOEING

8  COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a corporation;

9  GOODRICH CORPORATION, a corporation; BF GOODRICH AEROSPACE;

10  CHANDLER EVANS CONTROL SYSTEMS, GENERAL ELECTRIC and DOES 1-125.

11  Such defects caused and/or contributed to the crash of the Helicopter, resulting in the

12

13  serious, permanent and fatal injuries to Plaintiffs, and/or Plaintiffs' Decedents.

14      27.    Plaintiffs are informed and believe, and hereupon allege, that the subject

15  Helicopter was dangerous and defective as those terms are defined under California law, in

16  that the Subject Helicopter and its component parts were less safe that an ordinary

17  consumer would expect in that when used in a reasonable foreseeable and intended manner

18

19  the subject Helicopter and its component parts failed.

20      28.    Plaintiffs are informed and believe and based upon that information and

21  belief allege that the subject Helicopter was defective and dangerous for the following

22  additional reasons:

23

24      a..    Defective design, manufacture, testing, inspection, maintenance, assembly,

25  and fabrication of the engines and their components parts including but not limited to the

26  FADEC, and its associated computer hardware and software and other components thereof

27      b.    Defective design, manufacture, testing, inspection, maintenance, assembly,

28  and fabrication of the engines and their component parts including but not limited to the

8

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

11091

1   DECU, and its associated computer hardware and software and other components thereof;

2       29.    Plaintiffs are informed and believe, and thereupon allege, that the defective

3   conditions of the Helicopter and its component parts, including but not limited to, the

4   engines and FADEC and DECU, and the software and hardware related thereto, were a

5   direct, and legal cause of the Helicopter crash, and Plaintiffs' serious and permanent

6   injuries and the fatal injuries to Plaintiffs' Decedents.

7

8       30.    Plaintiffs are informed and believe, and thereupon allege, that the

9   aforementioned incident of February 17/18, 2007, was caused solely and exclusively by

10  reason of defects in the design and manufacture of the subject Helicopter for which the

11  Defendants and each of them jointly and severally are strictly liable to Plaintiffs herein.

12

13      31.    By reason of the premises, Plaintiff, JORDAN LANHAM sustained serious

14  and permanent bodily injury.

15      32.    By reason of the premises, Plaintiff, JORDAN LANHAM, has incurred and

16  will continue to incur costs for the care and treatment of his injuries in an amount that is

17  presently unknown to the Plaintiff who prays leave to amend and insert the same when it is

18

19  ascertained.

20      33.    By reason of the premises, Plaintiff, JORDAN LANHAM has been unable

21  at times to pursue his regular employment, and his earning capacity has been diminished to

22  his special damage in an unascertained sum as said loss has not yet been finally

23  determined.  Plaintiff prays leave to amend this complaint in this respect when these

24  elements of damages are finally determined.

25

26      34.    By reason of the premises, Plaintiff, JERRY GOLDSMITH sustained

27  serious and permanent bodily injury.

28      35.    By reason of the premises, Plaintiff, JERRY GOLDSMITH, has incurred

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1   and will continue to incur costs for the care and treatment of his injuries in an amount that

2   is presently unknown to the Plaintiff who prays leave to amend and insert the same when it

3   is ascertained.

4

5       36.     By reason of the premises, Plaintiff, JERRY GOLDSMITH, has been

6   unable at times to pursue his regular employment, and his earning capacity has been

7   diminished to his special damage in an unascertained sum as said loss has not yet been

8   finally determined.  Plaintiff prays leave to amend this complaint in this respect when these

9   elements of damages are finally determined.

10

11      37.     By reason of the premises, Plaintiff, TIMOTHY BRAUCH, sustained

12   serious and permanent bodily injury.

13      38.     By reason of the premises, Plaintiff, TIMOTHY BRAUCH,  has incurred

14   and will continue to incur costs for the care and treatment of his injuries in an amount that

15   is presently unknown to the Plaintiff who prays leave to amend and insert the same when it

16   is ascertained.

