# EXHIBIT G

1   JAMES W. HUSTON (BAR NO. 115596)
    jhuston@mofo.com
2   ERIN M. BOSMAN (BAR NO. 204987)
    ebosman@mofo.com
3   WILLIAM V. O'CONNOR (BAR NO. 216650)
    woconnor@mofo.com
4   JOANNA E. HERMAN (BAR NO. 227480)
    jeherman@mofo.com
5   MORRISON & FOERSTER LLP
    12531 High Bluff Drive, Suite 100
6   San Diego, California 92130-2040
    Telephone: 858.720.5100
7   Facsimile: 858.720.5188

8   Attorneys for Defendant
    HONEYWELL INTERNATIONAL INC.

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13  DEBORAH GETZ, individually and as a surviving      Case No.    CV 07-6396 JCS
    heir of decedent KRISTOFER D. S. THOMAS;
14  RODNEY THOMAS, individually and as a
    surviving heir of decedent, KRISTOFER D. S        **ANSWER OF HONEYWELL**
15  THOMAS; MARY DUFFMAN, individually and            **INTERNATIONAL INC. TO**
    as a surviving heir of decedent, SCOTT E.         **PLAINTIFFS' COMPLAINT FOR**
16  DUFFMAN; SOPHIA DUFFMAN, a minor,                 **WRONGFUL DEATH; BODILY**
    individually and as a surviving heir of decedent  **INJURIES; AND LOSS OF**
17  SCOTT E. DUFFMAN, by and through her              **CONSORTIUM**
    Guardian ad Litem, MARY DUFFMAN;                    1. **NEGLIGENCE-PRODUCT**
18  CHRISTINE VAUGHN, individually and as a               **LIABILITY**
    surviving heir of decedent, TRAVIS R.               2. **STRICT PRODUCT**
19  VAUGHN; BRAD VAUGHN, individually and as              **LIABILITY**
    a surviving heir of decedent, TRAVIS R.             3. **BREACH OF EXPRESS**
20  VAUGHN; JILL GARBS, individually and as a             **AND IMPLIED**
    surviving heir of decedent RYAN GARBS;                **WARRANTY**
21  DOUG GARBS, individually and as a surviving
    heir of decedent, RYAN GARBS; JORDAN
22  LANHAM; JERRY GOLDSMITH; RYANNE
    NOSS, individually and as spouse of SCOT
23  NOSS; TIMOTHY BRAUCH; CHRIS TRISKO,
    MARK DANIEL HOUGHTON,
24
                    Plaintiffs,
25
            v.
26

27

28

ANSWER OF HONEYWELL INTERNATIONAL INC. TO COMPLAINT
sd-405232

1  THE BOEING COMPANY, a corporation;
   HONEYWELL INTERNATIONAL, INC., a
2  corporation; GOODRICH CORPORATION, a
   corporation; BF GOODRICH AEROSPACE;
3  CHANDLER EVANS CONTROL SYSTEMS;
   GENERAL ELECTRIC and DOES 1 through 200,
4  inclusive,

5              Defendants.

6

7       Defendant Honeywell International Inc. ("Honeywell") answers the allegations contained

8  in Plaintiffs' Complaint (the "Complaint") in accordance with the numbering and heading thereof

9  as follows.  Honeywell denies every allegation in Plaintiffs' complaint, except as hereinafter

10 specifically admitted, qualified or otherwise answered.

11                           **INTRODUCTION**

12      1.    Honeywell admits that on or about February 17 or 18, 2007, a MH-47E Chinook

13 helicopter, serial number 92-00472 ("subject helicopter") was involved in an accident in

14 Afghanistan ("the accident").  Except as expressly omitted or otherwise answered, Honeywell

15 does not have knowledge or information sufficient to form a belief as to the truth of the

16 allegations stated in paragraph 1, and therefore denies them.

17                    **IDENTIFICATION OF PARTIES**

18      2.    Honeywell does not have knowledge or information sufficient to form a belief as

19 to the truth of the allegations stated in paragraph 2, and therefore denies them.

20      3.    Honeywell does not have knowledge or information sufficient to form a belief as

21 to the truth of the allegations stated in paragraph 3, and therefore denies them.

22      4.    Honeywell does not have knowledge or information sufficient to form a belief as

23 to the truth of the allegations stated in paragraph 4, and therefore denies them.

24      5.    Honeywell does not have knowledge or information sufficient to form a belief as

25 to the truth of the allegations stated in paragraph 5, and therefore denies them.

26      6.    Honeywell does not have knowledge or information sufficient to form a belief as

27 to the truth of the allegations stated in paragraph 6, and therefore denies them.

