# EXHIBIT H

Garth W. Aubert Bar No. 162877
Mark R. Irvine, Bar No. 137294
Mendes & Mount, LLP
445 South Figueroa Street, 38th Floor
Los Angeles, CA 90071
(213) 955-7700
(213) 955-7725 Fax

Attorneys for Defendant
Goodrich Pump and Engine Control Systems, Inc.
(erroneously sued as Goodrich Corporation and
BF Goodrich Aerospace)

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DEBORAH GETZ, et al. | No. CGC-07-467912 |
| Plaintiffs, | |
| vs. | ANSWER OF DEFENDANT GOODRICH PUMP AND ENGINE CONTROL SYSTEMS, INC. TO COMPLAINT |
| THE BOEING COMPANY, et al. | |
| Defendants. | |

    Defendant Goodrich Pump and Engine Control Systems, Inc., erroneously sued as Goodrich Corporation and BF Goodrich Aerospace, answers the complaint of Plaintiffs in this action as follows:

    Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each and every allegation of Plaintiffs' complaint and further denies that Plaintiffs are entitled to any relief as a result of any act, conduct, or omission of Defendant.

    Defendant states the following as separate affirmative defenses to Plaintiffs' complaint:

## FIRST AFFIRMATIVE DEFENSE

1. The complaint, including each cause of action therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The complaint, and each purported cause of action therein, may be barred, in whole or in part, by the applicable statutes of limitation and/or repose, including but not limited to, the limitation period contained in *California Code of Civil Procedure* section 337.1 and *Connecticut General Statute* section 52-577a(e).

## THIRD AFFIRMATIVE DEFENSE

3. Venue is improper in this Court.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs' damages, if any, were caused or contributed to by the acts and/or omissions of Plaintiffs or their Decedents, or by others over whom Defendant has or had no control or right to control, including Plaintiffs' or their Decedents' employer, co-employees, or other individuals or entities in privity with them, thus barring or diminishing Plaintiffs' recovery.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' damages, if any, were directly and proximately caused, or contributed to, by the acts and/or omissions of other individuals or entities over whom Defendant has or had no control or right of control, and for whom Defendant is not responsible. Said acts and/or omissions intervened between the acts and/or omissions of Defendant, if any, and were the sole, direct and proximate cause of Plaintiffs' damages, if any. Plaintiffs' recovery, if any, should therefore be barred or diminished in accordance with applicable law.

## SIXTH AFFIRMATIVE DEFENSE

6. Defendant places in issue the negligence, fault and responsibility, if any, of all persons who contributed in any degree to the damages and/or losses alleged to have been sustained by Plaintiffs, in proportion to each person's

negligence, fault, or responsibility. Judgment, if any, against Defendant should be diminished to an amount that represents its degree of negligence, fault or responsibility, if any.

### SEVENTH AFFIRMATIVE DEFENSE

7. The Complaint, and each purported cause of action therein, is barred, in whole or in part, by Plaintiffs' and/or Plaintiffs' employer's failure to mitigate damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

8. The Complaint, and each purported cause of action therein, may be barred, in whole or in part, by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

9. The Complaint, and each purported cause of action therein, may be barred, in whole or in part, by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

10. The Complaint, and each purported cause of action therein, may be barred, in whole or in part, by the doctrine laches.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The Complaint, and each purported cause of action therein, may be barred, in whole or in part, by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

12. Any award of judgment entered in favor of Plaintiffs must be reduced by the amount of any benefits received from others.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiffs' damages, if any, were directly and proximately caused by the misuse of the product, which was not foreseeable by Defendant. Said misuse bars recovery against Defendant.

///
///

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs and/or their Decedents, their employer, co-employee[s] and/or other persons over whom Defendant has or had no control or right of control, without Defendant's knowledge and/or approval, may have redesigned, modified, altered and/or used the product contrary to instructions and the customs and practice of the industry which substantially changed its character. Defendant further alleges that if there was a defect in the product, which is specifically denied, such defect resulted solely from the redesign, modification, alteration, treatment or other changes therein and not from any act or omission by Defendant. Therefore, said defect, if any, was created by Plaintiffs and/or their Decedents, their employer, co-employee[s] and/or other persons or parties over whom Defendant has or had no control or right of control, as the case may be, and was the sole and proximate cause of the damages, if any, allegedly suffered.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The design of the subject product or components was consistent with the "state of the art" at the time of its design and manufacture.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. The benefits of the design of the subject product or components outweighed the inherent risks, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Any claim for breach of warranty may be barred by the expiration of any such warranty given.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiffs' recovery upon any theory of warranty is barred since Plaintiffs or their Decedents were not in privity of contract with Defendant and did not rely upon any warranty given by Defendant.

///

///

### NINETEENTH AFFIRMATIVE DEFENSE

19. If there were any defects in the product as alleged by Plaintiffs, which defect or defects Defendant specifically denies, Plaintiff knew or should have known that the product was defective and that Plaintiffs' or their Decedents' use of the product would expose them to the risk of the injuries and damages alleged.

