1  JAMES W. HUSTON (BAR NO. 115596)
   JHuston@mofo.com
2  ERIN M. BOSMAN (BAR NO. 204987)
   WILLIAM V. O'CONNOR (BAR NO. 216650)
3  JOANNA E. HERMAN (BAR NO. 227480)
   MORRISON & FOERSTER LLP
4  12531 High Bluff Drive, Suite 100
   San Diego, California  92130-2040
5  Telephone:  858.720 5100
   Facsimile:   858.720.5188
6
   Attorneys for Defendant
7  HONEYWELL INTERNATIONAL INC.

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 DEBORAH GETZ, individually and as a surviving      Case No.    CV 07-06396 CW
   heir of decedent KRISTOFER D. S. THOMAS;
12 RODNEY THOMAS, individually and as a surviving
   heir of decedent, KRISTOFER D. S THOMAS;         **DEFENDANT HONEYWELL
13 MARY DUFFMAN, individually and as a surviving      INTERNATIONAL INC.'S
   heir of decedent, SCOTT E. DUFFMAN; SOPHIA        REPLY TO PLAINTIFFS'
14 DUFFMAN, a minor, individually and as a surviving  OPPOSITION TO MOTION
   heir of decedent SCOTT E. DUFFMAN, by and         TO TRANSFER VENUE**
15 through her Guardian ad Litem, MARY DUFFMAN;
   CHRISTINE VAUGHN, individually and as a           Date:   February 21, 2008
16 surviving heir of decedent, TRAVIS R. VAUGHN;     Time:   2:00 p.m.
   BRAD VAUGHN, individually and as a surviving heir
17 of decedent, TRAVIS R. VAUGHN; JILL GARBS,        Courtroom: 2
   individually and as a surviving heir of decedent  Judge:     Hon. Claudia Wilken
18 RYAN GARBS; DOUG GARBS, individually and as
   a surviving heir of decedent, RYAN GARBS;
19 JORDAN LANHAM; JERRY GOLDSMITH;
   RYANNE NOSS, individually and as spouse of SCOT
20 NOSS; TIMOTHY BRAUCH; CHRIS TRISKO,
   MARK DANIEL HOUGHTON,
21
                      Plaintiffs,
22
            v.
23
   THE BOEING COMPANY, a corporation;
24 HONEYWELL INTERNATIONAL, INC., a
   corporation; GOODRICH CORPORATION, a
25 corporation; BF GOODRICH AEROSPACE;
   CHANDLER EVANS CONTROL SYSTEMS;
26 GENERAL ELECTRIC and DOES 1 through 200,
   inclusive,
27
                      Defendants.
28

## I.    INTRODUCTION

In the face of undeniable evidence that this case does not belong in the Northern District, Plaintiffs' Opposition to Honeywell's Motion to Transfer Venue ("Opposition") attempts to focus solely on the absence of a significant connection to the District of Arizona and Plaintiffs' claims. Plaintiffs ignore the fact that there is no connection to the Northern District of California ("Northern District").  The fact that the Subject Helicopter's engines—the focus of Plaintiffs' product liability claims—were manufactured in Arizona and the fact that the accident occurred in Afghanistan precludes any obvious choice of a single forum to litigate this dispute.  Honeywell's motion to transfer, however, demonstrates that Arizona is the center of gravity for this case and contains the *most* relevant evidence (of any one forum) to Plaintiffs' claims.  By contrast, Plaintiffs' Opposition fails to demonstrate why their choice of forum in the Northern District has any connection to the claims asserted in the Complaint or the evidence necessary to establish the Defendants' liability.

Plaintiffs' argument that the Northern District is a convenient forum for the parties and witnesses fares no better.  The only connection with California is that two of the 14 plaintiffs are California residents.  These California Plaintiffs, however, do not live in the Northern District.  This limited connection is entitled no weight in the transfer analysis because the California Plaintiffs are pursuing wrongful death claims in their representative capacity as the surviving heirs of Kristopher Thomas, a member of the 75th Ranger Regiment based in Fort Benning, Georgia.  Here, the two California Plaintiffs will not be traveling to the Oakland courthouse on such a frequent basis (if at all) to justify keeping the litigation in this District nor do these Plaintiffs possess any relevant evidence regarding the cause of the crash.  Moreover, Plaintiffs' failure to point to any witnesses, documents, or evidence located in the Northern District demonstrates that their convenience argument is disingenuous and underscores Honeywell's compelling point that the Northern District is an inconvenient forum.

