1  THE BRANDI LAW FIRM
   THOMAS J. BRANDI #53208
2  DANIEL DELL'OSSO #118203
3  BRIAN J. MALLOY #234882
   354 Pine Street, Third Floor
4  San Francisco, CA 94104
   Telephone: (415) 989-1800
5  Facsimile: (415) 989-1801

6
   JAMES R. DONAHUE, #105106
7  CAULFIELD DAVIES & DONAHUE
   80 Iron Point Circle, #105
8  Folsom, CA 95630
9  Telephone: (916) 817-2900
   Facsimile: (916) 817-2644
10
   Attorneys for Plaintiffs
11

12              UNITED STATES DISTRICT COURT

13       NORTHERN DISTRICT OF CALIFORNIA-OAKLAND DIVISION

14
   DEBORAH GETZ, individually and as a          )  NO. CV 07 6396 CW
15 surviving heir of decedent KRISTOFER D. S.   )
   THOMAS; RODNEY THOMAS, individually          )  **JOINT CASE MANAGEMENT**
16 and as a surviving heir of decedent,         )  **CONFERENCE STATEMENT**
   KRISTOFER D. S THOMAS; MARY                  )  **AND [PROPOSED] ORDER**
17 DUFFMAN, individually and as a surviving     )
18 heir of decedent, SCOTT E. DUFFMAN;          )
   SOPHIA DUFFMAN, a minor, individually        )
19 and as a surviving heir of decedent SCOTT E. )  Date: April 1, 2008
   DUFFMAN, by and through her Guardian ad      )  Time: 2:00 p.m.
20 Litem, MARY DUFFMAN; CHRISTINE               )
21 VAUGHN, individually and as a surviving      )  Courtroom: 2
   heir of decedent, TRAVIS R. VAUGHN;          )  Judge: Honorable Claudia Wilken
22 BRAD VAUGHN, individually and as a           )
   surviving heir of decedent, TRAVIS R.        )
23 VAUGHN; JILL GARBS, individually and as      )
24 a surviving heir of decedent RYAN GARBS;     )
   DOUG GARBS, individually and as a            )
25 surviving heir of decedent, RYAN GARBS;      )
   JORDAN LANHAM; JERRY GOLDSMITH;              )
26 RYANNE NOSS, individually and as spouse      )
27 of SCOT NOSS; TIMOTHY BRAUCH;                )
   CHRIS TRISKO, MARK  DANIEL                   )

28                                    1

| | |
|---|---|
| 1 | HOUGHTON, |
| 2 | |
| 3 | Plaintiffs, |
| | vs. |
| 4 | THE BOEING COMPANY, a corporation; |
| 5 | HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH CORPORATION, a |
| 6 | corporation; BF GOODRICH AEROSPACE; CHANDLER EVANS CONTROL |
| 7 | SYSTEMS; GENERAL ELECTRIC and DOES 1 through 200, inclusive, |
| 8 | |
| 9 | Defendants. |

The parties jointly submit this Case Management Statement pursuant to Civil Local Rule 16-9(a).

**1.    Jurisdiction and Service**

The Boeing Company ("Boeing") removed this action based upon the Federal Officer Removal statute, 28 U.S.C. § 1442(a)(1).

Boeing, Honeywell International, Inc. ("Honeywell"), and Goodrich Pump and Engine Control Systems, Inc. ("Goodrich") have been served and have filed answers. Goodrich states that it was erroneously named in the complaint as Goodrich Corporation and BF Goodrich Aerospace.  Chandler Evans Control Systems is no longer in existence, will not be appearing, and Goodrich is the successor to Chandler Evans Control Systems for purposes of this case.  General Electric has been dismissed without prejudice.

Honeywell filed a Motion to Transfer Venue on January 10, 2008.  That Motion is still pending before this court.

**2.    Facts**

On February 17, 2007, plaintiffs and/or plaintiffs' decedents (collectively "plaintiffs") were servicemen aboard a U.S. Army Special Operations Aviation Regiment ("SOAR") MH-47E Chinook helicopter bearing Tail #94-00472 ("subject helicopter") in

1  the Shahjoi District of the Zabul Province, in southeastern Afghanistan when it crashed,
2  resulting in  multiple deaths and injuries.

