IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH GETZ, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>BOEING COMPANY, et al.,<br><br>    Defendants.<br>_____/ | No. C 07-6396 CW<br><br>ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE |

Defendant Honeywell International, Inc. moves for a transfer of venue to the District of Arizona. Defendants Boeing Company and Goodrich Pump and Engine Control Systems, Inc. have filed notices of joinder in Honeywell's motion. Plaintiffs Deborah Getz, Rodney Thomas, Mary Duffman, Sophia Duffman, Christine Vaughn, Brad Vaughn, Jill Garbs, Doug Garbs, Jordan Lanham, Jerry Goldsmith, RyAnne Noss, Timothy Brauch, Chris Trisko and Mark Daniel Houghton oppose the motion. The matter was decided on the papers. Having considered all of the papers filed by the parties, the Court denies Defendants' motion to transfer venue.

BACKGROUND

This case arises from the February 17, 2007 crash of a United States Army Special Operations Aviation Regiment MH-47E Chinook helicopter during a Special Operations Aviation Regiment mission in Afghanistan.  Plaintiffs are six survivors of the crash and the surviving heirs of four individuals who were killed in the crash. Defendants are companies that Plaintiffs claim defectively designed, assembled, manufactured, inspected, tested, marketed and sold the helicopter, its component parts and related software and hardware.

Plaintiffs Deborah Getz and Rodney Thomas are the surviving parents of Kristopher Thomas who was a member of a regiment headquartered at Fort Benning, Georgia at the time of his death. Getz lives in Roseville, California and Thomas lives in Lincoln, California.  Mary and Sophia Duffman are the surviving heirs of Scott Duffman, a member of a squadron based in North Carolina at the time of his death.  The Duffmans live in North Carolina. Christine and Brad Vaughn are the surviving parents of Travis Vaughn who was a member of a regiment headquartered at Fort Campbell, Kentucky at the time of his death.  The Vaughns live in Iowa.  Jill and Doug Garbs are the surviving parents of Ryan Garbs who was also part of the regiment headquartered at Fort Benning, Georgia.  The Garbs live in Illinois.  Jordan Lanham, an injured survivor of the crash is a resident of Georgia.  RyAnne Noss is the spouse of Scot Noss, an individual who was injured in the crash. Scot Noss was a member of the regiment headquartered at Fort Benning, Georgia at the time of the crash.  The Nosses currently

2

reside in Tampa, Florida.  Injured Plaintiff Jerry Goldsmith lives in Alabama.  Injured Plaintiffs Timothy Brauch and Chris Trisko live in North Carolina.  Injured Plaintiff Mark Daniel Houghton lives in Georgia.

Defendant Honeywell is a Delaware corporation with its principal place of business in Morristown, New Jersey.  Honeywell manufactured the helicopter engine at issue in this case at a facility in Arizona.  Defendant Boeing is a Delaware corporation with its world headquarters in Chicago, Illinois.  Boeing manufactured the helicopter at issue in this case at a facility in Pennsylvania.  Defendant Goodrich is incorporated in Delaware and has its principal place of business in West Hartford, Connecticut.  Goodrich manufactured the engine controls in question in this case at a facility in Connecticut.[1]

According to Honeywell, the U.S. Army has been investigating the crash and investigation-related activities have occurred at several U.S. Army installations: Fort Campbell, Kentucky, Fort Rucker, Alabama, Redstone, Alabama and the Corpus Christi Army Depot in Texas.  Parts of the helicopter recovered after the crash were transported to Fort Campbell.  Honeywell employees located in Phoenix, Arizona continue to support the investigation.

## DISCUSSION

Title 28 U.S.C. § 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a

---

[1] Plaintiffs have also named General Electric (GE) as a Defendant in this case.  Honeywell asserts in its answer that it, not GE, manufactured the helicopter engines at issue in this case.  GE has not answered the complaint.

3

district court may transfer any civil action to any other district or division where it might have been brought."

