1  JAMES W. HUSTON (BAR NO. 115596)
   jhuston@mofo.com
2  ERIN M. BOSMAN (BAR NO. 204987)
   ebosman@mofo.com
3  WILLIAM V. O'CONNOR (BAR NO. 216650)
   woconnor@mofo.com
4  JOANNA E. HERMAN (BAR NO. 227480)
   jeherman@mofo.com
5  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 100
6  San Diego, California 92130-2040
   Telephone: 858.720 5100
7  Facsimile: 858.720.5188

8  Attorneys for Defendant
   HONEYWELL INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH GETZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY, et al., <br><br> Defendants. | Case No.  CV 07-06396 CW <br><br> **DEFENDANT HONEYWELL INTERNATIONAL INC.'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: June 19, 2008 <br> Time: 2:00 p.m. <br> Courtroom: 2 <br> Judge: Hon. Claudia Wilken |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 19, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Claudia Wilken, United States District Court, Northern District of California, Oakland Division, Courtroom 2, 4th Floor, 1301 Clay Street, 400 South, Oakland, California 94612, Defendant Honeywell International, Inc. ("Honeywell") will move the Court for an order staying discovery pending the resolution of Honeywell's Rule 12(b)(1) motion to dismiss.

Honeywell moves this Court to stay all discovery proceedings until Honeywell's motion to dismiss is adjudicated. A stay of discovery is warranted in this case because: (1) a delay in the commencement of discovery until after Honeywell's motion to dismiss is decided will avoid unnecessary burden and expense; (2) the motion to dismiss has a high likelihood of success; and (3) the Plaintiffs will not suffer any prejudice if the Court grants the stay.

Honeywell bases its motion on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file herein, and on such other matters as may be presented to the Court at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Honeywell moves this Court for an order staying discovery pending the resolution of Honeywell's Rule 12(b)(1) motion to dismiss.

**I.   INTRODUCTION**

The Federal Rules of Civil Procedure grant wide discretion to the courts in the management of discovery. Courts routinely use this discretion to grant a stay of discovery pending the resolution of a motion to dismiss. A stay is warranted in this case because: (1) a delay in commencement of discovery until Honeywell's motion to dismiss is decided will avoid unnecessary burden and expense; (2) the motion to dismiss has a high likelihood of success; and (3) the Plaintiffs will not suffer any prejudice if the Court grants the stay.

First, a stay of all merits discovery should be ordered until the key threshold issue—whether this Court has jurisdiction over this case or whether Plaintiffs' complaint must be

1    dismissed as nonjusticiable pursuant to the political question doctrine—is decided.  The burden
2    and expense associated with discovery has no counter-balancing benefit until the Court
3    determines if this case must be dismissed as nonjusticiable.

4    Second, the motion to dismiss has a high likelihood of success.  This case arises from the
5    crash of a United States Army Special Operations MH-47E Chinook helicopter during a Special
6    Operations Aviation Regiment combat mission in Afghanistan in support of Operation Enduring
7    Freedom.  The political question doctrine prohibits courts from interfering in political matters—
8    such as military combat operations—that are within the dominion of another branch of
9    government.  Therefore, Honeywell's motion to dismiss this case as nonjusticiable has a high
10   likelihood of success.

11   Third, Plaintiffs will not be prejudiced by a stay.  It is undisputed that the soldiers were
12   involved in a military operation at the time of the unfortunate helicopter crash that is the subject
13   of this litigation.  The U.S. Army's investigation of the crash is still ongoing.  Further, the parties
14   have agreed that discovery will proceed for over a year.  Thus, a stay of discovery for a few
15   months until the motion to dismiss is decided will not be prejudicial.

16   **II.   STATEMENT OF FACTS**

17   This case arises from the crash of a United States Army Special Operations Aviation
18   Regiment ("SOAR") MH-47E Chinook helicopter, serial number 92-00472 (the "subject
19   helicopter"), between the late hours of February 17, 2007, and the early morning hours of
20   February 18, 2007, in the Shahjoi District of the Zabul Province in Afghanistan (the "Accident").
21   The Accident took the lives of eight military personnel who died in the line of duty, as well as
22   injuring fourteen military personnel.

