1  JAMES W. HUSTON (BAR NO. 115596)
   jhuston@mofo.com
2  ERIN M. BOSMAN (BAR NO. 204987)
   ebosman@mofo.com
3  WILLIAM V. O'CONNOR (BAR NO. 216650)
   woconnor@mofo.com
4  JOANNA E. HERMAN (BAR NO. 227480)
   jeherman@mofo.com
5  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 100
6  San Diego, California  92130-2040
   Telephone:  858.720 5100
7  Facsimile:   858.720.5188

8  Attorneys for Defendant
   HONEYWELL INTERNATIONAL INC.
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13  DEBORAH GETZ, et al.,                    Case No.    CV 07-06396 CW

14           Plaintiffs,                     **DEFENDANT HONEYWELL
                                             INTERNATIONAL INC.'S NOTICE
15       v.                                  OF MOTION AND MOTION FOR
                                             PROTECTIVE ORDER;
16  THE BOEING COMPANY, et al.,              MEMORANDUM OF POINTS AND
                                             AUTHORITIES IN SUPPORT
17           Defendants.                     THEREOF**

18                                           Date:        June 19, 2008
                                             Time:        2:00 p.m.
19                                           Courtroom: 2
                                             Judge:       Hon. Claudia Wilken

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MPA IN SUPPORT THEREOF
sd-423703

1    **NOTICE OF MOTION AND MOTION**

2        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that on June 19, 2008, at 2:00 p.m., or as soon thereafter as the

4    matter may be heard, in the Courtroom of the Honorable Claudia Wilken, United States District

5    Court, Northern District of California, Oakland Division, Courtroom 2, 4th Floor, 1301 Clay

6    Street, 400 South, Oakland, California 94612, Defendant Honeywell International, Inc.

7    ("Honeywell") will move the Court for a protective order staying the time in which Defendants

8    must respond to Plaintiffs' outstanding discovery requests.

9        Honeywell moves this Court for a protective order staying the time in which Honeywell

10    must respond to Plaintiffs' outstanding discovery requests until after the resolution of

11    Honeywell's Motion to Stay Discovery and Honeywell's Motion to Dismiss.  There is good cause

12    for a protective order because: (1) Honeywell has filed a dispositive motion; (2) the requested

13    stay is for a short period of time; and (3) Plaintiffs will not be prejudiced by the stay.

14        Honeywell bases its motion on this Notice of Motion and Motion, the accompanying

15    Memorandum of Points and Authorities, the pleadings and papers on file herein, and on such

16    other matters as may be presented to the Court at the time of the hearing.

17        Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, Honeywell certifies that

18    on April 29, 2008, Joanna E. Herman, counsel for Honeywell, conferred with Mr. Thomas J.

19    Brandi, counsel for Plaintiffs, in a good faith effort to resolve this dispute without Court action.

20    (*See* Declaration of Joanna E. Herman in Support of Defendant Honeywell International, Inc's

21    Motion for Protective Order ("Herman Decl.") at ¶¶ 2-7.)  At that time, Mr. Brandi indicated that

22    after he reviewed Honeywell's Motion to Stay Discovery and Motion to Dismiss, he would

23    inform Honeywell whether Plaintiffs would agree to stay the outstanding discovery responses.

24    (*Id*. at ¶ 4.)  On April 29, 2008, Honeywell's Motion to Dismiss and Motion to Stay Discovery

25    were filed.  (*Id*. at ¶ 5.)  On April 30 and May 5, 2008, Ms. Herman contacted Mr. Brandi by e-

26    mail to determine Plaintiffs' position with respect to the present motion.  (*Id*. at ¶¶ 6-7.)  No

27    response was received.  (*Id*.)  Thus, Honeywell hereby files this motion for a protective order.

