THE BRANDI LAW FIRM
THOMAS J. BRANDI #53208
DANIEL DELL'OSSO #118203
BRIAN J. MALLOY #234882
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 989-1801

JAMES R. DONAHUE, #105106
CAULFIELD DAVIES & DONAHUE
80 Iron Point Circle, #105
Folsom, CA 95630
Telephone: (916) 817-2900
Facsimile: (916) 817-2644

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DEBORAH GETZ, et al. | ) NO. CV 07 6396 CW |
| Plaintiffs, | ) **PLAINTIFFS' OPPOSITION TO** |
| | ) **DEFENDANT HONEYWELL** |
| | ) **INTERNATIONAL INC.'S** |
| v. | ) **MOTION TO STAY DISCOVERY;** |
| | ) **MEMORANDUM OF POINTS** |
| THE BOEING COMPANY, et al. | ) **AND AUTHORITIES IN SUPPORT** |
| Defendants. | ) |
| | ) Date: June 19, 2008 |
| | ) Time: 2:00 p.m. |
| | ) Courtroom: 2 |
| | ) Judge:  Honorable Claudia Wilken |

## INTRODUCTION

Defendant Honeywell International, Inc.'s ("Honeywell") motion to stay discovery

pending a resolution of its Federal Rules of Civil Procedure, Rule 12(b)(1) ("Rule

1

12(b)(1)") motion to dismiss plaintiffs' complaint based on lack of subject matter jurisdiction should be denied because Honeywell has failed to show that good cause exists for such a stay.  Honeywell prematurely assumes it will succeed on its motion to dismiss and ignores the vast body of case law allowing for discovery when there is a challenge to subject matter jurisdiction.  Accordingly, this motion should be denied.

## LEGAL ARGUMENT

### I.  HONEYWELL'S MOTION TO STAY DISCOVERY SHOULD BE DENIED BECAUSE GOOD CAUSE DOES NOT EXIST FOR A STAY

#### A.  Honeywell's Motion to Dismiss Is Based On Hearsay and Disputed Facts

Honeywell erroneously asserts that discovery is not required to resolve its Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, because it "raises no disputed factual issues . . . ." (Motion at 4:12-16).  As an initial matter, Honeywell's motion to dismiss is supported almost exclusively with hearsay news articles and speculative statements that are in contrast with the findings of the Army's investigation. (*See* Army Regulation 15-6, attached as Exhibit A to the Declaration of Thomas J. Brandi filed in support of plaintiffs' opposition to Honeywell's motion to dismiss plaintiffs' complaint).  Plaintiffs dispute Honeywell's conclusory, speculative and factually unsupported statements made throughout its motion to dismiss.

Moreover, Honeywell ignores the vast body of case law that allows the Court to consider evidence in ruling on Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. *See Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)*; Laub v. United States Interior*, 342 F.3d 1080, 1092 (9th Cir. 2003); *Rosales v. U.S.*, 824 F.2d 799, 803 (9th Cir. 1987).  Indeed, it

2

is an abuse of discretion to dismiss for lack of jurisdiction without giving plaintiffs an opportunity for discovery if requested. *See Laub*, 342 F.3d at 1092. It is precisely this type of motion where a stay should be denied and discovery allowed.

Discovery is "appropriate where there are factual issues raised by a Rule 12(b) motion." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (citing *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir.1984)); *see also Laub*, 342 F.3d at 1092 ("discovery should be granted when, as here, the jurisdictional facts are contested or more facts are needed") (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977) (holding that district court abused its discretion in refusing to grant discovery on jurisdictional issue); *Natural Res. Def. Council v. Pena*, 147 F.3d 1012, 1024 (D.C.Cir. 1998) (remanding to permit "jurisdictional discovery" when allegations indicated its likely utility); and *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C.Cir. 1992) (finding abuse of discretion when district court denied jurisdictional discovery in light of allegations suggesting jurisdiction did exist)).

*Jarvis*, a case upon which Honeywell relies (Motion at 4:14), was a "facial attack" on the complaint, where "the district court accepted the facts alleged by the appellants as true, but found them deficient as a matter of law." *Id.* at 155. Here, by contract, defendants have raised a "factual attack," as opposed to a "facial attack," to plaintiffs' complaint challenging subject matter jurisdiction. A district court may go outside the pleadings and consider evidence on such a motion, particularly where, as here, there is disputed facts showing that the Court does have subject matter jurisdiction.

3

**B. Honeywell's Motion to Dismiss Based on Lack of Subject Matter Jurisdiction Does Not Have a High Likelihood of Success, Particularly Where No Discovery Has Occurred**

Honeywell vastly overstates the application of the political question doctrine in cases such as this. (*See, e.g.*, Motion at 5:10-12 ("Simply put, it is improper for a court to adjudicate claims that involve the death or injury of individuals during military operations."). As set forth more fully in plaintiffs' opposition to the motion to dismiss, the political question doctrine has no application in a case such as this which involves product defect claims against private parties seeking monetary damages. Plaintiffs have not sued the United States, are not challenging any military decision, and are not seeking any injunctive relief. Accordingly, the political question doctrine does not apply.

Further, it would be inappropriate for a Court to dismiss plaintiffs' complaint on the ground that it raises a political question where no discovery has been allowed to take place. *See McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1337-38 (11th Cir. 2007); *Carmichael v. Kellogg, Brown & Root Services, Inc.*, 450 F.Supp.2d 1373 (N.D.Ga. 2006); *Lessin v. Kellogg Brown & Root*, 2006 WL 3940556 (S.D.Tex. 2006) ("A finding that this case will necessarily involve nonjusticiable political questions, particularly before discovery has been completed and all parties properly joined, would expand the political question doctrine beyond its current applications and boundaries."); *Norwood v. Raytheon Co.*, 455 F.Supp.2d 597, 605-606 (W.D.Tex. 2006).

//

//

4

1

## <u>CONCLUSION</u>

2

For the foregoing reasons, the Court should deny Honeywell's motion to stay

3

discovery.

4

Dated:  May 29, 2008                    THE BRANDI LAW FIRM

5

6

7

By:  _/s/ Thomas J. Brandi____

8

THOMAS J. BRANDI
Attorney for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT HONEYWELL INTERNATIONAL INC.'S MOTION TO STAY DISCOVERY;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT- NO. CV 07 6396 CW