THE BRANDI LAW FIRM
THOMAS J. BRANDI #53208
DANIEL DELL'OSSO #118203
CASEY A. KAUFMAN #232257
BRIAN J. MALLOY #234882
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 989-1801

JAMES R. DONAHUE, #105106
CAULFIELD DAVIES & DONAHUE
1Natoma Street
Folsom California 95630
Telephone: (916) 817-2900
Facsimile: (916) 817-2644

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DEBORAH GETZ, individually and as a surviving heir of decedent KRISTOFER D. S. THOMAS; RODNEY THOMAS, individually and as a surviving heir of decedent, KRISTOFER D. S THOMAS; MARY DUFFMAN, individually and as a surviving heir of decedent, SCOTT E. DUFFMAN; SOPHIA DUFFMAN, a minor, individually and as a surviving heir of decedent SCOTT E. DUFFMAN, by and through her Guardian ad Litem, MARY DUFFMAN; CHRISTINE VAUGHN, individually and as a surviving heir of decedent, TRAVIS R. VAUGHN; BRAD VAUGHN, individually and as a surviving heir of decedent, TRAVIS R. VAUGHN; HEATHER VAUGHN, individually and as a surviving heir of decedent, TRAVIS R. VAUGHN; TAYLIN VAUGHN, a minor, individually and as a surviving heir of decedent TRAVIS R. VAUGHN, by and through his Guardian ad Litem HEATHER VAUGHN; JILL GARBS, | NO. CV 07 6396 CW<br><br>**AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM**<br><br><br>**DEMAND FOR JURY TRIAL** |

1

| | |
|---|---|
| 1 | individually and as a surviving heir of ) |
| 2 | decedent RYAN GARBS; DOUG GARBS, )<br>individually and as a surviving heir of ) |
| 3 | decedent, RYAN GARBS; PAUL and )<br>FELICIA WILKINSON, individually and as ) |
| 4 | surviving heirs of decedent ADAM )<br>WILKINSON; TYFFANIE WILKINSON, ) |
| 5 | individually and as a surviving heir of ) |
| 6 | decedent ADAM WILKINSON; CARSON )<br>WILKINSON, a minor, individually and as a ) |
| 7 | surviving heir of decedent ADAM )<br>WILKINSON, by and through his Guardian ad ) |
| 8 | Litem TYFFANIE WILKINSON; ROBERT J. )<br>QUINLAN and KATHLEEN T. QUINLAN, ) |
| 9 | individually and as surviving heirs of decedent ) |
| 10 | JOHN QUINLAN; JULIE QUINLAN, )<br>individually and as a surviving heir of ) |
| 11 | decedent JOHN QUINLAN; KEELY ) |
| 12 | QUINLAN, a minor, individually and as a )<br>surviving heir of decedent JOHN QUINLAN, ) |
| 13 | by and through her Guardian ad Litem JULIE )<br>QUINLAN; MADELINE QUINLAN, a ) |
| 14 | minor, individually and as a surviving heir of ) |
| 15 | decedent JOHN QUINLAN, by and through )<br>her Guardian ad Litem JULIE QUINLAN; ) |
| 16 | ERIN QUINLAN, a minor, individually and as )<br>a surviving heir of decedent JOHN ) |
| 17 | QUINLAN, by and through her Guardian ad ) |
| 18 | Litem JULIE QUINLAN; HERSHEL )<br>MCCANTS, SR., individually and as a ) |
| 19 | surviving heir of HERSHEL MCCANTS, JR.; )<br>GOLDIE MURPHY, individually and as a ) |
| 20 | surviving heir of decedent HERSHEL ) |
| 21 | MCCANTS, JR.; SHANNON MCCANTS, )<br>individually and as a surviving heir of ) |
| 22 | decedent HERSHEL MCCANTS, JR.; )<br>TREVOR MCCANTS, a minor, individually ) |
| 23 | and as a surviving heir of decedent HERSHEL ) |
| 24 | MCCANTS, JR., by and through his Guardian )<br>ad Litem SHANNON MCCANTS; KYLIE ) |
| 25 | MCCANTS, a minor, individually and as a )<br>surviving heir of decedent HERSHEL ) |
| 26 | MCCANTS, JR. by and through her Guardian ) |
| 27 | ad Litem SHANNON MCCANTS; JORDAN )<br>LANHAM; JERRY GOLDSMITH; RYANNE ) |
| 28 | NOSS, individually and as spouse of SCOT )<br>NOSS; TIMOTHY BRAUCH; CHRIS ) |

2

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1  TRISKO; MARK DANIEL HOUGHTON;
   CHUCK ISAACSON; BRENDA ISAACSON,
2  individually and as spouse of CHUCK
   ISAACSON,
3

4              Plaintiffs,

5      vs.

6  THE BOEING COMPANY, a corporation;
7  HONEYWELL INTERNATIONAL, INC., a
   corporation; GOODRICH PUMP AND
8  ENGINE CONTROL SYSTEMS, INC., a
   corporation; and DOES 1 through 200,
9  inclusive,

10
             Defendants.
11

12      COME NOW Plaintiffs DEBORAH GETZ, individually and as a surviving heir of

13  decedent KRISTOFER D. S.THOMAS; RODNEY THOMAS, individually and as a

14  surviving heir of decedent, KRISTOFER D. S. THOMAS; MARY DUFFMAN,

15  individually and as a surviving heir of decedent, SCOTT E. DUFFMAN; SOPHIA

16  DUFFMAN, a minor, individually and as a surviving heir of decedent SCOTT E.

17

18  DUFFMAN, by and through her Guardian ad Litem, MARY DUFFMAN; CHRISTINE

19  VAUGHN, individually and as a surviving heir of decedent, TRAVIS R. VAUGHN;

20  BRAD VAUGHN, individually and as a surviving heir of decedent, TRAVIS R.

21

22  VAUGHN; HEATHER VAUGHN, individually and as a surviving heir of decedent,

23  TRAVIS R. VAUGHN; TAYLIN VAUGHN, a minor, individually and as a surviving heir

24  of decedent TRAVIS R. VAUGHN, by and through his Guardian ad Litem HEATHER

25  VAUGHN; JILL GARBS, individually and as a surviving heir of decedent RYAN

26  GARBS; DOUG GARBS, individually and as a surviving heir of decedent, RYAN

27  GARBS; PAUL and FELICIA WILKINSON, individually and as surviving heirs of

28  decedent ADAM WILKINSON; TYFFANIE WILKINSON, individually and as surviving

                                    3
AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

heir of decedent ADAM WILKINSON; CARSON WILKINSON, a minor, individually

and as a surviving heir of decedent ADAM WILKINSON, by and through his Guardian ad

Litem TYFFANIE WILKINSON; ROBERT J. QUINLAN and KATHLEEN T.

