JAMES W. HUSTON (BAR NO. 115596)
jhuston@mofo.com
ERIN M. BOSMAN (BAR NO. 204987)
ebosman@mofo.com
WILLIAM V. O'CONNOR (BAR NO. 216650)
woconnor@mofo.com
JOANNA E. HERMAN (BAR NO. 227480)
jeherman@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720 5100
Facsimile: 858.720.5188

Attorneys for Defendant
HONEYWELL INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH GETZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY, et al., <br><br> Defendants. | Case No.   CV 07-06396 CW <br><br> **DEFENDANT HONEYWELL INTERNATIONAL INC.'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY** <br><br> Date:   June 19, 2008 <br> Time:   2:00 p.m. <br> Courtroom: 2 <br> Judge:   Hon. Claudia Wilken |

Defendant Honeywell International Inc. ("Honeywell") hereby files this reply brief in support of its motion to stay discovery.

## I. INTRODUCTION

Plaintiffs' opposition focuses entirely on the merits of Honeywell's 12(b)(1) motion to dismiss and fails to address the legal standard for the motion to stay discovery. Plaintiffs fail to identify any specific discovery that they need prior to the resolution of Honeywell's motion to dismiss. In particular, plaintiffs make no attempt to argue that jurisdictional discovery is needed to resolve the motion to dismiss nor do they argue that the case schedule cannot accommodate a short stay in merits discovery. Plaintiffs also provide no analysis of the burden and expense of immediate discovery relative to the parties' need for it. Rather, plaintiffs rely on general statements of law without explaining why expensive—and potentially moot—merits discovery is needed prior to the Court's ruling on the jurisdictional motion to dismiss. By failing to specify any particular discovery that is needed or any reason that discovery must occur in advance of the Court's jurisdictional ruling, plaintiffs implicitly admit that they will not be prejudiced by a short stay of discovery. Accordingly, Honeywell's motion to stay discovery should be granted.

## II. THERE IS GOOD CAUSE TO STAY DISCOVERY WHILE THE MOTION TO DISMISS IS PENDING

A stay of discovery is warranted because: (1) a delay in commencement of discovery until Honeywell's motion to dismiss is decided will avoid unnecessary burden and expense; (2) the motion to dismiss has a high likelihood of success; and (3) the plaintiffs will not suffer any prejudice if the Court grants the stay. *See Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay."); *see also Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming stay of discovery pending resolution of a threshold issue because such a stay "furthers the goal of efficiency for the court and litigants"). Good cause exists here, because Honeywell has filed a dispositive motion that has a high likelihood of success, the requested stay of discovery will last only until the motion to dismiss is decided, and plaintiffs will not be prejudiced by the stay.

1

Plaintiffs' opposition fails to identify the specific discovery they believe they need, let alone compare that need to the associated burden and expense. Plaintiffs also fail to explain how they would be prejudiced by the proposed stay. Instead, plaintiffs focus on the merits of Honeywell's motion to dismiss. (Plaintiffs' Opposition to Honeywell's Motion to Stay Discovery ("Pl. Opp.") at 2-4.)

The first element in the good cause analysis is whether a delay in the commencement of discovery, until the motion to dismiss is decided, will result in an avoidance of unnecessary burden and expense. Plaintiffs' failure to even address the burden/expense element makes clear that plaintiffs are not seeking specific discovery to resolve any factual issues raised in the Rule 12(b)(1) motion, and that no discovery is needed to resolve the motion to dismiss.

The likelihood of success of the motion to dismiss is another element in the good cause analysis. As fully discussed in Honeywell's motion to dismiss and the reply papers thereto, plaintiffs are unable to defeat the fundamental jurisdictional problem presented by this lawsuit against government contractors arising out of active combat operations during a war. Such claims involve nonjusticiable issues that cannot be decided by this Court. The Court is simply not in a place to review and evaluate the causative factors that would flow from operational decisions in a mission to capture or kill someone in the al-Qaeda network.

Furthermore, plaintiffs fail to explain how they would be prejudiced by a stay of discovery while the jurisdictional motion is pending. Again, the fact that plaintiffs' opposition lacks any discussion of the prejudice they may face should lead the Court to grant the motion to stay. A stay of discovery is therefore proper under Ninth Circuit law. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).

Although plaintiffs attempt to distinguish *Jarvis*, Honeywell does not dispute that on a motion challenging subject matter jurisdiction, a district court may consider evidence outside the pleadings. (Pl. Opp. at 3.) Indeed, Honeywell has submitted such evidence in conjunction with its motion to dismiss. Nowhere in their opposition, however, do plaintiffs state that there is specific additional evidence that plaintiffs need to discover prior to the resolution of the jurisdictional motion. In fact, Honeywell did not have access to the Army Investigation 15-6

2

report (Docket Entry No. 80 Ex. A) ("Army Report") until it was attached to plaintiffs' opposition to its motion to dismiss. Thus, it would be error to deny the request for a stay of discovery. *See Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (affirming stay of discovery pending resolution of 12(b) motion because "Rae has failed to point to any specific information obtainable through discovery that would have enabled appellants to state a federal cause of action.").

