JAMES W. HUSTON (BAR NO. 115596)
jhuston@mofo.com
ERIN M. BOSMAN (BAR NO. 204987)
ebosman@mofo.com
WILLIAM V. O'CONNOR (BAR NO. 216650)
woconnor@mofo.com
JOANNA E. HERMAN (BAR NO. 227480)
jeherman@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California  92130-2040
Telephone:  858.720.5100
Facsimile:   858.720.5188

Attorneys for Defendant
HONEYWELL INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH GETZ, et al.,<br><br>              Plaintiffs,<br><br>     v.<br><br>THE BOEING COMPANY, et al.,<br><br>              Defendants. | Case No.   CV 07-06396 CW<br><br>**HONEYWELL INTERNATIONAL INC.'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS**<br><br>Date:        June 19, 20008<br>Time:       2:00 p.m.<br>Courtroom: 2<br>Judge:  Hon. Claudia Wilken |

Defendant Honeywell International Inc. ("Honeywell") hereby files this response to evidentiary objections in support of Honeywell's motion to dismiss plaintiffs' complaint. Plaintiffs' opposition to Honeywell's motion to dismiss raised certain evidentiary objections in relation to the Herman and Kruse Declarations filed in support of Honeywell's motion to dismiss. For the reasons set forth below, plaintiffs' objections should be overruled.

## I. PLAINTIFFS' OBJECTIONS TO THE HERMAN DECLARATION ARE NOT WELL FOUNDED

Plaintiffs make baseless objections to the Herman Declaration filed in support of Honeywell's motion to dismiss and the supporting exhibits thereto on grounds of authentication, foundation, and hearsay. Those objections are not well taken.

### A. Authentication and Foundation

Plaintiffs argue that Exhibits 1-14, attached to the Declaration of Joanna E. Herman in Support of Honeywell's Motion to Dismiss ("Herman Declaration") lack authentication and foundation. Honeywell has made the requisite *prima facie* showing of authenticity.

Printed newspaper articles are generally self-authenticating under Rule 902(6) of the Federal Rules of Evidence. Additionally, the authenticity of news articles and press releases printed from the internet has been established by Honeywell through the appearance of the documents, as printed, taken in conjunction with Ms. Herman's Declaration that the articles represent true and correct copies of what they purport to be. *See* Fed. R. Evid. 901(b)(1) and (4); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1153 (C.D. Cal. 2002) (dates of printing, web addresses, and declarations of persons printing documents from the internet sufficient to establish authenticity).

Furthermore, the authenticity of the Memorandum of the Board of Supervisors for Placer County, the biographical sketches, and the U.S. Department of State Fact Sheet, is similarly established by the appearance and content of the documents themselves, Ms. Herman's Declaration, and the documents' public record status. Fed. R. Evid. 901(b)(1), (4) and (7).

1

### B. Hearsay

Plaintiffs also assert that each exhibit attached to the Herman's Declaration (other than Exhibit 10) represents inadmissible hearsay. These documents are certainly admissible under a number of hearsay exceptions. *See* Fed. R. Evid. 804(b)(3) (statement against interest); Fed. R. Evid. 803(8) (public records exception). Furthermore, the records should be deemed trustworthy, are offered as evidence of a material fact, the statements are more probative on the point for which they were offered than any other evidence available to Honeywell at the time they filed the motion to dismiss, and the interests of justice will be served by the admission of the documents into evidence. Fed R. Evid. 807. Thus, plaintiffs objections should be overruled.

### C. Rule 26 Production

Plaintiffs also contend that Honeywell should be prohibited from relying on documentation produced by plaintiffs as part of their initial Rule 26 disclosures. Plaintiffs cite no authority for this proposition. The mere fact that discovery has been stayed pending the outcome of Honeywell's motion to dismiss does not render a previously produced document (produced by plaintiffs themselves) inadmissible.

## II. PLAINTIFFS' OBJECTIONS TO THE KRUSE DECLARATION ARE ALSO NOT WELL FOUNDED

Plaintiffs object to specific statements in the Kruse Declaration by asserting that these statements are not relevant, lack foundation, and constitute impermissible speculation and inadmissible hearsay. Those objections are also not well founded and should be overruled.

### A. Relevancy

Plaintiffs argue that the substantive assertions set forth in Paragraph 15 of the Declaration of Marlin Kruse in Support of Honeywell's Motion to Dismiss ("Kruse Decl.") are irrelevant. However, the Kruse Declaration is completely relevant to the issues in this case. Mr. Kruse's declaration discusses the nature of the Accident, the type of special operations military unit that operated the subject helicopter, explains the damage the U.S. Army made to key pieces of evidence, and explains the location and identity of Honeywell personnel responsible for assisting Mr. Kruse in analyzing data gathered from the accident scene. This information is central to the

2

1  argument that this case presents a nonjusticiable political question. Thus the objections should be
2  overruled.

