THE BRANDI LAW FIRM
THOMAS J. BRANDI #53208
DANIEL DELL'OSSO #118203
BRIAN J. MALLOY #234882
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 989-1801

JAMES R. DONAHUE, #105106
CAULFIELD DAVIES & DONAHUE
80 Iron Point Circle, #105
Folsom, CA 95630
Telephone: (916) 817-2900
Facsimile: (916) 817-2644

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DEBORAH GETZ, et al. | NO. CV 07 6396 CW |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANT HONEYWELL INTERNATIONAL INC.'S MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| THE BOEING COMPANY, et al. | |
| Defendants. | |

### INTRODUCTION

Defendant Honeywell International, Inc.'s ("Honeywell") motion for a protective order pending a resolution of its Federal Rules of Civil Procedure, Rule 12(b)(1) ("Rule 12(b)(1)") motion to dismiss plaintiffs' complaint based on lack of subject matter

1

jurisdiction should be denied because Honeywell has failed to show that good cause exists for such a protective order. Honeywell prematurely assumes it will succeed on its motion to dismiss and ignores the vast body of case law allowing for discovery when there is a challenge to subject matter jurisdiction. Moreover, the current outstanding discovery is neither burdensome nor oppressive, as defendant The Boeing Company has already responded to plaintiffs' first set of request for admissions. Accordingly, this motion should be denied.[1]

## LEGAL ARGUMENT

### I. THERE IS NO GOOD CAUSE FOR A PROTECTIVE ORDER

**A. Plaintiffs' Outstanding Discovery Is Neither Burdensome Nor Oppressive**

Honeywell seeks to have a protective order on the outstanding discovery pending a resolution of its motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction. The outstanding discovery consists of requests for admissions and attempts to schedule custodian of record depositions. Defendant The Boeing Company has already responded to the requests for admissions, and it is not burdensome for the other defendants to likewise do so. Further, all defendants should be required identify and provide dates requested by plaintiffs for the custodian of record depositions.

---

[1] This motion may soon be moot. The hearing on Honeywell's motion to dismiss and motion to stay discovery pending resolution of the motion to dismiss is set for June 19, 2008 in front of the Honorable Claudia Wilken, the same day that Honeywell's reply in support of this motion is due. If Judge Wilken grants or denies Honeywell's motion at the hearing, then this motion will be moot. If Judge Wilken takes the motion to dismiss under submission then, for the reasons set forth in this opposition, plaintiffs respectfully request that this motion for protective order be denied.

2
PLAINTIFFS' OPPOSITION TO DEFENDANT HONEYWELL INTERNATIONAL INC.'S MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT- NO. CV 07 6396 CW

**B. Honeywell's Motion to Dismiss Is Based On Hearsay and Disputed Facts**

The basis of Honeywell's motion for a protective order, as with its motion for a stay of discovery (to be heard by Judge Wilken on June 19, 2008), is that it asserts it has a high likelihood of success on its motion to dismiss for lack of subject matter jurisdiction. As an initial matter, Honeywell's motion to dismiss is supported almost exclusively with hearsay news articles and speculative statements that are in contrast with the findings of the Army's investigation. (*See* Army Regulation 15-6, attached as Exhibit A to the Declaration of Thomas J. Brandi filed in support of plaintiffs' opposition to Honeywell's motion to dismiss plaintiffs' complaint). Plaintiffs dispute Honeywell's conclusory, speculative and factually unsupported statements made throughout its motion to dismiss.

Moreover, Honeywell ignores the vast body of case law that allows the Court to consider evidence in ruling on Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. *See Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Laub v. United States Interior*, 342 F.3d 1080, 1092 (9th Cir. 2003); *Rosales v. U.S.*, 824 F.2d 799, 803 (9th Cir. 1987). Indeed, it is an abuse of discretion to dismiss for lack of jurisdiction without giving plaintiffs an opportunity for discovery if requested. *See Laub*, 342 F.3d at 1092. It is precisely this type of motion where a stay should be denied and discovery allowed.

Discovery is "appropriate where there are factual issues raised by a Rule 12(b) motion." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (citing *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir.1984)); *see also Laub*, 342 F.3d at 1092 ("discovery should be granted when, as here, the jurisdictional facts are contested or more facts are needed") (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir.

3

1977) (holding that district court abused its discretion in refusing to grant discovery on jurisdictional issue); *Natural Res. Def. Council v. Pena,* 147 F.3d 1012, 1024 (D.C.Cir. 1998) (remanding to permit "jurisdictional discovery" when allegations indicated its likely utility); and *Edmond v. United States Postal Serv. Gen. Counsel,* 949 F.2d 415, 425 (D.C.Cir. 1992) (finding abuse of discretion when district court denied jurisdictional discovery in light of allegations suggesting jurisdiction did exist)). A district court may go outside the pleadings and consider evidence on such a motion, particularly where, as here, there is disputed facts showing that the Court does have subject matter jurisdiction.

### C. Honeywell's Motion to Dismiss Based on Lack of Subject Matter Jurisdiction Does Not Have a High Likelihood of Success, Particularly Where No Discovery Has Occurred

Honeywell vastly overstates the application of the political question doctrine in cases such as this. As set forth more fully in plaintiffs' opposition to the motion to dismiss, the political question doctrine has no application in a case such as this which involves product defect claims against private parties seeking monetary damages. Plaintiffs have not sued the United States, are not challenging any military decision, and are not seeking any injunctive relief. Accordingly, the political question doctrine does not apply.

Further, it would be inappropriate for a Court to dismiss plaintiffs' complaint on the ground that it raises a political question where no discovery has been allowed to take place. *See McMahon v. Presidential Airways, Inc.,* 502 F.3d 1331, 1337-38 (11th Cir. 2007); *Carmichael v. Kellogg, Brown & Root Services, Inc.,* 450 F.Supp.2d 1373 (N.D.Ga. 2006); *Lessin v. Kellogg Brown & Root,* 2006 WL 3940556 (S.D.Tex. 2006) ("A finding that this case will necessarily involve nonjusticiable political questions, particularly before

discovery has been completed and all parties properly joined, would expand the political question doctrine beyond its current applications and boundaries."); *Norwood v. Raytheon Co.*, 455 F.Supp.2d 597, 605-606 (W.D.Tex. 2006).

## CONCLUSION

For the foregoing reasons, the Court should deny Honeywell's motion for protective order.

Dated: June 11, 2008                    THE BRANDI LAW FIRM


By: /s/ Thomas J. Brandi
    THOMAS J. BRANDI
    Attorney for Plaintiffs