1  Garth W. Aubert Bar No. 162877
   Mark R. Irvine, Bar No. 137294
2  Mendes & Mount, LLP
   445 South Figueroa Street, 38th Floor
3  Los Angeles, CA 90071
   (213) 955-7700
4  (213) 955-7725 Fax
   Garth.Aubert@mendes.com
5  Mark.Irvine@mendes.com

6  Attorneys for Defendant
   Goodrich Pump & Engine Control Systems, Inc.
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  DEBORAH GETZ, et al.              )  No. CV 07-6396 CW
                                      )
12        Plaintiffs,                 )
                                      )  ANSWER OF DEFENDANT
13        v.                          )  GOODRICH PUMP & ENGINE
                                      )  CONTROL SYSTEMS, INC. TO
14  THE BOEING COMPANY, et al.        )  AMENDED COMPLAINT
                                      )
15        Defendants.                 )
                                      )
16  _____  )

17

18        Defendant Goodrich Pump & Engine Control Systems, Inc., ("Goodrich"),

19  answers Plaintiffs' Amended Complaint as follows: Goodrich denies every

20  allegation in Plaintiffs' Amended Complaint, except as hereinafter specifically

21  admitted, qualified, or otherwise answered.

22                         **INTRODUCTION**

23        1.    GOODRICH admits that on or about February 17 or 18, 2007, a United

24  States Army MH-47E "Chinook" helicopter, serial number 92-00472 ("Helicopter"),

25  was involved in an accident in Afghanistan (the "accident"). GOODRICH lacks

26  sufficient information or belief to determine whether the remaining allegations of

27  paragraph 1 of the Amended Complaint are true or not, and on this basis, denies

28  these allegations.

---

Goodrich Answer to Amended Complaint

462610.1 Answer to Amended Complaint-1.DOC

## IDENTIFICATION OF PARTIES

2.    GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3.    GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 3, and therefore denies them.

4.    GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 4, and therefore denies them.

5.    GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 5, and therefore denies them.

6.    GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 6, and therefore denies them.

7.    GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 7, and therefore denies them.

9.    [Amended Complaint lacks a paragraph no. 8] GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.

10.    GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 10, and therefore denies them.

11.    GOODRICH lacks knowledge or sufficient information  form a belief as to the truth of the allegations in paragraph 11, and therefore denies them.

12.    GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

13.    GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 13, and therefore denies them.

14.    GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 14, and therefore denies them.

15.    GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 15, and therefore denies them.

1    16.    GOODRICH lacks knowledge or sufficient information to form a belief as
2  to the truth of the allegations in paragraph 16, and therefore denies them.

3    17.    GOODRICH lacks knowledge or sufficient information to form a belief as
4  to the truth of the allegations in paragraph 17, and therefore denies them.

5    18.    GOODRICH lacks knowledge or sufficient information to form a belief as
6  to the truth of the allegations in paragraph 18, and therefore denies them.

7    19.    GOODRICH lacks knowledge or sufficient information to form a belief as
8  to the truth of the allegations in paragraph 19, and therefore denies them.

9    20.    GOODRICH lacks knowledge or sufficient information to form a belief as
10  to the truth of the allegations in paragraph 20, and therefore denies them.

11    21.    GOODRICH lacks knowledge or sufficient information to form a belief as
12  to the truth of the allegations in paragraph 21, and therefore denies them.

13    22.    GOODRICH lacks knowledge or sufficient information to form a belief as
14  to the truth of the allegations in paragraph 22, and therefore denies them.

15    23.    GOODRICH lacks knowledge or sufficient information to form a belief as
16  to the truth of the allegations in paragraph 23, and therefore denies them.

17    24.    GOODRICH lacks knowledge or sufficient information to form a belief as
18  to the truth of the allegations in paragraph 24, and therefore denies them.

19    25.    GOODRICH lacks knowledge or sufficient information to form a belief as
20  to the truth of the allegations in paragraph 25, and therefore denies them.

21    26.    The allegations in paragraph 26 are directed toward other defendants;
22  therefore, no response is required.  To the extent a response is required, GOODRICH
23  lacks knowledge or sufficient information to form a belief as to the truth of the
24  allegations in paragraph 26, and therefore denies them.

25    27.    The allegations in paragraph 27 are directed toward other defendants;
26  therefore, no response is required.  To the extent a response is required, GOODRICH
27  lacks knowledge or sufficient information to form a belief as to the truth of the
28  allegations in paragraph 27, and therefore denies them.

1    28.   GOODRICH admits it is a Delaware corporation with its principal

2  place of business in Connecticut.  Except as expressly admitted, GOODRICH

3  denies the allegations of paragraph 28.

4    29.   Goodrich admits it is the successor to, and has assumed the liabilities

5  of, Chandler Evans Control Systems, for purposes of this lawsuit only.  Except as

6  expressly admitted, GOODRICH denies the allegations of paragraph 29.

