JAMES W. HUSTON (BAR NO. 115596)
jhuston@mofo.com
ERIN M. BOSMAN (BAR NO. 204987)
ebosman@mofo.com
WILLIAM V. O'CONNOR (BAR NO. 216650)
woconnor@mofo.com
JOANNA E. HERMAN (BAR NO. 227480)
jeherman@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720 5100
Facsimile: 858.720.5188

Attorneys for Defendant
HONEYWELL INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH GETZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY, et al., <br><br> Defendants. | Case No.   CV 07-06396 CW <br><br> **DEFENDANT HONEYWELL INTERNATIONAL INC.'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |

Defendant Honeywell International Inc. ("Honeywell") hereby files this reply brief in support of its motion for protective order.

**I.   INTRODUCTION**

Honeywell seeks a protective order for the limited purpose of staying the responses to the Requests for Admission (RFAs) recently propounded by plaintiffs.   Under the standard adopted by federal courts in these circumstances, there is good cause to stay Honeywell's responses to the RFAs, because (1) Honeywell has filed a Rule 12(b)(1) motion to dismiss that could potentially terminate the entire case; (2) the requested stay will last only until the motion to dismiss is decided; and (3) plaintiffs will not be prejudiced by the stay.

1

Rather than address this three-part legal standard, plaintiffs' opposition rests on a cursory and misplaced attack of Honeywell's motion to dismiss. Plaintiffs fail to explain how they would suffer any prejudice by a short stay of RFA responses that have nothing to do with the Rule 12(b)(1) motion. Moreover, plaintiffs' conclusory assertion that it is not burdensome for Honeywell to respond to the RFAs because Boeing has already responded is not only incorrect, it also ignores the legal standard governing this motion. That standard requires the Court to evaluate the prejudice to plaintiffs, not simply the burden on Honeywell. By failing to explain why Honeywell's RFA responses must occur prior to the Court's 12(b)(1) ruling, plaintiffs implicitly admit that they will not be prejudiced by a short stay of this discovery. Accordingly, Honeywell's motion for protective order should be granted.[1]

## II. THERE IS GOOD CAUSE TO ENTER A PROTECTIVE ORDER

Good cause exists to stay the RFA responses, because Honeywell has filed a dispositive motion that has a high likelihood of success, the requested stay will last only until the motion to dismiss is decided, and plaintiffs will not be prejudiced by the short stay. Fed. R. Civ. P. 26(c)(1); *Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

### A. The Motion To Dismiss Has A High Likelihood Of Success

As fully discussed in Honeywell's motion to dismiss and the reply papers thereto, plaintiffs are unable to defeat the fundamental jurisdictional problem presented by this lawsuit against government contractors arising out of active combat operations during a war. Such claims involve nonjusticiable issues that cannot be decided by this Court. The Court is not in a place to review and evaluate the causative factors that would flow from operational decisions in a mission

---

[1] Plaintiffs improperly characterize the outstanding discovery as including "attempts to schedule custodian of record depositions." (Plaintiffs' Opposition to Defendant Honeywell International Inc.'s Motion for Protective Order ("Opp'n") at 2.) Because no deposition notices have been served upon Honeywell, however, the timing of depositions is not relevant to the present motion, which is limited to the sole discovery served by plaintiffs to date: the RFAs. Any deposition notices or other discovery plaintiffs may serve prior to the resolution of the motion to dismiss would be subject to Honeywell's Motion to Stay Discovery, which has been fully briefed and is scheduled for hearing on June 19, 2008.

