1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7               FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
                                          No. C 07-6396 CW
9   DEBORAH GETZ, et al.,
                                          ORDER GRANTING
10          Plaintiffs,                   DEFENDANT'S MOTION
                                          TO DISMISS AND
11       v.                               DENYING PLAINTIFFS'
                                          MOTION FOR DISCOVERY
12   THE BOEING COMPANY, et al.,
13          Defendants.
                                      /
14

15       Defendant At Engine Controls Ltd. (ATEC) moves to dismiss
16   Plaintiffs' claim against it for lack of personal jurisdiction.
17   Plaintiffs oppose the motion and move for discovery on the issue.
18   Having considered all of the papers filed by the parties, the Court
19   GRANTS the motion to dismiss and DENIES Plaintiffs' motion for
20   discovery.
21                              BACKGROUND
22       This case arises from the crash of a United States military
23   helicopter on February 17 or 18, 2007.  The helicopter was engaged
24   in a combat mission in southeastern Afghanistan.  The crash
25   occurred after a sudden and unexpected loss of power, resulting in
26   multiple deaths and severe bodily injuries.
27       The helicopter was a MH-47E Chinook equipped with a Full
28   Authority Digital Electronic Control (FADEC) system.  Madden Dec.

**United States District Court**
For the Northern District of California

¶ 6.   An Hydro Mechanical Metering Fuel Unit (HMU) and a Digital Electronic Control Unit (DECU) comprised the FADEC system installed on the helicopter.  Declaration of Terry Madden, Chairman of ATEC, ¶ 6.

Plaintiffs are thirty-three individuals who were injured in the helicopter crash or are the heirs of individuals killed in the crash.  Two Plaintiffs are residents of the State of California.  ATEC is a corporation that manufactures and provides technical support for digital engine control units (DECU), and has its headquarters and principal place of business in Manchester, United Kingdom.

The parties dispute whether the DECU installed on the helicopter was designed, assembled, manufactured, inspected, tested, marketed, sold, delivered, maintained, serviced or introduced into the stream of commerce by ATEC.  Madden Dec. ¶ 5.

The parties also dispute whether ATEC was formerly known as Hawker Siddeley Dynamics Engineering Limited (Hawker Siddeley).  According to the Declaration of ATEC's chairman, an investigation into the origin of the DECU revealed that it was originally designed during the 1980s by Hawker Siddeley, and later manufactured by Vosper Thornycroft Ltd., which subsequently changed its name to Vosper Thornycroft Engine Controls Ltd.  Madden Dec. ¶¶ 7 a, b.  The DECU was delivered by Vosper Thornycroft Controls Ltd. to Chandler Evans Control Systems in West Hartford, Connecticut in 2002.  Id.  It was combined with an HMU from Chandler Evans Control Systems to make up the FADEC for the helicopter.  Madden Dec. ¶¶ 6 c, d.

According to Mr. Madden, ATEC's Chairman, at all times since

2

its inception in 2004, ATEC has been a resident and citizen of the United Kingdom. Madden Dec. ¶ 10. ATEC's officers and directors are all citizens and residents of the United Kingdom, and all maintain their offices in the United Kingdom. Madden Dec. ¶ 4. ATEC operates its business under the laws and regulations of the United Kingdom. Madden Dec. ¶ 5.

ATEC owns no property, real or personal, in California; ATEC maintains no offices, employees or personnel in California; ATEC has not consented to jurisdiction in California; ATEC was never served with a copy of the summons and amended complaint in this action while physically present in California, has never obtained a business license anywhere in California, and has never sold or delivered any product or performed any service for any person or entity located in California. Madden Dec. ¶¶ 10-25. Plaintiffs present no evidence to dispute this.

PROCEDURAL HISTORY

Defendant The Boeing Company, with the consent of Defendants Honeywell International, Goodrich Corporation, and Chandler Evans Control Systems removed this case from state to federal court on December 18, 2007, under the Federal Officer Removal statute. 28 U.S.C. § 1442(a)(1). Defendant ATEC was later served on October 6, 2008 and thus did not participate in, or consent to, the removal.

LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. The plaintiff then bears the burden of demonstrating that the Court has jurisdiction. Schwarzenegger v. Fred Martin Motor Co., 374

F.3d 797, 800 (9th Cir. 2004).  The plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant."  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). Uncontroverted allegations in the complaint must be taken as true. AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).  However, the court may not assume the truth of such allegations if they are contradicted by affidavit.  Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1284 (9th Cir. 1977).  If the plaintiff also submits admissible evidence, conflicts in the evidence must be resolved in the plaintiff's favor.  AT&T, 94 F.3d at 588.

There are two independent limitations on a court's power to exercise personal jurisdiction over a non-resident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process.  Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990); Data Disc, Inc, 557 F.2d at 1286.  California's jurisdictional statute is co-extensive with federal due process requirements; therefore, jurisdictional inquiries under state law and federal due process standards merge into one analysis.  Rano v. Sipa Press, Inc., 987 F.2d 580, 587 (9th Cir. 1993).