17

18      39.     By reason of the premises, Plaintiff, TIMOTHY BRAUCH, has been unable

19   at times to pursue his regular employment, and his earning capacity has been diminished to

20   his special damage in an unascertained sum as said loss has not yet been finally

21   determined.  Plaintiff prays leave to amend this complaint in this respect when these

22   elements of damages are finally determined.

23

24      40.     By reason of the premises, Plaintiff, CHRIS TRISKO, sustained serious and

25   permanent bodily injury.

26      41.     By reason of the premises, Plaintiff, CHRIS TRISKO, has incurred and will

27   continue to incur costs for the care and treatment of his injuries in an amount that is

28   presently unknown to the Plaintiff who prays leave to amend and insert the same when it is

11093

1  ascertained.

2      42.    By reason of the premises, Plaintiff, CHRIS TRISKO, has been unable at

3  times to pursue his regular employment, and his earning capacity has been diminished to

4

5  his special damage in an unascertained sum as said loss has not yet been finally

6  determined.  Plaintiff prays leave to amend this complaint in this respect when these

7  elements of damages are finally determined.

8      43.    By reason of the premises, Plaintiff, MARK DANIEL HOUGHTON,

9  sustained serious and permanent bodily injury.

10

11      44.    By reason of the premises, Plaintiff, MARK DANIEL HOUGHTON,  has

12  incurred and will continue to incur costs for the care and treatment of his injuries in an

13  amount that is presently unknown to the Plaintiff who prays leave to amend and insert the

14  same when it is ascertained.

15      45.    By reason of the premises, Plaintiff, MARK DANIEL HOUGHTON, has

16

17  been unable at times to pursue his regular employment, and his earning capacity has been

18  diminished to his special damage in an unascertained sum as said loss has not yet been

19  finally determined.  Plaintiff prays leave to amend this complaint in this respect when these

20  elements of damages are finally determined.

21      46.    Wherefore Plaintiffs pray judgment against defendants for injuries and

22  damages as hereinabove and hereinafter set forth.

23

24  **FIRST CAUSE OF ACTION**
**(Wrongful Death)**

25  As and for a First Cause of Action, Plaintiffs complain of Defendants and

26

27  each of them and allege as follows:

28      47.    Plaintiffs hereby refer to, reallege and incorporate by this reference as

11

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

11094

1   though set forth in full, each and every allegation contained in paragraphs 1 through 46

2   above.

3       48.    Plaintiffs, DEBORAH GETZ and RODNEY THOMAS, are the surviving

4
5   parents and heirs of the decedent KRISTOFER D. S. THOMAS

6       49.    Plaintiffs, DEBORAH GETZ and RODNEY THOMAS , brings this action

7   on behalf of the survivors and heirs of the decedent under and by virtue of the California

8   Wrongful Death Statute, Cal. Civ. Proc. § 377.60.

9       50.    As a result of the wrongful death of KRISTOFER D. S. THOMAS, the

10
11  survivors have been deprived of the guidance, love, tutelage, companionship, support,

12  comfort, and consortium which they would have received from KRISTOFER D. S.

13  THOMAS for the remainder of his natural life.

14      51.    Plaintiffs, MARY DUFFMAN, as the spouse and parent of the decedent's

15  minor child SOPHIA DUFFMAN, and SOPHIA DUFFMAN are the survivors and heirs of

16
17  the decedent SCOTT E. DUFFMAN.

18      52.    Plaintiff, MARY DUFFMAN, individually, and as the parent and Guardian

19  Ad Litem of the minor child SOPHIA DUFFMAN, brings this action on behalf of the

20  survivors and heirs of the decedent under and by virtue of the California Wrongful Death

21  Statute, Cal. Civ. Proc. § 377.60.

22
23      53.    As a result of the wrongful death of SCOTT E. DUFFMAN, the survivors

24  have been deprived of the guidance, love, tutelage, companionship, support, comfort, and

25  consortium which they would have received from SCOTT E. DUFFMAN for the

26  remainder of his natural life.