28

                                    1

1       7.     Honeywell does not have knowledge or information sufficient to form a belief as

2  to the truth of the allegations stated in paragraph 7, and therefore denies them.

3       8.     Honeywell does not have knowledge or information sufficient to form a belief as

4  to the truth of the allegations stated in paragraph 8, and therefore denies them.

5       9.     Honeywell does not have knowledge or information sufficient to form a belief as

6  to the truth of the allegations stated in paragraph 9, and therefore denies them.

7       10.    Honeywell does not have knowledge or information sufficient to form a belief as

8  to the truth of the allegations stated in paragraph 10, and therefore denies them.

9       11.    Honeywell does not have knowledge or information sufficient to form a belief as

10  to the truth of the allegations stated in paragraph 11, and therefore denies them.

11       12.    Honeywell does not have knowledge or information sufficient to form a belief as

12  to the truth of the allegations stated in paragraph 12, and therefore denies them.

13       13.    Honeywell does not have knowledge or information sufficient to form a belief as

14  to the truth of the allegations stated in paragraph 13, and therefore denies them.

15       14.    The allegations in paragraph 14 are directed toward other defendants, therefore no

16  response is required.  To the extent a response is required, Honeywell does not have knowledge

17  or information sufficient to form a belief as to the truth of the allegations stated in paragraph 14,

18  and therefore denies them.

19       15.    Honeywell admits that it is a Delaware corporation with it principal place of

20  business in New Jersey.  Except as expressly admitted, Honeywell denies the allegations in

21  paragraph 15.

22       16.    The allegations in paragraph 16 are directed toward other defendants, therefore no

23  response is required.  To the extent a response is required, Honeywell does not have knowledge

24  or information sufficient to form a belief as to the truth of the allegations stated in paragraph 16,

25  and therefore denies them.

26       17.    The allegations in paragraph 17 are directed toward other defendants, therefore no

27  response is required.  To the extent a response is required, Honeywell does not have knowledge

28

2

ANSWER OF HONEYWELL INTERNATIONAL INC. TO COMPLAINT
sd-405232

1    or information sufficient to form a belief as to the truth of the allegations stated in paragraph 17,

2    and therefore denies them.

3        18.    The allegations in paragraph 18 are directed toward other defendants, therefore no

4    response is required.  To the extent a response is required, Honeywell does not have knowledge

5    or information sufficient to form a belief as to the truth of the allegations stated in paragraph 18,

6    and therefore denies them.

7        19.    The allegations in paragraph 19 are directed toward other defendants and/or state

8    legal conclusions, therefore no response is required.  To the extent a response is required,

9    Honeywell does not have knowledge or information sufficient to form a belief as to the truth of

10   the allegations stated in paragraph 19, and therefore denies them.

11       20.    Honeywell denies the allegations stated in paragraph 20.

12                          **GENERAL ALLEGATIONS**

13       21.    Honeywell admits that on or about February 17 or 18, 2007, the subject helicopter

14   crashed in Afghanistan.  Except as expressly admitted or otherwise answered, Honeywell denies

15   the allegations stated in paragraph 21.

16       22.    Honeywell does not have knowledge or information sufficient to form a belief as

17   to the truth of the allegations stated in paragraph 22, and therefore denies them.

18       23.    To the extent the allegations in paragraph 23 are directed toward other defendants,

19   no response is required.  To the extent the allegations in paragraph 23 are directed toward

20   Honeywell, Honeywell admits that it designed, manufactured, assembled, inspected, tested,

21   marketed, and sold certain Honeywell products on the subject helicopter, which were designed in

22   accordance with government specifications, including but not limited to the T55-GA-714A

23   engines.  Except as expressly admitted or otherwise answered, Honeywell denies the allegations

24   in paragraph 23.

25       24.    To the extent the allegations in paragraph 24 are directed toward other defendants,

26   no response is required.  To the extent the allegations in paragraph 24 are directed toward

27   Honeywell, Honeywell denies the allegations in paragraph 24.

28

                                    3

1    25.    To the extent the allegations in paragraph 25 are directed toward other defendants,

2    no response is required.  To the extent the allegations in paragraph 25 are directed toward

3    Honeywell, Honeywell admits that it designed, manufactured, assembled, inspected, tested,

4    marketed, and sold certain Honeywell products on the subject helicopter, which were designed in

5    accordance with government specifications, including but not limited to the T55-GA-714A

6    engines.  Except as expressly admitted or otherwise answered, Honeywell denies the allegations

7    in paragraph 25.