### TWENTIETH AFFIRMATIVE DEFENSE

20. The Complaint, and each purported cause of action therein, may be barred, in whole or in part, by Plaintiffs and/or their Decedents' conduct in voluntarily and knowingly assuming an unreasonable risk of injury and/or damage.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiffs waived whatever rights they might otherwise have had in that Plaintiffs failed to notify Defendant of any alleged breach of warranty, express or implied, and/or of alleged defects in any product manufactured or marketed by Defendant within a reasonable time after Plaintiff discovered and/or should have discovered any defect or nonconformity, if any existed, thereby prejudicing Defendant from being able to fully investigate and defend the allegations contained in the unverified Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. The Fair Responsibility Act of 1986, codified at California Civil Code Section 1431.1 *et seq.*, limits any damages governed thereby which are awarded to Plaintiffs and against Defendant to that portion of Plaintiffs' non-economic damages, if any, that are attributable to Defendant's percentage of fault or liability, if any.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. The Complaint, and each purported cause of action therein, should be dismissed on the ground that Plaintiffs have failed to join necessary and indispensable parties.

///

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. The Complaint, and each purported cause of action therein, is barred, in whole or in part, because the subject product and components were designed and manufactured in conformity with specifications provided or approved by the United States Government.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the government contractor defense, as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and other applicable law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiffs' claims for punitive damages, if any, are barred or limited by provisions of the United States Constitution and by state constitutional and statutory provisions, including without limitation, proscriptions against double jeopardy and excessive fines, and provisions assuring due process and equal protection under the laws.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. The Complaint, and each purported cause of action therein, may be barred, in whole or in part, if the government invokes the state secrets privilege to preclude production of information necessary to the Defendant's defense or to Plaintiffs' prima facie case.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. The Complaint, and each purported cause of action therein, fails to present a justiciable controversy.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Plaintiffs' claims are barred or preempted in whole or in part by federal law, statutes and regulations.

///

///

### THIRTIETH AFFIRMATIVE DEFENSE

30. Any design defects or warning defects in products sold by Defendant, which defects Defendant denies, are due to plans, specifications, or directions provided to Defendant by other persons, and those plans, specifications, or directions were not so obviously defective or dangerous that no reasonable person would follow them.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. The product(s) for which Defendant is allegedly responsible, were intended for and sold to a knowledgeable and sophisticated user over whom Defendant has or had no control and who was fully informed as to the risks and dangers, if any, associated with the product and the precautions necessary to avoid such risks and dangers. Accordingly, Defendant did not owe a duty to warn Plaintiffs of the alleged risks or dangers, if any, associated with the product(s).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. The court lacks personal jurisdiction over Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Plaintiffs lack standing to pursue the claims in this lawsuit.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. Plaintiffs lack capacity to pursue the claims in this lawsuit.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. The subject product(s) sold by Defendant fully complied with all applicable government laws and regulations, and industrial standards at the time the product(s) left Defendant's control.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

35. Plaintiffs' claims are barred in whole or in part by the Political Question Doctrine.

///
///

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37. This is an inconvenient forum and this action should be dismissed based upon the doctrine of *forum non conveniens*.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38. Defendant reserves the right to add those additional defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery.

WHEREFORE, Defendant prays for judgment as follows:

1. Plaintiffs take nothing from Defendant by virtue of the unverified Complaint;

2. Defendant be awarded its costs of suit herein; and

3. Defendant be granted such other and further relief as the Court may deem just and proper.

Dated: December 10, 2007

MENDES & MOUNT, LLP

By: _____
Garth W. Aubert
Attorneys for Defendant
Goodrich Pump and Engine Control Systems, Inc. (erroneously sued as Goodrich Corporation)

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )          Getz v. Goodrich Pum and Engine
                         ) ss.      San Francisco Sup.Ct, Case No. CGC-07-467912
COUNTY OF LOS ANGELES    )          Our File No. 394,429

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 445 S. Figueroa Street, Suite 3800, Los Angeles, California 90071.

On **December 10, 2007**, I served the document described as **Answer of Defendant Goodrich Pump and Engine Control Systems, Inc. to Complaint** on the interested parties in this action, as follows:

**SEE ATTACHED SERVICE LIST**

__X__ **(By U.S. Mail)** By placing _____ the original / __X__ a true copy thereof enclosed in a sealed envelope(s), with postage fully paid, addressed as per the attached service list, for collection and mailing at Mendes & Mount in Los Angeles, California following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

_____ **(By Facsimile)** I transmitted from a facsimile transmission machine whose telephone number is (213) 955-7725 the above-entitled document(s) to the parties listed on the attached Service List and whose facsimile transmission machine telephone number is indicated. The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission. A true and correct copy of the said transmission report is attached hereto and incorporated herein by this reference.

_____ **(By LexisNexis File & Serve)** I served the above-entitled document(s) on the interested parties in this action by submitting an electronic version of the document via LexisNexis File & Serve pursuant to the Court=s Order as designated on the Transaction Receipt located on the LexisNexis File & Serve website, and the attached service list. This service complies with C.C.P. ∋ 1010.6 and C.R.C. ∋ 2060. A receipt of this transaction will be maintained with the original document(s) in our offices.

_____ **(By Personal Service)** By placing the above-entitled document(s) in a sealed envelope(s) and instructing First Legal Courier to personally deliver the envelope(s) to the offices at the addressees) set forth on the attached service list. The signed proof of service by the courier is attached.

__X__ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 10, 2007**, at Los Angeles, California.

*/s/ Espie Lucero*
Espie Lucero

## SERVICE LIST

**Attorneys for Plaintiff**
Thomas J. Brandi
The Brandi Law Firm
44 Montgomery Street, #1050
San Francisco, CA 94104
415-989-1800
415-989-1801 (Fx)