Plaintiffs' suggestion that they will be inconvenienced by an Arizona forum is equally meritless.  Plaintiffs' Opposition admits that no single forum is appropriate for this dispute because the evidence and witnesses are scattered all over the United States.  Honeywell's

1

1    alternative of an Arizona forum, however, is the location of important relevant evidence and

2    witnesses.  Instead, Plaintiffs claim their choice of forum is entitled to "substantial" deference.

3    The case law from this District, however, dictates that Plaintiffs' choice of forum is entitled to

4    little to no deference.  As such, Honeywell has met its burden that between the District of Arizona

5    and the Northern District, Arizona is the only forum containing relevant evidence, and it is

6    evidence relevant to a central contention in the litigation, *i.e.*, the alleged failure of Honeywell

7    engines designed and manufactured at Honeywell's Phoenix facility.  Because this evidence is

8    located there, Arizona is clearly the most convenient forum for the witnesses, the parties, and the

9    ease of access to proof.  This Court should therefore grant Honeywell's motion to transfer this

10   case to the District of Arizona.

11        **II.       HONEYWELL MET ITS BURDEN THAT TRANFER IS WARRANTED
12                 AND PLAINTIFFS DEMONSTRATE NO BASIS TO MAINTAIN THIS
              ACTION IN THE NORTHERN DISTRICT**

13         On its face, Plaintiffs' Complaint demonstrates no basis for this case to proceed in the

14   Northern District.  In addition, Honeywell has presented sufficient evidence, by declarations, of

15   facts supporting transfer to the District of Arizona.  *See, e.g., Forte Capital Partners v. Harris*

16   *Cramer,* No. C07-01237 MJJ, 2007 WL 1430052, at *2 (N.D. Cal. May 14, 2007).  The evidence

17   in support of Honeywell's motion is neither conclusory, vague, nor general.  *Id.*

18         The engines that Plaintiffs claim are defective were designed and manufactured in the

19   District of Arizona pursuant to detailed government contracts performed by Honeywell in

20   Phoenix.  (Declaration of Peter B. Baker in Support of Honeywell's Motion to Transfer ("Baker

21   Decl.") at ¶¶ 6, 15.)  Honeywell engineers located in Phoenix are providing technical assistance to

22   the U.S. Army's investigation into the cause of this crash.  (Declaration of Marlin Kruse in

23   Support of Honeywell's Motion to Transfer ("Kruse Decl.") at ¶ 10.)  These investigation

24   activities include personal observations by Honeywell employees of the teardown of the engines

25   by the U.S. Army.  (*Id.* at ¶ 8.)  In addition, the U.S. Army has relied on Honeywell to provide

26   information regarding the design and manufacture of the engines recovered from the Subject

27   Helicopter.  (*Id.* at ¶¶ 6, 11.)  Clearly, the U.S. Army's investigation involves a significant

28   amount of activity that occurred and will continue to occur in the District of Arizona.  Likewise,

Honeywell's Reply to Plaintiffs' Opposition to Motion to Transfer Venue
sd-410335

these Honeywell employees, who are crucial to the U.S. Army's investigation, are equally important to Honeywell's defense at trial. Moreover, Boeing and Goodrich have joined Honeywell's Motion demonstrating that the remaining defendants believe the District of Arizona is more convenient than the Northern District.

Plaintiffs themselves admit that this case could have been filed in any number of jurisdictions. (Opposition at pp. 2,11.) Yet, Plaintiffs' mistakenly rely entirely on the deference accorded to a plaintiff's choice of forum and tellingly shy away from the fact that Arizona is clearly more convenient than the Northern District for the parties and the ease of access to proof. Likewise, potential nonparty witnesses, including U.S. Army witnesses, will be no more inconvenienced if this case proceeds through discovery and trial in the District of Arizona.