3          The cause of the crash is disputed.  Plaintiffs allege that defects contained in the
4  subject helicopter and its component parts caused the subject helicopter to suffer a sudden,
5  unexpected loss of power, lose control, and crash to the ground.  Defendants contest the
6  allegations and assert various defenses, including the non-justiciability of cases arising in
7  circumstances of war and the Government Contractor Defense.

8          Plaintiffs Mark Daniel Houghton, Chris Trisko, Tim Brauch, Jordan Lanham and
9  Jerry Goldsmith were severely injured in the accident.  Mr. Houghton and Mr. Trisko
10  remain on active duty with the U.S. Air Force and Mr. Lanham remains on active duty
11  status with the U.S. Army.  Mr. Trisko is stationed in North Carolina.  Mr. Houghton and
12  Mr. Lanham are currently stationed in Georgia.  Mr. Goldsmith was unable to physically
13  return to active duty and was honorably discharged.

14          Plaintiff RyAnne Noss is bringing a loss of consortium claim based upon the
15  injuries suffered by her husband Scot Noss, who was also in the accident and remains in a
16  coma.  Scot and RyAnne Noss are currently in Florida where he remains hospitalized.  He
17  is still a member of Armed Forces but it is not known for how much longer he will be in
   Florida.

18          The remaining eight plaintiffs are the surviving heirs of four servicemen who died
19  as a result of the accident.  Plaintiffs Deborah Getz and Rodney Thomas, who reside in
20  California, are the parents of Kristopher Thomas.  Jill and Doug Garbs, who reside in
21  Illinois, are the parents of Ryan Garbs.  Mary Duffman and her daughter, Sophia Duffman,
22  presently reside in North Carolina, and are the surviving heirs of Scott Duffman.  Christine
23  and Brad Vaughn, who reside in Iowa, are the parents of Travis Vaughn.

24          Kristopher Thomas, son of Plaintiffs Deborah Getz and Rodney Thomas, was a
25  member of B Company, 3rd Battalion, 75th Ranger Regiment (the "75th Ranger
26  Regiment") headquartered at Fort Benning, Georgia at the time of his death.  Ryan Garbs,
27  son of Plaintiffs Jill Garbs and Doug Garbs, was also a member of the 75th Ranger
   Regiment from Fort Benning, Georgia.  Scott Duffman, whose surviving heirs are
28

3

Plaintiffs Mary Duffman and Sophia Duffman, was a member of the 24th Special Tactics Squadron based out of North Carolina.  Travis Vaughn, son of Plaintiffs Christine Vaughn and Brad Vaughn, was a member of B Company, 2nd Battalion, 160th Special Operations Aviation Regiment (the "160th") headquartered in Fort Campbell, Kentucky.

**3.    Legal Issues**

a.    Negligence and strict liability for the alleged defects in the design and manufacture of the subject helicopter and its component parts; breach of express and implied warranty;

b.    The applicability of various affirmative defenses, including the Government Contractor Defense, the states secrets privilege, the political question doctrine and the "combatant exception" to the Federal Tort Claims Act; and

c.    Causation and damages.

**4.    Motions**

At this time the parties anticipate bringing the following motions:  motions to dismiss, motions *in limine*, motions to compel, if necessary, and various motions for summary judgment based on substantive and legal grounds.

**5.    Amendment of Pleadings**

Plaintiffs will seek leave to amend to add additional plaintiffs no later than 60 days from the date the Court decides defendant Honeywell's transfer of venue motion.

Defendant Goodrich will add an affirmative defense based on the combatant activities exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(j), which it will seek to accomplish by stipulation of plaintiffs in accordance with the same timeframe described for plaintiffs to seek leave to amend their complaint.

**6.    Evidence Preservation**

Parties are taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit.  Parties are not presently aware of any document destruction programs that would apply in this case.

4

7.    **Disclosures**

Parties will exchange initial disclosures either within fourteen days after the Court's Order if the Court denies defendant Honeywell's transfer of venue motion or upon a date set by the United States District Court for the District of Arizona if the Court grants defendant Honeywell's motion to transfer venue.