Plaintiffs first argue that Honeywell has not demonstrated that each of the Defendants would be subject to personal jurisdiction in Arizona. Therefore, Plaintiffs contend that it is not clear that this case could have been brought there. However, as Plaintiffs acknowledge, Defendants "are large companies which all do business throughout the United States." Opposition at 17. Moreover, Honeywell presents evidence that both Boeing and Goodrich have registered agents in Arizona and have defended cases in the District of Arizona without contesting personal jurisdiction. Therefore, the Court finds that this case could have been brought in Arizona.

Section 1404 identifies three basic factors for district courts to consider in determining whether a case should be transferred: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a). The Ninth Circuit provides other factors the court may consider: ease of access to the evidence; familiarity of each forum with the applicable law; feasability of consolidation of other claims; any local interest in the controversy; relative court congestion and time to trial in each forum; location where the relevant agreements were negotiated and executed; the parties' contacts with forum; difference in the costs of litigation in the two forums; and availability of compulsory process to compel attendance of unwilling non-party witnesses. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); Jones

4

1  v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).
2  Another factor the Ninth Circuit has identified is the plaintiff's
3  choice of forum.  See Securities Investor Protection Corp. v.
4  Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985).  The Securities
5  Investor court held that, unless the balance of the § 1404(a)
6  factors "is strongly in favor of the defendants, the plaintiff's
7  choice of forum should rarely be disturbed."  Id.; see also Decker
8  Coal, 805 F.2d at 843 ("defendant must make a strong showing . . .
9  to warrant upsetting the plaintiff's choice of forum").

10    The burden is on the defendant to show that the convenience of
11 parties and witnesses and the interest of justice require transfer
12 to another district.  See Commodity Futures Trading Comm'n v.
13 Savage, 611 F.2d 270, 279 (9th Cir. 1979).

14 I.  Plaintiff's Choice of Forum

15    As noted above, there is a strong presumption in favor of a
16 plaintiff's choice of forum.  There are situations, however, where
17 a plaintiff's choice of forum is accorded little weight.  See,
18 e.g., Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th
19 Cir. 1968) ("If the operative facts have not occurred within the
20 forum of original selection and that forum has no particular
21 interest in the parties or the subject matter, the plaintiff's
22 choice is entitled only to minimal consideration.").  Honeywell
23 contends that Plaintiffs' choice of forum is entitled to minimal
24 deference because "the degree to which courts defer to the
25 plaintiff's chosen venue is substantially reduced when the
26 plaintiff's choice is not its residence or where the forum lacks a
27 significant connection to the activities alleged in the complaint."

5

Carolina Cas. Co. v. Data Broadcasting Corp., 158 F. Supp. 2d 1044, 1048 (N.D. Cal.,2001) (quoting Fabus Corp. v. Asiana Exp. Corp., 2001 WL 253185, *1 (N.D. Cal. 2001).  Neither party contends that this district has any connection to the issues raised in Plaintiffs' complaint.

Plaintiffs respond that they all have chosen to litigate in this Court and two of them, Getz and Thomas, reside in California. Although Plaintiffs acknowledge that Getz and Thomas live in the Eastern District of California, they argue that they live "close to the Northern District."  Opposition at 11.  Plaintiffs cite no authority in support of their argument that the fact that two Plaintiffs live close to this district is sufficient to require deference to their choice to litigate in a venue where they do not reside.  Further, the fact that there are fourteen Plaintiffs who have agreed to file their case in this district does not provide a basis for affording that decision deference.  Plaintiffs attempt to distinguish other cases by arguing that "they only involve a few parties."  Opposition at 11.  However, those cases involve up to six plaintiffs.  See Fabus, 2001 WL 253185 at *1.  Plaintiffs provide no grounds for distinguishing a case with fourteen plaintiffs who do not reside in the district from one with six such plaintiffs.

The Court finds that Plaintiffs' choice of forum is entitled only to minimal deference.

II.  Remaining Factors

Honeywell contends that the balance of the other factors outweighs any weight given to Plaintiffs' choice.