23   The Accident occurred during a SOAR combat mission being conducted in support of
24   Operation Enduring Freedom.  At the time of the crash, the subject helicopter "was part of a
25   multiaircraft flight carrying a quick-reaction force" in support of a Joint Special Operations
26   Command task force mission. (Declaration of Joanna E. Herman in Support of Motion to
27   Dismiss Plaintiffs' Complaint ("Herman Decl.") at ¶¶ 3, 6, Exs. 2, 5.)  The mission was cancelled
28   and the quick-reaction force was returning to Bagram Air Base from Kandahar.  (*Id.*)  The subject

2

helicopter was additionally providing CSAR (combat, search and rescue) coverage to several ongoing operations at the time of the Accident. (*Id*. at ¶ 4, Ex. 3.)

At the time of the Accident, the subject helicopter was being operated in an active war zone. (*Id*. at ¶ 6, Ex. 5.) The Zabul province is described as a "hotbed for militant supporters of the former Taliban regime." (*Id*.)

Immediately after the Accident, a combat search and rescue operation was launched to secure the site and recover the military personnel. (*Id*. at ¶¶ 6,9, Exs. 5, 8.) After the subject helicopter crashed, the U.S. military destroyed the subject helicopter to prevent possible exploitation of the site by terrorist groups. (*Id*. at ¶ 7, Ex. 6.) Following the Accident, the U.S. Army began an investigation to determine the cause of the crash. The U.S. Army investigation is still ongoing and a final report has not been issued.

Plaintiffs sued Honeywell, The Boeing Company, Goodrich Corporation, BF Goodrich Aerospace, Chandler Evans Control Systems and General Electric[1] seeking damages for wrongful death, bodily injuries and loss of consortium based on theories of negligence, strict product liability, and breach of express and implied warranty. Because the nature of the Accident upon which Plaintiffs' complaint is based involves political questions dedicated to the executive and/or legislative branches, Honeywell has moved for dismissal of the complaint under the political question doctrine.

On or about April 17, 2008 Plaintiffs' counsel, Thomas J. Brandi, sent a letter to counsel for Honeywell, Boeing, and Goodrich Pump and Engine Control Systems requesting the parties to meet and confer on the scheduling of depositions for the custodian of records for each Defendant. Additionally, on April 22, 2008, Plaintiffs served Requests for Admission on each Defendant. Courts in the Ninth Circuit generally treat the filing of a motion to stay discovery as a *de facto* stay of any outstanding discovery requests. *See*, *Skellerup Indus. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (where Defendants sought stay of discovery due to pending motion to dismiss, discovery responses were not due until court ruled on motion to stay); *see also*

---

[1] Plaintiffs have voluntarily dismissed General Electric. (Docket No. 33)

*Vivendi, S.A. v. T-Mobile USA, Inc.*, No. C06-1524JLR, 2007 U.S. Dist. LEXIS 28710, *3 (W.D. Wash. Apr. 18, 2007) (same); *White v. Am. Tobacco Co.*, 125 F.R.D. 508, 510 (D. Nev. 1989) (same).[2]

### III. DISCOVERY SHOULD BE STAYED UNTIL THE COURT RULES ON HONEYWELL'S MOTION TO DISMISS

#### A. The Court Has The Power To Stay Discovery Pending Resolution Of The Motion to Dismiss

Rule 26 of the Federal Rules of Civil Procedure grants courts the discretion to stay discovery upon a showing of "good cause." Fed. R. Civ. P. 26(c). "District courts have broad discretion to stay discovery pending the resolution of a potentially dispositive motion, including a motion to dismiss." *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007); *see also Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984). It is particularly appropriate for a district court to stay all discovery pending the disposition of a motion to dismiss, if discovery is not required to resolve any factual issues raised in the Rule 12(b) motion. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). Honeywell's motion to dismiss raises no disputed factual issues and is therefore proper under Ninth Circuit law.

#### B. The Burden And Expense Of Discovery Far Outweigh Any Benefit To The Parties While The Motion To Dismiss Is Pending

Rule 1 of the Federal Rules of Civil Procedure requires that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Rule 26 requires courts to control the timing and use of discovery by balancing the burden and expense of discovery against its likely benefit, taking into account the needs of the case and the importance of the discovery in resolving the issues of the case. Fed. R. Civ. P. 26(b)(2)(C)(iii). In this case, until the Court resolves the threshold issue of whether Plaintiffs' claims are justiciable, there is no purpose in burdening the parties with the enormous amount of time and expense of discovery. It is well within a court's discretion to grant stays of discovery

---

[2] Honeywell may file a Motion for a Protective Order should Plaintiffs not agree to a stay of the pending discovery requests until the resolution of the motion to stay discovery.