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

This motion is filed in response to the Requests for Admission (RFAs) that Plaintiffs recently propounded upon Honeywell and the other Defendants.  In light of Honeywell's pending Motion to Dismiss and Motion to Stay Discovery, Honeywell seeks a protective order for the limited purpose of staying the RFA responses, and any other discovery Plaintiffs may serve, until after the resolution of the pending motions.  Good cause exists for the protective order, because Honeywell's Motion to Dismiss is potentially dispositive of the entire case, the requested stay is for a short period of time, and Plaintiffs will not be prejudiced by the stay.

## II.     STATEMENT OF FACTS

This case arises from the crash of a United States Army Special Operations Aviation Regiment ("SOAR") MH-47E Chinook helicopter, serial number 92-00472 (the "subject helicopter"), in the early morning hours of February 18, 2007, in the Shahjoi District of the Zabul Province in Afghanistan (the "Accident").  The Accident took the lives of eight military personnel who died in the line of duty, as well as injuring fourteen military personnel.

Plaintiffs sued Honeywell, The Boeing Company, Goodrich Corporation, BF Goodrich Aerospace, Chandler Evans Control Systems and General Electric[1] seeking damages for wrongful death, bodily injuries and loss of consortium based on theories of negligence, strict product liability, and breach of express and implied warranty.  Because the nature of the Accident upon which Plaintiffs' complaint is based involves political questions dedicated to the executive and/or legislative branches, on April 29, 2008, Honeywell moved for dismissal of the complaint under the political question doctrine.  At the same time, Honeywell moved for a stay of all discovery pending the resolution of the Motion to Dismiss.

On or about April 17, 2008 Plaintiffs' counsel, Thomas J. Brandi, sent a letter to counsel for Honeywell, Boeing, and Goodrich Pump and Engine Control Systems requesting the parties to meet and confer on the scheduling of depositions for the custodian of records for each Defendant.

---

[1] Plaintiffs have voluntarily dismissed General Electric.  (Docket No. 33)

2

1    No depositions have actually been noticed.  On April 22, 2008, Plaintiffs served Requests for

2    Admission (RFAs) on each Defendant.

3    **III.    THERE IS GOOD CAUSE TO GRANT A PROTECTIVE ORDER IN THIS CASE**

4    

5    Rule 26(c) of the Federal Rules of Civil Procedure authorizes courts for "good cause" to

6    issue a protective order to stay discovery.  Fed. R. Civ. P. 26(c)(1); *Spencer Trask Software &*

7    *Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).  Although a stay is not

8    automatic, "[g]ood cause may be shown where a party has filed a dispositive motion, the stay is

9    for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer*,

10   206 F.R.D. at 368; *see also In re Netflix Antitrust Litig*., 506 F. Supp. 2d 308, 321 (N.D. Cal.

11   2007) ("District courts have broad discretion to stay discovery pending the resolution of a

12   potentially dispositive motion, including a motion to dismiss."); *Little v. Seattle*, 863 F.2d 681,

13   685 (9th Cir. 1988); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).  Here, good cause

14   exists, because Honeywell has filed a dispositive motion that has a high likelihood of success, the

15   requested stay of discovery will last only until the motion to dismiss is decided, and Plaintiffs will

16   not be prejudiced by the stay.  A stay of the RFA responses is therefore warranted.

17   **A.    The Motion To Dismiss Has A High Likelihood Of Success**

18   Honeywell filed its Motion to Dismiss, pursuant to Rule 12(b)(1), on April 29, 2008.  As

19   described in the Motion to Stay Discovery that accompanied the Rule 12(b)(1) motion, there is a

20   high likelihood of Plaintiffs' complaint being dismissed as nonjusticiable under the political

21   question doctrine. (*See* Motion to Stay Discovery at 5-8.)  Consequently, responses to Plaintiffs'

22   RFAs should be stayed pending the resolution of the Motion to Dismiss.

23   **B.    The Requested Stay Is For A Short Period Of Time**

24   Honeywell requests that the stay to respond to the RFAs be in place until a reasonable

25   period of time after the Motion to Dismiss and Motion to Stay Discovery are decided.  These two

26   motions are scheduled for oral argument on June 19, 2008 at 2:00 p.m.  Should the Motion to

27   Dismiss be denied, the RFA responses would be due, at most, within 30 days following denial.

28   Thus, the length of the requested stay is on the order of two to three months, depending on the

3

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MPA IN SUPPORT THEREOF
sd-423703

1    timing of the Court's order following the June 19, 2008 oral argument.  Such a short stay supports

2    the entry of a protective order to avoid unnecessary expenditure of resources.  Fed. R. Civ. P.