QUINLAN, individually and as surviving heirs of decedent JOHN QUINLAN; JULIE

QUINLAN, individually and as a surviving heir of decedent JOHN QUINLAN; KEELY

QUINLAN, a minor, individually and as a surviving heir of decedent JOHN QUINLAN,

by and through her Guardian ad Litem JULIE QUINLAN; MADELINE QUINLAN, a

minor, individually and as a surviving heir of decedent JOHN QUINLAN, by and through

her Guardian ad Litem JULIE QUINLAN; ERIN QUINLAN, a minor, individually and as

a surviving heir of decedent JOHN QUINLAN, by and through her Guardian ad Litem

JULIE QUINLAN; HERSHEL MCCANTS, SR., individually and as a surviving heir of

HERSHEL MCCANTS, JR.; GOLDIE MURPHY, individually and as a surviving heir of

decedent HERSHEL MCCANTS, JR.; SHANNON MCCANTS, individually and as a

surviving heir of decedent HERSHEL MCCANTS, JR.; TREVOR MCCANTS, a minor,

individually and as a surviving heir of decedent HERSHEL MCCANTS, JR., by and

through his Guardian ad Litem SHANNON MCCANTS; KYLIE MCCANTS, a minor,

individually and as a surviving heir of decedent HERSHEL MCCANTS, JR., by and

through her Guardian ad Litem SHANNON MCCANTS; JORDAN LANHAM,

individually; JERRY GOLDSMITH, individually; RYANNE NOSS, individually and as

spouse of SCOT NOSS; TIMOTHY BRAUCH, individually; CHRIS TRISKO,

individually; MARK DANIEL HOUGHTON, individually; CHUCK ISAACSON,

individually; and BRENDA ISAACSON, individually and as spouse of CHUCK

ISAACSON (hereinafter referred to collectively as "Plaintiffs"), and hereby complain of

Defendants and DOES 1 through 200, inclusive, and each of them, and allege as follows:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

1.     On or about February 17/18, 2007, Plaintiffs and/or Plaintiffs' Decedents were occupants and passengers on a Chinook MH47E helicopter bearing Tail #94-00472 (hereinafter referred to as the "Helicopter"), in the Shahjoi District of the Zabul Province, in southeastern Afghanistan, and sustained severe and/or fatal injuries, when the defects contained in the subject Helicopter and its component parts, caused the Helicopter to suffer a sudden, unexpected loss of power, lose control, and crash to the ground.

## IDENTIFICATION OF PARTIES

2.     Plaintiffs DEBORAH GETZ and RODNEY THOMAS, are, and at all times mentioned herein, were residents of the State of California, and the natural parents and surviving heirs of decedent KRISTOFER D. S. THOMAS, a passenger in said Helicopter.

3.     Plaintiff, MARY DUFFMAN, is the spouse and a surviving heir of decedent, SCOTT E. DUFFMAN, a passenger in said Helicopter.

4.     Prior to and at the commencement of this action, Plaintiff MARY DUFFMAN was duly appointed as the Guardian ad Litem of the minor SOPHIA DUFFMAN for the purposes of bringing the instant action.

5.     Plaintiff, SOPHIA DUFFMAN, a Minor, by and through her Guardian ad Litem, MARY DUFFMAN, is, and was and the child and a surviving heir of decedent, SCOTT E. DUFFMAN, a passenger in said Helicopter.

6.     Plaintiffs, CHRISTINE VAUGHN and BRAD VAUGHN, are, and at all times mentioned herein, were the natural parents and surviving heirs of decedent TRAVIS R. VAUGHN, a passenger in said Helicopter.  Plaintiff, HEATHER VAUGHN, is the spouse and a surviving heir of decedent TRAVIS R. VAUGHN.  Prior to the commencement of this action, Plaintiff HEATHER VAUGHN was duly appointed

5

Guardian Ad Litem of the minor TAYLIN VAUGHN for the purpose of bringing this action. Plaintiff, TAYLIN VAUGHN, is and was a surviving heir of decedent TRAVIS R. VAUGHN.

7.    Plaintiffs, JILL GARBS and DOUG GARBS, are, and at all times mentioned herein, were natural parents and surviving heirs of decedent, RYAN GARBS, a passenger in said Helicopter;

9.    Plaintiffs, PAUL and FELICIA WILKINSON, are, and at all times mentioned herein, were natural parents and surviving heirs of decedent, ADAM WILKINSON, a passenger in said Helicopter. Plaintiff, TYFFANIE WILKINSON, is the spouse and surviving heir of decedent ADAM WILKINSON.

10.    Prior to and at the commencement of this action, Plaintiff TYFFANIE WILKINSON was duly appointed as the Guardian ad Litem of the minor CARSON WILKINSON for the purposes of bringing the instant action.

11.    Plaintiff, CARSON WILKINSON, a Minor, by and through his Guardian ad Litem, TYFFANIE WILKINSON, is and was the child and a surviving heir of decedent, ADAM WILKINSON, a passenger in said Helicopter.

12.    Plaintiffs, ROBERT J. QUINLAN and KATHLEEN T. QUINLAN, are, and at all relevant times mentioned herein, were the natural parents and surviving heirs of decedent, JOHN QUINLAN, a passenger in said Helicopter. Plaintiff, JULIE QUINLAN, is the spouse and surviving heir of decedent JOHN QUINLAN.

13.    Prior to and at the commencement of this action, Plaintiff JULIE QUINLAN was duly appointed as the Guardian ad Litem of the minors KEELY QUINLAN, MADELINE QUINLAN, and ERIN QUINLAN for the purposes of bringing the instant action.

6

14.    Plaintiffs, KEELY QUINLAN, MADELINE QUINLAN, and ERIN QUINLAN, Minors, by and through their Guardian ad Litem, JULIE QUINLAN, are, and were the children and surviving heirs of decedent, JOHN QUINLAN, a passenger in said Helicopter.

15.    Plaintiffs, HERSHEL MCCANTS, SR. and GOLDIE MURPHY, are, and at all times mentioned herein, were the natural parents and a surviving heir of decedent HERSHEL MCCANTS, JR., a passenger in said Helicopter.  Plaintiff, SHANNON MCCANTS, is the spouse and surviving heir of decedent HERSHEL MCCANTS, JR.

16.    Prior to and at the commencement of this action, Plaintiff SHANNON MCCANTS was duly appointed as the Guardian ad Litem of the minors TREVOR MCCANTS and KYLIE MCCANTS for the purposes of bringing the instant action.