Plaintiffs' reliance on *Laub v. United States DOI*, 342 F.3d 1080 (9th Cir. 2003), is misplaced. In *Laub*, plaintiffs specifically requested discovery of "a detailed accounting of all transactions undertaken by the Defendants" to support their position on subject matter jurisdiction. *Id.* at 1093 (quotation marks omitted). In reversing the district court's denial of the discovery request, the Ninth Circuit found that the "additional discovery would be useful to establish federal subject matter jurisdiction." *Id.* Here, plaintiffs have not made a specific jurisdictional discovery request nor have they stated that additional discovery is needed to resolve the motion to dismiss.[1] Indeed, it is difficult to envision what discovery plaintiffs believe would be necessary during the pendency of Honeywell's motion. As plaintiffs indicated in their opposition to the motion to dismiss, the Army Report contains the "most concise statement of facts presently available" regarding the Accident. (Plaintiffs' Opposition to Motion to Dismiss at 3 n.2.) In any event, the fact that plaintiffs' opposition is devoid of any description of a specific need for discovery underscores the conclusion that a short stay of discovery will not prejudice plaintiffs.

None of plaintiffs' other cited cases alters this conclusion. Honeywell does not disagree that jurisdictional discovery should be permitted where one party seeks specific information that will aid in the resolution of a jurisdictional challenge. (Pl. Opp. at 3.) But that is not the case here. Plaintiffs do not identify any specific discovery that they need prior to the resolution of Honeywell's 12(b)(1) motion to dismiss, nor is any discovery needed. Accordingly, there is good cause to stay expensive merits discovery while the motion to dismiss is pending.

---

[1] Despite the fact that plaintiffs have served requests for admission, the requests are unrelated to the political question doctrine that is the basis for Honeywell's motion to dismiss.

3

DEFENDANT HONEYWELL'S REPLY ISO MOTION TO STAY DISCOVERY
sd-425335

### III.   CONCLUSION

For the foregoing reasons, Honeywell's motion to stay discovery should be granted.

Dated:   June 5, 2008                         MORRISON & FOERSTER LLP

                                              By:  /s/ James W. Huston
                                                   James W. Huston

                                                   Attorneys for Defendant
                                                   HONEYWELL INTERNATIONAL INC.

**CERTIFICATE OF SERVICE**

I, James W. Huston, hereby certify that on June 5, 2008, I caused to be electronically filed a true and correct copy of the attached **DEFENDANT HONEYWELL INTERNATIONAL INC.'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record for Plaintiffs:

| | |
|---|---|
| Ronald A. McIntire, Esq.<br>Chung H. Han, Esq.<br>PERKINS COIE LLP<br>1620 26th Street, Sixth Floor, South Tower<br>Santa Monica, CA 90404-4013 | Telephone: 310.788.9900<br>Facsimile: 310.788.3399<br>*Attorneys for Defendant The Boeing Company* |
| Thomas J. Brandi, Esq.<br>Daniel Del'Osso, Esq.<br>Brian J. Malloy, Esq.<br>THE BRANDI LAW FIRM<br>354 Pine Street, Third Floor<br>San Francisco, CA 94104 | Telephone: 415.989.1800<br>Facsimile: 415.989.1801<br>*Attorneys for Plaintiffs* |
| James R. Donahue, Esq.<br>CAULFIELD DAVIES & DONAHUE<br>1 Natoma Street<br>Folsom, CA 95630-2637 | Telephone: 916.817.2900<br>Facsimile: 916.817.2644<br>*Attorneys for Plaintiffs* |
| Garth Aubert, Esq.<br>Mark Irvine, Esq.<br>MENDES & MOUNT, LLP<br>445 South Figueroa Street, 38th Floor<br>Los Angeles, CA 90071 | Telephone: 213.955.7780<br>Facsimile: 213.955.7725<br>*Attorneys for Defendant Goodrich Corporation* |
| Steve Bell, Esq.<br>Beth M. Strosky, Esq.<br>Katherine L. Hilst, Esq.<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101 | Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br>*Attorneys for Defendant The Boeing Company* |

I also served the following party by overnight mail [Fed. Rule Civ. Proc. rule 5(b)] by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by UPS, at 12531 High Bluff Drive, Suite 100, San Diego, California, 92130-2040 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver

CERTIFICATE OF SERVICE                1

sd-425335

1  authorized by UPS to receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

2

| | |
|---|---|
| Richard Chon, Esq.<br>PERKINS COIE LLP<br>1620 26th Street, Sixth Floor<br>South Tower<br>Santa Monica, CA  90404-4013 | Telephone:  310.788.9900<br>Facsimile:  310.788.3399<br><br>***Attorneys for Defendant The Boeing Company*** |
| Casey A. Kaufman, Esq.<br>THE BRANDI LAW FIRM<br>354 Pine Street, 3rd Floor<br>San Francisco, CA  94104 | Telephone:  415.989.1800<br>Facsimile:  415.989.1801<br><br>***Attorneys for Plaintiffs*** |

Executed at San Diego, California, on June 5, 2008.

MORRISON & FOERSTER LLP

By:   /s/  James W. Huston
        James W. Huston
        jhuston@mofo.com
        Morrison & Foerster LLP
        12531 High Bluff Drive, Suite 100
        San Diego, California  92130-2040
        Telephone:    858.720 5100
        Facsimile:      858.720.5188
        Attorneys for Defendant

        Attorneys for Defendant
        HONEYWELL INTERNATIONAL INC.

CERTIFICATE OF SERVICE    2

sd-425335