### B.  Foundation

4  Plaintiffs claim that the statements set forth in Paragraphs 4, 5, 7, 8, 12, 13, and 14 of the
5  Kruse Declaration lack foundation. This assertion is unfounded and the objections should also be
6  overruled. Mr. Kruse has explained that he is a Principal Engineer at Honeywell. (Kruse Decl. at
7  ¶ 1.) In this capacity, Mr. Kruse's responsibilities include accident investigation and litigation
8  support; he is also the focal point person at Honeywell with respect to the subject helicopter crash
9  at issue in this lawsuit. (*Id*. at ¶¶ 1-2.) As the focal point person on this investigation, Mr. Kruse
10 has personal knowledge regarding which parts of the subject helicopter were recovered and
11 transported to the United States; Mr. Kruse personally examined these parts in Campbell,
12 Kentucky. (*See id*. at ¶¶ 7-14.)

13 Mr. Kruse also has personal knowledge that the subject helicopter was operated by the
14 U.S. Army's 160th Special Operations Aviation Regiment. (*See id*. at ¶¶ 4-5.) Though the Army
15 has declined to provide him with information regarding the exact nature of the missions
16 undertaken by the 160th, Mr. Kruse has personal knowledge regarding the support role the 160th
17 plays generally on behalf of the U.S. Army. (*See id*. at ¶ 5.) Additionally, Mr. Kruse has
18 personal knowledge regarding statements made to him by Army investigators, even if he is not
19 able to verify the truth of these statements. (*See id*. at ¶¶ 8, 12.)

20 As a high-ranking engineer at Honeywell and the lead person on this investigation, Mr.
21 Kruse also possesses sufficient background knowledge to determine whether the damage he
22 personally observed on the number two engine was caused by a grenade, or some other cause.
23 (*See id*. at ¶¶ 13-14.) The statements made in the Kruse Declaration have sufficient foundation
24 and thus the objections should be overruled.

### C.  Speculation

26 Plaintiffs next argue that the statement set forth in Paragraph 12 of Mr. Kruse's
27 Declaration is speculative. This argument lacks merit; as noted above, Mr. Kruse has personal

3

knowledge regarding what was said to him by the 160th investigators during the teardown of the engine and has simply memorialized those statements in his declaration.

Plaintiffs' additional contention that Mr. Kruse's observations on review of the engine are speculative also lacks merit. (*See* Plaintiffs' Opposition to Motion to Dismiss ("Pl. Opp.") at 25:15-20.) For the reasons noted above, Mr. Kruse has sufficient background and expertise to opine on the likely cause of the engine damage based on his personal inspection of the engine and review of relevant background information.

### D. Hearsay

Plaintiffs further contend that Mr. Kruse's statement that he was "told by investigators from the 160th that the aircraft was demolished by explosives into manageable pieces for storage purposes" constitutes inadmissible hearsay. (*See* Pl. Opp. at 25:3-5 (citing Kruse Decl. at ¶ 8).) Plaintiffs similarly assert a hearsay objection to the out-of-court statements set forth in Paragraph 12 of the Kruse Declaration.

Plaintiffs' hearsay objections miss the mark. These statements are certainly admissible under a number of hearsay exceptions. First the statements regarding how the U.S. Army demolished parts of the subject helicopter is clearly a statement against the U.S. Army's own interest. *See* Fed. R. Evid. 804(b)(3) (statement against interest). Furthermore, the statement by U.S. officers explaining the activities of their office are part of the public records hearsay exception. Fed. R. Evid. 803(8). Additionally, the statements should be deemed trustworthy, are offered as evidence of a material fact, the statements are more probative on the point for which they were offered than any other evidence available to Honeywell at the time they filed the motion to dismiss, and the interests of justice will be served by the admission of the documents into evidence. Fed. R. Evid. 807. Thus, the statements should be deemed exceptions to the hearsay rule and plaintiffs' objections should be overruled.

### E. Photograph Authentication

Plaintiffs also contend that the photographs incorporated into the Kruse Declaration lack proper authentication. This contention similarly lacks merit. The three photographs set forth in Mr. Kruse's Declaration were personally taken by Mr. Kruse. As confirmed by his declaration,

4

should Mr. Kruse be called as a witness in these proceedings, he will authenticate these photographs pursuant to Rule 901(b)(1) of the Federal Rules of Evidence.