7    30.   The allegations in paragraph 30 are directed toward other defendants;

8  therefore, no response is required.  To the extent a response is required, GOODRICH

9  lacks knowledge or sufficient information to form a belief as to the truth of the

10  allegations in paragraph 30, and therefore denies them.

11    31.   GOODRICH denies the allegations in paragraph 31.

12               **GENERAL ALLEGATIONS**

13    32.   GOODRICH admits that on or about February 17 or 18, 2007, the

14  Helicopter crashed in Afghanistan.  Except as expressly admitted, GOODRICH

15  denies the allegations in paragraph 32.

16    33.   GOODRICH lacks knowledge or sufficient information to form a belief

17  as to the truth of the allegations in paragraph 33, and therefore denies them.

18    34.   To the extent the allegations in paragraph 34 are directed toward other

19  defendants, no response is required.  To the extent the allegations in paragraph 34

20  are directed toward GOODRICH, GOODRICH admits that it, along with others, and

21  in accordance with government specifications, designed, manufactured, assembled,

22  inspected, tested, marketed, and sold the Hydromechanical Assembly of the full

23  authority digital electronic control (FADEC) on the Helicopter, and inspected,

24  tested, marketed and sold the Digital Electronics Control Unit of the FADEC on the

25  Helicopter.  Except as expressly admitted or otherwise answered, GOODRICH

26  denies the allegations in paragraph 34.

27    35.   To the extent the allegations in paragraph 35 are directed toward other

28  defendants, no response is required.  To the extent the allegations are directed

1    toward GOODRICH, they are denied.

2        36.    To the extent the allegations in paragraph 36 are directed toward other

3    defendants, no response is required.  To the extent the allegations in paragraph 36

4    are directed toward GOODRICH, GOODRICH admits that it, along with others,

5    and in accordance with government specifications, designed, manufactured,

6    assembled, inspected, tested, marketed, and sold the Hydromechanical Assembly of

7    the full authority digital electronic control (FADEC) on the Helicopter, and

8    inspected, tested, marketed and sold the Digital Electronics Control Unit of the

9    FADEC on the Helicopter.  Except as expressly admitted, GOODRICH denies the

10   allegations of paragraph 36.

11       37.    To the extent the allegations in paragraph 37 are directed toward other

12   defendants, no response is required.  To the extent the allegations are directed toward

13   GOODRICH, GOODRICH denies the allegations in paragraph 37.

14       38.    To the extent the allegations in paragraph 38 are directed toward other

15   defendants, no response is required.  To the extent the allegations are directed toward

16   GOODRICH, GOODRICH denies the allegations in paragraph 38.

17       39.    To the extent the allegations in paragraph 39 are directed toward other

18   defendants, no response is required.  To the extent the allegations are directed toward

19   GOODRICH, GOODRICH denies the allegations in paragraph 39.

20       40.    To the extent the allegations in paragraph 40 are directed toward other

21   defendants, and/or state legal conclusions, no response is required.  To the extent the

22   allegations are directed toward GOODRICH, GOODRICH denies the allegations in

23   paragraph 40.

24       41.    To the extent the allegations in paragraph 41 are directed toward other

25   defendants, and/or state legal conclusions, no response is required.  To the extent the

26   allegations are directed toward GOODRICH, GOODRICH denies the allegations in

27   paragraph 41.

28       42.    No response is required to the extent that the allegations in paragraph

---

Goodrich Answer to Amended Complaint

-5-

462610.1 Answer to Amended Complaint-1.DOC

1  42 state legal conclusions.  To the extent a response is needed, GOODRICH denies
2  the allegations in paragraph 42.

3       43.    No response is required to the extent that the allegations in paragraph
4  43 state legal conclusions. To the extent a response is needed, GOODRICH denies
5  the allegations in paragraph 43.

6       44.    No response is required to the extent that the allegations in paragraph
7  44 state legal conclusions. To the extent a response is needed, GOODRICH denies
8  the allegations in paragraph 44.

9       45.    No response is required to the extent that the allegations in paragraph
10 45 state legal conclusions.  To the extent a response is needed, GOODRICH denies
11 the allegations in paragraph 45.

12      46.    No response is required to the extent that the allegations in paragraph
13 46 state legal conclusions.  To the extent a response is needed, GOODRICH denies
14 the allegations in paragraph 46.

15      47.    No response is required to the extent that the allegations in paragraph
16 47 state legal conclusions.  To the extent a response is needed, GOODRICH denies
17 the allegations in paragraph 47.

18      48.    No response is required to the extent that the allegations in paragraph
19 48 state legal conclusions.  To the extent a response is needed, GOODRICH denies
20 the allegations in paragraph 48.

21      49.    No response is required to the extent that the allegations in paragraph
22 49 state legal conclusions.  To the extent a response is needed, GOODRICH denies
23 the allegations in paragraph 49.