1  to capture or kill someone in the al-Qaeda network.  The motion to dismiss therefore has a high
2  likelihood of success.
3        Plaintiffs argue that Honeywell's motion to dismiss contains hearsay and speculative
4  statements. (Opp'n at 3.)  However, the motion to dismiss is supported by a declaration from a
5  Honeywell engineer based on personal knowledge.  (*See* Honeywell International Inc.'s Response
6  to Plaintiffs' Evidentiary Objections at 3.)  The statements alleged by plaintiffs to be hearsay also
7  fall within codified hearsay exceptions such as statements against interest and the public records
8  exception.  (*See id.* at 2-4.)  Therefore, plaintiffs' evidentiary objections are not well-founded.
9  Moreover, Honeywell now relies on the Army Report (initially filed by plaintiffs in support of
10 their opposition to the motion to dismiss) as additional evidence that illustrates the nature of the
11 mission being operated on February 18, 2007.  Thus, the motion to dismiss is factually well-
12 supported with Honeywell's evidence, as well as the evidence relied on by plaintiffs.
13       Furthermore, Honeywell has illustrated in its motion to dismiss and the reply brief in
14 support thereof that the motion has a high likelihood of success.  Honeywell demonstrated that
15 plaintiffs' complaint raises nonjusticiable issues and must be dismissed pursuant to the political
16 question doctrine.  Honeywell established that plaintiffs' claims arise out of military operations
17 and require review of military decision-making (the first independent *Baker* test).  *See Baker v.*
18 *Carr*, 369 U.S. 186, 217 (1962); *Aktepe v. United States*, 105 F.3d 1400, 1403-04 (11th Cir.
19 1997); *Tiffany v. United States*, 931 F.2d 271, 277-78 (4th Cir. 1991); *Whitaker v. Kellogg Brown*
20 *& Root, Inc.*, 444 F. Supp. 2d 1277, 1281 (M.D. Ga. 2006); *Bentzlin v. Hughes Aircraft Co.*, 833
21 F. Supp. 1486, 1497 (C.D. Cal. 1993); *Zuckerbraun v. Gen. Dynamics Corp.*, 755 F. Supp. 1134,
22 1142 (D. Conn. 1990), *aff'd*, 935 F.2d 544 (2nd Cir. 1991).  In addition, Honeywell established
23 that a review of military decision-making regarding pursuing al-Qaeda operatives in the middle of
24 the night in Afghanistan while flying with zero visibility would require this Court to evaluate the
25 wisdom of the mission, the nature of the planning, and the execution of the mission without
26 judicially manageable standards to do so (the second independent *Baker* test).  *See Baker*, 369
27 U.S. at 217;  *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 204, 206 (2d. Cir. 1987); *Gilligan*
28 *v. Morgan*, 413 U.S. 1, 10 (1973).  Also, adjudicating the merits of plaintiffs' claims would

1  require the Court to make policy decisions generally reserved for military discretion (the third
2  independent *Baker* test). *See Baker*, 369 U.S. at 217; *Aktepe*, 105 F.3d at 1404.  Honeywell's
3  moving papers also illustrated that the fourth, fifth and sixth independent *Baker* tests were
4  implicated in this case.  Thus, Honeywell has established a high likelihood of success on the
5  merits of the motion to dismiss.

6  Plaintiffs rely on *Laub v. United States DOI*, 342 F.3d 1080 (9th Cir. 2003) to argue that
7  the motion to dismiss cannot be granted without permitting discovery.  (Opp'n at 3.)  Plaintiffs'
8  reliance on *Laub* is misplaced.  In *Laub*, plaintiffs specifically requested discovery of "a detailed
9  accounting of all transactions undertaken by the Defendants" to support their position on subject
10 matter jurisdiction.  *Id.* at 1093 (quotation marks omitted).  In reversing the district court's denial
11 of the discovery request, the Ninth Circuit found that the "additional discovery would be useful to
12 establish federal subject matter jurisdiction." *Id.*  Here, plaintiffs have not made a specific
13 jurisdictional discovery request nor have they asserted that the RFA responses are needed to
14 resolve the motion to dismiss.  Indeed, the RFAs are unrelated to the political question doctrine
15 that is the basis for Honeywell's motion to dismiss.  In any event, the fact that plaintiffs'
16 opposition is devoid of any description of a specific need for the RFA responses underscores the
17 conclusion that a short stay of this discovery will not prejudice plaintiffs.