The exercise of jurisdiction over a non-resident defendant violates the protections created by the due process clause unless the defendant has "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Personal jurisdiction may be either general or specific.

DISCUSSION

I. Minimum Contacts with California

Because Plaintiffs do not contend that the Court has general jurisdiction over ATEC, the Court will consider whether it has specific jurisdiction.

Specific jurisdiction exists when the cause of action arises out of or relates to the defendant's activities within the forum. Data Disc, Inc, 557 F.2d at 1286. The "minimum contacts" required to assert specific jurisdiction are analyzed using a three-prong test: (1) the non-resident defendant must purposefully direct its activities towards, or consummate some transaction with, the forum or a resident thereof, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). Each of these conditions is required for asserting jurisdiction. Insurance Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1270 (9th Cir. 1981).

In tort cases the first factor "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." Schwarzenegger, 374 F.3d at 803.

Plaintiffs do not allege that ATEC, on its own, has any contacts with California. Plaintiffs allege that, through its predecessor entities, ATEC has minimum contacts with California; however Plaintiffs provide no facts supporting this allegation.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Plaintiffs provide no facts demonstrating that the DECU was distributed in California, or that any activities conducted by ATEC or its predecessors were purposefully directed towards, or were transactions consummated with, California or a resident thereof. Nor do Plaintiffs point to any act performed by ATEC or its predecessors by which it purposefully availed itself of the privilege of conducting activities in California, thereby invoking the benefits and protections of California's laws.  Furthermore, it is uncontested that ATEC operates its business under the laws and regulations of the United Kingdom and that ATEC itself has never sold or delivered any product or performed any service to any person or entity located in California.

Plaintiffs do not meet their burden of demonstrating that ATEC has sufficient minimum contacts with California to justify specific jurisdiction.

II. Minimum Contacts with the United States

Plaintiffs argue that the Court may exercise personal jurisdiction over ATEC because it is a foreign defendant with sufficient contacts with the United States as a whole.

Federal Rule of Civil Procedure 4(k)(2) gives a federal court personal jurisdiction over a defendant with minimum contacts with the United States as a whole when three conditions are met: (1) the cause of action must arise under federal law; (2) the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction; (3) the federal court's exercise of personal jurisdiction must comport with due process.  Pebble Beach Co. v. Caddy, 453 F. 3d 1151, 1159 (9th Cir. 2006).

The purpose of Rule 4(k)(2) was to close a loophole that would

otherwise have allowed a foreign defendant with sufficient contacts with the United States as a whole to evade enforcement of federal law simply because its contacts were spread too thinly across various states to support jurisdiction in any one state.  See Federal Rule of Civil Procedure 4(k)(2), Advisory Committee Note.

Plaintiffs argue that their causes of action arise under federal law because the removing Defendants removed under the Federal Officer Removal Statute, asserting affirmative federal defenses.  However, a federal defense is not part of a plaintiff's properly pleaded statement of his or her claim.  Rivet v. Regions Bank of La., 522 U.S. 470, 386-387 (1998) (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 112 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.")).  The Supreme Court has stated, "We have long held that '[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  Rivet, 522 U.S. at 474 (1998).

Plaintiffs' claims arise entirely under California law.  A federal question is not presented on the face of Plaintiffs' complaint.  Plaintiffs' claims do not arise under federal law.  Actual or anticipated federal defenses are not part of Plaintiffs' well-pleaded complaint and do not create a federal question.

Because Plaintiffs' claims do not arise under federal law,

7

**United States District Court**
For the Northern District of California

1   Rule 4(k)(2) does not apply and the Court may consider ATEC's

2   contacts with California alone, not with the United States as a

3   whole.  The Court therefore GRANTS ATEC's motion to dismiss for

4   lack of personal jurisdiction.

5   III. Plaintiffs' Request for Discovery

6       Plaintiffs ask for limited discovery in the hope of finding

7   grounds for personal jurisdiction over ATEC.

8       "[W]here a plaintiff's claim of personal jurisdiction appears

9   to be both attenuated and based on bare allegations in the face of

10  specific denials made by defendants, the Court need not permit even

11  limited discovery. . ." <u>Terracom v. Valley Nat. Bank</u>, 49 F.3d 555,

12  (9th Cir. 1995) (citing <u>Rich v. KIS Cal., Inc.</u>, 121 F.R.D. 254, 259

13  (M.D.N.C. 1998)).

14      Plaintiffs' claim that the Court has personal jurisdiction

15  over ATEC, which can be based only on minimum contacts with

16  California, is both attenuated and reliant on bare allegations in

17  the face of specific denials made in the declaration of ATEC's

18  Chairman.  The Court, therefore, will not permit discovery before

19  granting ATEC's motion.

20                          CONCLUSION

21      For the reasons stated above, the Court hereby GRANTS ATEC's

22  motion to dismiss for lack of personal jurisdiction and DENIES

23  Plaintiffs' request for limited discovery on jurisdiction.

24

25      IT IS SO ORDERED.

26

27  Dated: 3/10/09                    _____
                                      CLAUDIA WILKEN
28                                    United States District Judge

8