27      54.    Plaintiffs, CHRISTINE VAUGHN and BRAD VAUGHN, are the surviving

28  parents and heirs of the decedent TRAVIS R. VAUGHN.

11095

55.    Plaintiffs, CHRISTINE VAUGHN and BRAD VAUGHN, bring this action on behalf of the survivors and heirs of the decedent under and by virtue of the California Wrongful Death Statute, Cal. Civ. Proc. § 377.60.

56.    As a result of the wrongful death of TRAVIS R. VAUGHN, the survivors have been deprived of the guidance, love, tutelage, companionship, support, comfort, and consortium which they would have received from TRAVIS R. VAUGHN for the remainder of his natural life.

57.    Plaintiffs, JILL GARBS and DOUG GARBS, are the surviving parents and heirs of the decedent RYAN GARBS.

58.    Plaintiffs, JILL GARBS and DOUG GARBS , bring this action on behalf of the survivors and heirs of the decedent under and by virtue of the California Wrongful Death Statute, Cal. Civ. Proc. § 377.60.

59.    As a result of the wrongful death of RYAN GARBS, the survivors have been deprived of the guidance, love, tutelage, companionship, support, comfort, and consortium which they would have received from RYAN GARBS for the remainder of his natural life.

## SECOND CAUSE OF ACTION
### (Strict Product Liability)

COME NOW Plaintiffs, and for a First Cause of Action against all Defendants, and DOES 1 through 200, inclusive, and each of them, complains and alleges as follows:

60.    Plaintiffs reallege and incorporate paragraphs 1 through 59 above, and make them a part of this Plaintiffs Second Cause of Action as though fully set forth therein.

61.    At all times herein mentioned, the Defendants are and were in the business of designing, manufacturing, selling, marketing and/or distributing Helicopters, including

13

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1    the subject Helicopter and its component parts, which are distributed and sold throughout

2    the United States, as well as the state of California, to members of the general public and

3

4    as such are liable to the Plaintiffs for damages under the theory of strict products liability.

5        62.    At all times herein mentioned the Helicopter and its components parts,

6    including but not limited to, the engines and FADEC, the DECU, and the computer

7    hardware and software related thereto, were defective and unreasonably dangerous as those

8    terms are defined under California law by reason of defects in design and manufacture and

9    failure of the Defendants to give adequate and proper warnings of the dangers existing

10

11   therein, and adequate instructions regarding the avoidance of such dangers in the use and

12   maintenance of the Helicopter and its component parts.

13       63.    At all times herein mentioned the defective and unreasonably dangerous

14   conditions in the Helicopter and its component parts exposed Plaintiffs and/or Plaintiffs'

15

16   Decedents to an unreasonable risk of harm and were a legal cause of Plaintiffs and/or

17   Plaintiffs' Decedents serious and fatal injuries.

18       64.    At all times herein mentioned, the Helicopter and its component parts were

19   sold, converted, marketed and/or placed into the stream of commerce by the Defendants

20   for use by members of the general public, and such products were defective and

21   unreasonably dangerous as that term is defined under California law  and the unreasonably

22

23   dangerous conditions were known by Defendants at the time the Helicopter and  its

24   component parts were sold, converted, marketed and/or placed into the stream of

25   commerce, and these defective and unreasonably dangerous conditions were a legal cause

26   of Plaintiffs and/or Plaintiffs' Decedents serious and fatal injuries.

27       65.    At all times herein mentioned,  Defendants THE BOEING COMPANY, a

28   corporation; HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH

                                  14
COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

11097

1  CORPORATION, a corporation; BF GOODRICH AEROSPACE; CHANDLER EVANS

2  CONTROL SYSTEMS, GENERAL ELECTRIC and DOES 1-50 defectively

3  manufactured the Helicopter and the engines and the FADEC, and DECU including the

4

5  computer hardware and software related thereto, as well as the other component parts of

6  the Helicopter, rendering the product unreasonably dangerous to Plaintiffs and/or Plaintiffs'

7  Decedents.  Said defective condition was a legal cause of the Helicopter crash and the fatal

8  injuries to Plaintiffs' Decedents, and serious and permanent injuries to Plaintiffs.