8    26.    To the extent the allegations in paragraph 26 are directed toward other defendants,

9    no response is required.  To the extent the allegations in paragraph 26 are directed toward

10    Honeywell, Honeywell denies the allegations in paragraph 26.

11    27.    To the extent the allegations in paragraph 27 are directed toward other defendants,

12    no response is required.  To the extent the allegations in paragraph 27 are directed toward

13    Honeywell, Honeywell denies the allegations in paragraph 27.

14    28.    To the extent the allegations in paragraph 28 are directed toward other defendants,

15    no response is required.  To the extent the allegations in paragraph 28 are directed toward

16    Honeywell, Honeywell denies the allegations in paragraph 28.

17    29.    To the extent the allegations in paragraph 29 are directed toward other defendants,

18    no response is required.  To the extent the allegations in paragraph 29 are directed toward

19    Honeywell, Honeywell denies the allegations in paragraph 29.

20    30.    To the extent the allegations in paragraph 30 are directed toward other defendants,

21    no response is required.  To the extent the allegations in paragraph 30 are directed toward

22    Honeywell, Honeywell denies the allegations in paragraph 30.

23    31.    To the extent the allegations contain conclusions of law, no response is required.

24    To the extent a response is required, Honeywell denies the allegations stated in paragraph 31.

25    32.    To the extent the allegations contain conclusions of law, no response is required.

26    To the extent a response is required, Honeywell does not have knowledge or information

27    sufficient to form a belief as to the truth of the allegations stated in paragraph 32, and therefore

28    denies them.

4

1    33.    To the extent the allegations contain conclusions of law, no response is required.

2    To the extent a response is required, Honeywell does not have knowledge or information

3    sufficient to form a belief as to the truth of the allegations stated in paragraph 33, and therefore

4    denies them.

5    34.    To the extent the allegations contain conclusions of law, no response is required.

6    To the extent a response is required, Honeywell denies the allegations stated in paragraph 34.

7    35.    To the extent the allegations contain conclusions of law, no response is required.

8    To the extent a response is required, Honeywell does not have knowledge or information

9    sufficient to form a belief as to the truth of the allegations stated in paragraph 35, and therefore

10    denies them.

11    36.    To the extent the allegations contain conclusions of law, no response is required.

12    To the extent a response is required, Honeywell does not have knowledge or information

13    sufficient to form a belief as to the truth of the allegations stated in paragraph 36, and therefore

14    denies them.

15    37.    To the extent the allegations contain conclusions of law, no response is required.

16    To the extent a response is required, Honeywell denies the allegations stated in paragraph 37.

17    38.    To the extent the allegations contain conclusions of law, no response is required.

18    To the extent a response is required, Honeywell does not have knowledge or information

19    sufficient to form a belief as to the truth of the allegations stated in paragraph 38, and therefore

20    denies them.

21    39.    To the extent the allegations contain conclusions of law, no response is required.

22    To the extent a response is required, Honeywell does not have knowledge or information

23    sufficient to form a belief as to the truth of the allegations stated in paragraph 39, and therefore

24    denies them.

25    40.    To the extent the allegations contain conclusions of law, no response is required.

26    To the extent a response is required, Honeywell denies the allegations stated in paragraph 40.

27    41.    To the extent the allegations contain conclusions of law, no response is required.

28    To the extent a response is required, Honeywell does not have knowledge or information

5

ANSWER OF HONEYWELL INTERNATIONAL INC. TO COMPLAINT
sd-405232

1  sufficient to form a belief as to the truth of the allegations stated in paragraph 41, and therefore

2  denies them.

3      42.    To the extent the allegations contain conclusions of law, no response is required.

4  To the extent a response is required, Honeywell does not have knowledge or information

5  sufficient to form a belief as to the truth of the allegations stated in paragraph 42, and therefore

6  denies them.

7      43.    To the extent the allegations contain conclusions of law, no response is required.

8  To the extent a response is required, Honeywell denies the allegations stated in paragraph 43.

9      44.    To the extent the allegations contain conclusions of law, no response is required.

10  To the extent a response is required, Honeywell does not have knowledge or information

11  sufficient to form a belief as to the truth of the allegations stated in paragraph 44, and therefore

12  denies them.

13      45.    To the extent the allegations contain conclusions of law, no response is required.

14  To the extent a response is required, Honeywell does not have knowledge or information

15  sufficient to form a belief as to the truth of the allegations stated in paragraph 45, and therefore

16  denies them.