### III.    ALL DEFENDANTS ARE SUBJECT TO PERSONAL JURISDICTION IN ARIZONA

Plaintiffs claim Honeywell has made no showing that all Defendants would be subject to personal jurisdiction in Arizona. (Opposition at p. 9.) In the next breath, however, Plaintiffs suggest that these same Defendants "are large companies which all do business throughout the United States" to support their contention that the Defendants' convenience should be afforded little weight in the transfer analysis. (Opposition at p. 17.) Plaintiffs cannot have it both ways. Defendants are subject to personal jurisdiction in Arizona and have defended their products in several cases filed in the Arizona district court. (Declaration of William V. O'Connor in Support of Honeywell's Reply to Plaintiffs' Opposition to Motion to Transfer ("O'Connor Reply Decl.") at ¶ 2, Exs. 1 & 2.) In addition, Boeing and Goodrich have registered agents in Arizona. (O'Connor Reply Decl. at ¶¶ 4,5, Exs.. 3 & 4.) Therefore, Plaintiffs' case "could have been brought in the forum to which the transfer is sought." *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006).[1]

---

[1] Here, all of the conditions to transfer set forth in *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) are met. Subject matter jurisdiction is based on Boeing's federal officer removal pursuant to 28 U.S.C. § 1442 and 28 U.S.C § 1331. (*See* Boeing's Notice of Removal.) Therefore, subject matter jurisdiction lies in any district court in the United States. Venue is also proper pursuant to 28 U.S.C. § 1391(a)(2)because the engines from the Subject Helicopter were designed and manufactured in Phoenix. (Baker Decl. at ¶ 6.). Finally, as discussed above, the District of Arizona has personal jurisdiction over Honeywell, Boeing, and Goodrich.

(Footnote continues on next page.)

3

Honeywell's Reply to Plaintiffs' Opposition to Motion to Transfer Venue
sd-410335

1    **IV.    PLAINTIFFS' CHOICE OF FORUM IS ENTITLED TO NO DEFERENCE**

2        Plaintiffs have failed to distinguish this case from the long line of cases in the Northern

3    District affording little or no weight to a plaintiff's choice of forum where, as here, no plaintiff

4    resides in the district and the forum lacks a significant connection to the conduct alleged in the

5    complaint. *Inherent.com*, 420 F. Supp. 2d at 1100, (*quoting Carolina Cas. Co. v. Data Broad.*

6    *Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001)); *Williams v. Bowman*, 157 F. Supp.

7    2d 1103, 1106 (N.D. Cal. 2001) (*quoting Fabus Corp. v. Asiana Exp. Corp.*, No. C-00-3172 PJH,

8    2001 WL 253185, at *1 (N.D. Cal. Mar. 5, 2001)); *Allegiance Healthcare Corp. v. London Int'l*

9    *Group,* No. C 97-4619 SC, 1998 WL 328624, at *1 (N.D. Cal. June 17, 1998).

10        Plaintiffs attempt to draw an arbitrary line between their case and cases involving fewer

11   plaintiffs. (Opposition at pp. 11-13.)  This argument is untenable, and Plaintiffs cite no authority

12   for it.  Plaintiffs' choice of forum is entitled to the same little to no deference as any other transfer

13   case decided by the Northern District.  For example, Plaintiffs claim that the forum selected by

14   six plaintiffs in *Fabus Corp.,* 2001 WL 253185 was not given much weight because there were

15   too *few* plaintiffs while plaintiffs' choice of forum in a class action case, *Lupiani v. Wal-Mart*

16   *Stores, Inc.*, No. C-03-2614 SC, 2003 WL 22416414 (N.D. Cal. Oct. 20, 2003), was afforded

17   little deference because there were too *many* plaintiffs.  (Opposition at p. 12.)  Plaintiffs'

18   argument simply makes no sense.  There is no basis for this Court to depart from the Northern

19   District's longstanding rule that non-resident plaintiffs are entitled to little or no deference.  The

20   14 Plaintiffs in this case are not entitled to a greater deference than that given to the plaintiffs in

21   *Fabus Corp.* or *Lupiani.*

22        Plaintiffs' Opposition also ignores the long line of cases where the Northern District

23   declines to defer to a plaintiff's choice of forum when the allegations in the complaint have no

24   _____

(Footnote continued from previous page.)

25        The personal jurisdiction condition to transfer has been criticized by commentators and
district courts.  *See* Wright, Miller & Cooper; *Federal Practice and Procedure: Jurisdiction 3d* §
26   3845.  Moreover, if the Court is concerned that personal jurisdiction is lacking in Arizona, it may
condition its transfer order on the personal jurisdiction of the Defendants of the Arizona court.
27   *See, e.g., Gambra v. Int'l Lease Fin. Corp.,* 377 F. Supp. 2d 810, 816-17 (C.D. Cal. 2005).

28

4

1    connection to this District. *See, e.g., Pacific Car & Foundry v. Pence*, 403 F.2d 949, 954 (9th Cir.