Due to the nature of the technical information involved in this case, relevant discovery topics include: (1) the design and manufacture of the subject MH-47E helicopter, (2) manuals, technical specifications, engineering recommendations and other technical documents related to the helicopter, (3) helicopter design drawings and other data, (4) inspection, maintenance, and repairs of the subject helicopter, and (5) plaintiffs' damages, as reflected in employment, medical records, and other private documents.

Defendants believe that in accordance with International Traffic in Arms Regulations (ITAR) (22 C.F.R. Section 120.1 et seq.) certain technical information including "defense articles" and "defense services" related to the Army Special Operations Aviation Regiment (SOAR) MH-47E helicopter shall not be disclosed to foreign persons. In order to comply with these federally-mandated regulations, a protective order that addresses the ITAR-controlled data that is likely to be at issue during discovery in this case will be required.

Additionally, discovery related to these and other topics will also necessitate the disclosure of what defendants and the US Army consider to be confidential and sensitive information (much of which is also ITAR-controlled) such that a protective order is also necessary for that purpose.  Honeywell and Boeing have proposed a protective order for confidential information relating to the Army Special Operations Aviation Regiment (SOAR) MH-47E Chinook helicopter, engine, and component parts of the helicopter to Plaintiffs.

Plaintiffs do not believe a protective order is necessary at this time.

Defendants intend to file a motion for a Protective Order before the time initial disclosures need to be made.

5

1

### 8.     Discovery Taken to Date

2

Discovery has not yet commenced.

3

Plaintiffs intend to proceed with discovery.

4

5     Honeywell intends to file a motion to dismiss based on the Political Question
Doctrine pending the decision of the Motion to Transfer.  Defendants will seek to stay
6     discovery while the motion to dismiss based on the Political Question Doctrine is pending.
7     Defendants will also seek to have discovery limited to the issue of the Government
8     Contractor Defense pending a decision on a motion for summary judgment on that issue.

9     Defendants note that the parties will require extensive discovery of military
10     records, personnel, and tangible items in the military's possession.  The parties anticipate
11     delay over access to and release of this information from the government.  The U.S.
12     Army's investigation of the accident giving rise to this suit is ongoing.

13     The parties request the following departure from the discovery rules set forth in the
14     Federal Rules of Civil Procedure and Civil Local Rules:  50 depositions per side; provided,
15     however, that the parties may take additional depositions over this limit upon stipulation of
16     all parties or by leave of Court.

17     The parties anticipate taking discovery on the following subjects:

18
19     1.   The design and manufacture of the subject helicopter along with its
component parts;

20
21     2.   The design and manufacture of the engines of the subject helicopter;

22     3.   The design and manufacture of the Full Authority Digital Engine Control
("FADEC") on the subject helicopter;

23
24     4.   The design and manufacture of the Digital Electronic Control Unit
25     ("DECU") including all computer software and hardware related thereto on
the subject helicopter;

26
27     5.   Other incidents and warranty claims;

28     6.   Causation;

6

7.   The applicability of the Government Contractor Defense;

8.   The applicability of the states secrets privilege;

9.   The damages of plaintiffs;

10. The maintenance and operational history of the subject helicopter; and

11. The nature of the mission of the subject helicopter.

**9.    Class Action**

Not applicable.

**10.    Related Cases**

There are no related cases.

**11.    Relief**

Plaintiffs Mark Daniel Houghton, Chris Trisko, Tim Brauch, Jordan Lanham and Jerry Goldsmith seek general and special damages, costs of suit, and other relief as the Court deems proper.

Plaintiff RyAnne Noss seeks loss of consortium damages, costs of suit, and other relief as the Court deems proper.

Plaintiffs Deborah Getz, Rodney Thomas, Jill and Doug Garbs, Mary and Sophia Duffman, Christine Vaughn and Brad Vaughn seek wrongful death damages, costs of suit, and other relief as the Court deems proper.

**12.    Settlement and ADR**

The parties have not participated in any settlement discussions.  The parties agree to mediation, but believe mediation is premature at this early stage.  The parties request that mediation not be automatically set for 90 days after the case management conference. Parties believe that a substantial amount of discovery will be required in order to have a productive mediation.