6

A.  Convenience of the parties

Honeywell first argues that convenience of the parties favors transfer to Arizona because "Honeywell's manufacturing facilities are located in the District of Arizona." Motion at 12. Therefore, Honeywell argues, "all relevant documents and witnesses regarding the design, production, manufacture, and testing of the Honeywell engines are likely to be in Arizona." Id. However, this argument does not address the convenience of the parties. Rather, it relates to the convenience of witnesses and ease of access to sources of proof. The Court presumes that litigating in Arizona will be more convenient for Honeywell because its manufacturing facility is located there. Plaintiffs counter that they have chosen to file their case in this district. However, this argument relates to the deference afforded to Plaintiffs choice of forum rather than convenience to either party. There are only two Plaintiffs for whom litigating in this district will be more convenient than in Arizona. The Court finds that this factor is neutral.

B.  Convenience of the witnesses

The convenience of witnesses is often the most important factor in deciding whether to transfer an action. Bunker v. Union Pacific Railroad Co., 2006 WL 193856, *2 (N.D. Cal. 2006). However, as with the convenience of the parties, no party has made a strong argument that the convenience of witnesses favors its position. Honeywell argues primarily that its employees, who participated in the design and manufacture of the engines and the later investigation of the recovered engines, reside in Arizona.

7

1 The Court, however, discounts any inconvenience to the parties'
2 employees, whom the parties can compel to testify. STX, Inc. v.
3 Trik Stik, Inc., 708 F. Supp. 1551, 1556 (N.D. Cal. 1988)
4 (discounting inconvenience to party's witnesses when they are
5 employees who can be compelled to testify).

6     Neither party has identified any non-party witnesses who
7 reside in either California or Arizona. Honeywell argues that U.S.
8 Army witnesses "presumably reside near Fort Campbell, Kentucky,
9 Fort Rucker, Alabama, Redstone Arsenal, Alabama, and Corpus Christi
10 Texas." Motion at 14. Although these locations might be closer to
11 Phoenix than Oakland, Honeywell does not attempt to, nor can it,
12 argue that travel from those locations to Oakland will pose any
13 greater inconvenience than travel to Phoenix. Plaintiffs do not
14 identify any potential witnesses. The Court finds that this factor
15 does not weigh heavily in either party's favor.

16     C. Access to evidence

17     Honeywell argues that "the vast majority of documents
18 concerning the claims against the Honeywell engines are located in
19 Arizona." Baker Decl. ¶ 13. However, Honeywell fails "to
20 demonstrate the extent of necessary evidence, whether the evidence
21 is composed of hard copies which would need to be reproduced and
22 moved, or whether the evidence is electronic in form and could be
23 reproduced in physical form at any location." Flint v. UGS Corp.,
24 2007 WL 4365481, *4 (N.D. Cal.). Therefore, this Court, like the
25 court in Flint, "is not persuaded that transfer would make
26 production of physical evidence more convenient." Id. Moreover,
27 Honeywell's argument ignores any documentary evidence relating to

28     8

United States District Court
For the Northern District of California

the other Defendants that likely is located in other States.

The engines themselves and the other parts of the helicopter recovered after the crash are located at Fort Campbell, Kentucky. Honeywell argues that this supports transfer because Kentucky is closer to Arizona than California. However, Honeywell has not argued that travel between California and Kentucky is significantly more burdensome than travel between Arizona and Kentucky. Therefore, this factor does not weigh in favor of transfer.

D. Connection with the parties and interest in the controversy

Honeywell next argues that this District has no connection with the parties or interest in the controversy. Plaintiffs concede that the only connection to this District is that two Plaintiffs are California residents and argue that the factor is neutral. Plaintiffs overlook the fact that Honeywell has a significant business presence in Arizona. Therefore, this factor weighs slightly in favor of transfer.

E. Differences in litigation costs

Honeywell argues that litigation costs will be reduced if the case is transferred to Arizona because many witnesses and much of the evidence is located there. However, Honeywell does not address the scope of such savings in relation to the overall cost of litigating this suit, which involves two other Defendants who are not located in Arizona, physical evidence in Kentucky and Plaintiffs in several States.