1  pending a motion to dismiss when the dismissal motion raises a question whether a justiciable
2  case or controversy is before the court.  *See e.g., Atlantic States Legal Found., Inc. v. Tyson*
3  *Foods, Inc.*, 897 F.2d 1128, 1131 (11th Cir. 1990) (granting motion to stay discovery on the
4  merits until the motion to dismiss was resolved).  Thus, while the motion to dismiss is pending,
5  the burden and expense of discovery outweigh any benefit to Plaintiffs.

### C. The Motion To Dismiss Has A High Likelihood Of Success

There is a high likelihood of Plaintiffs' complaint being dismissed as nonjusticiable under the political question doctrine.  The political question doctrine prohibits courts from interfering in political matters that are within the dominion of another branch of government.  *Banner v. United States*, 303 F. Supp. 2d 1, 9 (D.D.C. 2004), *aff'd* 428 F.3d 303 (D.C. Cir. 2005).  Simply put, it is improper for a court to adjudicate claims that involve the death or injury of individuals during military operations.  *See Rappenecker v. United States*, 509 F. Supp. 1024, 1030 (N.D. Cal. 1980) ("[C]ourts lack standards with which to judge whether reasonable care was taken to achieve tactical objectives in combat while minimizing injury and loss of life."); *Bentzlin v. Hughes Aircraft Co.*, 833 F. Supp. 1486, 1497 (C.D. Cal. 1993) ("Plaintiffs' claims necessarily require inquiry into military strategy….The Marines' deaths occurred during the war.  The conduct of such affairs are constitutionally committed to the Executive Branch….").

The political question doctrine arises from two constitutional principles:  (1) the separation of powers among the three coordinate branches of government and (2) the limits of judicial capabilities.  *Banner*, 303 F. Supp. 2d at 9.  The political question doctrine prohibits courts from interfering in political matters that are within the dominion of another branch of government.  *Id.*; *see also Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 (1986); *Corrie v. Caterpillar, Inc.* 503 F.3d 974, 980 (9th Cir. 2007).

The Supreme Court in *Baker* laid out six independent tests for determining whether courts should defer to the political branches on an issue:

> [1] a textually demonstrable constitutional commitment of the issue to a coordinate political department; [2] a lack of judicially discoverable and manageable standards for resolving it; [3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; [4] the impossibility of a

5

> court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; [5] an unusual need for unquestioning adherence to a political decision already made; or [6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Baker v. Carr*, 369 U.S. 186, 217 (1962); *see also Corrie,* 503 F.3d at 980. The presence of *any one of these tests* is sufficient to render a case nonjusticiable. *Banner*, 303 F. Supp. 2d at 9 n.9.

The facts of this case dictate that Plaintiffs' claims should be dismissed under *each* of the six *Baker* tests. The first *Baker* test requires proof of a "textually demonstrable constitutional commitment of the issue to a coordinate political department." *Baker*, 369 U.S. at 217. Here, the military operations under which the Accident occurred are textually committed to the executive and legislative branches by the Constitution and cannot be controlled by the judiciary. U.S. Const. Art. I, § 8, cls. 11-16 (granting Congress the power to declare war and provide for, organize, arm, maintain, and govern the military); U.S. Const. Art. II, § 2 (providing that the President is the Commander-In-Chief of the armed forces); *see also United States v. Stanley*, 483 U.S. 669, 682 (1987) ("[T]he Constitution confers authority over the Army, Navy, and militia upon the political branches.").

Moreover, product liability actions that arise out of military operations have been found nonjusticiable, because courts cannot resolve issues of causation without inquiring into military strategy, which is dedicated to the political branches. *Bentzlin*, 833 F. Supp. at 1497; *see also Gilligan v. Morgan*, 413 U.S. 1, 10 (1973) ("The complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments, subject *always* to civilian control of the legislative and executive branches). (emphasis in original). In *Bentzlin*, a case arising out of the first Gulf War, plaintiffs claimed that a manufacturing defect in an Air Force missile caused the missile to deviate from its intended target, thereby striking and killing six U.S. Marines. 833 F. Supp at 1487. The court held that "proving plaintiffs' case requires inquiry into other possible causes of the friendly fire incident. No trier of fact can reach the issue of manufacturing defect without eliminating other variables which necessarily involve political questions." *Id.* at 1497.