3    26(c).

### C.    Plaintiffs Will Not Be Prejudiced By A Stay

5    This case is in its infancy, and Plaintiffs will not be prejudiced by a short stay of discovery

6    pending the resolution of the Motion to Dismiss.  *See In re First Constitution Shareholders Litig.*,

7    145 F.R.D. 291, 294 (D. Conn. 1991) (granting defendants' motion for a stay of discovery after

8    finding there would be no prejudice to plaintiff, "which will have ample time [if the motion to

9    dismiss is denied] to take discovery on the merits of its claims") (quotation marks omitted).   The

10    U.S. Army investigation regarding the cause of the Accident is still ongoing.  Moreover, the

11    earliest this case will proceed to trial is November 2009 (and likely later), with discovery to be

12    conducted for at least a year.

13    In addition, it is appropriate for a court to stay discovery pending the disposition of a

14    motion to dismiss, when discovery is not required to resolve any factual issues raised in the Rule

15    12(b) motion.  *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).  Honeywell's Motion to

16    Dismiss raises no disputed factual issues, and Plaintiffs will not be harmed or prejudiced by a

17    short stay of discovery while that motion is resolved.  Indeed, a stay in the RFA responses will

18    potentially avoid unnecessary burden and expense, because the discovery will become moot if the

19    Motion to Dismiss is granted.  *See, e.g., Atlantic States Legal Found., Inc. v. Tyson Foods, Inc.*,

20    897 F.2d 1128, 1131 (11th Cir. 1990) (granting motion to stay discovery on the merits until

21    motion to dismiss was resolved).  Thus, while the Motion to Dismiss is pending, the burden and

22    expense of the propounded discovery outweigh any benefit to Plaintiffs.  *See* Fed. R. Civ. P.

23    26(b)(2)(C)(iii).

### D.    Honeywell Need Not Respond To Plaintiffs' Discovery Requests While This Motion Is Pending

25

26    Courts in the Ninth Circuit treat the filing of a motion for a protective order to stay

discovery as a *de facto* stay of any outstanding responses.  *See, e.g.*, *Skellerup Indus. v. City of*

27

*Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (where defendants sought protective order to

28

4

1    stay discovery in light of pending motion to dismiss, responses to existing discovery requests

2    were not due until after court ruled on motion to stay); *Vivendi, S.A. v. T-Mobile USA, Inc.*, No.

3    C06-1524JLR, 2007 U.S. Dist. LEXIS 28710, *3 (W.D. Wash. Apr. 18, 2007) (same); *White v.*

4    *Am. Tobacco Co.*, 125 F.R.D. 508, 510 (D. Nev. 1989) (same).  Thus, Honeywell believes it

5    should not be required to respond to the RFAs, or any other discovery that Plaintiffs may

6    propound, until the Court has ruled on the pending motions to dismiss and motion to stay

7    discovery.[2]

8    **IV.    CONCLUSION**

9         For the foregoing reasons, Honeywell requests that the Court enter a protective order

10   staying the responses to the propounded discovery until a ruling is made on Honeywell's Motion

11   to Dismiss and Motion to Stay Discovery.

12

13   Dated:    May 6, 2008                              MORRISON & FOERSTER LLP

14                                                      By:  /s/ James W. Huston
                                                            James W. Huston

15                                                          Attorneys for Defendant
                                                            HONEYWELL INTERNATIONAL INC.

16

17

18

19

20

21

22

23

24

25

26        [2] Honeywell is also not required to specifically move for a protective order regarding any
     depositions, because despite Plaintiffs' April 17, 2008 correspondence, no deposition notices
27   have been served upon Honeywell.