17.    Plaintiffs, TREVOR MCCANTS and KYLIE MCCANTS, Minors, by and through their Guardian ad Litem, SHANNON MCCANTS, are and were the children and surviving heirs of decedent, HERSHEL MCCANTS, JR. a passenger in said Helicopter.

18.    Plaintiff, JORDAN LANHAM, is and was a resident of the State of Georgia, a passenger in said Helicopter.  As a result of the subject crash, Plaintiff, JORDAN LANHAM, suffered certain serious and permanent injuries, and suffered serious and permanent emotional and psychological injuries all to his detriment in an amount according to proof.

19.    Plaintiff, JERRY GOLDSMITH was a passenger in said Helicopter. As a result of the subject crash, Plaintiff, JERRY GOLDSMITH, suffered certain serious and permanent injuries, and suffered serious and permanent emotional and psychological injuries all to his detriment in an amount according to proof.

20.    Plaintiff, RYANNE NOSS, is the spouse of SCOT NOSS, a passenger in

7

said Helicopter.  As a result of the subject crash, SCOT NOSS suffered serious and

permanent physical and emotional and psychological injuries. As a result of the serious

and permanent injuries suffered by her husband, Plaintiff, RYANNE NOSS, has sustained

damages in the form of the loss of her relationship with her husband, including the loss of

care, comfort, society, affection and support.  In addition, Plaintiff, RYANNE NOSS, has

been required to abandon her own career and ambitions to devote full time nursing services

to her husband.

21.    Plaintiff, TIMOTHY BRAUCH was a passenger in said Helicopter.  As a

result of the subject crash, Plaintiff, TIMOTHY BRAUCH, suffered certain serious and

permanent injuries, and suffered serious and permanent emotional and psychological

injuries all to his detriment in an amount according to proof.

22.    Plaintiff, CHRIS TRISKO, was a passenger in said Helicopter. As a result

of the subject crash, Plaintiff, CHRIS TRISKO, suffered certain serious and permanent

injuries, and suffered serious and permanent emotional and psychological injuries all to his

detriment in an amount according to proof.

23.    Plaintiff, MARK DANIEL HOUGHTON, was a passenger in said

Helicopter. As a result of the subject crash, Plaintiff, MARK DANIEL HOUGHTON,

suffered certain serious and permanent injuries, and suffered serious and permanent

emotional and psychological injuries all to his detriment in an amount according to proof.

24.    Plaintiff, CHUCK ISAACSON, was a passenger in said Helicopter. As a

result of the subject crash, Plaintiff, CHUCK ISAACSON, suffered certain serious and

permanent injuries, and suffered serious and permanent emotional and psychological

injuries all to his detriment in an amount according to proof.

25.    Plaintiff, BRENDA ISAACSON, is the spouse of CHUCK ISAACSON, a

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

passenger in said Helicopter.  As a result of the subject crash, CHUCK ISAACSON suffered serious and permanent physical and emotional and psychological injuries. As a result of the serious and permanent injuries suffered by her husband, Plaintiff, BRENDA ISAACSON, has sustained damages in the form of the loss of her relationship with her husband, including the loss of care, comfort, society, affection and support.  In addition, Plaintiff, BRENDA ISAACSON, has been required to abandon her own career and ambitions to devote full time nursing services to her husband.

26.    Plaintiffs are informed and believe, and thereupon allege, that Defendant, THE BOEING COMPANY, is, and at all times herein relevant was, a corporation authorized to do, has regularly done, and is continually and systematically doing business in the State of California.

27.    Plaintiffs are informed and believe, and thereupon allege, that Defendant HONEYWELL INTERNATIONAL, INC., is, and at all times herein relevant was, a corporation authorized to do, has regularly done, and is continually and systematically doing business in the State of California.

28.    Plaintiffs are informed and believe, and thereupon allege, that Defendant GOODRICH PUMP AND ENGINE CONTROL SYSTEMS, INC., is and at all times herein relevant was, a corporation authorized to do, and has regularly done, and is continually and systematically doing business in the State of California.

29.    Plaintiffs are informed and believe, and thereupon allege, that CHANDLER EVANS CONTROL SYSTEMS was a corporation authorized to do, and had regularly, continually and systematically done business in the State of California.   Defendant GOODRICH PUMP AND ENGINE CONTROL SYSTEMS, INC. is the successor to CHANDLER EVANS CONTROL SYSTEMS for purposes of this case.  Defendant

9

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

GOODRICH PUMP AND ENGINE CONTROL SYSTEMS, INC. has assumed

CHANDLER EVANS CONTROL SYSTEMS' liability for purposes of this lawsuit only.

30.    The true names and capacities, whether individual, plural, corporate,

partnership, associate, or otherwise, of DOES 1 through 200, inclusive, are unknown to

Plaintiffs who therefore sue said defendants by such fictitious names.  The full extent of

the facts linking such fictitiously sued defendants is unknown to Plaintiffs.  Plaintiffs are

informed and believe, and thereupon allege, that each of the defendants designated herein

as a DOE was, and is, negligent, or in some other actionable manner, responsible for the

events and happenings hereinafter referred to, and thereby negligently, or in some other

actionable manner, legally and proximately caused the described injuries and damages to

Plaintiffs.  Plaintiffs will hereafter seek leave of the Court to amend this Complaint to

show the defendants' true names and capacities after the same have been ascertained.

31.    Plaintiffs are informed and believe, and thereupon allege, that at all times

mentioned herein, Defendants, and each of them, including DOES 3 through 100,

inclusive, and each of them, were agents, servants, employees, successors in interest,

franchisees and/or joint venturers of their co-defendants, and were, as such, acting within

the course, scope, and authority of said agency, employment, joint venture, and/or

franchise and that each and every Defendant, as aforesaid, when acting as a principal, was

negligent in the selection and hiring of each and every other Defendant as an agent,

servant, employee, successor in interest, joint venturer, and/or franchisee.

## GENERAL ALLEGATIONS

32.    On or about February 17/18, 2007, in the Shahjoi district of Zabul Province,

in the Country of Afghanistan, Plaintiffs and Plaintiffs' Decedents sustained severe and/or

fatal injuries while flying as passengers in the subject Helicopter, while on a transportation

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1    mission in southeastern Afghanistan.  While on said mission, one of the two engines of the

2    MH47E Chinook Helicopter suffered a sudden loss of power, causing the Helicopter to

3    become uncontrollable, and crash as a result of the defective nature of said Helicopter and

4    its component parts.

5

6    33.    Plaintiffs and Plaintiffs' Decedents sustained serious, severe, permanent and

7    fatal injuries as a direct result of being passengers in said helicopter at the time of the

8    crash.