### F.    Conflicts with Army Report

Finally, plaintiffs object to Mr. Kruse's assertions that the subject helicopter's engine control system components were transported to the United States following the crash and were subsequently inspected and photographed by Mr. Kruse. (*See* Kruse Decl. at ¶¶ 8-14.) Plaintiffs contend that these statements conflict with the Army Investigation 15-6 report (Docket Entry No. 80 Ex. A) ("Army Report"). (*See* Pl. Opp. at 25:4-10.) While the Army Report may describe the subject helicopter as having been destroyed, certain parts of the helicopter were still able to be transported back to the United States and, although damaged, certain parts were able to be inspected. (Kruse Decl. at ¶¶ 7-9.)

## III.    CONCLUSION

For the foregoing reasons, Honeywell respectfully requests that each of plaintiffs' evidentiary objections to the Herman and Kruse Declarations be overruled.

Dated: June 5, 2008                                MORRISON & FOERSTER LLP

By: /s/ James W. Huston
     James W. Huston

     Attorneys for Defendant
     HONEYWELL INTERNATIONAL INC.

**CERTIFICATE OF SERVICE**

I, James W. Huston, hereby certify that on June 5, 2008, I caused to be electronically filed a true and correct copy of the attached **HONEYWELL INTERNATIONAL INC.'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record for Plaintiffs:

| | |
|---|---|
| Ronald A. McIntire, Esq.<br>Chung H. Han, Esq.<br>PERKINS COIE LLP<br>1620 26th Street, Sixth Floor, South Tower<br>Santa Monica, CA  90404-4013 | Telephone:  310.788.9900<br>Facsimile:  310.788.3399<br><br>*Attorneys for Defendant The Boeing Company* |
| Thomas J. Brandi, Esq.<br>Daniel Del'Osso, Esq.<br>Brian J. Malloy, Esq.<br>THE BRANDI LAW FIRM<br>354 Pine Street, Third Floor<br>San Francisco, CA  94104 | Telephone:  415.989.1800<br>Facsimile:  415.989.1801<br><br>*Attorneys for Plaintiffs* |
| James R. Donahue, Esq.<br>CAULFIELD DAVIES & DONAHUE<br>1 Natoma Street<br>Folsom, CA  95630-2637 | Telephone:  916.817.2900<br>Facsimile:  916.817.2644<br><br>*Attorneys for Plaintiffs* |
| Garth Aubert, Esq.<br>Mark Irvine, Esq.<br>MENDES & MOUNT, LLP<br>445 South Figueroa Street, 38th Floor<br>Los Angeles, CA  90071 | Telephone:  213.955.7780<br>Facsimile:  213.955.7725<br><br>*Attorneys for Defendant Goodrich Corporation* |
| Steve Bell, Esq.<br>Beth M. Strosky, Esq.<br>Katherine L. Hilst, Esq.<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101 | Telephone:  206.359.8000<br>Facsimile:  206.359.9000<br><br>*Attorneys for Defendant The Boeing Company* |

I also served the following party by overnight mail [Fed. Rule Civ. Proc. rule 5(b)] by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by UPS, at 12531 High Bluff Drive, Suite 100, San Diego, California, 92130-2040 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for overnight delivery and know that, in the ordinary course of Morrison & Foerster LLP's business practice, the document(s) described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver

CERTIFICATE OF SERVICE                                    1

sd-428220

authorized by UPS to receive documents, on the same date that it (they) is (are) placed at Morrison & Foerster LLP for collection.

| Richard Chon, Esq.<br>PERKINS COIE LLP<br>1620 26th Street, Sixth Floor<br>South Tower<br>Santa Monica, CA  90404-4013 | Telephone:  310.788.9900<br>Facsimile:  310.788.3399<br><br>*Attorneys for Defendant The Boeing Company* |
|---|---|
| Casey A. Kaufman, Esq.<br>THE BRANDI LAW FIRM<br>354 Pine Street, 3rd Floor<br>San Francisco, CA  94104 | Telephone:  415.989.1800<br>Facsimile:  415.989.1801<br><br>*Attorneys for Plaintiffs* |

Executed at San Diego, California, on June 5, 2008.

MORRISON & FOERSTER LLP

By:  /s/  James W. Huston
James W. Huston
jhuston@mofo.com
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, California  92130-2040
Telephone:    858.720 5100
Facsimile:      858.720.5188
Attorneys for Defendant

Attorneys for Defendant
HONEYWELL INTERNATIONAL INC.

CERTIFICATE OF SERVICE    2

sd-428220