24      50.    No response is required to the extent that the allegations in paragraph
25 50 state legal conclusions.  To the extent a response is needed, GOODRICH denies
26 the allegations in paragraph 50.

27      51.    No response is required to the extent that the allegations in paragraph
28 51 state legal conclusions.  To the extent a response is needed, GOODRICH denies the

Goodrich Answer to Amended Complaint

462610.1 Answer to Amended Complaint-1.DOC

1 | allegations in paragraph 51.

2 |     52.    No response is required to the extent that the allegations in paragraph

3 | 52 state legal conclusions.  To the extent a response is needed, GOODRICH denies the

4 | allegations in paragraph 52.

5 |     53.    No response is required to the extent that the allegations in paragraph

6 | 53 state legal conclusions.  To the extent a response is needed, GOODRICH denies

7 | the allegations in paragraph 53.

8 |     54.    No response is required to the extent that the allegations in paragraph

9 | 54 state legal conclusions.  To the extent a response is needed, GOODRICH denies

10 | the allegations in paragraph 54.

11 |     55.    No response is required to the extent that the allegations in paragraph

12 | 55 state legal conclusions.  To the extent a response is needed, GOODRICH denies the

13 | allegations in paragraph 55.

14 |     56.    No response is required to the extent that the allegations in paragraph

15 | 56 state legal conclusions.  To the extent a response is needed, GOODRICH denies

16 | the allegations in paragraph 56.

17 |     57.    No response is required to the extent that the allegations in paragraph

18 | 57 state legal conclusions.  To the extent a response is needed, GOODRICH denies

19 | the allegations in paragraph 57.

20 |     58.    No response is required to the extent that the allegations in paragraph

21 | 58 state legal conclusions.  To the extent a response is needed, GOODRICH denies

22 | the allegations in paragraph 58.

23 |     59.    No response is required to the extent that the allegations in paragraph

24 | 59 state legal conclusions.  To the extent a response is needed, GOODRICH denies

25 | the allegations in paragraph 59.

26 |     60.    No response is required to the extent that the allegations in paragraph

27 | 60 contain plaintiffs' prayer for relief.  To the extent paragraph 60 is deemed to contain

28 | allegations, GOODRICH denies that plaintiffs are entitled to any relief from it.

Goodrich Answer to Amended Complaint

462610.1 Answer to Amended Complaint-1.DOC

# FIRST CAUSE OF ACTION

## (Wrongful Death)

61.    Answering the allegations in paragraph 61, GOODRICH incorporates its previous responses as though fully set forth herein.

62.    No response is required to the extent that the allegations in paragraph 62 state legal conclusions.  To the extent a response is required, GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 62, and therefore denies them.

63.    No response is required to the extent that the allegations in paragraph 63 state legal conclusions.  To the extent a response is required, GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 63, and therefore denies them.

64.    No response is required to the extent that the allegations in paragraph 64 state legal conclusions.  To the extent a response is required, GOODRICH denies the allegations in paragraph 64.

65.    No response is required to the extent that the allegations in paragraph 65 state legal conclusions.  To the extent a response is required, GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 65 and therefore denies them.

66.    No response is required to the extent that the allegations in paragraph 66 state legal conclusions.  To the extent a response is required, GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 66, and therefore denies them.

67.    No response is required to the extent that the allegations in paragraph 67 state legal conclusions.  To the extent a response is required, GOODRICH denies the allegations in paragraph 67.

68.    No response is required to the extent that the allegations in paragraph 68 state legal conclusions.  To the extent a response is required, GOODRICH lacks

1   knowledge or sufficient information to form a belief as to the truth of the
2   allegations in paragraph 68, and therefore denies them.

3        69.    No response is required to the extent that the allegations in paragraph
4   69 state legal conclusions.  To the extent a response is required, GOODRICH lacks
5   knowledge or sufficient information to form a belief as to the truth of the
6   allegations in paragraph 69, and therefore denies them.

7        70.    No response is required to the extent that the allegations in paragraph
8   70 state legal conclusions.  To the extent a response is required, GOODRICH
9   denies the allegations in paragraph 70.

10       71.    No response is required to the extent that the allegations in paragraph
11  71 state legal conclusions.  To the extent a response is required, GOODRICH lacks
12  knowledge or sufficient information to form a belief as to the truth of the
13  allegations in paragraph 71, and therefore denies them.

14       72.    No response is required to the extent that the allegations in paragraph
15  72 state legal conclusions.  To the extent a response is required, GOODRICH lacks
16  knowledge or sufficient information to form a belief as to the truth of the
17  allegations in paragraph 72, and therefore denies them.

18       73.    No response is required to the extent that the allegations in paragraph
19  73 state legal conclusions.  To the extent a response is required, GOODRICH denies
20  the allegations in paragraph 73.