18 None of plaintiffs' other cited cases alters this conclusion.  Plaintiffs first cite a group of
19 cases that stand merely for the proposition that the Court may consider evidence outside the
20 complaint when ruling on a Rule 12(b)(1) motion. (Opp'n at 3.)  *See Autery v. United States*, 424
21 F.3d 944, 956 (9th Cir. 2005); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.
22 2004); *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).  Honeywell does not dispute
23 this basic point of procedural law.  Indeed, Honeywell has submitted such evidence in
24 conjunction with its motion to dismiss.  Nowhere in their opposition, however, do plaintiffs state
25 that the Honeywell RFA responses are needed for the resolution of the motion to dismiss.

26 Plaintiffs cite a second group of cases for the proposition that discovery should be
27 permitted when more jurisdictional facts are needed. (Opp'n at 3-4.)  *See Jarvis v. Regan*, 833
28 F.2d 149, 155 (9th Cir. 1987); *Natural Res. Def. Council v. Pena*, 147 F.3d 1012, 1024 (D.C. Cir.

1998); *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991). But plaintiffs' RFAs are not directed toward the jurisdictional issue, and plaintiffs do not assert that they need the RFA responses prior to the resolution of Honeywell's 12(b)(1) motion to dismiss. Accordingly, a stay of Honeywell's RFA responses is appropriate.

### B. The Requested Stay Is For A Short Period Of Time

Plaintiffs do not even attempt to argue that Honeywell's requested stay of the RFA responses is too long, because the brevity of the stay cannot be disputed. The motion to dismiss and motion to stay discovery are scheduled for oral argument on June 19, 2008 at 2:00 p.m. If the motion to dismiss is denied, the RFA responses would be due, at most, within 30 days following denial. Thus, the length of the requested stay is on the order of two to three months, depending on the timing of the Court's order following the June 19, 2008 oral argument. Such a short stay supports the entry of a protective order to avoid unnecessary expenditure of resources. Fed. R. Civ. P. 26(c).

### C. Plaintiffs Will Not Be Prejudiced By A Stay

Plaintiffs will not be prejudiced by the proposed stay of RFA responses pending the resolution of the motion to dismiss. Plaintiffs "will have ample time [if the motion to dismiss is denied] to take discovery on the merits of its claims." *In re First Constitution Shareholders Litig.*, 145 F.R.D. 291, 293 (D. Conn. 1991) (granting defendants' motion for a stay of discovery after finding there would be no prejudice to plaintiff).  If the case survives the Court's ruling on the motion to dismiss, plaintiffs will still have at least seven to nine months for discovery, because the discovery cutoff date is currently set for April 2009. (*See* Minute Order and Case Management Order (Doc. 56).) Plaintiffs do not even claim that they will be prejudiced in any way by the proposed stay. (*See* Opp'n at 2-4.) Accordingly, there is good cause to stay Honeywell's RFA responses while the motion to dismiss is pending.

### III. THE FACT THAT BOEING CHOSE TO RESPOND TO THE RFAs IS IRRELEVANT TO THE STANDARD GOVERNING THIS MOTION

Plaintiffs point to the fact that Boeing responded to the RFAs as evidence that it is not burdensome for Honeywell to do the same. (Opp'n at 2.) But Honeywell is not Boeing. The

5

1  burdens on each of the defendants cannot be so facilely equated.  Moreover, the legal standard
2  governing this motion requires the Court to evaluate the prejudice to plaintiffs, not simply the
3  burden on Honeywell.  Plaintiffs do not assert that they will be prejudiced by a short stay in
4  Honeywell's RFA responses.  Indeed, because plaintiffs do not argue that Honeywell's RFA
5  responses are needed prior to the Court's 12(b)(1) ruling, plaintiffs implicitly admit that they will
6  not be prejudiced by the proposed stay of these responses.  That Boeing chose to respond to the
7  RFAs has no bearing on the timing of Honeywell's responses, which should be stayed until the
8  Court decides the motion to dismiss.