9       66.    Plaintiffs are informed and believe, and thereupon allege, that Defendants

10  THE BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a

11  corporation; GOODRICH CORPORATION, a corporation; BF GOODRICH

12

13  AEROSPACE; CHANDLE EVANS CONTROL SYSTEMS, GENERAL ELECTRIC and

14  DOES 1-50 placed the subject Helicopter into the stream of commerce in a defective

15  condition and such defects described above, rendered the Helicopter less safe than an

16  ordinary consumer would expect when used in a normal, intended and foreseeable manner.

17

18       67.    At all times herein mentioned, the Helicopter and its component parts, were

19  also defective by reason of Defendants' failure to include or place with it adequate and

20  proper warnings and instructions as to dangers associated with the design and foreseeable

21  use of the products, including but not limited to the engines and FADEC and DECU and its

22

23  component parts, and how to avoid such dangers, and further, failed to recall the products

24  to prevent incidents such as the one included herein.  Such defects rendered the subject

25  Helicopter and its component parts unreasonably dangerous as that term is defined under

26  California law, and the dangerous and defective condition of the Helicopter was the legal

27  cause of the serious and permanent injuries to Plaintiffs and fatal injuries sustained by

28  Plaintiffs' Decedents.

15

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

68.     At all times herein mentioned Defendants are the manufacturers, designers, and/or distributors of the subject Helicopter and its component parts, who hold and have held themselves out to the public as having superior knowledge, skill and experience in the design, construction, assembly, manufacture, testing, and inspection of such aircraft and their component parts; and, in the course of business as aerospace manufacturers, Defendants designed, constructed, assembled, manufactured, inspected, serviced, converted, tested the Helicopter and its component parts; Defendants expressly and impliedly warranted were fit for intended use, being airworthy and free of unreasonably dangerous defects; and Defendants marketed, sold, distributed and caused the Helicopter and its component parts to be introduced into the stream of commerce.

69.     At all times herein mentioned, the crash of the Helicopter and the resulting serious and permanent injuries to Plaintiffs and fatal injuries to Plaintiffs' Decedents, were legally caused and/or substantially contributed to by latent and unreasonably dangerous defects in the manufacture of said aircraft and its component parts, and Defendants' failure to warn and/or provide adequate instructions for the use, and maintenance of the Helicopter and its component parts.

70.     Plaintiffs are informed and believe, and thereupon allege, that at the time the Helicopter and its component parts were sold, converted, marketed and/or placed into the stream of commerce by Defendants, such products were defective and unreasonably dangerous as that term is defined in law to persons who could reasonably be expected to use them, and these defective and unreasonably dangerous conditions were a producing cause of Plaintiffs serious and permanent injuries and Plaintiffs' Decedents' fatal injuries. The Helicopter and its component parts were also defective by reason of Defendants' failure to include or place with it adequate and proper warnings and instructions as to

16

11099

1   dangers associated with the design and foreseeable use of the products and how to avoid

2   such dangers, and these defects rendered the subject aircraft unreasonably dangerous.

3       71.    Plaintiffs are informed and believe, and thereupon allege, by reason of the

4   foregoing, Defendants are strictly liable in tort to Plaintiff for the serious and permanent

5   injuries sustained by Plaintiffs and the fatal injuries sustained by Plaintiffs' Decedents as a

6

7   result of the crash of the subject Helicopter.

8       72.    Plaintiffs are informed and believe, and thereupon allege, that the conduct

9   of Defendants as alleged herein, was reckless, willful, oppressive, malicious and done with

10

11  reckless and wanton disregard for the rights and safety of the Plaintiffs and/or Plaintiffs'

12  Decedents with knowledge of the defects at issue, and in conscious disregard of the safety

13  hazards raised by those defects.