17      46.    To the extent paragraph 46 contains Plaintiffs' prayer for relief, no response is

18  required.  To the extent paragraph 46 is deemed to contain allegations, Honeywell denies that

19  Plaintiffs are entitled to any relief.

20                          **FIRST CAUSE OF ACTION**
                               **(Wrongful Death)**

21      47.    Answering the first cause of action, Honeywell incorporates by this reference its

22  previous responses in paragraphs 1-47 as thought fully set forth herein.

23      48.    To the extent the allegations contain conclusions of law, no response is required.

24  To the extent a response is required, Honeywell does not have knowledge or information

25  sufficient to form a belief as to the truth of the allegations stated in paragraph 48, and therefore

26  denies them.

27

28

6

ANSWER OF HONEYWELL INTERNATIONAL INC. TO COMPLAINT
sd-405232

1    49.    To the extent the allegations contain conclusions of law, no response is required.
2    To the extent a response is required, Honeywell does not have knowledge or information
3    sufficient to form a belief as to the truth of the allegations stated in paragraph 49, and therefore
4    denies them.

5    50.    To the extent the allegations contain conclusions of law, no response is required.
6    To the extent a response is required, Honeywell denies the allegations stated in paragraph 50.

7    51.    To the extent the allegations contain conclusions of law, no response is required.
8    To the extent a response is required, Honeywell does not have knowledge or information
9    sufficient to form a belief as to the truth of the allegations stated in paragraph 51, and therefore
10    denies them.

11    52.    To the extent the allegations contain conclusions of law, no response is required.
12    To the extent a response is required, Honeywell does not have knowledge or information
13    sufficient to form a belief as to the truth of the allegations stated in paragraph 52, and therefore
14    denies them.

15    53.    To the extent the allegations contain conclusions of law, no response is required.
16    To the extent a response is required, Honeywell denies the allegations stated in paragraph 53, and
17    therefore denies them.

18    54.    To the extent the allegations contain conclusions of law, no response is required.
19    To the extent a response is required, Honeywell does not have knowledge or information
20    sufficient to form a belief as to the truth of the allegations stated in paragraph 54, and therefore
21    denies them.

22    55.    To the extent the allegations contain conclusions of law, no response is required.
23    To the extent a response is required, Honeywell does not have knowledge or information
24    sufficient to form a belief as to the truth of the allegations stated in paragraph 55, and therefore
25    denies them.

26    56.    To the extent the allegations contain conclusions of law, no response is required.
27    To the extent a response is required, Honeywell denies the allegations stated in paragraph 56.
28

7

ANSWER OF HONEYWELL INTERNATIONAL INC. TO COMPLAINT
sd-405232

1     57.    To the extent the allegations contain conclusions of law, no response is required.

2 To the extent a response is required, Honeywell does not have knowledge or information

3 sufficient to form a belief as to the truth of the allegations stated in paragraph 57, and therefore

4 denies them.

5     58.    To the extent the allegations contain conclusions of law, no response is required.

6 To the extent a response is required, Honeywell does not have knowledge or information

7 sufficient to form a belief as to the truth of the allegations stated in paragraph 58, and therefore

8 denies them.

9     59.    To the extent the allegations contain conclusions of law, no response is required.

10 To the extent a response is required, Honeywell denies the allegations stated in paragraph 59.

11
## SECOND CAUSE OF ACTION
### (Strict Product Liability)

12

13     60.    Answering the second cause of action, Honeywell incorporates by this reference

its previous responses in paragraphs 1-59 as thought fully set forth herein.

14

15     61.    To the extent the allegations in paragraph 61 are directed toward other defendants,

16 no response is required.  To the extent the allegations in paragraph 61 are directed toward

Honeywell, Honeywell admits that it designed, manufactured, assembled, inspected, tested,

17 marketed, and sold certain Honeywell products on the subject helicopter, which were designed in

18 accordance with government specifications, including but not limited to the T55-GA-714A

19 engines.  Except as expressly admitted or otherwise answered, Honeywell denies the allegations

20 in paragraph 61.

21     62.    To the extent the allegations in paragraph 62 are directed toward other defendants,

22 no response is required.  To the extent the allegations in paragraph 62 are directed toward

23 Honeywell, Honeywell denies the allegations in paragraph 62.

24     63.    To the extent the allegations in paragraph 63 are directed toward other defendants,

25 no response is required.  To the extent the allegations in paragraph 63 are directed toward

26 Honeywell, Honeywell denies the allegations in paragraph 63.

27

28

8

1        64.     To the extent the allegations in paragraph 64 are directed toward other defendants,

2  no response is required.  To the extent the allegations in paragraph 64 are directed at Honeywell,

3  Honeywell denies the allegations stated in paragraph 64.

4        65.     To the extent the allegations in paragraph 65 are directed toward other defendants,