2    1968) (where the operative facts occurred outside the forum and the forum is unrelated to the

3    parties or the subject matter, plaintiff's forum choice is entitled to minimal consideration);

4    *Gaston v. Gottesman*, No. C-06-7840 MMC, 2007 WL 1114014, at *2 (N.D. Cal. Apr. 13, 2007);

5    *Heil v. Wells Fargo Bank*, No. C06-02002 MJJ, 2006 WL 2411416, at *2 (N.D. Cal. Aug. 18,

6    2006); *MTS Sys. Corp. v. Hysitron, Inc.,* No. C 06-3156 CW, 2006 WL 2547698, at *3 (N.D. Cal.

7    Sept. 1, 2006); *Stuart v. Mobile ESPN*, No. C 06-02094 SI, 2006 WL 2433416, at *4 (N.D. Cal.

8    Aug. 21, 2006) (where the district has little interest in the subject matter of plaintiffs' complaint,

9    plaintiffs' choice of forum is entitled to minimal weight); *Maxon v. Jefferson Pilot Secs. Corp.*,

10   No. C 01-02668 CRB, 2002 WL 523575, at *2 (N.D. Cal. Apr. 2, 2002) ("Because the dispute is

11   centered elsewhere, and the underlying agreement was executed elsewhere, plaintiff's choice of

12   forum is not entitled to significant weight.").

13        Plaintiffs' silence on this point is telling.  The reality is that this action does not have any

14   connection to this District.  The crash occurred in Afghanistan, the subject helicopter's engines

15   were manufactured in Arizona, none of the injured or killed soldiers resided in California, and

16   Plaintiffs have said nothing about potential evidence located in this District.  The complete lack

17   of any factual connection to this District demonstrates that Plaintiffs' choice of the Northern

18   District is entitled to no deference.   This factor weighs heavily in favor of transfer to the District

19   of Arizona.

20        **V.        CONVENIENCE FACTORS FAVOR TRANSFER**

21        Honeywell has established that the convenience of the parties, the convenience of the

22   witnesses, and the ease of access to proof in the District of Arizona favors transfer.  (*See* Motion

23   at pp. 12-15.)

24             **A.        Convenience of the Parties and Witnesses Favors Transfer to Arizona**

25        The District of Arizona is the preferred convenient venue for all Defendants in the case.

26   Moreover, Honeywell is fully aware of the substantial travel involved in preparing this case for

27   trial.  For example, Plaintiffs' depositions are likely to occur near their residences in North

28   Carolina, Iowa, Illinois, Georgia, Florida, and California.  Should this case be transferred to

5

1    Arizona, Honeywell does not intend to require Plaintiffs to travel to the District of Arizona for

2    deposition.  Moreover, a trial in Oakland is no more convenient than Phoenix for these 14

3    Plaintiffs who primarily live east of the Mississippi River.  Therefore, the convenience of the

4    Plaintiffs will be largely unaffected if this case is transferred to the District of Arizona.

5    Furthermore, nonparty witnesses will also be deposed near their residences before trial.  Barring

6    an agreement from nonparty witnesses to voluntarily appear at trial, Honeywell intends to rely on

7    videotaped depositions completed during discovery.  By contrast, Plaintiffs have not identified a

8    single witness subject to the trial subpoena power of this Court that weighs in favor of retaining

9    the case in the Northern District.  Therefore, the convenience of nonparty witnesses is irrelevant

10   for a case such as this where all parties will be involved in extensive travel to gather relevant

11   evidence from third parties, including substantial evidence in the possession of the U.S. Army at

12   various installations located in South Carolina, Kentucky, Texas, Alabama, and Georgia.  (*See,*

13   *e.g.,* Motion at p. 14.)  As discussed in Section V.B. below, the only forum with a connection to

14   the dispute *and* where some of the witnesses and evidence is located is the District of Arizona.

15                    **B.    Ease of Access to Proof Favors Transfer to Arizona**

16            Plaintiffs' Opposition does not dispute that relevant evidence and witnesses are located in

17   the District of Arizona.  Moreover, Plaintiffs do not contend that any relevant evidence or

18   witnesses are located in the Northern District.  Honeywell has established that the evidence and

19   witnesses central to Plaintiffs' claim—that an engine failure is to blame to for the deaths or

20   injuries—is located in the District of Arizona.  For example, Honeywell intends to raise the

21   government contractor defense as a complete bar to Plaintiffs' claims for damages in this action.