7

The parties will comply with ADR Local Rule 3-5.

**13.    Consent to Magistrate Judge**

Parties do not consent to assignment of this case to a magistrate judge.

**14.    Other References**

None at this time.

**15.    Narrowing of the Issues**

None at this time.

**16.    Expedited Schedule**

The parties do not believe an expedited schedule is appropriate for this case.

**17.    Scheduling**

Plaintiffs request the following schedule:

Initial Expert Disclosures: 120 days prior to trial
Rebuttal Expert Disclosures: 90 days prior to trial
Discovery cutoff: 75 days prior to trial for fact discovery; 45 days for expert depositions
Deadline for hearing on dispositive motions: 30- 45 days prior to trial
Pretrial Conference: 30 days prior to trial date
Trial: June 2009

All dates are mutual.

Defendants request the following schedule:

Based on the number of parties, complexity of issues and amount of planned discovery, and due to the anticipated delay in obtaining necessary evidence from the United States military, Defendants believe that this case cannot be ready for trial before June 2010.  Defendants also propose that experts be disclosed on a sequenced basis, with Plaintiffs' expert disclosures and reports served one month before Defendants' expert disclosures.  Defendants thus propose:

Plaintiffs' Initial Expert Disclosure: 150 days prior to trial

8

Defendants' Initial Expert Disclosures: 120 days prior to trial
Rebuttal Expert Disclosures: 90 days prior to trial
Discovery cutoff: 75 days prior to trial for fact discovery; 45 days for expert depositions
Deadline for hearing on dispositive motions: 30- 45 days prior to trial
Pretrial Conference: 30 days prior to trial date
Trial: June 2010

**18.    Trial**

This jury trial is expected to last 20 plus days.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs have complied with Civil L.R. 3-16.

Defendant Goodrich has filed the Certification, in which it stated that "Defendant Goodrich Pump and Engine Control Systems, Inc. is wholly owned by Goodrich Corporation", and that there is no further interest to report under Civil L.R. 3-16.

Defendant Honeywell has also filed the Certification pursuant to Civil L.R. 3-16, which states that in addition to all the listed plaintiffs, all the listed defendants, Global Aerospace, Inc., is an insurer for defendant Honeywell International Inc.

Defendant Boeing has also filed the Certification pursuant to Civil L.R. 3-16, which states that in addition to all of the listed plaintiffs, all of the listed defendants, Astro Ltd., Bermuda and Global Aerospace, Inc., are insurers for defendant The Boeing Company.

**20.    Other Matters**

None.


//
//
//

9

1

Respectfully submitted,

2

3    Dated:  March 25, 2008                    THE BRANDI LAW FIRM

4

5
                                              By:   /s/ Thomas J. Brandi
6                                                  THOMAS J. BRANDI
                                                   Attorney for Plaintiffs
7

8    Dated:  March 25, 2008                    MORRISON & FOERSTER LLP

9                                              By:    /s/ James W. Huston
                                                     James W. Huston
10
                                               Attorneys for Defendant
11                                             HONEYWELL INTERNATIONAL,
                                               INC
12

13    Dated:  March 25, 2008                   PERKINS COIE LLP

14                                             By:    /s/ Ronald A. McIntire
15                                                   Ronald A. McIntire
                                                     Chung H. Han
16
                                               Attorneys for Defendant
17                                             THE BOEING COMPANY

18

19    Dated:  March 25, 2008                   MENDES & MOUNT, LLP

20                                             By:    /s/ Garth W. Aubert
21                                                   Garth W. Aubert
                                                     Mark R. Irvine
22
                                               Attorneys for Defendant
23                                             GOODRICH CORPORATION

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER- NO. CV 07 6396 CW

1

**[PROPOSED] ORDER**

2          The Case Management Statement and Proposed Order is hereby adopted by this

3  Court as the Case Management Order for the case and the parties are ordered to comply

4  with this Order.  In addition, the Court orders:

5

6          IT IS SO ORDERED.

7

8  Dated: _____          _____

9                                             CLAUDIA WILKEN
                                              United States District Court Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        11