Plaintiffs do not argue that litigation will be less costly in

9

California.  Instead, they argue that this factor is neutral because the parties, witnesses and evidence are located throughout the country.  Plaintiffs further argue that the Court should consider the fact that Defendants, large corporations, "are clearly in a better position to absorb the costs of litigation" than the individual Plaintiffs.  <u>Gelber v. Leonard Wood Memorial For Eradication of Leprosy</u>, 2007 WL 1795746, *4 (N.D. Cal.).  While there will be some increase in litigation costs to Plaintiffs if their California-based attorneys are required to litigate in Arizona, it is not clear that any such increase will be substantial.  As Defendants note, three of Plaintiffs' four attorneys of record in this case are admitted to practice law in Arizona, obviating the need for local counsel.  Therefore, the only increase in litigation expense will relate to Plaintiffs' counsel's travel costs for court appearances in Arizona.  This factor weighs neither in favor of nor against transfer.

F. Court congestion

Honeywell acknowledges that the median time from filing to trial is 31.5 months in the District of Arizona and 27 months in the Northern District of California.  The Court finds that this factor is neutral because the four and a half month difference between the median times is not significant enough to impact this decision.

G. Familiarity of each forum with the applicable law

Plaintiffs argue that, even if this case is transferred to Arizona, California choice of law rules will apply.  Honeywell

10

argues that federal common law will determine choice of law questions because this case was removed to federal court under 28 U.S.C. § 1442, the Federal Officer Removal Statute, which allows for an absolute right to removal if (1) the removing defendant is a "person" within the meaning of the statute; (2) at all relevant times, the removing defendant was acting under an officer of the United States and under color of such office; and (3) the removing defendant asserts a colorable federal defense. Jefferson County v. Acker, 527 U.S. 423, 431 (1999). In other words, this case was removed based on federal question, not diversity, jurisdiction. The Ninth Circuit has held, "Federal common law applies to choice-of-law determinations in cases based on federal question jurisdiction." Chan v. Society Expeditions, 123 F.3d 1287, 1297 (9th Cir. 1997).

Plaintiffs also argue that California substantive product liability law likely will apply. Honeywell does not address the question of what substantive law would apply to Plaintiffs' product liability claims if Defendants' federal defenses fail. However, Honeywell bears the burden of establishing that transfer is appropriate. Therefore, the Court will assume without deciding that California substantive law would apply to Plaintiffs' product liability claim. Thus, the Court finds that this factor weighs against transfer. A court in the Northern District of California is more familiar with California law than a court in the District of Arizona.

F.  Feasibility of consolidation of other claims

At least one district court in the Ninth Circuit has noted, "The feasibility of consolidation is a significant factor in deciding a transfer motion." Cambridge Filter Corp. v. Int'l Filter Co., Inc., 548 F. Supp. 1308, 1312 (D. Nev. 1982); see also A.J. Industries, Inc. v. U.S. Dist. Ct., 503 F.2d 384, 389 (9th Cir. 1974).  Plaintiffs argue that, under these cases, their decision to file a single case, rather than having the heirs of each decedent and each injured individual file their own complaint, weighs against transfer.  However, as Defendants note, the feasibility of consolidation is only a factor where cases including the same claims and parties are before different district courts and can be consolidated before a single judge if transferred, not where a single action has been filed.  This factor does not weigh against transfer.

III.  Balancing of Factors

Only one factor weighs even slightly in favor of transfer.  The majority of the factors do not weigh in favor of transfer, and one factor weighs against transfer.  Honeywell fails to meet its burden of establishing that the balance of inconveniences weighs heavily in favor of transfer to the District of Arizona.  As noted above, Plaintiffs' choice of forum merits only minimal deference.  Nonetheless, because the balance of the section 1404 factors does not weigh strongly in favor of Defendants, Plaintiffs' choice of forum will not be disturbed.

CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer

12

Venue (Docket No. 18) is DENIED.

IT IS SO ORDERED.

Dated: 3/31/08

_____
CLAUDIA WILKEN
United States District Judge