6

As in *Bentzlin*, the circumstances surrounding the crash of the subject helicopter implicate political questions dedicated to the executive and/or legislative branches. First, the subject helicopter was operated by members of the U.S. Army Special Operations Regiment, pursuant to a mission in support of Operation Enduring Freedom. (Herman Decl. at ¶ 7, Ex. 6.) Second, the helicopter was being operated in an active war zone. (*Id*. at ¶ 6, Ex. 5.)[3] Third, the subject helicopter was part of a SOAR combat mission "carrying a quick-reaction force" in support of a Joint Special Operations Command task force mission. (*Id*. at ¶ 3, 6, Exs. 2, 5.) The subject helicopter was additionally providing CSAR (combat, search and rescue) coverage to several ongoing operations at the time of the Accident. (*Id*. at ¶ 4, Ex. 3.) The tactics and decisions involved in this mission and the resulting Accident will require the Court to examine the orders of the troops aboard the Chinook, to determine the nature of the combat activity, to consider the day-to-day procedures, training, and operations of the U.S. Army Special Operations Aviation Regiment, and to analyze whether appropriate tactical decisions were made during this mission. Adjudicating the merits of this case would therefore impermissibly encroach on the dominion of the political branches. *Banner*, 303 F. Supp. 2d at 9; *see also Aktepe v. United States*, 105 F.3d 1400, 1403 (11th Cir. 1997) (delicacy of international conflicts are entrusted, by the Constitution, to the political branches of government); *Corrie*, 503 F.3d at 983 (the decision to provide military aid to a foreign country implicates the political question doctrine).

Plaintiffs' claims also prove to be nonjusticiable under the second independent *Baker* test, because no judicially discoverable and manageable standards exist for resolving the questions raised by the claims. *See Aktepe*, 105 F. 3d at 1404; *Rappenecker*, 509 F. Supp. at 1030. Courts recognize that military decisions result in a complex and subtle balancing of many technical considerations, including the trade-off between safety and combat effectiveness. *Aktepe*, 105 F. 3d at 1404. Plaintiffs' claims are based on an accident that occurred during a combat military operation. Analyzing and understanding the causes of this Accident would therefore require an

---

[3] The Zabul province is described as a "hotbed for militant supporters of the former Taliban regime." *Id.*

1  examination of the Army officers' decisions, actions, and reactions during a combat mission, as
2  well as an examination of military decisions more broadly.  Whatever military exigencies and
3  requirements intruded into the conduct of this flight are outside of the Court's standards of
4  evaluation.  *See DaCosta v. Laird*, 471 F.2d 1146, 1155 (2nd Cir. 1973) (assessment of military
5  operations is nonjusticiable given that courts are "deficient in military knowledge, lacking vital
6  information upon which to assess the nature of battlefield decisions, and sitting thousands of
7  miles from the field of action.").

8        This case is also nonjusticiable under the third independent *Baker* test, because resolution
9  of Plaintiffs' claims would require the Court to make policy decisions generally reserved for
10 military discretion.  *Gilligan*, 413 U.S. at 8.  Specifically, the Court would need to determine
11 whether the U.S. Army Special Operations Aviation Regiment pilots were sufficiently trained,
12 were sufficiently briefed for their mission, and were adequately rested prior to flight, among other
13 factors.  The Court would also be required to evaluate the wisdom of modifications made to the
14 Accident helicopter by the Army and whether those Army modifications caused or contributed to
15 the Accident.  Resolution of these issues would encroach upon policy decisions made by the
16 military during a time of war and thereby renders this case nonjusticiable.

17       The remaining *Baker* tests also independently warrant dismissal of this case.  The fourth
18 *Baker* test (impossibility of a court undertaking independent resolution without expressing lack of
19 respect to a coordinate branch) is implicated as the Court cannot become enmeshed in second-
20 guessing military decisions made in the heat of battle.  The fifth test (an unusual need for
21 unquestioning adherence to a political decision) is also dispositive, because the Court should not
22 question combat decisions made by the U.S. military.  Finally, the sixth test (the potentiality of
23 political embarrassment) will be implicated as the Court must necessarily evaluate the decisions
24 of U.S. military strategists and decision makers and scrutinize the circumstances of fatalities and
25 injuries during military combat.  *See Aktepe*, 105 F.3d at 1404 ("The interjection of tort law into
26 the realms of foreign policy and military affairs would effectively permit judicial reappraisal of
27 judgments the Constitution has committed to the other branches.").
28

8

NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MPAs IN SUPPORT THEREOF
sd-417441

In sum, each of the independent *Baker* tests establishes that Plaintiffs' claims raise nonjusticiable political questions. Thus, Honeywell's motion to dismiss has a high likelihood of success.