28

5

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MPA IN SUPPORT THEREOF
sd-423703

1    **CERTIFICATE OF SERVICE**

2         I, James W. Huston, hereby certify that on May 6, 2008, I caused to be electronically filed

3    a true and correct copy of the attached **DEFENDANT HONEYWELL INTERNATIONAL**

4    **INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER;**

5    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the

6    Clerk of the Court using CM/ECF, which will send notification that such filing is available for

7    viewing and downloading to the following counsel of record for Plaintiffs:

8

| | |
|---|---|
| 9<br>10<br>11 | Ronald A. McIntire, Esq.<br>Chung H. Han, Esq.<br>PERKINS COIE LLP<br>1620 26th Street, Sixth Floor, South Tower<br>Santa Monica, CA 90404-4013 | Telephone: 310.788.9900<br>Facsimile: 310.788.3399<br><br>***Attorneys for Defendant The Boeing Company*** |
| 12<br>13<br>14<br>15 | Thomas J. Brandi, Esq.<br>Daniel Del'Osso, Esq.<br>Brian J. Malloy, Esq.<br>THE BRANDI LAW FIRM<br>354 Pine Street, Third Floor<br>San Francisco, CA 94104 | Telephone: 415.989.1800<br>Facsimile: 415.989.1801<br><br>***Attorneys for Plaintiffs*** |
| 16<br>17 | James R. Donahue, Esq.<br>CAULFIELD DAVIES & DONAHUE<br>1 Natoma Street<br>Folsom, CA 95630-2637 | Telephone: 916.817.2900<br>Facsimile: 916.817.2644<br><br>***Attorneys for Plaintiffs*** |
| 18<br>19<br>20 | Garth Aubert, Esq.<br>Mark Irvine, Esq.<br>MENDES & MOUNT, LLP<br>445 South Figueroa Street, 38th Floor<br>Los Angeles, CA 90071 | Telephone: 213.955.7780<br>Facsimile: 213.955.7725<br><br>***Attorneys for Defendant Goodrich Corporation*** |
| 21<br>22<br>23 | Steve Bell, Esq.<br>Beth M. Strosky, Esq.<br>Katherine L. Hilst, Esq.<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101 | Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br><br>***Attorneys for Defendant The Boeing Company*** |

24

25   I also served the following party by overnight mail [Fed. Rule Civ. Proc. rule 5(b)] by placing a
     true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as

26   follows, for collection by UPS, at 12531 High Bluff Drive, Suite 100, San Diego, California,
     92130-2040 in accordance with Morrison & Foerster LLP's ordinary business practices.

27

28   I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of
     correspondence for overnight delivery and know that in the ordinary course of Morrison &

CERTIFICATE OF SERVICE                          1

sd-423703

1  Foerster LLP's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver

2  authorized by UPS to receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

3

| | |
|---|---|
| 4  Richard Chon, Esq.<br>PERKINS COIE LLP<br>1620 26th Street, Sixth Floor<br>5  South Tower<br>Santa Monica, CA  90404-4013<br>6 | Telephone:  310.788.9900<br>Facsimile:  310.788.3399<br>***Attorneys for Defendant The Boeing Company*** |
| 7  Casey A. Kaufman, Esq.<br>THE BRANDI LAW FIRM<br>354 Pine Street, 3rd Floor<br>8  San Francisco, CA  94104 | Telephone:  415.989.1800<br>Facsimile:  415.989.1801<br>***Attorneys for Plaintiffs*** |

9

10       Executed at San Diego, California, on May 6, 2008.

11

12                    MORRISON & FOERSTER LLP

13

14             By:    /s/  James W. Huston
                      James W. Huston
                      jhuston@mofo.com
15                    Morrison & Foerster LLP
                      12531 High Bluff Drive, Suite 100
16                    San Diego, California  92130-2040
                      Telephone:   858.720 5100
17                    Facsimile:    858.720.5188
                      Attorneys for Defendant
18
                        Attorneys for Defendant
19                    HONEYWELL INTERNATIONAL INC.

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE                    2

sd-423703