9    34.    Plaintiffs are informed and believe, and thereupon allege, that the subject

10   Helicopter and its component parts was designed, assembled, manufactured, inspected,

11   tested, marketed, and introduced into the stream of commerce by Defendants, THE

12   BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a

13   corporation; GOODRICH PUMP AND ENGINE CONTROL SYSTEMS, INC., a

14   corporation; CHANDLER EVANS CONTROL SYSTEMS; and DOES 1-100.

15

16   35.    Plaintiffs are informed and believe, and thereupon allege, that the subject

17   Helicopter was introduced into the stream of commerce in a defective condition by

18   Defendants THE BOEING COMPANY, a corporation; HONEYWELL

19   INTERNATIONAL, INC., a corporation; GOODRICH PUMP AND ENGINE CONTROL

20   SYSTEMS, INC., a corporation; CHANDLER EVANS CONTROL SYSTEMS; and DOE

21   Defendants.  Such defects caused and/or contributed to the crash of the Helicopter, and the

22   resulting serious and permanent injuries to Plaintiffs and the fatal injuries to Plaintiffs'

23   Decedents.

24   36.    Plaintiffs are informed and believe, and thereupon allege, that the engines

25   and Full Authority Digital Engine Control (FADEC), and the Digital Electronic Control

26   Unit (DECU) including all computer software and hardware related thereto, of the subject

11

1    Helicopter were designed, assembled, manufactured, inspected, tested, marketed, and

2    introduced into the stream of commerce by Defendants, THE BOEING COMPANY, a

3    corporation; HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH

4    PUMP AND ENGINE CONTROL SYSTEMS, INC., a corporation; CHANDLER

5    EVANS CONTROL SYSTEMS; and the DOE Defendants.

6

7        37.    Plaintiffs are informed and believe, and thereupon allege, that the engines

8    on the Helicopter and their component parts, including but not limited to the FADEC, and

9    the DECU, and associated computer software and hardware related thereto were introduced

10   into the stream of commerce in a defective condition by Defendants, THE BOEING

11   COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a corporation;

12   GOODRICH PUMP AND ENGINE CONTROL SYSTEMS, INC., a corporation;

13   CHANDLER EVANS CONTROL SYSTEMS; and DOES 1-125.  Such defects caused

14   and/or contributed to the crash of the Helicopter, resulting in the serious, permanent and

15   fatal injuries to Plaintiffs, and/or Plaintiffs' Decedents.

16

17       38.    Plaintiffs are informed and believe, and hereupon allege, that the subject

18   Helicopter was dangerous and defective as those terms are defined under California law, in

19   that the Subject Helicopter and its component parts were less safe that an ordinary

20   consumer would expect in that when used in a reasonable foreseeable and intended manner

21   the subject Helicopter and its component parts failed.

22

23       39.    Plaintiffs are informed and believe and based upon that information and

24   belief allege that the subject Helicopter was defective and dangerous for the following

25   additional reasons:

26       a.    Defective design, manufacture, testing, inspection, maintenance, assembly,

27   and fabrication of the engines and their components parts including but not limited to the

28

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1   FADEC, and its associated computer hardware and software and other components thereof;

2        b.      Defective design, manufacture, testing, inspection, maintenance, assembly,

3   and fabrication of the engines and their component parts including but not limited to the

4   DECU, and its associated computer hardware and software and other components thereof;

5

6        40.     Plaintiffs are informed and believe, and thereupon allege, that the defective

7   conditions of the Helicopter and its component parts, including but not limited to, the

8   engines and FADEC and DECU, and the software and hardware related thereto, were a

9   direct, and legal cause of the Helicopter crash, and Plaintiffs' serious and permanent

10  injuries and the fatal injuries to Plaintiffs' Decedents.

11

12       41.     Plaintiffs are informed and believe, and thereupon allege, that the

13  aforementioned incident of February 17/18, 2007, was caused solely and exclusively by

14  reason of defects in the design and manufacture of the subject Helicopter for which the

15  Defendants and each of them jointly and severally are strictly liable to Plaintiffs herein.

16

17       42.     By reason of the premises, Plaintiff, JORDAN LANHAM sustained serious

18  and permanent bodily injury.

19       43.     By reason of the premises, Plaintiff, JORDAN LANHAM, has incurred and

20  will continue to incur costs for the care and treatment of his injuries in an amount that is

21  presently unknown to the Plaintiff who prays leave to amend and insert the same when it is

22  ascertained.

23

24       44.     By reason of the premises, Plaintiff, JORDAN LANHAM has been unable

25  at times to pursue his regular employment, and his earning capacity has been diminished to

26  his special damage in an unascertained sum as said loss has not yet been finally

27  determined.  Plaintiff prays leave to amend this complaint in this respect when these

28  elements of damages are finally determined.

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

45.     By reason of the premises, Plaintiff, JERRY GOLDSMITH sustained serious and permanent bodily injury.

46.     By reason of the premises, Plaintiff, JERRY GOLDSMITH,  has incurred and will continue to incur costs for the care and treatment of his injuries in an amount that is presently unknown to the Plaintiff who prays leave to amend and insert the same when it is ascertained.

47.     By reason of the premises, Plaintiff, JERRY GOLDSMITH, has been unable at times to pursue his regular employment, and his earning capacity has been diminished to his special damage in an unascertained sum as said loss has not yet been finally determined.  Plaintiff prays leave to amend this complaint in this respect when these elements of damages are finally determined.

48.     By reason of the premises, Plaintiff, TIMOTHY BRAUCH, sustained serious and permanent bodily injury.

49.     By reason of the premises, Plaintiff, TIMOTHY BRAUCH,  has incurred and will continue to incur costs for the care and treatment of his injuries in an amount that is presently unknown to the Plaintiff who prays leave to amend and insert the same when it is ascertained.

50.     By reason of the premises, Plaintiff, TIMOTHY BRAUCH, has been unable at times to pursue his regular employment, and his earning capacity has been diminished to his special damage in an unascertained sum as said loss has not yet been finally determined.  Plaintiff prays leave to amend this complaint in this respect when these elements of damages are finally determined.

51.     By reason of the premises, Plaintiff, CHRIS TRISKO, sustained serious and permanent bodily injury.

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

52.     By reason of the premises, Plaintiff, CHRIS TRISKO, has incurred and will continue to incur costs for the care and treatment of his injuries in an amount that is presently unknown to the Plaintiff who prays leave to amend and insert the same when it is ascertained.

53.     By reason of the premises, Plaintiff, CHRIS TRISKO, has been unable at times to pursue his regular employment, and his earning capacity has been diminished to his special damage in an unascertained sum as said loss has not yet been finally determined.  Plaintiff prays leave to amend this complaint in this respect when these elements of damages are finally determined.