21       74.    No response is required to the extent that the allegations in paragraph
22  74 state legal conclusions.  To the extent a response is required, GOODRICH lacks
23  knowledge or sufficient information to form a belief as to the truth of the
24  allegations in paragraph 74, and therefore denies them.

25       75.    No response is required to the extent that the allegations in paragraph
26  75 state legal conclusions.  To the extent a response is required, GOODRICH lacks
27  knowledge or sufficient information to form a belief as to the truth of the
28  allegations in paragraph 75, and therefore denies them.

1      76.    No response is required to the extent that the allegations in paragraph

2  76 state legal conclusions.  To the extent a response is required, GOODRICH denies

3  the allegations in paragraph 76.

4      77.    No response is required to the extent that the allegations in paragraph

5  77 state legal conclusions.  To the extent a response is required, GOODRICH lacks

6  knowledge or sufficient information to form a belief as to the truth of the

7  allegations in paragraph 77, and therefore denies them.

8      78.    No response is required to the extent that the allegations in paragraph

9  78 state legal conclusions.  To the extent a response is required, GOODRICH lacks

10  knowledge or sufficient information to form a belief as to the truth of the

11  allegations in paragraph 78, and therefore denies them.

12      79.    No response is required to the extent that the allegations in paragraph

13  79 state legal conclusions.  To the extent a response is required, GOODRICH denies

14  the allegations in paragraph 79.

15      80.    No response is required to the extent that the allegations in paragraph

16  80 state legal conclusions.  To the extent a response is required, GOODRICH lacks

17  knowledge or sufficient information to form a belief as to the truth of the

18  allegations in paragraph 80, and therefore denies them.

19      81.    No response is required to the extent that the allegations in paragraph

20  81 state legal conclusions.  To the extent a response is required, GOODRICH lacks

21  knowledge or sufficient information to form a belief as to the truth of the

22  allegations in paragraph 812, and therefore denies them.

23      82.    No response is required to the extent that the allegations in paragraph

24  82 state legal conclusions.  To the extent a response is required, GOODRICH denies

25  the allegations in paragraph 82.

26  ///

27  ///

28  ///

## SECOND CAUSE OF ACTION

### (Strict Product Liability)

83.    Answering the allegations in paragraph 83, GOODRICH incorporates its previous responses as though fully set forth herein.

84.    To the extent the allegations in paragraph 84 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 84 are directed toward GOODRICH, GOODRICH admits that it, along with others, and in accordance with government specifications, designed, manufactured, assembled, inspected, tested, marketed, and sold the Hydromechanical Assembly of the full authority digital electronic control (FADEC) on the Helicopter, and inspected, tested, marketed and sold the Digital Electronics Control Unit of the FADEC on the Helicopter.  Except as expressly admitted, GOODRICH denies the allegations in paragraph 84.

85.    To the extent the allegations in paragraph 85 are directed toward other defendants, no response is required.   To the extent the allegations in paragraph 85 are directed toward GOODRICH, GOODRICH denies the allegations in paragraph 85.

86.    To the extent the allegations in paragraph 86 are directed toward other defendants, no response is required.   To the extent the allegations in paragraph 86 are directed toward GOODRICH, GOODRICH denies the allegations in paragraph 86.

87.    To the extent the allegations in paragraph 87 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 87 are directed toward GOODRICH, GOODRICH denies the allegations in paragraph 87.

88.    To the extent the allegations in paragraph 88 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 88 are directed toward GOODRICH, GOODRICH denies the allegations in paragraph 88.

89.    To the extent the allegations in paragraph 89 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 89 are directed toward GOODRICH, GOODRICH denies the allegations in paragraph 89.

90.   To the extent the allegations in paragraph 90 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 90 are directed toward GOODRICH, GOODRICH denies the allegations in paragraph 90.

91.   To the extent the allegations in paragraph 91 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 91 are directed toward GOODRICH, GOODRICH admits that it, along with others, and in accordance with government specifications, designed, manufactured, assembled, inspected, tested, marketed, and sold the Hydromechanical Assembly of the full authority digital electronic control (FADEC) on the Helicopter, and inspected, tested, marketed and sold the Digital Electronics Control Unit of the FADEC on the Helicopter.  Except as expressly admitted, GOODRICH denies the allegations in paragraph 91.

92.   To the extent the allegations in paragraph 92 are directed toward other defendants and/or state legal conclusions, no response is required.  To the extent the allegations in paragraph 92 are directed toward GOODRICH, GOODRICH denies the allegations in paragraph 92.

93.   To the extent the allegations in paragraph 93 are directed toward other defendants and/or state legal conclusions, no response is required.  To the extent the allegations in paragraph 93 are directed toward GOODRICH, GOODRICH denies the allegations in paragraph 93.