### IV.  CONCLUSION

For the foregoing reasons, Honeywell's motion for protective order should be granted.

Dated:  June 19, 2008                                       MORRISON & FOERSTER LLP

By:  /s/ James W. Huston
     James W. Huston

     Attorneys for Defendant
     HONEYWELL INTERNATIONAL INC.

# CERTIFICATE OF SERVICE

I, James W. Huston, hereby certify that on June 19, 2008, I caused to be electronically filed a true and correct copy of the attached **DEFENDANT HONEYWELL INTERNATIONAL INC.'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record for Plaintiffs:

| | |
|---|---|
| Ronald A. McIntire, Esq.<br>Chung H. Han, Esq.<br>PERKINS COIE LLP<br>1620 26th Street, Sixth Floor, South Tower<br>Santa Monica, CA 90404-4013 | Telephone: 310.788.9900<br>Facsimile: 310.788.3399<br><br>***Attorneys for Defendant The Boeing Company*** |
| Thomas J. Brandi, Esq.<br>Daniel Del'Osso, Esq.<br>Brian J. Malloy, Esq.<br>THE BRANDI LAW FIRM<br>354 Pine Street, Third Floor<br>San Francisco, CA 94104 | Telephone: 415.989.1800<br>Facsimile: 415.989.1801<br><br>***Attorneys for Plaintiffs*** |
| James R. Donahue, Esq.<br>CAULFIELD DAVIES & DONAHUE<br>1 Natoma Street<br>Folsom, CA 95630-2637 | Telephone: 916.817.2900<br>Facsimile: 916.817.2644<br><br>***Attorneys for Plaintiffs*** |
| Garth Aubert, Esq.<br>Mark Irvine, Esq.<br>MENDES & MOUNT, LLP<br>445 South Figueroa Street, 38th Floor<br>Los Angeles, CA 90071 | Telephone: 213.955.7780<br>Facsimile: 213.955.7725<br><br>***Attorneys for Defendant Goodrich Corporation*** |
| Steve Bell, Esq.<br>Beth M. Strosky, Esq.<br>Katherine L. Hilst, Esq.<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101 | Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br><br>***Attorneys for Defendant The Boeing Company*** |

I also served the following party by overnight mail [Fed. Rule Civ. Proc. rule 5(b)] by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by UPS, at 12531 High Bluff Drive, Suite 100, San Diego, California, 92130-2040 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver

CERTIFICATE OF SERVICE                    1

sd-429633

1  authorized by UPS to receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

| Richard Chon, Esq.<br>PERKINS COIE LLP<br>1620 26th Street, Sixth Floor<br>South Tower<br>Santa Monica, CA  90404-4013 | Telephone:  310.788.9900<br>Facsimile:  310.788.3399<br>***Attorneys for Defendant The Boeing Company*** |
|---|---|
| Casey A. Kaufman, Esq.<br>THE BRANDI LAW FIRM<br>354 Pine Street, 3rd Floor<br>San Francisco, CA  94104 | Telephone:  415.989.1800<br>Facsimile:  415.989.1801<br>***Attorneys for Plaintiffs*** |

Executed at San Diego, California, on June 19, 2008.

MORRISON & FOERSTER LLP

By:   /s/  James W. Huston
         James W. Huston
         jhuston@mofo.com
         Morrison & Foerster LLP
         12531 High Bluff Drive, Suite 100
         San Diego, California  92130-2040
         Telephone:    858.720 5100
         Facsimile:     858.720.5188
         Attorneys for Defendant

         Attorneys for Defendant
         HONEYWELL INTERNATIONAL INC.

CERTIFICATE OF SERVICE                    2

sd-429633