14                          **THIRD CAUSE OF ACTION**
                                  **(Negligence)**
15

16      COME NOW Plaintiffs, and for a First Cause of Action against all Defendants, and

17  DOES 1 through 200, inclusive, and each of them, complain and allege as follows:

18      73.    Plaintiffs reallege and incorporate paragraphs 1 through 72, inclusive of the

19  Introduction, Identification of Parties, and General Allegations, above.

20

21      74.    Plaintiffs are informed and believe, and thereupon allege, that the

22  Defendants, and each of them designed, tested, developed, manufactured, fabricated,

23  assembled, distributed, bought, sold, inspected, serviced, warranted, supplied, and/or

24  modified the subject Helicopter and its component parts, including but not limited to, the

25  engines and FADEC, and DECU including the computer hardware and software related

26

27  thereto, and its component parts.

28      75.    Plaintiffs are informed and believe, and thereupon allege, that at all times

                                   17

11100

mentioned herein, the subject Helicopter and its component parts, were defective when placed into the stream of commerce by Defendants, and each of them, and was of such a nature that the defect would not be discovered in normal inspection and operation by users thereof.

76.    Plaintiffs are informed and believe, and thereupon allege, that on or about February 17/18, 2007, the subject Helicopter and its component parts, were being operated and used in a reasonably foreseeable manner.

77.    Plaintiffs are informed and believe, and thereupon allege, that the Defendants, as manufacturers, distributors, suppliers, and sellers of the Helicopter and its component parts, owed a duty of care to Plaintiffs and Plaintiffs' Decedents, that the Helicopter and its components parts would not be placed into the stream of commerce in a defective condition.

78.    Plaintiffs are informed and believe, and thereupon allege, that the Defendants were negligent in the manufacture and marketing of the Helicopter and its component parts, including but not limited to, the engines and FADEC, and DECU, including the computer hardware and software related thereto, such that, Defendants knew or should have known in the exercise of ordinary care, that the Helicopter and its component parts were defective and unreasonably dangerous to those persons likely to use such products for the purpose and manner for which they were intended to be used, and for purposes reasonably foreseeable to Defendants.  Defendants were negligent in the particulars set forth in this and the proceeding paragraphs, and said negligence was a direct, proximate, and producing cause of the subject crash, which is the basis of this action, and the resulting serious and fatal injuries sustained by Plaintiffs and/or Plaintiffs' Decedents.

11101

79.    Plaintiffs are informed and believe, and thereupon allege, that Defendants knew, or in the exercise of ordinary care should have known, of the means of manufacturing the Helicopter and its component parts, such that the type of incident and resulting injuries as described herein would be prevented. The Defendants had actual knowledge that manufacturing such an aircraft and its component parts in a defective condition, as alleged herein, would be unreasonably dangerous and cause incidents such as the crash alleged herein.

80.    Plaintiffs are informed and believe, and thereupon allege, that the Defendants were additionally negligent in that they failed to provide proper warnings or instructions to ordinary users thereof, including Plaintiffs and Plaintiffs' Decedents, and failed to recall or timely recall the products or make appropriate post-marketing efforts to prevent incidents such as the one included herein.

81.    Plaintiffs are informed and believe, and thereupon allege, that Defendants were negligent in their failure to give adequate or proper warnings or instructions to the users thereof, including Plaintiffs and Plaintiffs' Decedents, for the reasonable and foreseeable use and maintenance of the Helicopter and its component parts, and failed to make appropriate efforts to prevent incidents such as the one included herein, and that Defendants knew or reasonably should have known that users thereof, including Plaintiffs and Plaintiffs' Decedents, would not realize such dangers to which Defendants had failed to warn users thereof.  One of the failures to warn included a failure to warn that anomalies existed in the FADEC computer software and/or hardware and component panes, and/or the DECU computer software and/or hardware and its component parts, which caused a sudden unintended and unexpected shutdown of fuel flow to an operating engine while in flight.  This fuel shutdown resulted in a sudden and catastrophic loss of power to one of the

19

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1    Chinook engines while in flight, causing the Helicopter to lose control and crash to the

2    ground.