5  no response is required.  To the extent the allegations in paragraph 65 are directed at Honeywell,

6  Honeywell denies the allegations stated in paragraph 65.

7        66.     To the extent the allegations in paragraph 66 are directed toward other defendants,

8  no response is required.  To the extent the allegations in paragraph 66 are directed at Honeywell,

9  Honeywell denies the allegations stated in paragraph 66.

10        67.     To the extent the allegations in paragraph 67 are directed toward other defendants,

11  no response is required.  To the extent the allegations in paragraph 67 are directed at Honeywell,

12  Honeywell denies the allegations stated in paragraph 67.

13        68.     To the extent the allegations in paragraph 68 are directed toward other defendants,

14  no response is required.  To the extent the allegations in paragraph 68 are directed toward

15  Honeywell, Honeywell admits that it designed, manufactured, assembled, inspected, tested,

16  marketed, and sold certain Honeywell products on the subject helicopter, which were designed in

17  accordance with government specifications, including but not limited to the T55-GA-714A

18  engines.  Except as expressly admitted or otherwise answered, Honeywell denies the allegations

19  in paragraph 68.

20        69.     To the extent the allegations in paragraph 69 are directed toward other defendants,

21  no response is required.  To the extent the allegations in paragraph 69 are directed at Honeywell,

22  Honeywell denies the allegations stated in paragraph 69.

23        70.     To the extent the allegations in paragraph 70 are directed toward other defendants,

24  no response is required.  To the extent the allegations in paragraph 70 are directed at Honeywell,

25  Honeywell denies the allegations stated in paragraph 70.

26        71.     To the extent the allegations in paragraph 71 are directed toward other defendants,

27  no response is required.  To the extent the allegations in paragraph 71 are directed at Honeywell,

28  Honeywell denies the allegations stated in paragraph 71.

9

72.    To the extent the allegations in paragraph 72 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 72 are directed at Honeywell, Honeywell denies the allegations stated in paragraph 72.

### THIRD CAUSE OF ACTION
#### (Negligence)

73.    Answering the third cause of action, Honeywell incorporates by this reference its previous responses in paragraphs 1-72 as thought fully set forth herein.

74.    To the extent the allegations in paragraph 74 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 74 are directed toward Honeywell, Honeywell admits that it designed, manufactured, assembled, inspected, tested, marketed, and sold certain Honeywell products on the subject helicopter, which were designed in accordance with government specifications, including but not limited to the T55-GA-714A engines. Except as expressly admitted or otherwise answered, Honeywell denies the allegations in paragraph 74.

75.    To the extent the allegations in paragraph 75 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 75 are directed at Honeywell, Honeywell denies the allegations stated in paragraph 75.

76.    Honeywell does not have knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 76, and therefore denies them.

77.    To the extent the allegations in paragraph 77 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 77 are directed at Honeywell, Honeywell denies the allegations stated in paragraph 77.

78.    To the extent the allegations in paragraph 78 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 78 are directed at Honeywell, Honeywell denies the allegations stated in paragraph 78.

79.    To the extent the allegations in paragraph 79 are directed toward other defendants, no response is required. To the extent the allegations in paragraph 79 are directed at Honeywell, Honeywell denies the allegations stated in paragraph 79.

ANSWER OF HONEYWELL INTERNATIONAL INC. TO COMPLAINT
sd-405232

1    80.    To the extent the allegations in paragraph 80 are directed toward other defendants,

2  no response is required.  To the extent the allegations in paragraph 80 are directed at Honeywell,

3  Honeywell denies the allegations stated in paragraph 80.

4    81.    To the extent the allegations in paragraph 81 are directed toward other defendants,

5  no response is required.  To the extent the allegations in paragraph 81 are directed at Honeywell,

6  Honeywell denies the allegations stated in paragraph 81.

7    82.    To the extent the allegations in paragraph 82 are directed toward other defendants,

8  no response is required.  To the extent the allegations in paragraph 82 are directed at Honeywell,

9  Honeywell denies the allegations stated in paragraph 82.

10    83.    To the extent the allegations in paragraph 83 are directed toward other defendants,

11  no response is required.  To the extent the allegations in paragraph 83 are directed at Honeywell,

12  Honeywell denies the allegations stated in paragraph 83.

13    84.    To the extent the allegations in paragraph 84 are directed toward other defendants,

14  no response is required.  To the extent the allegations in paragraph 84 are directed at Honeywell,

15  Honeywell denies the allegations stated in paragraph 84.

16    85.    To the extent the allegations in paragraph 85 are directed toward other defendants,