22   All of the evidence and witnesses in support of Honeywell's government contractor defense are

23   located in Arizona.  The relevant government contract for the design and manufacture of the

24   Honeywell engines recovered from the Subject Helicopter was performed by Honeywell in

25   Arizona.  (Baker Decl. at ¶ 16.)  In addition, the U.S. Army physically tested and accepted these

26   engines in Arizona.  (*Id.* at ¶ 15.)

27            Plaintiffs' reliance on government contracts Boeing attached in support of its Notice of

28   Removal demonstrates a fundamental misunderstanding of the contracting issues involved in this

6

1   case.  Those documents relate only to the U.S. Army's prime contract for the procurement of the

2   Subject Helicopter's airframe.  *Id.*  The engines recovered from the Subject Helicopter were

3   designed and manufactured pursuant to a different "sub-contract" which called for acceptance and

4   testing in Arizona.  (*Id.* at ¶¶ 14-15.)  The engines from the Subject Helicopter were delivered

5   directly to the U.S. Army in Phoenix and shipped to Fort Campbell, Kentucky by common carrier

6   on May 23, 2006. (*Id.* at ¶ 18.)  Once the U.S. Army tested the engines involved in this accident,

7   title to the engines was transferred to the U.S. Army on May 19, 2006 at Honeywell's shipping

8   dock in Phoenix, Arizona.  (*Id.* at ¶ 19.)  Therefore the most critical evidence and witnesses

9   regarding the specific engines alleged to have caused the accident are located in Phoenix.  This

10   factor clearly favors an Arizona forum over the Northern District where no evidence is located.

11        **VI.   THE REMAINING FACTORS FAVOR TRANSFER TO THE DISTRICT OF ARIZONA**

12

13        The remaining "public interest" factors establish that this case should be transferred to the

District of Arizona.

14

15        **A.   Court Congestion**

16        Plaintiffs point out that cases on average go to trial in the Northern District four and a half

months faster than they do in the District of Arizona.  (Opposition at p. 20.)  This factor, however,

17

18   may be counterproductive to Plaintiffs' and Defendants' preparation of this case for trial.

19   Honeywell's experience with military crash cases arising out of the recent conflicts in Iraq and

Afghanistan have demonstrated that the military's primary mission takes overwhelming

20

21   precedence over private litigation.  (O'Connor Reply Decl. at ¶¶ 5-14.)  This case was filed less

22   than eight months after the accident occurred and before the U.S. Army completed its

investigation into the cause of the accident which is still pending.  (Baker Decl. at ¶ 10.)

23

24   Obtaining discovery from the U.S. Army is a long process involving a variety of restrictive U.S.

25   Army regulations.  (O'Connor Reply Decl. at ¶¶ 5-14.)  This, combined with the fact that our

armed forces continue to be engaged in military conflicts abroad, will require extreme flexibility

26

27   on the part of the parties and strict deference to the operational needs of the military.  Therefore, a

longer pretrial schedule could be more desirable to all parties and nonparties involved in the case.

28

1    Thus, the small differential between the average time to trial in the Northern District compared to

2    the District of Arizona is not a significant factor in the transfer analysis.

3           **B.      California Law is Not Implicated in This Case**

4           Plaintiffs mistakenly assert that California's choice of law rules will govern the

5    substantive law to be applied to this case if it is transferred to the District of Arizona.  While this

6    would be correct if the basis for this Court's jurisdiction was diversity, it is not true when, as here,

7    the basis for jurisdiction is federal officer jurisdiction pursuant to 28 U.S.C. § 1442 and 28 U.S.C.

8    § 1331.  The Ninth Circuit has held that federal common law, not state law, generally provides

9    the choice of law rules in federal question cases.  *See, e.g., Harris v. Polskie Linie Lotnicze,* 820

10   F.2d 1000, 1003 (9th Cir. 1987) ("in the absence of specific statutory guidance" federal common

11   law, not state law, provides choice of law rules in federal question cases).  The Ninth Circuit has

12   also held that in a federal question case, unlike in the diversity context, a transferee court applies

13   its own law, not the law that the transferor court would have applied.  *See Newton v. Thomason*,

14   22 F.3d 1455, 1460 (9th Cir. 1994).  Thus, the District of Arizona would apply its own

15   interpretation of federal common law to the choice of law question, not the rules of California.