### D.   Plaintiffs Will Not Be Prejudiced By A Stay

Plaintiffs will not be prejudiced by a short stay of discovery pending the resolution of the motion to dismiss. *See In re First Constitution Shareholders Litig.*, 145 F.R.D. 291, 294 (D. Conn. 1991) (granting defendants' motion for a stay of discovery after finding there would be no prejudice to plaintiff, "which will have ample time [if the motion to dismiss is denied] to take discovery on the merits of its claims") (quotation marks omitted). The U.S. Army investigation regarding the cause of this Accident, is still ongoing. Moreover, the very earliest this case will proceed to trial is November 2009 (and likely later), with discovery to be conducted for at least a year. Additionally, despite the fact that Plaintiffs have served discovery requests, the requests are unrelated to the motion to dismiss based on the political question doctrine. Due to the jurisdictional issue before this court, Plaintiffs will not be harmed or prejudiced by a short stay of discovery while the motion to dismiss is resolved.

### IV.   CONCLUSION

For the foregoing reasons, Honeywell requests that the Court enter an order staying all discovery until a ruling is made on the motion to dismiss filed concurrently herewith.

Dated:   April 29, 2008                              MORRISON & FOERSTER LLP

                                                     By: /s/ James W. Huston
                                                         James W. Huston

                                                         Attorneys for Defendant
                                                         HONEYWELL INTERNATIONAL INC.

**CERTIFICATE OF SERVICE**

I, James W. Huston, hereby certify that on April 29, 2008, I caused to be electronically filed a true and correct copy of the attached **DEFENDANT HONEYWELL INTERNATIONAL INC.'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record for Plaintiffs:

| | |
|---|---|
| Ronald A. McIntire, Esq.<br>Chung H. Han, Esq.<br>PERKINS COIE LLP<br>1620 26th Street, Sixth Floor, South Tower<br>Santa Monica, CA  90404-4013 | Telephone:  310.788.9900<br>Facsimile:  310.788.3399<br><br>*Attorneys for Defendant The Boeing Company* |
| Thomas J. Brandi, Esq.<br>Daniel Del'Osso, Esq.<br>Brian J. Malloy, Esq.<br>THE BRANDI LAW FIRM<br>354 Pine Street, Third Floor<br>San Francisco, CA  94104 | Telephone:  415.989.1800<br>Facsimile:  415.989.1801<br><br>*Attorneys for Plaintiffs* |
| James R. Donahue, Esq.<br>CAULFIELD DAVIES & DONAHUE<br>1 Natoma Street<br>Folsom, CA  95630-2637 | Telephone:  916.817.2900<br>Facsimile:  916.817.2644<br><br>*Attorneys for Plaintiffs* |
| Garth Aubert, Esq.<br>Mark Irvine, Esq.<br>MENDES & MOUNT, LLP<br>445 South Figueroa Street, 38th Floor<br>Los Angeles, CA  90071 | Telephone:  213.955.7780<br>Facsimile:  213.955.7725<br><br>*Attorneys for Defendant Goodrich Corporation* |

I also served the following party by overnight mail [Fed. Rule Civ. Proc. rule 5(b)] by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by UPS, at 12531 High Bluff Drive, Suite 100, San Diego, California, 92130-2040 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

CERTIFICATE OF SERVICE         1

sd-402041

| | |
|---|---|
| Steve Bell, Esq.<br>Beth M. Strosky, Esq.<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101 | Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br><br>***Attorneys for Defendant The Boeing Company*** |
| Richard Chon, Esq.<br>Perkins Coie LLP<br>1620 26th Street, Sixth Floor<br>South Tower<br>Santa Monica, CA 90404-4013 | Telephone: 310.788.9900<br>Facsimile: 310.788.3399<br><br>***Attorneys for Defendant The Boeing Company*** |
| Casey A. Kaufman, Esq.<br>The Brandi Law Firm<br>354 Pine Street, 3rd Floor<br>San Francisco, CA 94104 | Telephone: 415.989.1800<br>Facsimile: 415.989.1801<br><br>***Attorneys for Plaintiffs*** |

Executed at San Diego, California, on this 29th day of April, 2008.

MORRISON & FOERSTER LLP

By: /s/ James W. Huston
James W. Huston
jhuston@mofo.com
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720 5100
Facsimile: 858.720.5188
Attorneys for Defendant

Attorneys for Defendant
HONEYWELL INTERNATIONAL INC.