54.     By reason of the premises, Plaintiff, MARK DANIEL HOUGHTON, sustained serious and permanent bodily injury.

55.     By reason of the premises, Plaintiff, MARK DANIEL HOUGHTON,  has incurred and will continue to incur costs for the care and treatment of his injuries in an amount that is presently unknown to the Plaintiff who prays leave to amend and insert the same when it is ascertained.

56.     By reason of the premises, Plaintiff, MARK DANIEL HOUGHTON, has been unable at times to pursue his regular employment, and his earning capacity has been diminished to his special damage in an unascertained sum as said loss has not yet been finally determined.  Plaintiff prays leave to amend this complaint in this respect when these elements of damages are finally determined.

57.     By reason of the premises, Plaintiff, CHUCK ISAACSON, sustained serious and permanent bodily injury.

58.     By reason of the premises, Plaintiff, CHUCK ISAACSON, has incurred and will continue to incur costs for the care and treatment of his injuries in an amount that is

presently unknown to the Plaintiff who prays leave to amend and insert the same when it is ascertained.

59.    By reason of the premises, Plaintiff, CHUCK ISAACSON, has been unable at times to pursue his regular employment, and his earning capacity has been diminished to his special damage in an unascertained sum as said loss has not yet been finally determined.  Plaintiff prays leave to amend this complaint in this respect when these elements of damages are finally determined.

60.    Wherefore Plaintiffs pray judgment against defendants for injuries and damages as hereinabove and hereinafter set forth.

### FIRST CAUSE OF ACTION
### (Wrongful Death)

As and for a First Cause of Action, Plaintiffs complain of Defendants and each of them and allege as follows:

61.    Plaintiffs hereby refer to, reallege and incorporate by this reference as though set forth in full, each and every allegation contained in paragraphs 1 through 60 above.

62.    Plaintiffs, DEBORAH GETZ and RODNEY THOMAS, are the surviving parents and heirs of the decedent KRISTOFER D. S. THOMAS

63.    Plaintiffs, DEBORAH GETZ and RODNEY THOMAS , brings this action on behalf of the survivors and heirs of the decedent under and by virtue of the California Wrongful Death Statute, Cal. Civ. Proc. § 377.60.

64.    As a result of the wrongful death of KRISTOFER D. S. THOMAS, the survivors have been deprived of the guidance, love, tutelage, companionship, support, comfort, and consortium which they would have received from KRISTOFER D. S.

16

THOMAS for the remainder of his natural life.

65.    Plaintiffs, MARY DUFFMAN, as the spouse and parent of the decedent's minor child SOPHIA DUFFMAN, and SOPHIA DUFFMAN are the survivors and heirs of the decedent SCOTT E. DUFFMAN.

66.    Plaintiff, MARY DUFFMAN, individually, and as the parent and Guardian Ad Litem of the minor child SOPHIA DUFFMAN, brings this action on behalf of the survivors and heirs of the decedent under and by virtue of the California Wrongful Death Statute, Cal. Civ. Proc. § 377.60.

67.    As a result of the wrongful death of SCOTT E. DUFFMAN, the survivors have been deprived of the guidance, love, tutelage, companionship, support, comfort, and consortium which they would have received from SCOTT E. DUFFMAN for the remainder of his natural life.

68.    Plaintiffs, CHRISTINE VAUGHN and BRAD VAUGHN, are the surviving parents and heirs of the decedent TRAVIS R. VAUGHN.  Plaintiff, HEATHER VAUGHN, is the spouse and a surviving heir of decedent TRAVIS R. VAUGHN. Plaintiff, TAYLIN VAUGHN, is and was a surviving heir of decedent TRAVIS R. VAUGHN.

69.    Plaintiffs, CHRISTINE VAUGHN, BRAD VAUGHN, and HEATHER VAUGHN, individually and as the parent and Guardian Ad Litem of the minor child TAYLIN VAUGHN, bring this action on behalf of the survivors and heirs of the decedent under and by virtue of the California Wrongful Death Statute, Cal. Civ. Proc. § 377.60.

70.    As a result of the wrongful death of TRAVIS R. VAUGHN, the survivors have been deprived of the guidance, love, tutelage, companionship, support, comfort, and consortium which they would have received from TRAVIS R. VAUGHN for the

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1  remainder of his natural life.

2      71.    Plaintiffs, JILL GARBS and DOUG GARBS, are the surviving parents and

3  heirs of the decedent RYAN GARBS.

4      72.    Plaintiffs, JILL GARBS and DOUG GARBS , bring this action on behalf of

5  the survivors and heirs of the decedent under and by virtue of the California Wrongful

6

7  Death Statute, Cal. Civ. Proc. § 377.60.

8      73.    As a result of the wrongful death of RYAN GARBS, the survivors have

9  been deprived of the guidance, love, tutelage, companionship, support, comfort, and

10
   consortium which they would have received from RYAN GARBS for the remainder of his
11
12  natural life.

13      74.    Plaintiffs, PAUL and FELICIA WILKINSON, as the natural parents of

14  decedent ADAM WILKINSON, TYFFANIE WILKINSON, as the spouse and parent of

15  the decedent's minor child CARSON WILKINSON, and CARSON WILKINSON are the
16
   survivors and heirs of the decedent ADAM WILKINSON.
17

18      75.    Plaintiffs, PAUL and FELICIA WILKINSON, TYFFANIE WILKINSON,

19  individually, and as the parent and Guardian Ad Litem of the minor child CARSON

20  WILKINSON, brings this action on behalf of the survivors and heirs of the decedent under

21
   and by virtue of the California Wrongful Death Statute, Cal. Civ. Proc. § 377.60.
22

23      76.    As a result of the wrongful death of ADAM WILKINSON, the survivors

24  have been deprived of the guidance, love, tutelage, companionship, support, comfort, and

25  consortium which they would have received from ADAM WILKINSON for the remainder

26  of his natural life.

27      77.    Plaintiffs, ROBERT J. QUINLAN and KATHLEEN T. QUINLAN, as the
28
   natural parents of decedent JOHN QUINLAN,  JULIE QUINLAN, as the spouse and

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1   parent of the decedent's minor children KEELY QUINLAN, MADELINE QUINLAN, and

2   ERIN QUINLAN, and KEELY QUINLAN, MADELINE QUINLAN, and ERIN

3   QUINLAN are the survivors and heirs of the decedent JOHN QUINLAN

4
        78.    Plaintiffs, ROBERT J. QUINLAN, KATHLEEN T. QUINLAN, JULIE
5
6   QUINLAN, individually, and as the parent and Guardian Ad Litem of the minor children

7   KEELY QUINLAN, MADELINE QUINLAN, and ERIN QUINLAN, brings this action on

8   behalf of the survivors and heirs of the decedent under and by virtue of the California

9   Wrongful Death Statute, Cal. Civ. Proc. § 377.60.

10
        79.    As a result of the wrongful death of JOHN QUINLAN, the survivors have
11
12  been deprived of the guidance, love, tutelage, companionship, support, comfort, and

13  consortium which they would have received from JOHN QUINLAN for the remainder of

14  his natural life.