94.   To the extent the allegations in paragraph 94 are directed toward other defendants, and/or state legal conclusions, no response is required.  To the extent the allegations in paragraph 94 are directed toward GOODRICH, GOODRICH denies the allegations in paragraph 94.

95.   To the extent the allegations in paragraph 95 are directed toward other defendants, and/or state legal conclusions, no response is required.  To the extent the allegations in paragraph 95 are directed toward GOODRICH, GOODRICH denies the allegations in paragraph 95.

## THIRD CAUSE OF ACTION

### (Negligence)

96.    Answering the allegations in paragraph 96, GOODRICH incorporates its previous responses as though fully set forth herein.

97.    To the extent the allegations in paragraph 97 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 97 are directed toward GOODRICH, GOODRICH admits that it, along with others, and in accordance with government specifications, designed, manufactured, assembled, inspected, tested, marketed, and sold the Hydromechanical Assembly of the full authority digital electronic control (FADEC) on the Helicopter, and inspected, tested, marketed and sold the Digital Electronics Control Unit of the FADEC on the Helicopter.  Except as expressly admitted, GOODRICH denies the allegations in paragraph 97.

98.    To the extent the allegations in paragraph 98 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 98 are directed toward GOODRICH, GOODRICH denies the allegations in paragraph 98.

99.    GOODRICH lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 99, and therefore denies them.

100.    To the extent the allegations in paragraph 100 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 100 are directed toward GOODRICH, GOODRICH denies the allegations in paragraph 100.

101.    To the extent the allegations in paragraph 101 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 101 are directed toward GOODRICH, GOODRICH denies the allegations in paragraph 101.

102.    To the extent the allegations in paragraph 102 are directed toward other defendants, no response is required.  To the extent the allegations in paragraph 102 are directed toward GOODRICH, GOODRICH denies the allegations in paragraph 102.

///

1    103.   To the extent the allegations in paragraph 103 are directed toward other

2    defendants, no response is required.   To the extent the allegations in paragraph 103 are

3    directed toward GOODRICH, GOODRICH denies the allegations in paragraph 103.

4    104.   To the extent the allegations in paragraph 104 are directed toward other

5    defendants, no response is required.   To the extent the allegations in paragraph 104 are

6    directed toward GOODRICH, GOODRICH denies the allegations in paragraph 104.

7    105.   To the extent the allegations in paragraph 105 are directed toward other

8    defendants, no response is required. To the extent the allegations in paragraph 105 are

9    directed toward GOODRICH, GOODRICH denies the allegations in paragraph 105.

10    106.   To the extent the allegations in paragraph 106 are directed toward other

11    defendants and/or state legal conclusions, no response is required.   To the extent the

12    allegations in paragraph 106 are directed toward GOODRICH, GOODRICH denies

13    the allegations in paragraph 106.

14    107.   To the extent the allegations in paragraph 107 are directed toward other

15    defendants and/or state legal conclusions, no response is required.   To the extent the

16    allegations in paragraph 107 are directed toward GOODRICH, GOODRICH denies

17    the allegations in paragraph 107.

18    108.   To the extent the allegations in paragraph 108 are directed toward other

19    defendants and/or state legal conclusions, no response is required.   To the extent the

20    allegations in paragraph 108 are directed toward GOODRICH, GOODRICH denies

21    the allegations in paragraph 108.

## FOURTH CAUSE OF ACTION

### (Breach of Warranties)

24    109.   Answering the allegations in paragraph 109, GOODRICH incorporates

25    its previous responses as though fully set forth herein.

26    110.   To the extent the allegations in paragraph 110 are directed toward other

27    defendants and/or state legal conclusions, no response is required.   To the extent the

28

1   allegations in paragraph 110 are directed toward GOODRICH, GOODRICH denies
2   the allegations in paragraph 110.

3       111.   To the extent the allegations in paragraph 111 are directed toward other
4   defendants, no response is required.   To the extent the allegations in paragraph 111
5   are directed toward GOODRICH, GOODRICH admits that it, along with others, and
6   in accordance with government specifications, designed, manufactured, assembled,
7   inspected, tested, marketed, and sold the Hydromechanical Assembly of the full
8   authority digital electronic control (FADEC) on the Helicopter, and inspected,
9   tested, marketed and sold the Digital Electronics Control Unit of the FADEC on the
10  Helicopter.   Except as expressly admitted, GOODRICH denies the allegations in
11  paragraph 111.

12      112.   To the extent the allegations in paragraph 112 are directed toward other
13  defendants and/or state legal conclusions, no response is required. To the extent a
14  response is required, GOODRICH denies the allegations in paragraph 112.

15      113.   To the extent the allegations in paragraph 113 are directed toward other
16  defendants, no response is required.   To the extent the allegations in paragraph 113
17  are directed toward GOODRICH, GOODRICH denies the allegations in paragraph
18  113.