3        82.    Plaintiffs are informed and believe and thereupon allege that reasonable

4    manufacturers, distributors and sellers of the said Helicopter and its component parts under

5    the same or similar circumstances would have provided such warnings and instructions for

6

7    the use and maintenance of the Helicopter and its component parts.

8        83.    Plaintiffs are informed and believe, and thereupon allege, Defendants

9    violated their duty and were negligent in those acts previously described, and further

10   described herein.  Defendants' negligent acts, collectively and/or severally, were the direct

11

12   and proximate cause or causes of the incident, which is the basis for this action, and the

13   serious and fatal injuries sustained by Plaintiffs and/or Plaintiffs' Decedents.

14       84.    The defective condition of the Helicopter. and its component parts, and the

15   resulting crash of the Helicopter, was caused by the negligence, recklessness, wrongdoing,

16

17   tortuous conduct, careless acts and omissions of the Defendants in the manufacture,

18   assembly, construction, testing and marketing of the Helicopter and its component parts,

19   and in said Defendants' failure to warn of and to take appropriate remedial action with

20   respect to the known dangerously defective conditions, and failure to provide proper

21   instructions for the use and maintenance of the Helicopter and its component parts.

22       85.    Plaintiffs are informed and believe, and thereupon allege, that as a further

23

24   direct and proximate result of the acts of the Defendants in defectively manufacturing said

25   products and failing to provide adequate warnings and instructions, Plaintiffs suffered

26   serious and permanent injuries and Plaintiffs' Decedents suffered fatal injuries for which

27   Defendants are liable.  Plaintiff is informed and believes, and thereupon alleges, that the

28   conduct of Defendants as described herein, was willful, oppressive, malicious and done

                                    20
COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

11103

1    with reckless and wanton disregard for the rights and safety of Plaintiffs and Plaintiffs'

2    Decedents.

### FOURTH CAUSE OF ACTION
### (Breach of Warranties)

5    COME NOW Plaintiffs and for a Fourth Cause of Action against all Defendants,

6    and DOES through 200, inclusive, and each of them complains and alleges as follows:

8    86.    Plaintiffs reallege and incorporate paragraphs 1 through 85, inclusive, of the

9    Introduction, Identification of Parties, General Allegations; First Cause of Action; and

10   Second Cause of Action, above.

11   87.    Plaintiffs are informed and believe, and thereupon allege, that Defendants,

12   by and through the sale and distribution of the products in question, expressly and

13   impliedly warranted to the public generally, and to Plaintiffs and Plaintiffs' Decedents

14   specifically, that the products in question were fit for the purposes for which they were

16   intended.

17   88.    Plaintiffs are informed and believe, and thereupon allege, that at the time

18   such products were marketed, sold and distributed, Defendants were in the business of

19   selling such products, and hold and have held themselves out to the public as having

20   superior knowledge, skill and experience in the design, construction, assembly,

22   manufacture, testing, and inspection of such aircraft and its component parts; and, in the

23   course of business as aerospace manufacturers, Defendants designed, constructed,

24   assembled, manufactured, inspected, serviced, converted, and tested the Helicopter and its

26   component parts; and Defendants expressly and impliedly warranted were fit for intended

27   use, being airworthy and free of unreasonably dangerous defects.

28   89.    Plaintiffs are informed and believe, and thereupon allege, that Plaintiffs'

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

11104

1    Decedents made reasonable and foreseeable use of the products as alleged herein, and

2    relied on the express and implied warranties made by Defendants.

3        90.    Plaintiffs are informed and believe, and thereupon allege, that contrary

4    thereto, the products in question, the Helicopter and its component parts, were not fit for

5    their intended and foreseeable uses, thereby rendering the products in question

6    unreasonably dangerous.