17  no response is required.  To the extent the allegations in paragraph 85 are directed at Honeywell,

18  Honeywell denies the allegations stated in paragraph 85.

19                          **FOURTH CAUSE OF ACTION**
                              **(Breach of Warranties)**
20
      86.    Answering the fourth cause of action, Honeywell incorporates by this reference its
21
   previous responses in paragraphs 1-85 as thought fully set forth herein.
22
      87.    To the extent the allegations in paragraph 87 are directed toward other defendants
23
   and/or state legal conclusions, no response is required.  To the extent the allegations in paragraph
24
   87 are directed at Honeywell, Honeywell denies the allegations stated in paragraph 87.
25
      88.    To the extent the allegations in paragraph 88 are directed toward other defendants,
26
   no response is required.  To the extent the allegations in paragraph 88 are directed toward
27
   Honeywell, Honeywell admits that it designed, manufactured, assembled, inspected, tested,
28

                                  11
ANSWER OF HONEYWELL INTERNATIONAL INC. TO COMPLAINT
sd-405232

1    marketed, and sold certain Honeywell products on the subject helicopter, which were designed in

2    accordance with government specifications, including but not limited to the T55-GA-714A

3    engines.  Except as expressly admitted or otherwise answered, Honeywell denies the allegations

4    in paragraph 88.

5         89.    To the extent the allegations in paragraph 89 are directed toward other defendants,

6    no response is required.  To the extent the allegations in paragraph 89 are directed at Honeywell,

7    Honeywell denies the allegations stated in paragraph 89.

8         90.    To the extent the allegations in paragraph 90 state legal conclusions, no response is

9    required.  To the extent the allegations in paragraph 90 are directed at Honeywell, Honeywell

10   denies the allegations stated in paragraph 90.

11        91.    To the extent the allegations in paragraph 91 are directed toward other defendants

12   and/or state legal conclusions, no response is required.  To the extent the allegations in paragraph

13   91 are directed at Honeywell, Honeywell denies the allegations stated in paragraph 91.

14        92.    To the extent the allegations in paragraph 92 are directed toward other defendants

15   and/or state legal conclusions, no response is required.  To the extent the allegations in paragraph

16   92 are directed at Honeywell, Honeywell denies the allegations stated in paragraph 92.

17        93.    To the extent the allegations in paragraph 93 are directed toward other defendants

18   and/or state legal conclusions, no response is required.  To the extent the allegations in paragraph

19   93 are directed at Honeywell, Honeywell denies the allegations stated in paragraph 93.

20        94.    To the extent the allegations in paragraph 94 are directed toward other defendants,

21   no response is required.  Honeywell does not have knowledge or information sufficient to form a

22   belief as to the truth of the allegations stated in paragraph 94, and therefore denies them.

23        95.    To the extent the allegations in paragraph 95 are directed toward other defendants

24   and/or state legal conclusions, no response is required.  To the extent the allegations in paragraph

25   95 are directed at Honeywell, Honeywell denies the allegations stated in paragraph 95.

26        96.    To the extent the allegations in paragraph 96 are directed toward other defendants,

27   no response is required.  To the extent the allegations in paragraph 96 are directed at Honeywell,

28   Honeywell denies the allegations stated in paragraph 96.

12

## FIFTH CAUSE OF ACTION
### (Loss of Consortium)

97.     Answering the fifth cause of action, Honeywell incorporates by this reference its previous responses in paragraphs 1-96 as thought fully set forth herein.

98.     To the extent the allegations in paragraph 95 state legal conclusions, no response is required.  To the extent a response is required, Honeywell does not have knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 98, and therefore denies them.

99.     To the extent the allegations contain conclusions of law, no response is required. To the extent a response is required, Honeywell does not have knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 99, and therefore denies them.

## SEPARATE AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Honeywell alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint, and each of the alleged causes of action, fails to state a claim against Honeywell upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiffs have failed to join necessary or indispensable parties.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiffs' alleged causes of action may be barred by applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE

4.     The Complaint, and each purported cause of action therein, may be barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiffs' injuries or damages, if any, were caused in whole or in part by the acts or omissions of other persons over whom Honeywell had no supervision or control, those acts or

13

1    omissions being the sole proximate cause or an intervening or superseding cause of any injuries

2    or damages sustained by Plaintiffs.