16   Because none of the issues in this case implicate California law, this factor weighs in favor of

17   transfer because this District has no interest in retaining the case on account of its familiarity with

18   applicable law or California's choice of law rules.  (*See* Motion at pp. 8-9.)

19          **C.      Plaintiffs' Voluntary Consolidation of Their Claims into a Single
                      Complaint is Irrelevant to the Transfer Analysis**

20

21          Plaintiffs cite several inapposite cases in support of their contention that "the feasibility of

22   consolidation is a significant factor in deciding a transfer motion."  (Opposition at p. 21 *citing*

23   *Cambridge Filter Corp. v. Int'l Filter Co., Inc.,* 548 F. Supp. 1308, 1312 (D. Nev. 1982); *A.J*

24   *Indus., Inc. v. U.S. Dist. Ct.*, 503 F.2d 384, 389 (9th Cir. 1974); *Church of Scientology v. United*

25   *States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979).)  This is true when the same claims

26   and parties are before another federal district court, and the transferor court expresses a strong

27   preference for having such a case transferred to the district where one of the parties was the first-

28   to-file.  *See, e.g., Cambridge Filter Corp.,* 548 F. Supp. at 1310.  That consideration has no

---

8

1   application to Plaintiffs' choice of forum in this case.  Honeywell agrees that Plaintiffs' decision

2   to file a single action benefits the parties.  However, the fact that Plaintiffs filed a consolidated

3   complaint has no bearing on the determination of whether this case should be transferred to

4   Arizona.  This District has no factual relation to this case, whereas Arizona is the location of

5   witnesses central to Plaintiffs' claims.  The most convenient venue to hear these claims is the

6   District of Arizona, and not the Northern District.

7                  **D.        This District Lacks Any Local Interest in the Controversy**

8           The fundamental consideration for this "public interest" factor is that jury duty is a burden

9   that ought not to be imposed upon the people of a community which has no relation to the

10  litigation.  *Ellis v. Costco Wholesale Corp.,* 372 F. Supp. 2d 530, 538-39 (N.D. Cal. 2005).  Here,

11  the Northern District has no connection to the litigation, and Plaintiffs should not burden the

12  communities within this District with jury duty for a case that will involve a very lengthy and

13  complex trial.  Arizona on the other hand, has a particularized interest in this case which justifies

14  the extreme burden to be imposed upon potential Arizona jurors if this case is tried to verdict over

15  several weeks and perhaps months.  (Baker Decl. at ¶ 21 ("Honeywell's aerospace divisions have

16  a significant business presence in Phoenix, Arizona").)  Accordingly, this factor weighs in favor

17  of transfer to the District of Arizona irrespective of the fact that two of the Plaintiffs who are

18  California residents do not reside in the Northern District.

19                  **E.        Litigation Costs**

20          Plaintiffs make no attempt to rebut Honeywell's position that litigation costs will be

21  reduced if the case is transferred to Arizona.  (Opposition at p. 22.)  Instead, Plaintiffs imply that

22  the costs associated with their choice of a forum are better absorbed by Defendants who are large

23  companies.  (*Id.*)  This is an offensive position when (a) none of the Plaintiffs reside in this

24  District, (b) the Northern District has no connection to the conduct alleged in the Complaint, and

25  (c) there is no evidence located here.  The truth is that litigation costs will not increase if the case

26  is transferred to Arizona because evidence and witnesses are located in Arizona and Plaintiffs'

27  attorneys would have to travel to those locations outside of California regardless of where the

28  action is pending.  In addition, Plaintiffs will save the costs of having to hire local counsel in

1   Arizona because three of the four attorneys of record in this case from the Brandi Law Firm are

2   admitted to practice in Arizona.  (Motion at p. 4.)  Therefore, in the absence of any compelling

3   evidence to the contrary, the cost of litigation factor favors transfer to the District of Arizona.

4       **VII.    CONCLUSION**

5       For the reasons set forth in the Motion and this reply, Honeywell respectfully requests that

6   the Court transfer this case to the United States District Court for the District of Arizona where

7   the convenience of the parties and the witnesses and the interests of justice can be better served.

8

9   Dated: _____          MORRISON & FOERSTER LLP

10

11                                           By:  /s/ William V. O'Connor
                                                  William V. O'Connor
12                                                Email:  WOConnor@mofo.com
                                                  Attorneys for Defendant
13                                                HONEYWELL INTERNATIONAL INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Honeywell's Reply to Plaintiffs' Opposition to Motion to Transfer Venue
sd-410335

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE

sd-410335