15
        80.    Plaintiffs, HERSHEL MCCANTS, SR. and GOLDIE MURPHY, as the
16
17  natural parents of decedent HERSHEL MCCANTS, JR, SHANNON MCCANTS, as the

18  spouse and parent of the decedent's minor child KYLIE MCCANTS and TREVOR

19  MCCANTS and KYLIE MCCANTS are the survivors and heirs of the decedent

20  HERSHEL MCCANTS, JR.

21
        81.    Plaintiffs, HERSHEL MCCANTS, SR., GOLDIE MURPHY, SHANNON
22
23  MCCANTS, individually, and as the parent of KYLIE MCCANTS and Guardian Ad

24  Litem of the minor children TREVOR MCCANTS and KYLIE MCCANTS, brings this

25  action on behalf of the survivors and heirs of the decedent under and by virtue of the

26  California Wrongful Death Statute, Cal. Civ. Proc. § 377.60.

27
        82.    As a result of the wrongful death of HERSHEL MCCANTS, JR. the
28
    survivors have been deprived of the guidance, love, tutelage, companionship, support,

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1   comfort, and consortium which they would have received from HERSHEL MCCANTS,

2   JR. for the remainder of his natural life.

3                           **SECOND CAUSE OF ACTION**
4                            **(Strict Product Liability)**

5          COME NOW Plaintiffs, and for a Second Cause of Action against all Defendants,

6   and DOES 1 through 200, inclusive, and each of them, complains and alleges as follows:

7          83.    Plaintiffs hereby refer to, reallege and incorporate by this reference as

8   though set forth in full, each and every allegation contained in paragraphs 1 through 82

9

10  above.

11         84.    At all times herein mentioned, the Defendants are and were in the business

12  of designing, manufacturing, selling, marketing and/or distributing Helicopters, including

13  the subject Helicopter and its component parts, which are distributed and sold throughout

14  the United States, as well as the state of California, to members of the general public and

15

16  as such are liable to the Plaintiffs for damages under the theory of strict products liability.

17         85.    At all times herein mentioned the Helicopter and its components parts,

18  including but not limited to, the engines and FADEC, the DECU, and the computer

19  hardware and software related thereto, were defective and unreasonably dangerous as those

20  terms are defined under California law by reason of defects in design and manufacture and

21

22  failure of the Defendants to give adequate and proper warnings of the dangers existing

23  therein, and adequate instructions regarding the avoidance of such dangers in the use and

24  maintenance of the Helicopter and its component parts.

25

26         86.    At all times herein mentioned the defective and unreasonably dangerous

27  conditions in the Helicopter and its component parts exposed Plaintiffs and/or Plaintiffs'

28  Decedents to an unreasonable risk of harm and were a legal cause of Plaintiffs and/or

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1  Plaintiffs' Decedents serious and fatal injuries.

2      87.    At all times herein mentioned, the Helicopter and its component parts were

3  sold, converted, marketed and/or placed into the stream of commerce by the Defendants

4

5  for use by members of the general public, and such products were defective and

6  unreasonably dangerous as that term is defined under California law and the unreasonably

7  dangerous conditions were known by Defendants at the time the Helicopter and its

8  component parts were sold, converted, marketed and/or placed into the stream of

9

10  commerce, and these defective and unreasonably dangerous conditions were a legal cause

11  of Plaintiffs and/or Plaintiffs' Decedents serious and fatal injuries.

12      88.    At all times herein mentioned,  Defendants THE BOEING COMPANY, a

13  corporation; HONEYWELL INTERNATIONAL, INC., a corporation; GOODRICH

14  PUMP AND ENGINE CONTROL SYSTEMS, INC., a corporation; CHANDLER

15  EVANS CONTROL SYSTEMS; and DOES 1-50 defectively manufactured the Helicopter

16  and the engines and the FADEC, and DECU including the computer hardware and

17  software related thereto, as well as the other component parts of the Helicopter, rendering

18  the product unreasonably dangerous to Plaintiffs and/or Plaintiffs' Decedents.  Said

19  defective condition was a legal cause of the Helicopter crash and the fatal injuries to

20  Plaintiffs' Decedents, and serious and permanent injuries to Plaintiffs.

21      89.    Plaintiffs are informed and believe, and thereupon allege, that Defendants

22  THE BOEING COMPANY, a corporation; HONEYWELL INTERNATIONAL, INC., a

23  corporation; GOODRICH PUMP AND ENGINE CONTROL SYSTEMS, INC., a

24

25  corporation; CHANDLER EVANS CONTROL SYSTEMS; and DOES 1-50 placed the

26  subject Helicopter into the stream of commerce in a defective condition and such defects

27

28  described above, rendered the Helicopter less safe than an ordinary consumer would expect

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1    when used in a normal, intended and foreseeable manner.

2        90.    At all times herein mentioned, the Helicopter and its component parts, were

3    also defective by reason of Defendants' failure to include or place with it adequate and

4    proper warnings and instructions as to dangers associated with the design and foreseeable

5    use of the products, including but not limited to the engines and FADEC and DECU and its

6    component parts, and how to avoid such dangers, and further, failed to recall the products

7    to prevent incidents such as the one included herein.  Such defects rendered the subject

8    Helicopter and its component parts unreasonably dangerous as that term is defined under

9    California law, and the dangerous and defective condition of the Helicopter was the legal

10   cause of the serious and permanent injuries to Plaintiffs and fatal injuries sustained by

11   

12   Plaintiffs' Decedents.

13       91.    At all times herein mentioned Defendants are the manufacturers, designers,

14   and/or distributors of the subject Helicopter and its component parts, who hold and have

15   held themselves out to the public as having superior knowledge, skill and experience in the

16   design, construction, assembly, manufacture, testing, and inspection of such aircraft and

17   their component parts; and, in the course of business as aerospace manufacturers,

18   Defendants designed, constructed, assembled, manufactured, inspected, serviced,

19   converted, tested the Helicopter and its component parts; Defendants expressly and

20   impliedly warranted were fit for intended use, being airworthy and free of unreasonably

21   dangerous defects; and Defendants marketed, sold, distributed and caused the Helicopter

22   and its component parts to be introduced into the stream of commerce.