19      114.   To the extent the allegations in paragraph 114 are directed toward other
20  defendants, and/or state legal conclusions, no response is required.   To the extent the
21  allegations in paragraph 114 are directed toward GOODRICH, GOODRICH denies
22  the allegations in paragraph 114.

23      115.   To the extent the allegations in paragraph 115 are directed toward other
24  defendants, and/or state legal conclusions, no response is required.   To the extent the
25  allegations in paragraph 115 are directed toward GOODRICH, GOODRICH denies
26  the allegations in paragraph 115.

27      116.   To the extent the allegations in paragraph 116 are directed toward other
28  defendants, and/or state legal conclusions, no response is required.   To the extent the

1  allegations in paragraph 116 are directed toward GOODRICH, GOODRICH denies

2  the allegations in paragraph 116.

3      117.  To the extent the allegations in paragraph 117 are directed toward other

4  defendants, no response is required.  To the extent the allegations are directed toward

5  GOODRICH, GOODRICH denies the allegations in paragraph 117.

6      118.  To the extent the allegations in paragraph 118 are directed toward other

7  defendants, no response is required.  To the extent the allegations are directed toward

8  GOODRICH, GOODRICH denies the allegations in paragraph 118.

9      119.  To the extent the allegations in paragraph 119 are directed toward other

10  defendants, no response is required.  To the extent the allegations are directed

11  toward GOODRICH, GOODRICH denies the allegations in paragraph 119.

12                          **FIFTH CAUSE OF ACTION**

13                          **(Loss of Consortium)**

14      120.  Answering the allegations in paragraph 120, GOODRICH incorporates

15  its previous responses as though fully set forth herein.

16      121.  No response is required to the extent that the allegations in paragraph

17  121 state legal conclusions.  To the extent a response is required, GOODRICH lacks

18  knowledge or sufficient information to form a belief as to the truth of the

19  allegations in paragraph 121, and therefore denies them.

20      122.  No response is required to the extent that the allegations in paragraph

21  122 state legal conclusions.  To the extent a response is required, GOODRICH lacks

22  knowledge or sufficient information to form a belief as to the truth of the

23  allegations in paragraph 122, and therefore denies them.

24      123.  No response is required to the extent that the allegations in paragraph

25  123 state legal conclusions.  To the extent a response is required, GOODRICH lacks

26  knowledge or sufficient information to form a belief as to the truth of the

27  allegations in paragraph 123, and therefore denies them.

28  ///

1    124.   No response is required to the extent that the allegations in paragraph

2  124 state legal conclusions.  To the extent a response is required, GOODRICH lacks

3  knowledge or sufficient information to form a belief as to the truth of the

4  allegations in paragraph 124, and therefore denies them.

5

6                    **AFFIRMATIVE AND ADDITIONAL DEFENSES**

7        GOODRICH states the following as separate affirmative defenses to

8  Plaintiffs' complaint:

9                          **FIRST AFFIRMATIVE DEFENSE**

10        1.    The amended complaint, including each cause of action therein, fails

11  to state a claim upon which relief can be granted.

12                       **SECOND AFFIRMATIVE DEFENSE**

13        2.    The amended complaint, and each purported cause of action therein,

14  may be barred, in whole or in part, by applicable statutes of limitation and/or

15  repose.

16                        **THIRD AFFIRMATIVE DEFENSE**

17        3.    Venue is improper in this Court.

18                       **FOURTH AFFIRMATIVE DEFENSE**

19        4.    Plaintiffs' damages, if any, were caused or contributed to by the acts

20  and/or omissions of Plaintiffs or their Decedents, or by others over whom

21  Defendant has or had no control or right to control, including Plaintiffs' or their

22  Decedents' employer, co-employees, or other individuals or entities in privity with

23  them, thus barring or diminishing Plaintiffs' recovery.

24                         **FIFTH AFFIRMATIVE DEFENSE**

25        5.    Plaintiffs' damages, if any, were directly and proximately caused, or

26  contributed to, by the acts and/or omissions of other individuals or entities over

27  whom Defendant has or had no control or right of control, and for whom

28  Defendant is not responsible.  Said acts and/or omissions intervened between the

---

Goodrich Answer to Amended Complaint

462610.1 Answer to Amended Complaint-1.DOC

1  acts and/or omissions of Defendant, if any, and were the sole, direct and proximate
2  cause of Plaintiffs' damages, if any.  Plaintiffs' recovery, if any, should therefore
3  be barred or diminished in accordance with applicable law.

### SIXTH AFFIRMATIVE DEFENSE

5  6.    Defendant places in issue the negligence, fault and responsibility, if
6  any, of all persons who contributed in any degree to the damages and/or losses
7  alleged to have been sustained by Plaintiffs, in proportion to each person's
8  negligence, fault, or responsibility.  Judgment, if any, against Defendant should be
9  diminished to an amount that represents its degree of negligence, fault or
10  responsibility, if any.