7

8        91.    Plaintiffs are informed and believe, and thereupon allege, that Defendants

9    breached the express and implied warranties because of the products' failure and defective

10   components as alleged above, and because of improper marketing involved in Defendants'

11   failure to warn of the products' inadequacies and/or defects and failure to instruct in the

12   safe use, operation, and storage of such products.

13

14       92.    Plaintiffs are informed and believe, and thereupon allege, that Defendants'

15   breach of warranties and the above-mentioned defects rendered the products unreasonably

16   dangerous, and were a proximate and producing cause of the subject crash and the

17   resulting serious and permanent injuries sustained by Plaintiffs and the fatal injuries

18   sustained by Plaintiffs' Decedents.  Further, Defendants' conduct was undertaken

19   knowingly and intentionally.

20

21       93.    Plaintiffs are informed and believe, and thereupon allege, that the crash of

22   the Helicopter, and the resulting serious and permanent injuries to Plaintiffs and fatal

23   injuries to Plaintiffs' Decedents, were proximately caused and/or substantially contributed

24   to by Defendants' breach of express and implied warranties of the Helicopter and its

25   components parts' fitness for use, and Defendants' breach of its representation that the

26   Helicopter and its component parts were free of latent and unreasonably dangerous defects

27   in manufacturer, marketing, and distribution.

28

22

11105

1    94.    Plaintiffs are informed and believe, and thereupon allege, that Plaintiffs and

2    Plaintiffs' Decedents relied to their detriment upon Defendants' representations.

3    95.    Plaintiffs are informed and believe, and thereupon allege, by reason of the

4
5    foregoing, Defendants are liable to Plaintiffs in Breach of Warranty for the serious and

6    permanent injuries sustained by Plaintiffs and fatal injuries sustained by Plaintiffs'

7    Decedents.

8    96.    Plaintiffs are informed and believe, and thereupon allege, that the conduct

9    of Defendants as alleged herein, was willful, oppressive, malicious and done with reckless

10
11   and wanton disregard for the rights and safety of Plaintiffs and Plaintiffs' Decedents.

12   ### FIFTH CAUSE OF ACTION
(Loss of Consortium)

13   As and for a Fifth, separate and distinct cause of action, Plaintiffs complain of

14
15   defendants, and each of them, and allege as follows:

16   97.    Plaintiffs hereby refer to, reallege and incorporate by this reference as

17   though set forth in full, each and every allegation contained in paragraphs 1 through 96

18   above.

19
20   98.    At all relevant times herein, Plaintiff RYANNE NOSS is and was the legal

21   wife of SCOT NOSS.

22   99.    As a direct and legal result of the matters stated herein, Plaintiff, RYANNE

23   NOSS, has suffered the loss of her husband's support, service, love, companionship,

24
25   affection, society, sexual relations and all other elements of consortium, all of her injury

26   and damage in an amount in excess of the jurisdiction minimum of this Court.

27   WHEREFORE, Plaintiff prays judgment against defendants and each of them as

28   hereinabove and hereinafter set forth.

---

23

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

11106

WHEREFORE, Plaintiffs pray for judgment as follows:

a.    For non-economic damages according to proof;

b.    For past and future hospital, medical, professional, and incidental expenses, according to proof;

c.    For past and future loss of earnings, support, and loss of earning capacity, according to proof;

d,    For damages to Plaintiffs' property, and economic damages related thereto, according to proof;

e.    For punitive damages as permitted by law, according to proof;

f.    For costs of suit incurred herein;

g.    ·For prejudgment interest, according to proof,

h.    For Plaintiffs' attorneys' fees; and

i.    For such other and further relief as the Court deems just and proper.

Dated: October 5, 2007                    THE BRANDI LAW FIRM

                                          By: _____
                                              DANIEL DELL'OSSO
                                              Attorney for Plaintiffs

COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

11107