3                    **SIXTH AFFIRMATIVE DEFENSE**

4        6.    Plaintiffs' damages, if any, were directly and proximately caused, or contributed

5    to, by the acts and/or omissions of individuals, firms, corporations, or other entities over whom

6    Honeywell have or had no control or right of control, and for whom Honeywell is not responsible.

7    Said acts and/or omissions intervened between the acts and/or omissions of Honeywell, if any,

8    and were the sole, direct, and proximate cause of Plaintiffs' damages, if any. Plaintiffs' recovery,

9    if any, should therefore be barred or diminished in accordance with applicable law.

10                   **SEVENTH AFFIRMATIVE DEFENSE**

11       7.    Plaintiffs' claims against Honeywell are barred completely or must be reduced in

12    proportion to the fault attributable to such other third parties as are found liable.

13                   **EIGHTH AFFIRMATIVE DEFENSE**

14       8.    Plaintiffs' damages, if any, were directly and proximately caused by the misuse of

15    the product, which was not foreseeable to Honeywell. Said misuse bars recovery against

16    Honeywell.

17                   **NINTH AFFIRMATIVE DEFENSE**

18       9.    Plaintiffs' recovery may be barred since Plaintiffs were not in privity of contract

19    with Honeywell, were not a third-party beneficiary of any warranty given by Honeywell, and did

20    not rely upon any warranty given by Honeywell.

21                   **TENTH AFFIRMATIVE DEFENSE**

22       10.   Plaintiffs' claims fail in whole or in part to the extent that Honeywell did not

23    design, manufacture, or sell the component parts on which Plaintiffs base their alleged claims.

24                   **ELEVENTH AFFIRMATIVE DEFENSE**

25       11.   If Plaintiffs were injured or damaged by components of the Helicopter, which

26    Honeywell denies, those components were substantially altered, modified, repaired, overhauled,

27    or misused by persons over whom Honeywell had no control or right of control, without

28    Honeywell's knowledge, consent, or advice, following the date of initial manufacture and sale of

                                    14

ANSWER OF HONEYWELL INTERNATIONAL INC. TO COMPLAINT
sd-405232

1  the components, and such alteration, modification, repair, overhaul, or misuse proximately caused

2  or contributed to the events alleged in Plaintiffs' Complaint.

3  **TWELFTH AFFIRMATIVE DEFENSE**

4      12.    If Plaintiffs were injured or damaged by components of the Helicopter, which

5  Honeywell denies, that injury or damage was caused or contributed to by improper maintenance,

6  repair, calibration, piloting, dispatching, and operation of the subject Helicopter and its

7  components by persons other than Honeywell, and such improper maintenance, repair,

8  calibration, piloting, dispatching, and operation proximately caused or contributed to the events

9  alleged in Plaintiffs' Complaint.

10  **THIRTEENTH AFFIRMATIVE DEFENSE**

11      13.    Honeywell complied with all applicable federal and state statutes and

12  administrative and/or military regulations existing at the time the subject Helicopter was

13  manufactured and all applicable standards for design, inspection, testing, warning, and

14  manufacture.

15  **FOURTEENTH AFFIRMATIVE DEFENSE**

16      14.    The subject Helicopter and its component parts conformed to the "state of the art"

17  at the time of its sale and was designed, manufactured, and tested pursuant to generally

18  recognized and prevailing standards and was in conformance with the statutes, regulations, and

19  requirements that governed the product at the time of design, manufacture, and sale.

20  **FIFTEENTH AFFIRMATIVE DEFENSE**

21      15.    The subject Helicopter, and its component parts, were intended for and sold to a

22  knowledgeable and sophisticated user over whom Honeywell has no control and who was fully

23  informed as to the risks and dangers, if any, associated with the product and the precautions

24  necessary to avoid such risks and dangers.  Accordingly, Honeywell did not owe a duty to warn

25  Plaintiffs of the alleged risks or dangers, if any, associated with the subject Helicopter or its

26  component parts.

27

28

15

1 **SIXTEENTH AFFIRMATIVE DEFENSE**

2    16.    Plaintiffs' claims are barred in whole or in part, by the learned intermediary and

3 bulk supplier doctrines.  Honeywell had no duty to warn or instruct purchasers of the subject

4 Helicopter.

5 **SEVENTEENTH AFFIRMATIVE DEFENSE**

6    17.    Any design defects or warning defects in products sold by Honeywell, which

7 defects Honeywell denies, are due to plans, specifications, or directions provided to Honeywell

8 by a person other than Honeywell, and those plans, specifications, or directions were not so

9 obviously defective or dangerous that no reasonable person would follow them.

10 **EIGHTEENTH AFFIRMATIVE DEFENSE**

11    18.    The benefits of the design of the subject Helicopter and its component parts

12 outweigh the risks associated with them, if any.