23       92.    At all times herein mentioned, the crash of the Helicopter and the resulting

24   serious and permanent injuries to Plaintiffs and fatal injuries to Plaintiffs' Decedents, were

25   legally caused and/or substantially contributed to by latent and unreasonably dangerous

26   

27   

28   

22

defects in the manufacture of said aircraft and its component parts, and Defendants' failure to warn and/or provide adequate instructions for the use, and maintenance of the Helicopter and its component parts.

93.     Plaintiffs are informed and believe, and thereupon allege, that at the time the Helicopter and its component parts were sold, converted, marketed and/or placed into the stream of commerce by Defendants, such products were defective and unreasonably dangerous as that term is defined in law to persons who could reasonably be expected to use them, and these defective and unreasonably dangerous conditions were a producing cause of Plaintiffs serious and permanent injuries and Plaintiffs' Decedents' fatal injuries. The Helicopter and its component parts were also defective by reason of Defendants' failure to include or place with it adequate and proper warnings and instructions as to dangers associated with the design and foreseeable use of the products and how to avoid such dangers, and these defects rendered the subject aircraft unreasonably dangerous.

94.     Plaintiffs are informed and believe, and thereupon allege, by reason of the foregoing, Defendants are strictly liable in tort to Plaintiff for the serious and permanent injuries sustained by Plaintiffs and the fatal injuries sustained by Plaintiffs' Decedents as a result of the crash of the subject Helicopter.

95.     Plaintiffs are informed and believe, and thereupon allege, that the conduct of Defendants as alleged herein, was reckless, willful, oppressive, malicious and done with reckless and wanton disregard for the rights and safety of the Plaintiffs and/or Plaintiffs' Decedents with knowledge of the defects at issue, and in conscious disregard of the safety hazards raised by those defects.

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

**THIRD CAUSE OF ACTION**
**(Negligence)**

COME NOW Plaintiffs, and for a Third Cause of Action against all Defendants, and DOES 1 through 200, inclusive, and each of them, complain and allege as follows:

96.    Plaintiffs hereby refer to, reallege and incorporate by this reference as though set forth in full, each and every allegation contained in paragraphs 1 through 95 above.

97.    Plaintiffs are informed and believe, and thereupon allege, that the Defendants, and each of them designed, tested, developed, manufactured, fabricated, assembled, distributed, bought, sold, inspected, serviced, warranted, supplied, and/or modified the subject Helicopter and its component parts, including but not limited to, the engines and FADEC, and DECU including the computer hardware and software related thereto, and its component parts.

98.    Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the subject Helicopter and its component parts, were defective when placed into the stream of commerce by Defendants, and each of them, and was of such a nature that the defect would not be discovered in normal inspection and operation by users thereof.

99.    Plaintiffs are informed and believe, and thereupon allege, that on or about February 17/18, 2007, the subject Helicopter and its component parts, were being operated and used in a reasonably foreseeable manner.

100.    Plaintiffs are informed and believe, and thereupon allege, that the Defendants, as manufacturers, distributors, suppliers, and sellers of the Helicopter and its component parts, owed a duty of care to Plaintiffs and Plaintiffs' Decedents, that the

1    Helicopter and its components parts would not be placed into the stream of commerce in a

2    defective condition.

3        101.    Plaintiffs are informed and believe, and thereupon allege, that the

4    Defendants were negligent in the manufacture and marketing of the Helicopter and its

5    component parts, including but not limited to, the engines and FADEC, and DECU,

6    including the computer hardware and software related thereto, such that, Defendants knew

7    or should have known in the exercise of ordinary care, that the Helicopter and its

8    component parts were defective and unreasonably dangerous to those persons likely to use

9    such products for the purpose and manner for which they were intended to be used, and for

10   purposes reasonably foreseeable to Defendants.  Defendants were negligent in the

11   particulars set forth in this and the proceeding paragraphs, and said negligence was a

12   direct, proximate, and producing cause of the subject crash, which is the basis of this

13   action, and the resulting serious and fatal injuries sustained by Plaintiffs and/or Plaintiffs'

14   Decedents.

15       102.    Plaintiffs are informed and believe, and thereupon allege, that Defendants

16   knew, or in the exercise of ordinary care should have known, of the means of

17   manufacturing the Helicopter and its component parts, such that the type of incident and

18   resulting injuries as described herein would be prevented. The Defendants had actual

19   knowledge that manufacturing such an aircraft and its component parts in a defective

20   condition, as alleged herein, would be unreasonably dangerous and cause incidents such as

21   the crash alleged herein.

22       103.    Plaintiffs are informed and believe, and thereupon allege, that the

23   Defendants were additionally negligent in that they failed to provide proper warnings or

24   instructions to ordinary users thereof, including Plaintiffs and Plaintiffs' Decedents, and

1    failed to recall or timely recall the products or make appropriate post-marketing efforts to

2    prevent incidents such as the one included herein.

3        104.    Plaintiffs are informed and believe, and thereupon allege, that Defendants

4    were negligent in their failure to give adequate or proper warnings or instructions to the

5
6    users thereof, including Plaintiffs and Plaintiffs' Decedents, for the reasonable and

7    foreseeable use and maintenance of the Helicopter and its component parts, and failed to

8    make appropriate efforts to prevent incidents such as the one included herein, and that

9
10   Defendants knew or reasonably should have known that users thereof, including Plaintiffs

11   and Plaintiffs' Decedents, would not realize such dangers to which Defendants had failed

12   to warn users thereof.  One of the failures to warn included a failure to warn that anomalies

13   existed in the FADEC computer software and/or hardware and component panes, and/or

14   the DECU computer software and/or hardware and its component parts, which caused a

15
16   sudden unintended and unexpected shutdown of fuel flow to an operating engine while in

17   flight.  This fuel shutdown resulted in a sudden and catastrophic loss of power to one of the

18   Chinook engines while in flight, causing the Helicopter to lose control and crash to the

19   ground.

20       105.    Plaintiffs are informed and believe and thereupon allege that reasonable

21   manufacturers, distributors and sellers of the said Helicopter and its component parts under

22
23   the same or similar circumstances would have provided such warnings and instructions for

24   the use and maintenance of the Helicopter and its component parts.

25       106.    Plaintiffs are informed and believe, and thereupon allege, Defendants

26   violated their duty and were negligent in those acts previously described, and further

27   described herein.  Defendants' negligent acts, collectively and/or severally, were the direct

28   and proximate cause or causes of the incident, which is the basis for this action, and the

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1    serious and fatal injuries sustained by Plaintiffs and/or Plaintiffs' Decedents.

2        107.    The defective condition of the Helicopter. and its component parts, and the

3    resulting crash of the Helicopter, was caused by the negligence, recklessness, wrongdoing,

4    tortuous conduct, careless acts and omissions of the Defendants in the manufacture,

5    assembly, construction, testing and marketing of the Helicopter and its component parts,

6    and in said Defendants' failure to warn of and to take appropriate remedial action with

7    respect to the known dangerously defective conditions, and failure to provide proper

8    instructions for the use and maintenance of the Helicopter and its component parts.