### SEVENTH AFFIRMATIVE DEFENSE

12  7.    The amended complaint, and each purported cause of action therein, is
13  barred, in whole or in part, by Plaintiffs' and/or Plaintiffs' employer's failure to
14  mitigate damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

16  8.    The amended complaint, and each purported cause of action therein,
17  may be barred, in whole or in part, by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

19  9.    The amended complaint, and each purported cause of action therein,
20  may be barred, in whole or in part, by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

22  10.    The amended complaint, and each purported cause of action therein,
23  may be barred, in whole or in part, by the doctrine laches.

### ELEVENTH AFFIRMATIVE DEFENSE

25  11.    The amended complaint, and each purported cause of action therein,
26  may be barred, in whole or in part, by the doctrine of unclean hands.
27  ///
28  ///

Goodrich Answer to Amended Complaint

-18-

462610.1 Answer to Amended Complaint-1.DOC

## TWELFTH AFFIRMATIVE DEFENSE

12.    Any award of judgment entered in favor of Plaintiffs must be reduced by the amount of any benefits received from others.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiffs' damages, if any, were directly and proximately caused by the misuse of the product, which was not foreseeable by Defendant.  Said misuse bars recovery against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiffs and/or their Decedents, their employer, co-employee[s] and/or other persons over whom Defendant has or had no control or right of control, without Defendant's knowledge and/or approval, may have redesigned, modified, altered and/or used the product contrary to instructions and the customs and practice of the industry which substantially changed its character.  Defendant further alleges that if there was a defect in the product, which is specifically denied, such defect resulted solely from the redesign, modification, alteration, treatment or other changes therein and not from any act or omission by Defendant.  Therefore, said defect, if any, was created by Plaintiffs and/or their Decedents, their employer, co-employee[s] and/or other persons or parties over whom Defendant has or had no control or right of control, as the case may be, and was the sole and proximate cause of the damages, if any, allegedly suffered.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    The design of the subject product or components was consistent with the "state of the art" at the time of its design and manufacture.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    The benefits of the design of the subject product or components outweighed the inherent risks, if any.

///

///

1    **SEVENTEENTH AFFIRMATIVE DEFENSE**

2    17.    Any claim for breach of warranty may be barred by the expiration of

3    any such warranty given.

4    **EIGHTEENTH AFFIRMATIVE DEFENSE**

5    18.    Plaintiffs' recovery upon any theory of warranty is barred since

6    Plaintiffs or their Decedents were not in privity of contract with Defendant, were

7    not third-party beneficiaries of any warranty given by Defendant, and did not rely

8    upon any warranty given by Defendant.

9    **NINETEENTH AFFIRMATIVE DEFENSE**

10   19.    If there were any defects in the product as alleged by Plaintiffs, which

11   defect or defects Defendant specifically denies, Plaintiff knew or should have

12   known that the product was defective and that Plaintiffs' or their Decedents' use of

13   the product would expose them to the risk of the injuries and damages alleged.

14   **TWENTIETH AFFIRMATIVE DEFENSE**

15   20.    The amended complaint, and each purported cause of action therein,

16   may be barred, in whole or in part, by Plaintiffs and/or their Decedents' conduct in

17   voluntarily and knowingly assuming an unreasonable risk of injury and/or damage.

18   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

19   21.    Plaintiffs waived whatever rights they might otherwise have had in

20   that Plaintiffs failed to notify Defendant of any alleged breach of warranty, express

21   or implied, and/or of alleged defects in any product manufactured or marketed by

22   Defendant within a reasonable time after Plaintiff discovered and/or should have

23   discovered any defect or nonconformity, if any existed, thereby prejudicing

24   Defendant from being able to fully investigate and defend the allegations contained

25   in the unverified Amended complaint.

26   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

27   22.    Plaintiffs' damages, if any, were caused by an act of God for which

28   defendant cannot be liable.

---

Goodrich Answer to Amended Complaint

-20-

462610.1 Answer to Amended Complaint-1.DOC

1     **TWENTY-THIRD AFFIRMATIVE DEFENSE**

2         23.   The amended complaint, and each purported cause of action therein,

3    should be dismissed on the ground that Plaintiffs have failed to join necessary and

4    indispensable parties.

5     **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

6         24.   The amended complaint, and each purported cause of action therein, is

7    barred, in whole or in part, because the subject product and components were

8    designed and manufactured in conformity with specifications provided or approved

9    by the United States Government.

10     **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

11        25.   The amended complaint, and each purported cause of action therein, is

12   barred, in whole or in part, by the government contractor defense, as set forth in

13   *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and other applicable

14   law.

15     **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

16        26.   The amended complaint, and each purported cause of action therein,

17   may be preempted by the combatant activities exception to the Federal Tort Claims

18   Act.

19     **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

20        27.   Plaintiffs' claims for punitive damages, if any, are barred or limited

21   by provisions of the United States Constitution and by state constitutional and

22   statutory provisions, including without limitation, proscriptions against double

23   jeopardy and excessive fines, and provisions assuring due process and equal

24   protection under the laws.