13 **NINETEENTH AFFIRMATIVE DEFENSE**

14    19.    To the extent Plaintiffs or others sustained any injury or damage as alleged in the

15 Complaint, the injury or damage was caused or contributed to by Plaintiffs' or others' violation of

16 applicable statutes, regulations, and standards.

17 **TWENTIETH AFFIRMATIVE DEFENSE**

18    20.    Plaintiffs are not third-party beneficiaries of any warranties that Honeywell may

19 have made with respect to the subject Helicopter or any of its component parts or systems.

20 **TWENTY-FIRST AFFIRMATIVE DEFENSE**

21    21.    Plaintiffs' damages, if any, were directly and proximately caused by the misuse of

22 the product, which was not foreseeable by Honeywell, which bars recovery against Honeywell.

23 **TWENTY-SECOND AFFIRMATIVE DEFENSE**

24    22.    The Complaint and each purported cause of action therein, may be barred, in

25 whole or in part, by Plaintiffs' conduct in voluntarily assuming an unreasonable risk of injury

26 and/or damage.

27 **TWENTY-THIRD AFFIRMATIVE DEFENSE**

28    23.    Plaintiffs may lack capacity or standing to bring this action.

16

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Plaintiffs' personal injury claims may be barred because there may be a defect or misjoinder of parties in this action, in that Plaintiffs may have failed to name in their Complaint all proper defendants as parties to the action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Some or all of Plaintiffs' claims and available damages may be barred by virtue of prior settlements with Plaintiffs and third-parties.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    An award or judgment rendered in favor of Plaintiffs must be reduced by the amount of benefits Plaintiffs received, or are entitled to receive, from any other source as a result of their injuries.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Plaintiffs have failed to use reasonable efforts to mitigate their damages, if any.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    Plaintiffs' action may be governed, in whole or in part, by the laws of jurisdictions other than California, including the laws of other states or of foreign countries. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Honeywell hereby gives notice that it may raise issues in this action concerning the law of a foreign country or countries.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    Plaintiffs' complaint may be dismissed pursuant to the *forum non conveniens* doctrine.

### THIRTIETH AFFIRMATIVE DEFENSE

30.    Plaintiffs' claims may be barred, in whole or in part, by any applicable statute of repose.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, because the subject helicopter and all of its components were designed and manufactured in conformity with specifications provided or approved by the United States Government.

17

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32.    The Complaint, and each purported cause of action therein, may be barred, in whole or in part, by the government contractor defense, as set forth in *Boyle v. United Technologies Corp*, 487 U.S. 500 (1998) and its progeny.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33.    The Complaint, and each purported cause of action therein, may be preempted by the combatant activities exception to the Federal Tort Claims Act.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34.    The Complaint and each purported cause of action therein, may be barred, in whole or in part, if the Government invokes the state's secrets privilege to preclude production of information necessary to Honeywell's defense or to Plaintiffs' prima facie case.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

35.    This Court may lack subject matter jurisdiction over this case as this case may pose non-justiciable political questions based on the political question defense as outlined in *Baker v. Carr*, 369 U.S. 186, 199 (1962), and its progeny.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

36.    Plaintiffs' claims are or may be barred by the doctrine of federal preemption.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

37.    Plaintiffs' punitive damages claims, if any, are barred or limited by provisions of the United States Constitution, state constitutions, or other applicable law including, without limitation, proscriptions against double jeopardy and excessive fines and provisions assuring due process of law and equal protection of the laws.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

38.    Honeywell reserves the right to seek discretionary transfer of this case pursuant to 28 U.S.C. §1404(a) for the "convenience of parties, witnesses and in the interest of justice."

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

39.    Honeywell therefore reserves the right to add those affirmative defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery.

18

ANSWER OF HONEYWELL INTERNATIONAL INC. TO COMPLAINT
sd-405232

1  Honeywell further reserves the right to assert any additional affirmative defenses asserted by

2  another defendant and/or allowed by the law of the jurisdiction found to apply in this case.

3      **WHEREFORE**, Defendant Honeywell prays for judgment as follows, and that:

4      1.    Plaintiffs take nothing from Honeywell by virtue of the unverified Complaint;

5      2.    Honeywell be awarded their costs of suit herein; and

6      3.    Honeywell be granted such other and further relief as the Court may deem just and

7  proper.

8

9  Dated: December 21, 2007               MORRISON & FOERSTER LLP

10                           By: /s/ William V. O'Connor
                                 William V. O'Connor

11                                  Attorneys for Defendant
                               HONEYWELL INTERNATIONAL INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

ANSWER OF HONEYWELL INTERNATIONAL INC. TO COMPLAINT
sd-405232