9        108.    Plaintiffs are informed and believe, and thereupon allege, that as a further

10   direct and proximate result of the acts of the Defendants in defectively manufacturing said

11   products and failing to provide adequate warnings and instructions, Plaintiffs suffered

12   serious and permanent injuries and Plaintiffs' Decedents suffered fatal injuries for which

13   Defendants are liable.  Plaintiff is informed and believes, and thereupon alleges, that the

14   conduct of Defendants as described herein, was willful, oppressive, malicious and done

15   with reckless and wanton disregard for the rights and safety of Plaintiffs and Plaintiffs'

16   Decedents.

**FOURTH CAUSE OF ACTION**
**(Breach of Warranties)**

    COME NOW Plaintiffs and for a Fourth Cause of Action against all Defendants,

and DOES through 200, inclusive, and each of them complains and alleges as follows:

    109.    Plaintiffs hereby refer to, reallege and incorporate by this reference as

though set forth in full, each and every allegation contained in paragraphs 1 through 108

above.

    110.    Plaintiffs are informed and believe, and thereupon allege, that Defendants,

27

by and through the sale and distribution of the products in question, expressly and impliedly warranted to the public generally, and to Plaintiffs and Plaintiffs' Decedents specifically, that the products in question were fit for the purposes for which they were intended.

111.    Plaintiffs are informed and believe, and thereupon allege, that at the time such products were marketed, sold and distributed, Defendants were in the business of selling such products, and hold and have held themselves out to the public as having superior knowledge, skill and experience in the design, construction, assembly, manufacture, testing, and inspection of such aircraft and its component parts; and, in the course of business as aerospace manufacturers, Defendants designed, constructed, assembled, manufactured, inspected, serviced, converted, and tested the Helicopter and its component parts; and Defendants expressly and impliedly warranted were fit for intended use, being airworthy and free of unreasonably dangerous defects.

112.    Plaintiffs are informed and believe, and thereupon allege, that Plaintiffs' Decedents made reasonable and foreseeable use of the products as alleged herein, and relied on the express and implied warranties made by Defendants.

113.    Plaintiffs are informed and believe, and thereupon allege, that contrary thereto, the products in question, the Helicopter and its component parts, were not fit for their intended and foreseeable uses, thereby rendering the products in question unreasonably dangerous.

114.    Plaintiffs are informed and believe, and thereupon allege, that Defendants breached the express and implied warranties because of the products' failure and defective components as alleged above, and because of improper marketing involved in Defendants' failure to warn of the products' inadequacies and/or defects and failure to instruct in the

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

1    safe use, operation, and storage of such products.

2        115.    Plaintiffs are informed and believe, and thereupon allege, that Defendants'

3    breach of warranties and the above-mentioned defects rendered the products unreasonably

4    dangerous, and were a proximate and producing cause of the subject crash and the

5    resulting serious and permanent injuries sustained by Plaintiffs and the fatal injuries

6

7    sustained by Plaintiffs' Decedents.  Further, Defendants' conduct was undertaken

8    knowingly and intentionally.

9        116.    Plaintiffs are informed and believe, and thereupon allege, that the crash of

10    the Helicopter, and the resulting serious and permanent injuries to Plaintiffs and fatal

11    injuries to Plaintiffs' Decedents, were proximately caused and/or substantially contributed

12    to by Defendants' breach of express and implied warranties of the Helicopter and its

13

14    components parts' fitness for use, and Defendants' breach of its representation that the

15    Helicopter and its component parts were free of latent and unreasonably dangerous defects

16    in manufacturer, marketing, and distribution.

17        117.    Plaintiffs are informed and believe, and thereupon allege, that Plaintiffs and

18    Plaintiffs' Decedents relied to their detriment upon Defendants' representations.

19        118.    Plaintiffs are informed and believe, and thereupon allege, by reason of the

20    foregoing, Defendants are liable to Plaintiffs in Breach of Warranty for the serious and

21

22    permanent injuries sustained by Plaintiffs and fatal injuries sustained by Plaintiffs'

23    Decedents.

24        119.    Plaintiffs are informed and believe, and thereupon allege, that the conduct

25    of Defendants as alleged herein, was willful, oppressive, malicious and done with reckless

26

27    and wanton disregard for the rights and safety of Plaintiffs and Plaintiffs' Decedents.

28

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

**FIFTH CAUSE OF ACTION**
**(Loss of Consortium)**

As and for a Fifth, separate and distinct cause of action, Plaintiffs complain of defendants, and each of them, and allege as follows:

120.    Plaintiffs hereby refer to, reallege and incorporate by this reference as though set forth in full, each and every allegation contained in paragraphs 1 through 119 above.

121.    At all relevant times herein, Plaintiff RYANNE NOSS is and was the legal wife of SCOT NOSS.

122.    As a direct and legal result of the matters stated herein, Plaintiff, RYANNE NOSS, has suffered the loss of her husband's support, service, love, companionship, affection, society, sexual relations and all other elements of consortium, all of her injury and damage in an amount in excess of the jurisdiction minimum of this Court.

123.    At all relevant times herein, Plaintiff BRENDA ISAACSON is and was the legal wife of CHUCK ISAACSON.

124.    As a direct and legal result of the matters stated herein, Plaintiff, BRENDA ISAACSON, has suffered the loss of her husband's support, service, love, companionship, affection, society, sexual relations and all other elements of consortium, all of her injury and damage in an amount in excess of the jurisdiction minimum of this Court.

WHEREFORE, Plaintiff prays judgment against defendants and each of them as hereinabove and hereinafter set forth.

WHEREFORE, Plaintiffs pray for judgment as follows:

a.    For non-economic damages according to proof;

b.    For past and future hospital, medical, professional, and incidental expenses,

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM

according to proof;

    c.     For past and future loss of earnings, support, and loss of earning capacity, according to proof;

    d,     For damages to Plaintiffs' property, and economic damages related thereto, according to proof;

    e.     For punitive damages as permitted by law, according to proof;

    f.     For costs of suit incurred herein;

    g.     For prejudgment interest, according to proof,

    h.     For Plaintiffs' attorneys' fees; and

    i.     For such other and further relief as the Court deems just and proper.

Dated: June 2, 2008              THE BRANDI LAW FIRM

                      By:  _/s/ Thomas J. Brandi_____
                            THOMAS J. BRANDI
                            Attorney for Plaintiffs

AMENDED COMPLAINT FOR WRONGFUL DEATH; BODILY INJURIES; AND LOSS OF CONSORTIUM