25     **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

26        28.   The amended complaint, and each purported cause of action therein,

27   may be barred, in whole or in part, if the government invokes the state secrets

28

1    privilege to preclude production of information necessary to the Defendant's
2    defense or to Plaintiffs' prima facie case.

3                    **TWENTY-NINTH AFFIRMATIVE DEFENSE**

4          29.    The amended complaint, and each purported cause of action therein,
5    fails to present a justiciable controversy.

6                    **THIRTIETH  AFFIRMATIVE DEFENSE**

7          30.    Plaintiffs' claims are barred or preempted in whole or in part by
8    federal law, statutes and regulations.

9                    **THIRTY-FIRST AFFIRMATIVE DEFENSE**

10         31.    Any design defects or warning defects in products sold by Defendant,
11   which defects Defendant denies, are due to plans, specifications, or directions
12   provided to Defendant by other persons, and those plans, specifications, or
13   directions were not so obviously defective or dangerous that no reasonable person
14   would follow them.

15                   **THIRTY-SECOND AFFIRMATIVE DEFENSE**

16         32.    The product(s) for which Defendant is allegedly responsible, were
17   intended for and sold to a knowledgeable and sophisticated user over whom
18   Defendant has or had no control and who was fully informed as to the risks and
19   dangers, if any, associated with the product and the precautions necessary to avoid
20   such risks and dangers.   Accordingly, Defendant did not owe a duty to warn
21   Plaintiffs of the alleged risks or dangers, if any, associated with the product(s).

22                   **THIRTY-THIRD AFFIRMATIVE DEFENSE**

23         33.    The Court lacks personal jurisdiction over Defendant.

24                   **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

25         34.    Plaintiffs lack standing to pursue the claims in this lawsuit.

26                   **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

27         35.    Plaintiffs lack capacity to pursue the claims in this lawsuit.

28   ///

---

Goodrich Answer to Amended Complaint
                                      -22-

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.    The subject product(s) sold by Defendant fully complied with all applicable government laws and regulations, and industrial standards at the time the product(s) left Defendant's control.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.    Plaintiffs' claims are barred in whole or in part by the Political Question Doctrine.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.    This is an inconvenient forum and this action should be dismissed based upon the doctrine of *forum non conveniens*.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39.    Plaintiffs' action may be governed, in whole or in part, by the laws of jurisdictions other than California, including the laws of other states or foreign countries. Defendant hereby gives notice pursuant to Fed. Rule of Civ. Proc. 44.1 that it may raise issues in this action concerning a foreign law.

### FORTIETH AFFIRMATIVE DEFENSE

40.    Defendant reserves the right to add those additional defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery, and further reserves the right to assert any additional affirmative defense asserted by another defendant and/or allowed by the law of the jurisdiction found to apply in this case.

WHEREFORE, Goodrich prays for judgment as follows:

1.    Plaintiffs take nothing from Goodrich by virtue of the unverified Amended complaint;

2.    Goodrich be awarded its costs of suit herein; and

///

///

///

1          3.      Goodrich be granted such other and further relief as the Court may

2   deem just and proper.

3

4   Dated:  June 16, 2008                        MENDES & MOUNT, LLP

5

6

7                                               By:_____/s/_____

8                                                   Mark R. Irvine
                                                    Attorneys for Defendant
9                                                   Goodrich Pump & Engine Control
                                                    Systems, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Goodrich Answer to Amended Complaint

462610.1 Answer to Amended Complaint-1.DOC

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )          Getz v. Goodrich Pump and Engine
                             ) ss.     USDC Case No. CGC-07-06396 CW
COUNTY OF LOS ANGELES        )          Our File No. 394,429

I, Espie Lucero, hereby certify that on **June 16, 2008**, I placed a true copy of the **Answer of Defendant Goodrich Pump & Engine Control Systems, Inc. to the Amended Complaint** in a sealed envelope, with postage fully paid, addressed as per the attached service list, for collection and mailing at Mendes & Mount in Los Angeles, California following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

| **Attorneys for Plaintiff** | **Attorneys for Defendant** | |
|---|---|---|
| Casey A. Kaufman | **The Boeing Company** | |
| The Brandi Law Firm | Richard Chon | |
| 354 Pine Street, Third Floor | Perkins Coie, LLP | |
| San Francisco, CA  94104 | South Tower | |
| 415-989-1800 / 415-989-1801 (Fx) | 1620 26th Street, 6th Floor | |
| | Santa Monica, CA  90404-4013 | |
| | 310-788-9900 / 310-788-3399 (Fx) | |

Executed at Los Angeles, California, on this 16th day of June 2008.

*Espie Lucero*
Espie Lucero